Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment)** |

Plaintiff, VIP Products, LLC for its complaint against defendant Jack Daniel's Properties, Inc., by and through its undersigned counsel, Dickinson Wright PLLC, hereby alleges and states as follows:

**I.**

**THE PARTIES**

1. Plaintiff VIP Products, LLC ("Plaintiff") is an Arizona limited liability company corporation with its principal place of business at 16515 S. 40th Street, Suite 121, Phoenix, Arizona 85048.

2. Upon information and belief, defendant Jack Daniel's Properties, Inc. ("Defendant" or "Jack Daniel's") is a Delaware corporation with its principal place of business at 4040 Civic Center Drive, Suite 528, San Rafael, California, 94903.

3. Defendant is a citizen of a state other than Arizona, within the meaning of 28 U.S.C. § 1332(c)(1). Defendant has caused events to occur in Maricopa County, Arizona out of which this complaint derives.

## II.

## JURISDICTION

4. This Court has subject matter jurisdiction over this claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., as this is a case of actual controversy within the Court's jurisdiction. The Court has subject matter jurisdiction over the underlying claim pursuant to (a) 28 U.S.C § 1331, as it involves the right to use a trademark and threatened claims under the Lanham Act.

## III.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(a) and (c), as Defendant is subject to personal jurisdiction in this state.

## IV.

## JURY DEMAND

6. Plaintiff demands a trial by jury on all claims so triable.

## V.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff is engaged primarily in the business of designing, manufacturing, and marketing chew toys for dogs.

8. Plaintiff sells several lines of dog chew toys, including the "Tuffy's" line (durable sewn/soft toys), the "Mighty" line (durable toys made of a different material than the Tuffy's line), and the "Silly Squeakers" line (durable rubber squeaky novelty dog toys).

9. In approximately July of 2013, VIP introduced its "Bad Spaniels" durable rubber squeaky novelty dog toy.

10. Plaintiff is the owner of all rights in its "Bad Spaniels" trademark and trade dress for its durable rubber squeaky novelty dog toy.

11. Upon information and belief, Defendant is the owner of a number of United States trademarks that incorporate the words "Jack Daniel's."  The Jack Daniel's mark is primarily associated with Tennessee sour mash whisky.

12. VIP designed the "Bad Spaniels" label to incorporate a few elements of the Jack Daniel's label design; for example VIP included a label with black background and white lettering.  On the other hand, VIP included drastic differences from the Jack Daniel's marks and label design in its "Bad Spaniels" label to make it clear that the product is a parody.  For example, VIP selected the words "Bad Spaniels" because they are clearly not "Jack Daniel's", included the phrase "Silly Squeakers" on the toy in three locations on the product hanger tag, and placed a prominent disclaimer on the packaging that plainly states:  "The product and its design belong to VIP products.  This product is not affiliated with Jack Daniel's."

13. On or about September 9, 2014, VIP received a demand letter from Defendant dated September 5, 2014 which demanded that VIP, among other things, stop all sales of its parody "Bad Spaniels" novelty dog toy.

## VI.

## CLAIM FOR RELIEF

### (Declaratory Judgment)

14. Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 13, inclusive, as though set forth in full herein.

15. There is an actual and justiciable controversy between Plaintiff and Defendant regarding Plaintiff's use of its "Bad Spaniels" trademark and trade dress for its novelty dog toy.

16. As a matter of law, Plaintiff's use of its "Bad Spaniels" name and mark does not infringe or dilute any claimed trademark rights that Defendant may claim in any "Jack Daniel's" trademark for its Tennessee sour mash whiskey and/or any other product.

**WHEREFORE** Plaintiff respectfully requests that the Court:

A. Issue a judgment declaring that Plaintiff's use of its "Bad Spaniels" name and mark for its novelty dog toy does not infringe or dilute any trademark rights claimed by Defendant in the name and mark "Jack Daniel's"; and

B. Grant such additional or other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 16th day of September, 2014.

**DICKINSON WRIGHT, PLLC**

By: s/ David G. Bray
David G. Bray
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85012-2705
*Attorneys for VIP Products, LLC*

PHOENIX 53913-10 169056v1

4