Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff and Counterdefendant
VIP Products, L.L.C,*

QUARLES & BRADY LLP
Gregory P. Sitrick (SBN 028756)
E-mail: Gregory.sitrick@quarles.com
Isaac S. Crum (SBN 026510)
E-mail: Isaac.Crum@quarles.com
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198

*Attorneys for Defendant and Counterclaimant
Jack Daniel's Properties, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>    Defendant and Counterclaimant. | No. 2:14-cv-02057-DGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's December 10, 2014 Order Setting Rule 16 Scheduling Conference [Dkt. #18], counsel submit this Joint Case Management Report.

1

1. **THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE JOINT CASE MANAGEMENT REPORT.**

A conference of counsel was held on January 12, 2015, between David G. Bray, counsel for plaintiff and counterdefendant, VIP Products, L.L.C. ("VIP" or "Plaintiff"), Gregory P. Sitrick, Isaac Crum and Christopher C. Larkin, counsel for defendant and counterclaimant Jack Daniel's Properties, Inc. ("JDPI" or Defendant").

2. **A LIST OF PARTIES IN THE CASE.**

   1  **Plaintiff and Counterdefendant VIP Products, L.L.C.**

   VIP is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. Stephen Sacra is the sole member of VIP. Mr. Sacra resides in Scottsdale, Arizona. VIP is engaged primarily in the business of designing, manufacturing, and marketing chew toys for dogs.

   2  **Defendant and Counterclaimant Jack Daniel's Properties, Inc.**

   JDPI is a Delaware corporation with its principal place of business in San Rafael, California. It is a wholly-owned subsidiary of Brown-Forman Corporation, a publicly-traded corporation with offices in Louisville, Kentucky.

3. **SHORT STATEMENT OF THE NATURE OF THE CASE.**

   VIP Products sells a line of dog toys called "Silly Squeakers." One of those toys is VIP's "Bad Spaniels" toy. VIP contends that the "Bad Spaniels" squeaking dog toy parodies a Jack Daniel's whisky bottle. After receiving a demand letter from JDPI, VIP filed this declaratory judgment action that its "Bad Spaniel's" toy does not infringe or dilute any of JDPI's trademarks.

   JDPI's counterclaim alleges ownership of the JACK DANIEL'S OLD NO. 7, and label design trademarks, and the trade dress for Jack Daniel's whisky and charges that VIP's "Bad Spaniel's" toy infringes and dilutes JDPI's trademarks and trade dress.

**4. JURISDICTIONAL BASIS OF THE CASE.**

The parties agree that this Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 1331 as it involves the right to use a trademark and involves Federal Lanham Act Claims.

**5. PARTIES THAT HAVE NOT BEEN SERVED OR HAVE NOT ANSWERED OR OTHERWISE APPEARED.**

All named parties have appeared and responded to the Complaint and Counterclaims.

**6. WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE AMEND THE PLEADINGS.**

Neither party currently anticipates adding additional parties or amending its pleadings.

**7. A LIST OF COMPLETE MOTIONS AND STATEMENT OF THE ISSUES TO BE DECIDED BY THESE MOTIONS.**

1. A motion by JDPI that this case be set for a bench trial and not a jury trial.

2. A Rule 56 motion for partial summary judgment filed by JDPI on one or more of VIP's affirmative defenses.

3. A Rule 56 motion for summary judgment filed by VIP on all of JDPI's counterclaims for relief.

**8. WHETHER THE CASE IS SUITABLE FOR REFERENCE TO ARBITRATION, TO A SPECIAL MASTER, OR TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL.**

Neither party currently believes that the case is suitable for reference to arbitration, a special master, or trial before a United States Magistrate Judge for trial.

**9. IDENTITY AND STATUS OF ANY RELATED CASES.**

None.

**10. A DISCUSSION OF ANY ISSUES RELATED TO DISCLOSURE OR DISCOVERY OF ESI.**

The parties are not presently aware of any issues. The parties agree to discuss various means for carrying out their respective discovery obligations, including electronic discovery. Electronically stored information shall be produced in searchable PDF or in a format that is searchable through Summation or Concordance. The parties agree to produce documents in native format, if reasonable and requested.

**11. A DISCUSSION OF ANY ISSUES RELATED TO CLAIMS OF PRIVILEGE OF WORK PRODUCT.**

No issues are anticipated.

**12. WHETHER AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d) IS WARRANTED IN THIS CASE.**

The parties agree that no such order is needed in this case

**13. A DISCUSSION OF NECESSARY DISCOVERY.**

The parties currently anticipate the need to take only party depositions and expert depositions and a few third-party depositions. Plaintiff's party deponent is located in Scottsdale, Arizona. Defendant's party-deponents are located in San Rafael, California and Louisville, Kentucky. The location of expert witnesses is unknown at this time. Plaintiff's written records are located and/or otherwise accessible in Scottsdale, Arizona. Defendant's written records are primarily located in San Rafael, California and Louisville, Kentucky. The parties each intend to serve written discovery on the other party aimed at discovering information pertinent to the controlling *Skeekcraft* factors as well as JDPI's dilution counterclaims. Neither party is seeking damages so discovery in this case may be narrower than in a standard trademark infringement matter. The parties do not propose any changes to the presumptive discovery limits imposed by the Federal Rules of Civil Procedure, including the rule related to the number of hours permitted for each deposition.

**14. A STATEMENT OF WHEN THE PARTIES EXCHANGED OR WILL EXCHANGE RULE 26(A) INITIAL DISCLOSURES.**

The parties will exchange initial disclosures on January 26, 2015 in accordance with Rule 26(a)(3)(B).

**15. PROPOSED SPECIFIC DATES FOR CASE DEADLINES.**

   a. Deadline for the completion of fact discovery:  July 1, 2015

   b Dates for full and complete expert disclosures:

   - Disclosure of initial expert opinions:  June 15, 2015
   - Disclosure of rebuttal expert opinions:  July 17, 2015

   c. Deadline for the completion of expert depositions:  August 28, 2015

   d. Deadline for face-face good faith settlement talks:  March 27, 2015

   e. Deadline for filing of dispositive motions:  September 14, 2015

**16. WHETHER A JURY TRIAL HAS BEEN REQUESTED.**

Plaintiff has requested a jury trial on all claims for relief.  Defendant intends to contest this demand on the grounds that Plaintiff's claim for relief is for a declaratory judgment and the Defendant is seeking only equitable relief on its Counterclaims.

**17. THE PROSPECTS FOR SETTLEMENT.**

At this point, the parties are unable to forecast the prospects for settlement.  After sufficient discovery has been completed to allow the parties to better assess their positions, however, a settlement conference before a United States Magistrate Judge would be appropriate.

**18. ANY OTHER MATTERS TO AID IN A JUST, SPEEDY AND INEXPENSIVE RESOLUTION OF THIS CASE.**

None known.

**DATED** this 16th day of January, 2015.

**DICKINSON WRIGHT** PLLC

By  */s/ David G. Bray*
　　David G. Bray
　　Attorney for Plaintiff


**QUARLES & BRADY, LLP**

By  */s/ Gregory P. Sitrick*
　　Gregory P. Sitrick
　　Co-Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Kristi A. Arendt

PHOENIX 53913-11 192406v1