1  Firm E-Mail: courtdocs@dickinsonwright.com

2  David G. Bray (#014346)
   dbray@dickinsonwright.com
3  David N. Ferrucci (#027423)
   dferrucci@dickinsonwright.com
4  **DICKINSON WRIGHT, PLLC**
   1850 North Central Avenue, Suite 1400
5  Phoenix, Arizona 85004
   Phone: (602) 285-5000
6  Fax: (602) 285-5100

7  *Attorneys for VIP Products, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>　　　　　　Defendant. | No. 2:14-cv-02057-DGC<br><br>**PLAINTIFF/COUNTER-DEFENDANT VIP PRODUCTS, L.L.C.'S MOTION TO AMEND AND SUPPLEMENT ITS COMPLAINT AND MOTION TO SUPPLEMENT ITS ANSWER TO THE AMENDED COUNTERCLAIM** |

   Plaintiff/Counter-defendant VIP Products, L.L.C., ("Plaintiff" or "VIP"), through its attorneys undersigned, pursuant to Rules 15(a) and 15(d), Fed.R.Civ.P. and L.R. 15.1(a) hereby moves for leave to amend and supplement its Complaint to add a new claim for declaratory judgment that Counterclaimant's trade dress and bottle design are not entitled to trademark protection and a second new claim for cancellation of Defendant's PTO registration for its bottle design. Plaintiff also seeks leave to amend its Answer to the Counterclaim to add additional affirmative defenses related to Counterclaimant's trade dress claims and to remove several affirmative defenses that VIP has elected not to pursue. This Motion is supported by the following Memorandum of Points and Authorities.

1

**DATED** this 23rd day of March 2015.

                    **DICKINSON WRIGHT PLLC.**

By:  s/ David G. Bray
      David G. Bray
      David N. Ferrucci
      1850 North Central Avenue, Suite 1400
      Phoenix, Arizona 85004
      *Attorneys for VIP Products, L.L.C.*

## MEMORANDUM OF POINTS AND AUTHORITIES

VIP's Complaint against defendant Jack Daniel's Properties, Inc. ("Defendant" or "JDPI") asserted a single claim for declaratory relief asserting that, with regard to VIP's "Bad Spaniels" Parody Dog Toy, "Plaintiff's use of its 'Bad Spaniel's' name and mark does not infringe or dilute any claimed trademark rights that Defendant may claim in any 'Jack Daniel's' Trademark for its Tennessee sour mash whiskey and/or any other product." [Complaint (Dkt #1), ¶ 49.] In response, JDPI filed an Answer and Counterclaim. JDPI's Counterclaim asserted nine claims for relief, including claims that VIP had infringed its trade dress and its PTO registration for the Jack Daniel's bottle design. [JDPI's Answer and Counterclaim (Dkt # 12), ¶¶ 20-63.] dick

Plaintiff is seeking leave to amend its Complaint to (i) add a new claim for declaratory relief that Jack Daniel's trade dress and Jack Daniels' bottle design are functional, generic and/or non-distinctive, merely descriptive or ornamental and thus not entitled trademark protection, and (ii) and a new claim for cancellation of Defendant's PTO trademark registration for Jack Daniel's bottle design. Plaintiff is also seeking leave to amend its Answer to assert additional affirmative defenses related to JDPI's trade dress and bottle design claims and to remove certain affirmative defenses asserted in its original Answer to the Counterclaim that VIP no longer intends to pursue. Plaintiff's proposed Amended

2

Complaint is attached as Exhibit "A" to this Motion and its proposed Amended Answer to Counterclaim is attached as Exhibit "B."[1]

Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." The Ninth Circuit has repeatedly emphasized that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (*quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). The United States Supreme Court has set forth the following test to be applied to a Motion to Amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*) (reversing trial court's denial of motion to amend, stating that Rule 15's policy of favoring amendments "is to be applied with extreme liberality"). None of the contraindicators set forth in *Foman* are present here.

---

[1] Pursuant to L.R. 15.1(a), each of the proposed amended pleadings attached as exhibits to this Motion indicates how it differs from its earlier counterpart by striking through text to be deleted and underlining the text to be added.

3

Pursuant to Rule 15(d), Fed.R.Civ.P. the court may allow a party to supplement its pleadings, "upon reasonable notice and upon such terms as are just." In this matter, notice is reasonable as it falls before the Court's March 24, 2014 deadline for filing amended or supplemental pleadings.[2] [Case Management Order (Dkt. # 25), ¶ 2]. In addition, the close of fact discovery in this matter is still more than three months away (July 1, 2015) and the close of expert discovery is nearly five months away (August 14, 2015). No depositions have been set or taken in this matter. Most importantly, JDPI cannot legitimately claim prejudice by the supplement and the amendment. Justice therefore requires that VIP be allowed to amend its Complaint to assert the additional declaratory judgment claim and PTO registration cancellation claim and to amend its Answer to add additional affirmative defenses related to its claim that Jack Daniel's trade dress and Jack Daniels' bottle design and not entitled to trademark protection. For the convenience of the Court, a form of Order is submitted herewith.

**RESPECTFULLY SUBMITTED** this 23rd day of March, 2015.

**DICKINSON WRIGHT PLLC**

By: s/ David G. Bray
David G. Bray
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004
*Attorneys for VIP Products, L.L.C.*

---

[2] The Case Management Order provides that the deadline to seek amendments to the pleadings is 60 days from the date the Case Management Order. [Dkt # 25, ¶ 2]. Sixty days from the January 23, 2015 date of that Order is Tuesday, March 24, 2015.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2015, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

s/ Kristi A. Arendt

PHOENIX 53913-11 207565v1

5