UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| VIP Products, LLC, an Arizona ) | | |
| limited liability company,   ) | | |
| ) | | |
|             Plaintiff,       ) | CV-14-2057-PHX-DGC | |
| ) | | |
|       vs.                    ) | Phoenix, Arizona | |
| ) | January 23, 2015 | |
| Jack Daniel's Properties,    ) | 11:01 a.m. | |
| Inc., a Delaware corporation,) | | |
| ) | | |
|             Defendant.       ) | | |
| ) | | |
| _____) | | |

BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RULE 16 SCHEDULING CONFERENCE

Official Court Reporter:
Linda Schroeder, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2    For the Plaintiff:

 3            Dickinson Wright
              By: DAVID GEOFFREY BRAY, ESQ.
 4            1850 North Central Avenue, Suite 1400
              Phoenix, AZ  85004
 5
      For the Defendant:
 6
              Quarles & Brady
 7            By: GREGORY PHILLIP SITRICK, ESQ.
                  ISAAC SCOTT CRUM, ESQ.
 8            2 North Central Avenue
              Phoenix, AZ  85004
 9
              Seyfarth Shaw
10            By: CHRISTOPHER CRAIG LARKIN, ESQ. (Telephonic)
              2029 Century Park E, Suite 3500
11            Los Angeles, CA  90067

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      THE CLERK:  Civil case 2014-2057, VIP Products versus
2  Jack Daniel's Properties, Incorporated, on for a scheduling
3  conference.  Will the parties please announce.
4      MR. BRAY:  Good morning, Your Honor.  David Bray with
5  Dickinson Wright for plaintiff VIP Products.
6      THE COURT:  Good morning.
7      MR. SITRICK:  Good morning, Your Honor.  Greg Sitrick
8  from Quarles & Brady on behalf of Jack Daniel's Properties.
9      MR. LARKIN:  Good morning, Your Honor.  Participating
10 telephonically with the Court's permission is Christopher
11 Larkin on behalf of Jack Daniel's Properties.
12     MR. CRUM:  And, Your Honor, Isaac Crum from
13 Quarles & Brady on behalf of Jack Daniel's Properties as well.
14     THE COURT:  All right.  Good morning to all of you.
15     Counsel, I have looked over your joint case management
16 report.  I do have a question regarding the overall schedule.
17 You don't have expert disclosures occurring until the middle of
18 June, which is almost to the end of the fact discovery period.
19     Is there a particular reason in the case that you need
20 to do most of the fact discovery before you can provide expert
21 reports?
22     MR. BRAY:  I've been in the process of interviewing
23 experts the last six weeks, and I think experts are going to be
24 crucial on this case.  I don't have an expert picked out.  So
25 while I don't think maybe we need to have the entirety of fact

1  discovery done, I do need some significant amount of time to
2  get my experts in place.
3        THE COURT:  Will they be looking at discovery material
4  in forming their opinions?
5        MR. BRAY:  Potentially.
6        THE COURT:  Explain, if you would.  What discovery
7  material will they need to review?
8        MR. BRAY:  Well, I'm not entirely sure what opinions
9  I'm going to have the expert testify on.  One potential opinion
10 would be a traditional survey expert.  I've been discussing
11 whether that's appropriate given kind of the facts of this case
12 and the procedural posture of this case.  A survey expert would
13 not need discovery.  I've been brainstorming with one of my
14 partners, Frank Long, about potential other avenues of expert
15 testimony in this case, given its context as a parity case.
16 We've just not nailed down exactly what we're going to do.  So
17 I can't as I stand here today tell you exactly what fact
18 discovery an expert would need.
19       THE COURT:  Will the experts be opining on confusion?
20 Is that the issue they'll be addressing?
21       MR. BRAY:  Potentially.
22       THE COURT:  What others?  I'm just trying to figure
23 out what experts we're likely to need, given the nature of this
24 case.
25       MR. BRAY:  Sure.  The tricky part about selecting an

1  expert in this case is having an expert testify as to a
2  particular feature or factor or issue in this case without
3  having an opinion as to the ultimate question of law.  So other
4  than I can tell you that we've been in discussions with perhaps
5  using a survey expert, I don't know specifically what other
6  expert opinions as I stand here today.  I was just trying to
7  build in some breathing space in the order.
8              THE COURT:  Okay.  What are defendant's views?
9              MR. LARKIN:  Your Honor, we anticipate a survey expert
10 on the issue of likelihood of confusion and probably another
11 expert on the issue of dilution.  We would be willing to
12 designate those experts earlier than the -- on the schedule
13 proposed in the order.  I understand Mr. Bray had a preplanned
14 trip that we were trying to accommodate.
15             But we can do it sooner than the current schedule, but
16 we would certainly be happy to accommodate Mr. Bray's schedule
17 as well.
18             MR. BRAY:  One thing we could potentially do, Your
19 Honor -- because this was a declaratory judgment action filed
20 by a traditional trademark defendant -- perhaps we could flip
21 the order of expert disclosures around and have defendants
22 disclose first and then plaintiff disclose second.
23             THE COURT:  Well, let me ask a question about what was
24 just said regarding experts.  A dilution expert?
25             MR. LARKIN:  Yes.

1          THE COURT: Would Jack Daniel's be arguing that the
2     value of its mark is diluted by a dog toy?
3          MR. LARKIN: Yes, Your Honor. As pleaded in the
4     counterclaims, our position is that the mark is diluted by
5     tarnishment, and we would expect to have probably not a survey
6     expert, probably just an expert on marketing or consumer
7     psychology address that issue.
8          MR. SITRICK: Your Honor, I know it sounds from a high
9     level without knowing the facts --
10         THE COURT: Just a little louder.
11         MR. SITRICK: Sorry. I saw from a high level, you
12    know, without knowing some of the facts, I can see why you may
13    have a reservation, you know, with your question the way you
14    asked it. But there are some facts in the case that we plan to
15    present that these -- the parity is really in a disparaging
16    light to Jack Daniel's and its mark. And that's why the
17    dilution claim, it's not just that it's a parity; it's also
18    disparaging the way it's being done.
19         THE COURT: What are your reactions to plaintiff's
20    suggestion of having defense experts go first?
21         MR. LARKIN: We're fine with that, Your Honor.
22         THE COURT: All right. Okay. Give me just a minute
23    to look at this schedule. All right. Let me run through the
24    schedule. It's largely yours. I've adjusted dates so they
25    fall on Fridays rather than on Mondays most of the way through,

|     |     |
| --- | --- |
| 1   | although I'll leave in place in Paragraph 1 your proposal for |
| 2   | initial disclosures on January 26th, which is next Monday. |
| 3   | In Paragraph 2 I'm going to leave it as is, so there |
| 4   | will be 60 days for considering amending pleadings in the case. |
| 5   | There are some discovery limitations in Paragraph 4 that you |
| 6   | ought to take note of, and I will adopt a fact discovery cutoff |
| 7   | date in that paragraph of July 3rd of 2015. |
| 8   | In Paragraph 5A I'm going to require defendant's |
| 9   | expert disclosure by May 8th of 2015; in 5B plaintiff's expert |
| 10  | disclosure by June 12th of 2015; in 5C rebuttal experts by July |
| 11  | 10th of 2015; and in Paragraph 5D expert depositions by August |
| 12  | 14th of 2015. |
| 13  | Please make sure you read Paragraphs E, F, and G of |
| 14  | Section 5.  Those do include some additional expert disclosure |
| 15  | requirements that will apply. |
| 16  | Paragraph 6 is important.  If you have any discovery |
| 17  | issues, don't file anything.  Get together on the phone and |
| 18  | call me, and we'll get those issues worked out quickly so they |
| 19  | don't slow the case down. |
| 20  | In Paragraph 7 I'm going to set a dispositive motion |
| 21  | deadline of September 11th of 2015.  Please read the rest of |
| 22  | Paragraph 7 as there are some other requirements regarding |
| 23  | summary judgment and summary judgment briefing. |
| 24  | I'm going to adopt your proposal in Paragraph 8 of |
| 25  | good faith settlement talks by March 27th of this year. |

1           Paragraph 9 is important.  I think this is enough time
2  to get the case ready for trial.  I won't be inclined to extend
3  the schedule and would therefore urge you to take advantage of
4  it.
5           Paragraph 10 has some additional briefing
6  requirements.
7           Would you all be interested in the designation of a
8  magistrate judge to assist in settlement talks, or do you plan
9  to use somebody else, or just to meet without the help of the
10 neutral?
11          MR. BRAY:  When counsel and I talked about this, I
12 think we both agreed that the magistrate judge could be useful
13 but a little further along in the case, not by the March 10th
14 good faith settlement talks.
15          THE COURT:  Well, yeah, if you want -- It's actually
16 March 27th.  But if you want to use a magistrate judge before
17 then, we ought to get them designated now, because it takes
18 eight weeks or so to get on their calendar.  But if your
19 thought is you'll do those talks without the assistance of a
20 magistrate and see if you can settle the case, that's fine as
21 well.
22          MR. BRAY:  I think that was plaintiff's thought.  I'll
23 let defendant speak.
24          MR. LARKIN:  That's acceptable to the defendant, Your
25 Honor.

1         THE COURT:  Okay.  If you do decide you want the help
2    of a magistrate, keep in mind it will take six to eight weeks
3    to get on their calendar.  So call our office ahead of time.
4    We'll designate the magistrate.  And you can then get in touch
5    with their office and get on their calendar.
6         Is there going to be a need for a protective order in
7    this case?  Do you anticipate sharing confidential information?
8         MR. BRAY:  Not from plaintiff's perspective, Your
9    Honor.
10        MR. LARKIN:  I suspect that some of the information
11   that the plaintiff will want to discover from the defendant
12   will be designated confidential.
13        THE COURT:  All right.  Well, two thoughts if you
14   decide you want a protective order.  Obviously submit it to me
15   in stipulated form, but keep two things in mind:
16        Please do not submit a protective order that says that
17   a party submitting confidential information to the Court shall
18   file it under seal.  I cannot sign an order that authorizes you
19   to file under seal, because in the Ninth Circuit I have to
20   review the material before I permit filing under seal.
21        So instead say in the protective order that the party
22   filing confidential material shall comply with Local Rule 5.6,
23   which is the procedure for seeking authorization for sealing.
24   And, secondly, if you put into the protective order a procedure
25   for challenging confidential designations or such things, don't

| | |
|---|---|
| 1 | say in it that the parties will file motions.  Say that the |
| 2 | parties will call the Court, so that we treat those in the same |
| 3 | way we do discovery disputes, and you talk to me before we have |
| 4 | the filing of motions. |
| 5 | Any other matters that we need to take up today? |
| 6 | MR. BRAY:  Not from plaintiff's perspective, Your |
| 7 | Honor. |
| 8 | MR. LARKIN:  None from the defendant, Your Honor. |
| 9 | MR. SITRICK:  One possibly, Mr. Larkin.  We have put |
| 10 | in here that you said at the end that you want to prepare this |
| 11 | case for trial.  We intend to oppose the request for the trial. |
| 12 | We think there's only equitable relief sought in this case |
| 13 | between the parties.  So we'd like to get some guidance from |
| 14 | you on how you'd like us to address that either here or later |
| 15 | down the road. |
| 16 | THE COURT:  I think we should address that later.  It |
| 17 | seems to me that if we get to the summary judgment stage and a |
| 18 | case survives summary judgment, as it likely will, given the |
| 19 | nature of this dispute, but if it does -- I mean, maybe it |
| 20 | won't.  But assuming it does, it seems to me the right point to |
| 21 | discuss whether or not this is a jury trial or a bench trial is |
| 22 | at the final pretrial conference.  And so you can raise that |
| 23 | issue in connection with the materials you file before the |
| 24 | final pretrial conference.  It doesn't quite require extensive |
| 25 | briefing.  We can make a decision and schedule the trial in |

```
1    light of that decision.
2            MR. SITRICK:  Thank you, Your Honor.
3            THE COURT:  Okay.  We'll get this order out.
4            Okay.  Thanks very much.
5       (Proceedings recessed at 11:14 a.m.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3           I, LINDA SCHROEDER, do hereby certify that I am duly
 4   appointed and qualified to act as Official Court Reporter for
 5   the United States District Court for the District of Arizona.
 6           I FURTHER CERTIFY that the foregoing pages constitute
 7   a full, true, and accurate transcript of all of that portion of
 8   the proceedings contained herein, had in the above-entitled
 9   cause on the date specified therein, and that said transcript
10   was prepared under my direction and control.
11           DATED at Phoenix, Arizona, this 30th day of March,
12   2015.
13
14                                   s/Linda Schroeder
                                     Linda Schroeder, RDR, CRR
15
16
17
18
19
20
21
22
23
24
25
```