IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Defendant. | Case No. CV 14-02057 PHX DGC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>VIP Products, LLC, an Arizona limited liability company,<br><br>Counterdefendant. | |

**I.    Definitions.**

1.    As used in this Protective Order these terms have the following meanings:

A.    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

B.    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

C.    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as internal and external market, consumer, or other research not conducted for or in response to this litigation.

D.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

E.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who:

        (i)    has been retained by a Party to serve as an expert witness or as a consultant in this action;

        (ii)    is not a current officer, director or employee of a party to this action or of such party's competitor; and

        (iii)    at the time of retention or the time of disclosure of Protected Material, is not anticipated to become an officer, director or employee of a party to this action or of such party's competitor.

H.    Final Disposition:  Final disposition of this matter shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

QB\136435.00005\35027217.1

1      I.     House Counsel:  Attorneys who are employees of a party to this action (or

2   employees of a parent company thereof). House Counsel does not include Outside

3   Counsel of Record or any other outside counsel.

4      J.     Non-Party:  Any natural person, partnership, corporation, association, or

5   other legal entity not named as a Party to this action.

6      K.     Outside Counsel of Record:  Attorneys who are not employees of a party to

7   this action but are retained to represent or advise a party to this action and have appeared

8   in this action on behalf of that party or are affiliated with a law firm which has appeared

9   on behalf of that party.

10      L.     Party:  Any party to this action (or parent company thereof), including all of

11   its officers, directors, employees, consultants, retained experts, and Outside Counsel of

12   Record (and their support staffs).

13      M.     Producing Party:  A Party or Non-Party that produces Disclosure or

14   Discovery Material in this action.

15      N.     Professional Vendors:  Persons or entities that provide litigation support

16   services (e.g., photocopying, videotaping, translating, preparing exhibits or

17   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

18   their employees and subcontractors.

19      O.     Protected Material:  Any Disclosure or Discovery Material, pleading, or

20   other document or information that is designated as "CONFIDENTIAL," or as

21   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22      P.     Receiving Party:  A Party that receives Disclosure or Discovery Material

23   from a Producing Party.

24

25   **II.**    **Scope**

26   2.     The protections conferred by this Stipulation and Order cover not only Protected

27   Material (as defined above), but also: any information copied or extracted from Protected

28   Material; all copies, excerpts, summaries, or compilations of Protected Material; and any

QB\136435.00005\35027217.1

testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

### III.    Duration

3.      Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### IV.    Designating Protected Material

4.      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

5.      Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

6.      Designation in conformity with this Order requires:

        A.      Documents or Things. "CONFIDENTIAL" or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY" treatment may be obtained by typing or stamping

QB\136435.00005\35027217.1

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the particular document or thing.

        B.      <u>Interrogatory Answers and Responses to Requests for Admissions.</u>  In answering any interrogatory or request for admission, or any part thereof, a Party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the page(s) containing said Protected Material.

        C.      <u>Deposition Testimony.</u>  Any Party or Non-Party giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment therefor by:

        (i)      designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"; OR

        (ii)      designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony; OR

        (iii)      making a designation in writing and within fourteen (14) calendar days of the receipt by said Party or Non-Party of the transcript of said testimony.

7.      If, during the course of deposition testimony, any Party or Non-Party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, all persons other

QB\136435.00005\35027217.1

than those persons entitled to receive such information pursuant to paragraphs 14 and 15 hereof shall be excluded from the room in which the deposition testimony is given.

8.      Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or Non-Party.

9.      Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon the first page of a collection of litigation materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be.

10.     Failure to designate a document, thing or other information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or Non-Party desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or Non-Party proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall be fully subject to this Protective Order.

QB\136435.00005\35027217.1

**V.     Challenging Confidentiality Designations**

11.     If a Party contends that any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation has been erroneously or improperly made, the material at issue shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, under the terms of this Order until (i) the Parties reach a written agreement or (ii) this Court issues an order determining that the material is not entitled to the level of protection to which it is entitled under the Designating Party's designation.  In the event that counsel for a Party receiving material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific designated material (identified by Bates number, if possible) to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  Counsel for the Designating Party shall have twenty-one (21) days from receipt of the written Designation Objections to respond in writing as to whether the designations will be maintained or withdrawn.  If the Designating Party does not withdraw the designation(s), the parties shall meet in confer in good faith, by telephone or in-person, within ten (10) days of the Designating Party's response to discuss the Designation Objections and attempt to resolve the dispute.

12.     If, after meeting and conferring in good faith, the Parties are unable to resolve the dispute regarding the designation pursuant to any or all of the Designation Objections, the Challenging Party may contact the Court seeking a telephonic conference (or other proceeding as the Court may designate) regarding the designation of the challenged material set forth in the Designation Objections (the "Designation Challenge").  Unless and until the Court orders the challenged designations stricken on resolution of the Designation Challenge, the Designating Party is presumed to have designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in good faith and any and all existing, challenged designations shall remain in place.  The Designating Party shall have the burden of establishing the applicability of its "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.  Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**VI.    Access To and Use of Protected Material**

13.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below (Final Disposition).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

14.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or agreed to by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

A.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

B.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

C.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

D.    the Court, jury, and court personnel;

E.    court reporters and their staff;

F.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

G.    during their depositions:

(i)    the Designating Party, or

(ii)    witnesses in the action to whom disclosure is reasonably necessary and who have either signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or who acknowledge on the record and under oath under penalty of perjury his or her obligation to maintain the confidentiality of the "CONFIDENTIAL" information subject to sanctions and punishment before the Court in the nature of contempt for failure to so comply, unless otherwise agreed by the Designating Party or ordered by the Court.  Witnesses shown Protected Material shall not be allowed to retain copies;

H.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

I.    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

15.    <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

A.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

B.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

C.     the Court, jury, and court personnel;

D.     court reporters and their staff;

E.     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

F.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

G.     during their depositions, the Designating Party; and

H.     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

**VII.     Protected Material Subpoenaed Or Ordered Produced In Other Litigation**

16.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

A.     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

B.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

C.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

QB\136435.00005\35027217.1

17.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**VIII.  A Non-Party's Protected Material Sought To Be Produced In This Litigation**

18.     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

19.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

A.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

B.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

C.     make the information requested available for inspection by the Non-Party.

QB\136435.00005\35027217.1

20.     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**IX.     Unauthorized Disclosure of Protected Material**

21.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**X.      Inadvertent Production of Privileged Or Otherwise Protected Material**

22.     If a Party or Non-Party through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the Designating Party or Non-Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or Non-Party. The Receiving Party shall promptly return to the producing Party or Non-Party the inadvertently disclosed document and all copies of such document and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction

QB\136435.00005\35027217.1

1  against presenting the information to the Court for a determination of the claim.  Return of

2  the document by the Receiving Party shall not constitute an admission or concession, or

3  permit any inference, that the returned document is, in fact, properly subject to a claim of

4  attorney-client privilege or work product immunity, nor shall it foreclose any Party from

5  moving the Court for an Order that such document has been improperly designated or

6  should be producible for reasons other than a waiver caused by the inadvertent production.

7

8  **XI.**   **Miscellaneous**

9  23.    Right to Further Relief.  Nothing in this Order abridges the right of any person to

10  seek its modification by the Court in the future.

11  24.    Right to Assert Other Objections.  Nothing contained in this Protective Order shall

12  affect the right of any Party or Non-Party to make any objection, claim any privilege, or

13  otherwise contest any request for production of documents, interrogatory, request for

14  admission, or question at a deposition or to seek further relief or protective orders from

15  the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules.

16  Similarly, no Party waives any right to object on any ground to use in evidence of any of

17  the material covered by this Protective Order.  Nothing in this Protective Order shall

18  constitute an admission or waiver of any claim or defense by any Party.

19  25.    Filing Protected Material.  Any Receiving Party is authorized under Local

20  Rule 5.6, as such Rule may be amended from time to time, to request the filing under seal

21  with the Court of any brief, document or materials that are designated as Protected

22  Material under this Order.  A Party that seeks to file under seal any Protected Material

23  must comply with Local Rule 5.6, and may only file such Protected Material under seal

24  pursuant to a Court order authorizing the sealing.  (*See* Local Rule 5.6(a)). A Receiving

25  Party shall not file any Protected Material in the public record.

26

27

28

QB\136435.00005\35027217.1

**XII.    Final Disposition**

26.    Within 60 days after Final Disposition, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (Duration).

IT IS SO STIPULATED.

        PURSUANT TO STIPULATION, AND BASED ON GOOD CAUSE SHOWN, IT IS SO ORDERED.

QB\136435.00005\35027217.1