QUARLES & BRADY LLP
Gregory P. Sitrick (AZ Bar #028756))
Isaac S. Crum (AZ Bar#026510)
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.sitrick@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

Attorneys for Defendant and Counterclaimant
JACK DANIEL'S PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>    Defendant and Counterclaimant. | Case No. CV 14-02057 PHX DGC<br><br>**ANSWER OF DEFENDANT AND COUNTERCLAIMANT JACK DANIEL'S PROPERTIES, INC. TO AMENDED COMPLAINT** |

Defendant and counterclaimant Jack Daniel's Properties, Inc. ("JDPI") answers the amended complaint filed by plaintiff VIP Products, LLC ("VIP") as follows.

1. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint, and on that basis denies those allegations.

2. JDPI admits the allegations in paragraph 2 of the Amended Complaint.

3. JDPI denies the allegations in paragraph 3 of the Amended Complaint, except JDPI admits that it is a citizen of a state other than Arizona.

4. JDPI admits the allegations in paragraph 4 of the Amended Complaint.

5. JDPI admits the allegations in paragraph 5 of the Amended Complaint.

6. JDPI admits that VIP purports to demand a trial by jury in paragraph 6 of the Amended Complaint, but denies that VIP is entitled to a jury trial on any of its claims for relief.

7. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, and on that basis denies those allegations, except JDPI admits that VIP has marketed and sold certain chew toys for dogs, including the toy at issue in this action.

8. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and on that basis denies those allegations, except JDPI admits that VIP has marketed and sold certain chew toys for dogs, including the toy at issue in this action, which is identified as being part of a "Silly Squeakers" line.

9. JDPI denies the allegations in paragraph 9 of the Amended Complaint.

10. JDPI denies the allegations in paragraph 10 of the Amended Complaint.

11. JDPI denies the allegations in paragraph 11 of the Amended Complaint, except JDPI admits that it owns various registrations of, or containing, the trademark JACK DANIEL'S in the United States and that the JACK DANIEL'S trademark has been used for many years for Tennessee whiskey in the United States.

12. JDPI denies the allegations in paragraph 12 of the Amended Complaint, except JDPI admits that VIP incorporated elements of the trade dress of Jack Daniel's Tennessee whiskey on VIP's "Bad Spaniels" dog toy, including a label with a black background and white lettering, and that VIP placed a statement reading "The product and its design belong to VIP Products. This product is not affiliated with Jack Daniel Distillery" in small print at the bottom of a detachable cardboard tag affixed to the Bad Spaniels toy.

13. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint, and on that basis denies those allegations, except JDPI admits that it sent VIP a letter dated September 5, 2014 demanding that VIP cease all further sales of the Bad Spaniels toy.

14. JDPI admits the allegations in paragraph 14 of the Amended Complaint.

15. JDPI admits the allegations in paragraph 15 of the Amended Complaint.

16. JDPI admits the allegations in paragraph 16 of the Amended Complaint.

17. JDPI admits the allegations in paragraph 17 of the Amended Complaint.

18. JDPI admits the allegations in paragraph 18 of the Amended Complaint.

19. JDPI denies the allegations in paragraph 19 of the Amended Complaint, except JDPI admits that United States Trademark Registration No. 4,106,178 is valid and subsisting and that it is not incontestable.

20. JDPI denies the allegations in paragraph 20 of the Amended Complaint, and avers that the mark registered under United States Trademark Registration No. 4,106,178 is shown in the registration certificate.

21. JDPI admits the allegations in paragraph 21 of the Amended Complaint.

22. JDPI denies the allegations in paragraph 22 of the Amended Complaint.

23. JDPI admits the allegations in paragraph 23 of the Amended Complaint.

24. JDPI admits the allegations in paragraph 24 of the Amended Complaint.

1    25.  JDPI denies the allegations in paragraph 25 of the Amended Complaint, except JDPI admits that the bottles depicted in the Amended Complaint have various shapes and black caps, black neck wrap closures with white printing bearing different graphics, marks, and design elements, and black front labels with white printing bearing different graphics, marks, and design elements.

26.  JDPI denies the allegations in paragraph 26 of the Amended Complaint, except JDPI admits that the bottles depicted in the Amended Complaint have various shapes and neck designs shown on the bottles, together with different graphics, marks, and design elements.

27.  JDPI denies the allegations in paragraph 27 of the Amended Complaint.

28.  JDPI denies the allegations in paragraph 28 of the Amended Complaint.

29.  JDPI denies the allegations in paragraph 29 of the Amended Complaint.

30.  JDPI denies the allegations in paragraph 30 of the Amended Complaint, except JDPI admits that some other bottles for whiskey have a black cap.

31.  JDPI denies the allegations in paragraph 31 of the Amended Complaint, except JDPI admits that some other bottles for whiskey have a black neck wrap closure with white printing bearing different graphics, marks, and design elements.

32.  JDPI denies the allegations in paragraph 32 of the Amended Complaint, except JDPI admits that admits that some other bottles for whiskey have a black front label with white printing bearing different graphics, marks, and design elements.

33.  JDPI denies the allegations in paragraph 33 of the Amended Complaint, except JDPI admits that some other bottles for whiskey have combinations of various shapes, black caps, black neck wrap closures with white printing bearing different graphics, marks, and design elements, and black front labels with white printing bearing different graphics, marks, and design elements.

34.  JDPI denies the allegations in paragraph 34 of the Amended Complaint.

35.  JDPI denies the allegations in paragraph 35 of the Amended Complaint.

36. JDPI denies the allegations in paragraph 36 of the Amended Complaint.

37. JDPI denies the allegations in paragraph 37 of the Amended Complaint.

38. JDPI denies the allegations in paragraph 38 of the Amended Complaint.

39. JDPI denies the allegations in paragraph 39 of the Amended Complaint, except JDPI admits that some other bottles for whiskey bearing different graphics, marks, and design elements are or appear to be square in shape to varying degrees.

40. JDPI denies the allegations in paragraph 40 of the Amended Complaint, except JDPI admits that some other bottles for whiskey bearing different graphics, marks, and design elements have fluting or faceting on the necks of the bottles.

41. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and on that basis denies those allegations, except JDPI admits that the bottle for Southern Comfort liqueur bears an embossed signature on the body of the bottle.

42. JDPI denies the allegations in paragraph 42 of the Amended Complaint, except JDPI admits that some other bottles for whiskey bearing different graphics, marks, and design elements are or appear to be square in shape to varying degrees and have fluting or faceting in the necks of the bottles.

43. JDPI denies the allegations in paragraph 43 of the Amended Complaint.

44. JDPI denies the allegations in paragraph 44 of the Amended Complaint.

45. JDPI denies the allegations in paragraph 45 of the Amended Complaint.

46. JDPI denies the allegations in paragraph 46 of the Amended Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

47. JDPI repeats its responses above to the allegations in paragraphs 1-46 of the Amended Complaint in response to the allegations in paragraph 47 of the Amended Complaint.

48. JDPI admits the allegations in paragraph 48 of the Amended Complaint.

49. JDPI denies the allegations in paragraph 49 of the Amended Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

50. JDPI repeats its responses above to the allegations in paragraphs 1-49 of the Amended Complaint in response to the allegations in paragraph 50 of the Amended Complaint.

51. JDPI denies the allegations in paragraph 51 of the Amended Complaint.

52. JDPI denies the allegations in paragraph 52 of the Amended Complaint.

53. JDPI denies the allegations in paragraph 53 of the Amended Complaint.

54. JDPI denies the allegations in paragraph 54 of the Amended Complaint.

55. JDPI denies the allegations in paragraph 55 of the Amended Complaint.

56. JDPI denies the allegations in paragraph 56 of the Amended Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

57. JDPI repeats its responses above to the allegations in paragraphs 1-56 of the Amended Complaint in response to the allegations in paragraph 57 of the Amended Complaint.

58. JDPI denies the allegations in paragraph 58 of the Amended Complaint.

59. JDPI denies the allegations in paragraph 59 of the Amended Complaint.

60. JDPI denies the allegations in paragraph 60 of the Amended Complaint.

61. JDPI denies the allegations in paragraph 61 of the Amended Complaint.

62. JDPI denies the allegations in paragraph 62 of the Amended Complaint, except JDPI admits that VIP seeks cancellation of United States Trademark Registration No. 4,106,178.

## AFFIRMATIVE DEFENSES

1. VIP has infringed, diluted, and competed unfairly with respect to, JDPI's trademarks and trade dress, as more fully alleged in JDPI's Counterclaims in this action, and thus comes before the Court with unclean hands and is not entitled to the equitable relief of a declaratory judgment.

QB\136435.00005\35355596.1

2. VIP is estopped by its deliberate, admitted, and targeted copying of JDPI's trademarks and trade dress, as more fully alleged in JDPI's Counterclaims in this action, from contending that any of JDPI's trademarks or trade dress are functional, merely ornamental or decorative, generic, non-distinctive, or otherwise invalid or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, defendant and counterclaimant JDPI prays for judgment as follows:

1. That VIP's Amended Complaint be dismissed with prejudice;

2. That judgment be entered in JDPI's favor on its Counterclaims;

3. That VIP be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI its attorneys' fees and the costs of this action; and

4. That JDPI be granted such other and further relief as the Court may deem just and proper.

DATED: June 3, 2015                    Respectfully submitted,

                                           */s/ Isaac S. Crum*
Gregory P. Sitrick  (AZ Bar #028756)
Gregory.Sitrick@quarles.com
Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
Quarles & Brady LLP
Firm State Bar No. 00443100
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229-5200
Fax (602) 229-5690

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
clarkin@seyfarth.com
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 3, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

                                            */s/ Isaac S. Crum*
                                            Isaac S. Crum