1   James J. Osborne, Bar #009790
    Jennifer B. Anderson, Bar #015605
2   JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
3   Phoenix, Arizona  85012
    Telephone:  (602) 263-1700
4   Fax:  (602) 200-7843
    josborne@jshfirm.com
5   janderson@jshfirm.com

6   Attorneys for Owens-Illinois, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                       DISTRICT OF ARIZONA

10  VIP PRODUCTS, L.L.C., an Arizona limited          NO. 2:14-cv-02057-DGC
    liability company,
11                                                    **OWENS-ILLINOIS, INC.'S**
                                       Plaintiff,     **OBJECTION TO PLAINTIFF'S**
                                                      **SUBPOENA**
12                 v.

13  JACK DANIEL'S PROPERTIES, INC., a
    Delaware corporation,
14
                                       Defendant.
15

16

17          Owens-Illinois, Inc. ("OI") was served with Plaintiff's subpoena to produce

18  documents and electronically stored information on June 12, 2015 ("Subpoena").[1]  The

19  Subpoena has a June 26, 2015 at 1:00 p.m. return date and time.  Pursuant to Rule

20  45(d)(2)(B), Fed. R. Civ. P.,[2] OI hereby objects to production of any of the documents and

21  electronically stored information requested in the Subpoena because: (1) the Subpoena is

22  overbroad and burdensome; (2) it seeks trade secret, propriety, confidential, and

23  potentially privileged information; and (3) it seeks documents and electronically stored

24  information from OI, which is not a proper party.

25

26

27          [1] The Subpoena is attached hereto as Exhibit A.
            [2] All "Rule" references are to the Federal Rules of Civil Procedure.
28

4337706.1

1   **I.    A SUBPOENA CANNOT IMPOSE AN UNDUE BURDEN ON A NON-
2          PARTY OR REQUIRE DISCLOSURE OF PRIVILEGED OR PROTECTED
          MATTER.**

3          A non-party is not required to respond to a subpoena that "requires

4   disclosure of privileged or other protected matter" and "subjects a person to undue

5   burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). In addition, a party responsible for issuing

6   a subpoena must take reasonable steps "to avoid imposing undue burden or expense" on a

7   responding person. Fed. R. Civ. P. 45(d)(1).

8          Courts give special weight to the burden on non-parties of producing

9   documents to litigants. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)

10  ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special

11  weight in evaluating the balance of competing needs."); *Heidelberg Americas, Inc. v.*

12  *Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41–42 (1st Cir. 2003) (same); *see also* Fed. R.

13  Civ. P. 45(d)(2)(B)(ii) (an order compelling production "must protect a person who is

14  neither a party nor a party's officer from significant expense resulting from compliance.").

15  Moreover, "[n]onparty witnesses are powerless to control the scope of litigation and

16  discovery, and should not be forced to subsidize an unreasonable share of the costs of

17  litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666

18  F.2d 364, 371 (9th Cir. 1982).

19  **II.    THE SUBPOENA IS DIRECTED TO THE WRONG ENTITY.**

20         First, the Subpoena is improper because it is directed to the wrong entity.

21  Owens-Brockway Glass Container Inc. ("OBGC") redesigned the bottle for Jack Daniel's

22  Old No. 7. However, Plaintiff addressed the Subpoena to, and served the Subpoena on,

23  "Owens-Illinois, Inc." OBGC is an indirect subsidiary of OI. Because OI is not the

24  correct subject of the Subpoena, it has no obligation to respond.

25  **III.    THE SUBPOENA IS OVERBROAD AND UNDULY BURDENSOME.**

26         Second, the Subpoena is overbroad and unduly burdensome in that Plaintiff

27  seeks the production of virtually all documents related in any way, no matter how tenuous,

28  to OBGC's involvement with Jack Daniel's Old No. 7 bottle.

4337706.1                                          2

1    For example, the definitions set forth in the Subpoena are individually so

2    broad as to preclude any reasonable response attempt by OI (or OBGC for that matter) to

3    search for responsive documents, let alone to collect and produce them.  The Subpoena

4    defines "document" in part as follows:

5           . . . the original **and any copy, regardless of origin or
             location**, or any written record or graphic matter, however
6           produced or reproduced, including, **but not limited to**,
             contracts, agreements, schedules, photographs, photographic
7           negatives, technical reports, intra-corporate memoranda, data
             sheets . . . **and all other materials within or upon which**
8           **appear any writing or utterance** . . . . The term also includes
             **copies** containing information in addition to that contained on
9           original.

10   (Emphasis added.)   The Subpoena defines "You" and "Your" to include OI and "any

11   predecessor, parent or subsidiary entities and . . . any agent, employee, representative, or

12   other natural person . . . or group of natural persons subject to its control."

13   The Subpoena's definitions of "ESI" and "Communication" are likewise

14   virtually limitless. The Subpoena defines "ESI" as:

15          electronically stored or created information including, but not
             limited to, computer files, word processing files, . . . emails,
16          database data and files, . . . and all accompanying metadata to
             such information, stored in any medium from which
17          information can be obtained either directly or, if necessary,
             after translation by the responding party into a reasonably
18          usable form including, but not limited to, computer servers,
             desktop computer, hard drives, laptop computers, business
19          computers, **personal computers**, . . . [and] **cellular phones** . .
             . .

20   The Subpoena defines "Communication" as " . . . any written, or oral message, in the form

21   of Documents or ESI, including, but not limited to, . . . texts, instant messages, . . .

22   voicemail recordings, . . . and all other contacts or attempted contacts by or between

23   "Persons" . . . ."   The Subpoena's definitions of "Persons" and "Pertaining to" are

24   similarly all-encompassing.   A cursory review of these definitions readily reveals the

25   impossibility of searching for and compiling responsive documents.

26   Further, combining defined terms like "Documents," "Pertaining to," and

27   "Communication" within the Subpoena's individual categories of Requested Documents

28

4337706.1                                        3

1  (*i.e.*, Requested Documents nos. 1, 2, 3, 6, 7, and 9) serves to compound the impossibility

2  of searching for responsive materials and/or producing them.

3  In addition, several of the Subpoena's categories of Requested Documents

4  are overbroad with respect to time.  Specifically, Requested Documents no. 5 (". . . the

5  Jack Daniel's Old No. 7 ***prior to*** **the 2011 redesign and** ***after*** **redesign**.") and no. 6 (" . . .

6  the Jack Daniel's Old No. 7 bottle ***prior to*** **its 2011 redesign and** ***after*** **its 2011**

7  **redesign**.") are open-ended as to time.  (Emphasis added.)  Requested Documents no. 9

8  seeks documents from the last 149 years ("All Documents that identify the bottles used for

9  the Jack Daniel's Old No. 7 bottle **since 1866**, including any and all Documents

10  Pertaining to bottle changes . . . .") (emphasis added).

11  OI is a publicly traded Fortune 500 company which, through its various

12  subsidiaries, employs over 21,000 people worldwide.[3]  As currently drafted, the Subpoena

13  would literally require, for an open-ended period of time, a search of every piece of paper,

14  computer, and electronically stored piece of information within OI, and of each

15  employee's personal laptop and cell phone, for potentially responsive information.  This is

16  clearly an impossible (and therefore objectionable) task.  Even if it were possible, it would

17  take months, if not years, to accomplish.

18  **IV.    THE SUBPOENA SEEKS PROPRIETARY, TRADE SECRET, AND
          PRIVILEGED INFORMATION.**

19

20  Third, the Subpoena improperly seeks the production of trade secret,

21  proprietary, and confidential information.  A non-party is not required to respond to a

22  subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ.

23  P. 45(d)(3)(A)(iii).  Rule 45(d)(3)(B)(i) also permits the Court to quash or modify a

24  subpoena if it requires "disclosing a trade secret or other confidential research,

25  development, or commercial information."  Once the nonparty shows that the requested

26  information is a trade secret or confidential commercial information, the burden shifts to

27  _____

      [3] Even if the Subpoena is redirected to OBGC, the Subpoena's definition of "You"

28  would extend to OI.

4337706.1                                              4

1  the requesting party to show a "substantial need for the testimony or material that cannot

2  be otherwise met without undue hardship" and "ensures that the subpoenaed person will

3  be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C)(i) & (ii).

4    Here, the Subpoena's definitions contain no limit on the types of documents

5  that must be produced. The Subpoena plainly asks for confidential proprietary and trade

6  secret information regarding the design and production of the Jack Daniel's Old No. 7

7  bottle. The definitions also fail to exclude privileged documents, such as those protected

8  by the attorney-client privilege. The Subpoena is therefore objectionable for this reason

9  alone.

10  **V.  CONCLUSION**

11    Plaintiff's subpoena is overbroad, burdensome, and seeks proprietary, trade

12  secret, and privileged information. For these reasons, OI objects to Plaintiff's improper

13  subpoena duces tecum. OI nevertheless invites Plaintiff's counsel to contact undersigned

14  counsel for the purpose of informally resolving the matter without the need for Court

15  intervention.

16    DATED this 25th day of June, 2015.

17    JONES, SKELTON & HOCHULI, P.L.C.

18

19    By /s/ Jennifer B. Anderson

20    James J. Osborne
       Jennifer B. Anderson

21    2901 North Central Avenue, Suite 800
       Phoenix, Arizona  85012

22    Attorneys for Owens-Illinois, Inc.

23

24

25

26

27

28

4337706.1                    5

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this 25th day of June, 2015, I caused the foregoing

3 document to be filed electronically with the Clerk of Court through the CM/ECF System

4 for filing; and served on counsel of record via the Court's CM/ECF system.

5

6 David G. Bray
  Frank G. Long
  David N. Ferrucci
7 Dickinson Wright, PLLC
  1850 North Central Ave., Suite 1400
8 Phoenix, AZ 85004
  Attorneys for VIP Products, LLC
9

  Gregory Phillip Sitrick
10 Isaac Scott Crum
   Quarles & Brady LLP - Phoenix, AZ
11 One Renaissance Square
   2 N Central Ave.
12 Phoenix, AZ 85004-2391
   Attorneys for Jack Daniel's Properties, Inc.
13

   Christopher Craig Larkin
14 Seyfarth Shaw LLP - Los Angeles, CA
   2029 Century Park E, Ste. 3500
15 Los Angeles, CA 90067
   Attorneys for Jack Daniel's Properties, Inc.
16

17

18 /s/ Katie Danforth

19

20

21

22

23

24

25

26

27

28

4337706.1                                    6