

# Service of Process Transmittal

06/12/2015
CT Log Number 527280983

**TO:** Mona Huffman
Owens-Illinois Inc.
1 Michael Owens Way
Perrysburg, OH 43551-2999

**RE:** Process Served in Delaware

**FOR:** Owens-Illinois, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VIP Products, L.L.C., Pltf. vs. Jack Daniel's Properties, Inc., Dft. // To: Owens-Illinois, Inc. |
| **DOCUMENT(S) SERVED:** | Subpoena, Proof of Service, Attachment(s), Exhibit(s) |
| **COURT/AGENCY:** | United States District Court for the District of Arizona, AZ<br>Case # 14CV02057PHXDGC |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to Jack Daniel's and/or Brown Forman Corporation (Please see document for additional requests) |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/12/2015 at 09:37 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | 06/26/2015 at 01:00 p.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David G. Bray<br>Dickson Wright PLLC<br>1850 N. Central Avenue<br>Suite 1400<br>Phoenix, AZ 85004<br>602-285-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/12/2015, Expected Purge Date: 06/17/2015<br>Image SOP<br>Email Notification, Mona Huffman mona.huffman@o-i.com<br>Email Notification, Lauren Bundy lauren.bundy@o-i.com<br>Email Notification, David Reed david.reed@o-i.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / DL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| VIP Products, L.L.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-cv-02057-PHX-DGC |
| Jack Daniel's Properties, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Owens-Illinois, Inc., c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Dickinson Wright PLLC<br>1850 N. Central Avenue, Suite 1400<br>Phoenix, Arizona 85004 | Date and Time:<br><br>06/26/2015 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2015

*CLERK OF COURT*

OR  _____

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* VIP Products, LLC
_____, who issues or requests this subpoena, are:

David G. Bray, 1850 N. Central Avenue, Suite 1400, Phoenix, AZ 85004, dbray@dickinsonwright.com, 602-285-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-cv-02057-PHX-DGC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A: REQUESTED DOCUMENTS

### Definitions

For purposes of these requests, the following terms have the following meanings:

A. The terms "Plaintiff", "Counterdefendant" and "VIP" shall refer to VIP Products, L.L.C.

B. The term "Defendant", "Counterclaimant", "JDPI" and "Jack Daniel's" shall refer to Jack Daniel's Properties, Inc.

C. As used herein, the pronouns "You" and "Your" refers to Owens-Illinois, Inc. and any predecessor, parent or subsidiary entities and to any agent, employee, representative, or other natural person, firm, corporation, partnership, association, organization, joint venture or group of natural persons subject to its control.

D. The "Litigation" shall mean this case that is currently pending in United States District of Arizona, *VIP Products, L.L.C. v. Jack Daniel's Properties, Inc.* Case No. 14-cv-02057-PHX-DGC.

E. As used herein, the word "Document" refers to and includes the original and any copy, regardless of origin or location, or any written record or graphic matter, however produced or reproduced, including, but not limited to, contracts, agreements, schedules, photographs, photographic negatives, technical reports, intra-corporate memoranda, data sheets, charts, letters, studies, checks, statements, receipts, purchase orders, summaries, pamphlets, books, business records, prospectuses, computer printouts, invoices, worksheets, printed matter, notes, memoranda, reports, work papers, diaries, calendars, minutes of meetings, and all other materials within or upon which appear any writing or utterance, whether by hand, typewriter, word processor, computer, photocopy, tape, record, or any other mechanical or electronic system of reproduction. The term also includes copies containing information in addition to

that contained on the original. As to any Document relating to the matters described herein which is not in your possession but which you know to exist, you are requested to identify such Document and indicate to the best of your ability its present or last known location or custodian.

F. As used herein, the term "ESI" refers to electronically stored or created information including, but not limited to, computer files, word processing files, writings, drawings, graphs, charts, photographs, digital photographic images, digital or analog video, sound recordings, images, web pages, emails, database data and files, spreadsheet files, and other data or data compilations, and all accompanying metadata to such information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form including, but not limited to, computer servers, desktop computer hard drives, laptop computers, business computers, personal computers, flash drives, compact discs, floppy disks, digital or magnetic tapes, cellular phones, personal digital assistants, personal data assistants, MP3 players, or other portable electronic drives/devices. As to any ESI relating to the matters described herein which is not in your possession but which you know to exist, you are requested to identify such ESI and indicate to the best of your ability its present or last known location or custodian.

G. As used herein, the word "Communication" refers to and includes any written, or oral message, in the form of Documents or ESI, including, but not limited to, letters, correspondence, telegrams, e-mail, texts, instant messages, web page entries, blogs, social networking site communications, telephone conversations, voicemail recordings, face-to-face conversations, notes, presentations or speeches, meetings, offers, notations, or memoranda of any conversations, bulletins, inter-office and intra-office Communications, and all other contacts or attempted contacts by or between "Persons" as this term is defined as "H" herein.

H. As used herein, the word "Person" refers to and includes, but is not limited to, any natural person, firm, corporation, partnership, proprietorship, association, organization, joint venture, any group of natural persons, or any form of business entity.

I. As used herein, the phrase "Pertaining to" or "Pertains to" means consisting of, relating or referring to, or reflecting or having any logical or factual connection with, the subject matter dealt with in a paragraph of this request.

## REQUESTED DOCUMENTS

1. All Documents Pertaining to Communications with Jack Daniel's and/or Brown-Forman Corporation that Pertain to the redesign of the Jack Daniel's Old No. 7 bottle that was announced by Jack Daniel's and/or Brown Forman Corporation in 2011.

2. All Documents Pertaining to Communications with Cue, Inc. that Pertain to the redesign of the Jack Daniel's Old No. 7 bottle that was announced by Jack Daniel's and/or Brown Forman Corporation in 2011.

3. All Documents Pertaining to Communications with any Person that Pertain to the redesign of the Jack Daniel's Old No. 7 bottle that was announced by Jack Daniel's and/or Brown Forman Corporation in 2011.

4. All engineering and/or technical analyses Pertaining to the redesign of the Jack Daniel's Old No. 7 bottle that was announced by Jack Daniel's and/or Brown Forman Corporation in 2011.

5. All Documents Pertaining to bottle or glass performance or durability testing of the Jack Daniel's Old No. 7 prior to the 2011 redesign and after redesign.

6. All Documents Pertaining to any test results of the Jack Daniels Old No. 7 bottle prior to its 2011 redesign and after its 2011 redesign.

7. Any Documents Pertaining to the history of the Jack Daniel's Old No. 7 bottles in which Jack Daniel's whiskey has been sold that were referenced, provided, and/or utilized by You in conjunction with the 2011 redesign of the Jack Daniel's Old No. 7 bottle.

8. Any instructions or guidelines provided by Cue, Inc., Jack Daniel's and/or Brown Forman Corporation as to how to proceed with the 2011 redesign, including but not limited to any Documents conveying any functional expectations for the Jack Daniel's Old No. 7 bottle

9. All Documents that identify the bottles used for the Jack Daniel's Old No. 7 bottle since 1866, including any and all Documents Pertaining to bottle changes, the date any bottle changes occurred, and the earliest known purchases of such bottles from You and the names and catalog numbers of these bottles.

PHOENIX 53913-11 225539v1