Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>        Plaintiff and Counterdefendant,<br><br>  v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>        Defendant and Counterclaimant. | No. 2:14-cv-02057-SMM<br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>**(Oral Argument Requested)** |

Plaintiff VIP Products, Inc. ("VIP") hereby moves the Court, under Local Rule 7.2(g) of the Federal Rules of Civil Procedure, for clarification that its August 31, 2015 ruling did not decide the admissibility of the documents discussed at the telephonic discovery hearing of that same date. As explained below, no party had properly raised the issue of admissibility. Because the issue of admissibility was not before the Court, a ruling regarding admissibility would have been premature. VIP requests clarification because the ruling could be interpreted as a ruling on the admissibility of certain documents.

**Background**

In its Initial Rule 26 disclosure statement in this matter, VIP disclosed that it would rely on USPTO records related to the trade dress and trade marks at issue in this matter. [*See* VIP's Initial Disclosure submitted herewith as Exhibit A]. Discovery closed on July 17, 2015.

On August 12, 2015 VIP disclosed a summary it created from the publicly available USPTO records. As a courtesy to Jack Daniel's Properties, Inc. ("JDPI"), VIP produced with the summary copies of all the USPTO records from which the summary was compiled. By letter dated August 18, 2015 JDPI objected to VIP's disclosure of the USPTO records. JDPI's *sole* objection to these disclosures was that they were not timely because discovery had closed. VIP contended that this was not a discovery issue and the disclosures were consistent with VIP's disclosure obligations pursuant to Fed. R. Civ. P. 26. Among other things, VIP noted because USPTO records at issue were public records equally accessible to both parties from the official USPTO website, they were not subject to production either pursuant to Rule 26 or Rule 30. *See Payne v. County of Orange*, 2011 WL 1159107 (C.D. Cal.) ("The rule that discovery is not required of equally accessible public documents is consistent with Rule 26(a)(ii), which requires disclosure of information only "that the disclosing party has in its possession, custody, or control.'"); s*ee also Port-A-Pour, Inc. v. Peak Innovations, Inc.*, 13-CV-01511-WYD-BNB, 2014 WL 3512851, at *7 (D. Colo. July 14, 2014) ("discovery need not be required of documents of public records which are equally accessible to all parties.") *citing Snowden by and Through Victor v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 333 (D.Kan.1991). JDPI refused to withdraw its objection to VIP's disclosure and sought intervention from the Court.

**Discovery Hearing**

On August 31, 2015, the Court held a telephonic hearing regarding the disputes in this matter. At that hearing, JDPI objected to VIP's disclosure of, among other things, the USPTO records summary as being untimely. JDPI's counsel did not even mention admissibility during the hearing. VIP addressed JDPI's contention that VIP's *disclosure* was improper. The Court agreed with VIP's counsel that the issue before the Court was *not* whether the documents were admissible, but whether the disclosure was proper:

> MR. LONG: Yes, Your Honor. Those are all the issues related to the disclosure documents by VIP.
>
> THE COURT: Okay. Then --
>
> MR. LONG: <u>All we have done is just disclosed them</u>. We received this contact from Jack Daniel's raising objections to that, and that's why we're bringing it up now.
>
> THE COURT: <u>Right. And, of course, what comes after that, even if you produce them, that doesn't always mean that they are necessarily admissible</u>.

[Transcript of 8/31/2015 hearing, provided herewith as Exhibit B, at 15:12-21(emphasis supplied)].

VIP did not present evidence or arguments regarding the admissibility of the documents. VIP only argued about the *timing* of the *disclosure* of the documents. The Court then heard arguments regarding an unrelated dispute, and immediately issued a ruling that could be interpreted as a decision on the *admissibility* of documents.

> THE COURT: With regard to the four images produced by the experts, they will not be admissible. They will not be used.
> . . .
> Next is the request for all these PTOs that were produced. There's been adequate time to produce all these things along

3

> the way. And if the plaintiffs had information they should have disclosed, they had the adequate opportunity to say, well, gee, it was too tough. You expanded the deadlines by stipulation once. The discovery deadlines were clear and now to come back and say it was too laborious for the plaintiffs to produce these, it rings hollow.

[Transcript 29:21-33:19; 30:12-31:17]. VIP promptly ordered a transcript, and filed this motion as soon as practical after discovering a potential ambiguity in the Court's ruling.

**Legal Discussion**

At the August 31 hearing, the issue before the Court was whether the disclosures were objectionable, *not* whether the documents were admissible. As the Court acknowledged, the propriety or timeliness of a disclosure is a separate issue from whether disclosed materials are admissible. In *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984), the court overturned a lower court's order excluding evidence that was disclosed after the discovery cutoff date when the evidence was obtained after the discovery cutoff. The Ninth Circuit reasoned: "A discovery cutoff date does not, however, affect admissibility of evidence obtained outside of the discovery process of the case in which the cutoff date is ordered." Courts consider a variety of factors when deciding admissibility. *See Harriman v. Hancock County*, 627 F.3d 22, 30(1st Cir. 2010) ("We consult an array of factors when reviewing preclusion decisions. They include the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects; the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence.")

VIP had no way to know or anticipate a ruling regarding admissibility could be rendered. Generally, prior to trial, the issue of admissibility is decided only if raised in a

1  motion in limine or in response to evidence offered supporting or opposing a motion for
2  summary judgment.

3  JDPI had not moved to exclude, and VIP had not moved to admit, any of the
4  documents into evidence. Rule 7(b)(1) of the Federal Rules of Civil Procedure provides
5  that all requests for a court order must be made by motion, and that all motions: (A)
6  shall be in writing (except oral motions at a hearing), (B) state with particularity the
7  grounds for seeking the order; and (C) state the relief sought.  Fed. R. Civ. P. 7(b). The
8  Rule is designed to afford the opposing party an opportunity to respond to the issues
9  raised in the motion, and present the Court with all the relevant facts and law on which
10 to render a decision.

11 Defendant JDPI did not: (A) make any motion, in writing or otherwise; (B) state
12 any grounds for seeking an order regarding admissibility; or (C) state that it was
13 seeking relief regarding admissibility.  [*See* Exhibit B].  JDPI was thus not entitled to a
14 ruling regarding admissibility.  *See, e.g., Vitello v. Ambrogio*, 130 F.3d 59, 60 (2d Cir.
15 1997) (summary dismissal of claim inappropriate where no motion had been filed).

16 A ruling regarding the admissibility of the documents, rendered without a
17 motion, and on an incomplete record, would have deprived VIP of its right to fully
18 present its evidence to the Court. If VIP were to move for the admission of documents
19 produced in the disclosures, or JDPI were to move in limine to exclude the documents,
20 the opposing party could file an opposing brief.  At that time, the Court would have
21 before it (1) the documents at issue, (2) the facts relevant to whether the documents are
22 admissible, (3) the law relevant to whether the documents are admissible, (4) the
23 purpose for which the evidence was to be used (as evidence may be admissible for one
24
25
26

purpose, and not for another), and (5) the opportunity to hear arguments based on the complete record.[1]  In this instance, the Court had none of this information.

Accordingly, VIP respectfully requests that the Court issue an order clarifying that its August 31, 2015 ruling was not a ruling on the admissibility of any document or documents.  A proposed form of order is submitted herewith.

**RESPECTFULLY SUBMITTED** this 21st day of September, 2015.

**DICKINSON WRIGHT, PLLC**

By: s/ David G. Bray
    David G. Bray
    Frank G. Long
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2705
    *Attorneys for VIP Products, L.L.C.*

---

[1]  Among other things, VIP will argue the USPTO records are subject to judicial notice. "Public records and government documents are generally considered 'not to be subject to reasonable dispute.'" *Jackson,* 194 F.3d at 745. This includes public records and government documents available from reliable sources on the Internet. *See, e.g., Grimes v. Navigant Consulting, Inc.,* 185 F.Supp.2d 906, 913 (N.D.Ill.2002) (taking judicial notice of stock prices posted on a website); *Cali v. E. Coast Aviation Servs., Ltd.,* 178 F.Supp.2d 276, 287 (E.D.N.Y.2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration)." *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) *aff'd sub nom. Dingle v. Bioport Corp.*, 388 F.3d 209 (6th Cir. 2004).

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Kristi A. Arendt

PHOENIX 53913-11 247214v1