QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.sitrick@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jack Daniel's Properties, Inc., ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> And Related Counterclaims. ) <br> _____ ) | No. CV-14-2057-PHX-SMM <br><br> **JOINT MOTION REGARDING EXPERT TESTIMONY** |

On September 8, 2015, defendant and counter-claimant Jack Daniel's Properties, Inc. ("JDPI") was informed that its survey expert, Dr. Gerald L. Ford, had died unexpectedly on September 6, 2015.  Prior to Dr. Ford's death, he submitted a Rule 26 expert report on May 8, 2015, in the form of a declaration under penalty of perjury, regarding a consumer survey that he had designed and caused to be conducted, and had

been deposed on August 19, 2015 by plaintiff and counter-defendant VIP Products, LLC ("VIP").  Prior to Dr. Ford's death, VIP also retained a rebuttal expert, Dr. Stephen Nowlis, who submitted a Rule 26 report on July 15, 2015 addressing Dr. Ford's survey, and who had been deposed on August 25, 2015.

After learning of the death of Dr. Ford, JDPI contacted VIP on September 9, 2015, to discuss how the parties should handle this unexpected tragedy.  The parties reached an agreement whereby Dr. Ford's declaration and Rule 26 report and portions of his deposition to be designated by JDPI may be offered by JDPI as evidence in its case at trial (or on any summary judgment motion) in lieu of live testimony from Dr. Ford, and VIP may counter-designate any portions of Dr. Ford's deposition as cross-examination.

By their agreement that Dr. Ford's testimony may be presented through his declaration and Rule 26 report and portions of his deposition designated by JDPI rather than through live testimony, JDPI and VIP agree that VIP is not waiving, and is expressly preserving, its right to object to the admission of Dr. Ford's Declaration, report, and deposition testimony both on *Daubert* grounds that it does not it qualify as admissible, well-founded expert testimony pursuant to FRE 702 and/or on any other grounds excepting only the parties' agreement that, as a result of Dr. Ford's passing, live testimony need not be presented.  Likewise, JDPI and VIP agree that JDPI is not waiving, and is expressly preserving, its objections to and right to object to any testimony designated by VIP.

There is good cause for the Court to permit JDPI to offer the introduction of Dr. Ford's report and designations from his deposition in lieu of live testimony in this matter.  This arrangement is fair under the circumstances and will promote judicial economy.  VIP has had the opportunity to cross-examine Dr. Ford and has retained its own rebuttal expert, Dr. Nowlis, who has submitted a rebuttal report regarding Dr. Ford's survey and has been deposed.  The agreed-upon arrangement (1) will conserve resources and avoid the expense and inconvenience that would be incurred if JDPI were required to retain a

new survey expert and conduct a new survey and if VIP were required to have its rebuttal expert prepare a new rebuttal report, and there was a new round of survey expert discovery; (2) will not require the Court to amend the current scheduling order to permit the preparation and disclosure of new survey expert reports and new survey expert discovery; and (3) will permit the parties and the Court to continue on the current case schedule.

The procedure of submitting direct testimony of a witness by declaration under penalty of perjury in a bench trial is authorized by Federal Rules of Evidence § 611(a) and the Federal Rules of Civil Procedure § 43(a). *See e.g., Kuntz v. Eagle Diving Adventures Corp.,* 199 FRD 665, 667 (D. Hawaii 2000).

Subject to the approval of the Court, the parties hereby agree that:

1. The introduction of the expert report of Dr. Ford and designations of Dr. Ford's deposition testimony at trial or on any summary judgment motion shall be treated by the Court and the parties as if Dr. Ford had testified in person exactly as stated in his expert report and in his deposition.

2. VIP may introduce designations of Dr. Ford's deposition testimony as cross-examination at trial or on any summary judgment motion. JDPI's objections to and JDPI's right to object to any testimony designated by VIP, are expressly reserved.

3. All other objections that VIP may have to the admission of Dr. Ford's declaration, report, and any deposition testimony designed by JDPI, excepting only the agreement that live testimony need not be presented due to Dr. Ford's passing, are expressly preserved.

| | |
|---|---|
| DATED: September 24, 2015 | Respectfully submitted, |
| /s David G. Bray | /s Isaac S. Crum |
| David G. Bray (#014346) | Gregory P. Sitrick (AZ Bar #028756) |
| dbray@dickinsonwright.com | Gregory.Sitrick@quarles.com |
| Frank G. Long (#012245) | Isaac S. Crum (AZ Bar #026510) |
| flong@dickinsonwright.com | Isaac.Crum@quarles.com |
| DICKINSON WRIGHT, PLLC | Quarles & Brady LLP |
| 1850 North Central Avenue, Suite 1400 | Firm State Bar No. 00443100 |
| | One Renaissance Square |
| Phoenix, Arizona 85004 | Two North Central Avenue |
| Phone: (602) 285-5000 | Phoenix, AZ 85004 |
| Fax: (602) 285-5100 | Telephone (602) 229-5200 |
| *Attorneys for VIP Products, L.L.C.* | Fax (602) 229-5690 |
| | SEYFARTH SHAW LLP |
| | Christopher C. Larkin |
| | (admitted pro hac vice) |
| | clarkin@seyfarth.com |
| | 2029 Century Park East |
| | Suite 3500 |
| | Los Angeles, California 90067-3021 |
| | Telephone: (310) 201-5289 |
| | Facsimile: (310) 201-5219 |
| | *Attorneys for Jack Daniel's Properties, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

         s/ Kristi A. Arendt

PHOENIX 53913-11 248075v1