IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc.,<br><br>        Defendant.<br><br>And Related Counterclaims. | No. CV-14-2057-PHX-SMM<br><br>**[PROPOSED] ORDER** |

Pending before the Court is the parties' Joint Motion Regarding Expert Testimony. (Doc. 86.) Through their joint filing, the parties notified the Court of the death of JDPI's survey expert witness Dr. Gerald L. Ford on September 6, 2015. The parties further advised the Court that prior to Dr. Ford's death, (1) he submitted a Rule 26 expert report regarding a consumer survey, in the form of a declaration under penalty of perjury on May 8, 2015; (2) he was deposed by VIP on August 19, 2015; (3) VIP retained a rebuttal expert, Dr. Stephen Nowlis; (4) Dr. Nowlis submitted a Rule 26 rebuttal expert report addressing Dr. Ford's survey on July 15, 2015; and (5) Dr. Nowlis was deposed on August 25, 2015.

The parties reached an agreement whereby Dr. Ford's declaration and Rule 26 report and portions of his deposition to be designated by JDPI may be offered into evidence in JDPI's case at trial (or on any summary judgment motion) in lieu of live testimony from Dr. Ford, and VIP may counter-designate any portions of Dr. Ford's deposition as cross-examination.  By their agreement that Dr. Ford's testimony may be presented through his declaration and Rule 26 report and portions of his deposition designated by JDPI rather than through live testimony, JDPI and VIP agree that VIP is not waiving, and is expressly preserving, its right to object to the admission of Dr. Ford's declaration, report, and deposition testimony both on *Daubert* grounds that it does not it qualify as admissible, well-founded expert testimony pursuant to FRE 702 and/or on any other grounds excepting only the parties' agreement that, as a result of Dr. Ford's passing, live testimony need not be presented.  Likewise, JDPI and VIP agree that JDPI is not waiving, and is expressly preserving, its objections to and right to object to any testimony designated by VIP.

In support of their agreement and requested order, the parties have identified the significant burden and expense that would be incurred if JDPI retained a new survey expert and submitted a new expert report, VIP's rebuttal expert prepared and submitted a new rebuttal expert report, and there was another round of survey expert depositions, and the judicial efficiency promoted through their proposal.  The parties also agree that in a bench trial, such as this, the requested procedure is authorized under FRE 611 and FRCP 43(a).  *See e.g., Kuntz v. Eagle Diving Adventures Corp.,* 199 FRD 665, 667 (D. Hawaii 2000). Good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. The introduction of the expert report of Dr. Ford and designations of Dr. Ford's deposition testimony at trial or on any summary judgment motion shall be treated by the Court and the parties as if Dr. Ford had testified in person exactly as stated in his expert report and in his deposition.

2.     VIP may introduce designations of Dr. Ford's deposition testimony as cross-examination at trial or on any summary judgment motion.  JDPI's objections to and JDPI's right to object to any testimony designated by VIP, are expressly reserved.

3.     All objections that VIP may have to the admission of Dr. Ford's declaration, report, and any deposition testimony designed by JDPI, excepting only the parties' agreement that live testimony need not be presented due to Dr. Ford's passing, are expressly preserved.

DATED this ___ day of September, 2015.

                                                              _____
                                                                      Hon. Stephen M. McNamee
                                                                   Senior United States District Judge

PHOENIX 53913-11 248106v1