# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| VIP Products, LLC, | No. CV-14-2057-PHX-SMM |
| Plaintiff, |  |
| vs. | **ORDER** |
| Jack Daniel's Properties, Inc., |  |
| Defendant. |  |
| And Related Counterclaim. |  |

Pending before the Court is the parties' Joint Motion Regarding Expert Testimony. (Doc. 91.) Through the parties' joint motion, the parties notify the Court of the death of Jack Daniel's Properties, Inc.'s ("JDPI") survey expert witness, Dr. Gerald L. Ford, on September 6, 2015. The parties further advise the Court that prior to Dr. Ford's death, (1) Dr. Ford submitted a Rule 26, Fed. R. Civ. P., expert report regarding a consumer survey, in the form of a declaration under penalty of perjury on May 8, 2015; (2) he was deposed by VIP Products, LLC ("VIP") on August 19, 2015; (3) VIP retained a rebuttal expert, Dr. Stephen Nowlis; (4) Dr. Nowlis submitted a Rule 26 rebuttal expert report addressing Dr. Ford's survey on July 15, 2015; and (5) Dr. Nowlis was deposed on August 25, 2015.

Regarding Dr. Ford's death and further unavailability, the parties have reached an agreement whereby Dr. Ford's declaration and Rule 26 report and portions of his deposition to be designated by JDPI may be offered into evidence in JDPI's case at trial (or on any

1    summary judgment motion) in lieu of live testimony from Dr. Ford, and VIP may
2    counter-designate any portions of Dr. Ford's deposition as cross-examination.

3        By their agreement that Dr. Ford's testimony may be presented through his
4    declaration, his Rule 26 report, and portions of his deposition designated by JDPI rather than
5    through live testimony, JDPI and VIP have further agreed that VIP does not waive and
6    preserves its right to object to the admission of Dr. Ford's declaration, report, and deposition
7    testimony both on Daubert grounds that it does not it qualify as admissible well-founded
8    expert testimony pursuant to Fed. R. Evid. 702, and/or on any other grounds excepting only
9    the parties' agreement that, as a result of Dr. Ford's passing, live testimony need not be
10   presented.

11       Likewise, JDPI and VIP agree that JDPI is not waiving, and is expressly preserving,
12   its objections to and right to object to any testimony designated by VIP.  In support of their
13   agreement, the parties have identified the significant burden and expense that would be
14   incurred if JDPI retained a new survey expert and submitted a new expert report, VIP's
15   rebuttal expert prepared and submitted a new rebuttal expert report, and there was another
16   round of survey expert depositions, and the judicial efficiency promoted through their joint
17   agreement.

18       The parties further state that in a bench trial such as this, the requested procedure is
19   authorized under Fed. R. Evid. 611 and Fed. R. Civ. P. 43(a). See e.g., Kuntz v. Eagle
20   Diving Adventures Corp., 199 F.R.D 665, 667 (D. Haw. 2000).

21       Good cause appearing,

22       **IT IS HEREBY ORDERED** granting the parties' Joint Motion Regarding Expert
23   Testimony. (Doc. 91.)

24       **IT IS FURTHER ORDERED**, as follows:

25       1.    The introduction of the expert report of Dr. Ford and designations of Dr.
26   Ford's deposition testimony at trial or on any summary judgment motion shall be treated by
27   the Court and the parties as if Dr. Ford had testified in person exactly as stated in his expert
28   report and in his deposition.

2. VIP may introduce designations of Dr. Ford's deposition testimony as cross-examination at trial or on any summary judgment motion. JDPI's objections to and JDPI's right to object to any testimony designated by VIP, are expressly reserved.

3. All objections that VIP may have to the admission of Dr. Ford's declaration, report, and any deposition testimony designed by JDPI, excepting only the parties' agreement that live testimony need not be presented due to Dr. Ford's passing, are expressly preserved.

DATED this 6th day of October, 2015.

_____
Stephen M. McNamee
Senior United States District Judge