Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>    Defendant and Counterclaimant. | No. 2:14-cv-02057-SMM<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION** |

VIP Products, Inc. ("VIP") hereby submits its Reply in Support of Plaintiff's Motion for Clarification. The Opposition filed by Jack Daniel's Properties, Inc. ("JDPI") claims the discovery ruling granted JDPI relief on issues it never properly presented to the Court. For this reason, clarification is necessary.

**I.      Clarification Is Necessary.**

VIP's Motion for Clarification ("Motion") sought clarification of the ruling that was issued at the August 31, 2015 telephonic discovery hearing in this matter (the "Ruling"). For several weeks prior to that August 31 discovery hearing, counsel for the parties had exchanged letters regarding VIP's contention that JDPI had failed to disclose

1

1  certain evidence. Because the parties had not been able to resolve the issue, they had

2  arranged to meet and confer telephonically on August 26, 2015 about VIP's concerns.

3  Prior to that August 26 call, JDPI contacted VIP's counsel, purporting to object to

4  certain VIP's disclosures because JDPI considered the disclosures untimely. JDPI

5  demanded that VIP agree not to "move to include these documents as part of the case."

6  [Letter from JDPI counsel, dated August 18, 2015 attached hereto as Exhibit "A"]. VIP

7  refused, explaining that if JDPI believed that documents VIP had disclosed should be

8  excluded, it would need move to have them excluded, but warned:

9
10
11
> Be advised, however, that VIP does not believe there is any
> justification for doing so and that VIP will oppose vigorously any
> such attempt JDPI makes, and, as sanctions, seek recovery of all
> fees and costs incurred in doing so."

12  [Letter to JDPI counsel, dated August 20, 2015 attached hereto as Exhibit "B"

13  (emphasis supplied)]. On the August 26 call, the parties were unable to resolve VIP's

14  concerns regarding JDPI's lack of disclosure. The parties thereafter contacted the Court

15  to arrange the August 31, 2015 discovery hearing (the "Hearing") so that VIP could

16  seek leave to file a motion to compel. JDPI announced its intention to also inform the

17  Court of its objection to VIP's disclosure. [Letter from JDPI counsel, dated August 28,

18  attached hereto as Exhibit "C"].

19       At the Hearing, the parties discussed the timeliness of VIP's production, and

20  JDPI's failure to disclose certain documents. [Transcript of hearing filed as "Exhibit B"

21  to Plaintiff's Motion for Clarification [Doc. #88], hereinafter "Transcript", at 3:19-25].

22  The short time VIP's counsel was allowed to speak on the timeliness issue was

23  interrupted by JDPI's counsel, and VIP was not given any opportunity to finish its

24  arguments before the Ruling was issued. [Transcript 29:4-5]. JDPI did not make any

25  oral motion. [*See generally*, Transcript]. VIP did not have an opportunity to respond to

26  any motion or to seek sanctions. VIP did not move to admit evidence. Facts, law and

2

argument regarding the issue of admissibility were never presented. [*See generally*, Transcript]. Ultimately, the Court refused to grant VIP leave to file a motion to compel, and ruled that certain of VIP's disclosures were untimely. [Transcript 30:3-32:15].

JDPI now claims that the Ruling decided (1) the issue of admissibility, and (2) documents not discussed in the Ruling are inadmissible. JDPI claims the Ruling decided that documents "were produced untimely *and cannot be used as evidence in this case, regardless of their potential admissibility under the rules of evidence.*" [Opposition at 1:11-12 (emphasis supplied)]. The record does not support JDPI's addition to the Ruling. JDPI bases its interpretation of the Ruling on the Court's discussion regarding expert testimony. That portion of the Ruling explained, in essence, that a party could not effectively supplement its expert disclosure by disclosing documents, after the expert disclosure deadlines, that operate as a supplemental opinion.[1] [Transcript 30:12-31:3].

JDPI's interpretation would violate the Rules of Civil Procedure because it grants JDPI relief that was never properly presented to the Court. It violates VIP's right to procedural due process by depriving it of the chance to present the Court with facts, law and argument in support of its case.[2] Furthermore, it deprives the Court of the opportunity to decide the issues in the case, including the admissibility of evidence, on a complete record.

For this reason, clarification is necessary to clarify that the Ruling was not a decision on admissibility. Alternatively, if JDPI's interpretation of the Ruling is correct

---

[1] A proposition that VIP does not dispute.

[2] For example, VIP was never able argue clear authority that government records such as USPTO records of third party trademark registrations that are equally available to both parties are *not* subject to disclosure requirements. *See e.g., Payne v. County of Organge*, 2011 WL 1159107 (C.D. Cal.) ("The rule that discovery is not required of equally accessible public documents is consistent with Rule 26(a)(ii), which requires disclosure of information only "that the disclosing party has in its possession, custody, or control.")

1  -- that the Ruling decided matters that were not before the Court -- then reconsideration

2  of the Ruling is necessary.

3  **II.    JDPI Did Not Move The Court For An Order Regarding Admissibility.**

4       In its Motion, VIP explained that Rule 7(b) of the Federal Rules of Civil

5  Procedure provides that all requests for a court order must be made by motion, and that

6  all motions: (A) shall be in writing (except oral motions at a hearing),  (B) state with

7  particularity the grounds for seeking the order; and (C) state the relief sought. Fed. R.

8  Civ. P. 7(b).  It is absolutely clear from JDPI's Opposition that JDPI never made a

9  motion.

10      The Rule provides exactly two ways in which a motion could be presented: (1) in

11  writing, or (2) orally at a hearing. If JDPI had properly moved regarding admissibility,

12  its Opposition would simply cite to the written motion it filed or to its oral motion in the

13  transcript. It did not do so because it never made such a motion. JDPI's Opposition

14  admits that "the words 'motion' and 'preclude' might not appear in the transcript."

15  [Opposition 5:24]. Indeed, the words do *not* appear and neither do any words that state

16  with particularity the grounds for seeking relief or the relief sought, as required by Rule

17  7(b). [Transcript].

18      JDPI's Opposition makes the following arguments to justify JDPI's failure to file

19  a motion:

20
      • JDPI did not need to comply with Rule 7(b) because documents
21        can be excluded for failure to disclose. [Opposition III.B.4 at 6:1-
          7:5].
22
      • JDPI complied with Rule 7(b) by arguing at the telephonic
23        discovery hearing. [Opposition III.B.3 at 5:19-28].
24
      • JDPI's failure to comply with Rule 7(b) is excusable because VIP
25        was not surprised. [Opposition III.A 3:9-4:2].

26

- JDPI did not need to comply with Rule 7(b) because VIP said that "JDPI had to ask the Court to [] 'have the documents precluded.'" [Opposition III.B 4:3-10].

As discussed below, none of JDPI's arguments is persuasive.  The Rules require a motion as a prerequisite for obtaining relief.  JDPI never made a motion either in writing or orally at hearing.  What JDPI calls "semantic sophistry" the federal courts call "due process."  [Opposition  4:7-8].

For this reason, and the reasons discussed below, a ruling regarding the admissibility of documents would violate the Rules of Civil Procedure, and the Due Process rights those rules are designed to preserve.  VIP's motion should be granted.

## III.    **JDPI's Arguments Have No Support in Law or Fact.**

### A.  **Rule 7(B) Applies Regardless of the Basis for Relief.**

JDPI argues that a ruling regarding admissibility was proper on this record because "the issue was not whether the documents were admissible under the Federal Rules of Evidence by,[sic] but rather whether the documents could be used at all by VIP because they had been produced after the close of discovery." [Opposition 6:5-7]. JDPI's distinction is inapposite. JDPI was not entitled to a ruling regarding admissibility regardless of the basis for the ruling (*i.e.*, regardless of the reason for exclusion).  The admissibility issue was not properly before the Court.

As support for JDPI's argument that no motion was required, it cites Judge Campbell's ruling in *Hostnut.com, Inc. v. Go Daddy Software, Inc.*, 2006 WL 2573201, *3 (D. Ariz. 2006). The *Hostnut.com* decision, the *only* authority relied upon by JDPI, does not help JDPI's argument. In fact, it demonstrates that VIP's position is correct.

In *Hostnut.com*, the issue of admissibility was properly before the court. The plaintiff had failed to respond to a Rule 34 request. [*Id.* at 1]. Defendant had filed a motion for summary judgment after the close of discovery. [*Id.*] In response to the

motion for summary judgment, plaintiff submitted documents that should have been produced in response to the Rule 34 request. [*Id.*] Defendant moved in a *written memorandum* to exclude plaintiff's documents as a Rule 37 sanction. [*Id.* at 1, n. 1 & 3]. Plaintiff submitted a brief responding to defendant's motion. [*Id.* at 3 and n. 1].

The differences between the procedural posture in *Hostnut.com* and our case are formidable:

| *Hostnut.com* | Our case: |
|---|---|
| A party had submitted documents to the court for admission as evidence | No party submitted documents for admission into evidence |
| The party seeking exclusion had filed a written motion | No motion was filed. |
| The motion stated the relief sought (exclusion) | No motion seeking any relief |
| The motion stated the grounds for obtaining the relief (Rule 37 sanction) | No grounds for seeking relief were stated |
| The opposing party filed a response | VIP had no opportunity to respond |
| The Court had the documents at issue | No documents were provided to the Court |
| Both parties had provided written briefs of the facts and law relevant to whether the documents were admissible | No briefs or memorandum were filed. |
| The Court was appraised of the purpose for which the documents would be used | No opportunity to consider the purpose for which the documents would be used |
| The Court had the opportunity to hear arguments based on the complete record | Only issue discussed was the timing of production |

In short, the issue of admissibility was properly before the court in *Hostnut.com*. In our case, admissibility was not before the Court. *Hostnut.com* does not support JDPI's position. Regardless of the legal basis for the relief, a party is not entitled to a ruling granting relief without making a motion to the Court.

**B.    The Parties Did Not Argue Admissibility at the Hearing.**

Conceding that it did not file any motion in writing, as required by Rule 7(b), JDPI argues that "JDPI **and VIP** orally presented their motions and arguments . . ." [Opposition 5:20-21 (emphasis in original)]. JDPI cites no support for its assertion. In fact, the transcript reveals that the assertion is incorrect. The parties did not present motions or arguments related to admissibility at the Hearing. [Transcript].

JDPI relies on this incorrect assertion, that admissibility was argued at the hearing, in an effort to distinguish *Vitello v. Ambrogio*, 130 F.3d 59 (2d Cir. 1997), cited by VIP. In *Vitello* the Second Circuit held that a plaintiff should be given an opportunity to be heard. Obviously, a hearing concerning a different issue does not constitute an opportunity to be heard. Because admissibility was not before the Court at the hearing, JDPI's attempts to distinguish *Vitello* are not persuasive.

Furthermore, JDPI may not rely on its vague assertion that "everyone present knew" what JDPI was seeking. [Opposition 5:25-26]. Rule 7(b) requires that a motion "state with particularity" the grounds for seeking relief and the relief sought. Fed. R. Civ. P. 7(b). JDPI's argument is precisely the kind Rule 7(b) is designed to prohibit. Motions stated with particularity can be cited in the record. JDPI's vague appeal to what "everyone present knew" is not sufficient to satisfy the requirements of Rule 7(b).

**C.    Rule 7(b) Has No "Surprise" Requirement.**

JDPI contends, in essence, that its failure to comply with Rule 7(b) is harmless because VIP is "feigning surprise." [Opposition 4:5].  JDPI cites no support for the proposition that Rule 7(b) only applies if the opposing party would be "surprised" by the motion. [Opposition 4:4-9]. Indeed, Rule 7(b) and caselaw do not provide that surprise is in any way relevant to whether a motion must be properly presented to the Court.

1    Furthermore, JDPI's basis for contending that VIP was not surprised is that VIP

2    wrote to JDPI explaining that it would not be entitled to preclusion unless it sought it

3    from the Court. [Exhibit B]. VIP's letter does not support JDPI's assertion. VIP's letter

4    is evidence that VIP is more likely to be surprised, not less, that JDPI claims to have

5    obtained relief it never properly presented to the Court. Indeed, if JDPI had presented a

6    motion to the Court as VIP had suggested, VIP would have vigorously opposed JDPI's

7    motion, including potentially seeking sanctions. [Exhibit B]. VIP was indeed quite

8    surprised that it was never afforded an opportunity to do so.

9        **D.    VIP's Motion is Timely.**

10        Attempting to avoid a decision on the merits, JDPI argues that VIP's citation to

11    Local Rule 7.2(g) makes its Motion an untimely motion for reconsideration.

12    [Opposition 1:25-26]. This argument is invalid.

13        VIP's Motion seeks clarification of a ruling. VIP contends that the Ruling only

14    decided the issue that was before the Court and is proper.

15        In the alternative, if JDPI is correct that the Ruling decided the admissibility of

16    evidence which was not before the Court, the Motion is a motion for reconsideration. If

17    that is the case, VIP notes that it promptly ordered the transcript of the August 31

18    hearing and Ruling which it received on Wednesday, September 16, 2015. VIP filed its

19    Motion on Monday, September 21, 2015, three judicial days later. Under any reasonable

20    interpretation of the rules, VIP's Motion is timely.

21

22

23

24

25

26

**IV.** **Conclusion.**

For all of the forgoing reasons, VIP's Motion should be granted.

**DATED** this 15th day of October, 2015.

**DICKINSON WRIGHT, PLLC**


By: s/ David G. Bray
    David G. Bray
    Frank G. Long
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2705
    *Attorneys for VIP Products, L.L.C.*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

4

I hereby certify that on October 15, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

5

6

s/ Kristi A. Arendt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PHOENIX 53913-11 251956v1

25

26