# EXHIBIT B



1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
http://www.dickinsonwright.com

FRANK G. LONG
flong@dickinsonwright.com
(602) 285-5093

August 20, 2015

**VIA EMAIL (gregory.sitrick@quarles.com)**
**AND REGULAR MAIL**

Gregory P. Sitrick
Quarles & Brady, LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona  85004-2391

    Re:    VIP Products, LLC ("VIP") v. Jack Daniel's Properties, Inc. ("JDPI"), No. 14-civ-02057-PHX-SMM

Gregory:

I received your letter August 18, 2015 objecting to any future use of documents produced by JDPI on August 12 or 17, 2015, and I have the following comments:

In your letter, you assert that the VIP production of "over 850 pages of documents" on August 12, 2015 was untimely and you demand that VIP advise whether it intends to use any or all of these documents at trial. You further advise that JDPI will object to VIP's use of any of the documents. For the record, VIP does intend to use any and/or all of the documents produced on August 12, 2015, in motion practice and at trial. JDPI, moreover, has no reasonable basis for objecting to such use based on the alleged "late" production of these documents.

JDPI argues that VIP should have produced both the chart of PTO trademark registrations regarding various whiskey labels and the PTO records for those PTO registration documents prior to the deposition of VIP's Rule 30(b)(6) designee and in response to discovery requests directed towards VIP's defenses. VIP is confident that JDPI is well aware of the trademark registrations owned by its competitors, and knows exactly how that information might apply in a case like this one. In any event, VIP had not yet compiled this information at the time JDPI propounded the discovery requests in question and when the responses to them were served. No party has an obligation to disclose or produce documents in response to discovery requests that it has not yet obtained. Once VIP collected these documents, it promptly provided them to you, satisfying the obligations both to seasonably disclose information and, to the extent JDPI's discovery requests truly sought these documents, to supplement discovery responses.

DICKINSON WRIGHT PLLC

Gregory P. Sitrick
August 20, 2015
Page 2

JDPI further objects to the VIP disclosure on August 17, 2015 of VIP marketing documents and Owens Illinois technical drawings. JDPI claims that production was untimely, yet your letter does not state that the Court has set a deadline for disclosure of information and VIP is not aware of one. Also, VIP did not unreasonably delay disclosure of these documents; rather, VIP provided the disclosure within 30 days of obtaining these documents. The majority of these documents were first obtained on July 22 in response to a subpoena to Owens Illinois, as you know. Owens Illinois' counsel produced copies of these documents to you and other JDPI counsel, as well as VIP, on that same day. There is no indication that these documents would have been critical for anything that has occurred between July 22, 2015 and August 17, 2015, and, if any such event had occurred, you and other JDPI counsel had the documents in their possession already.

To date, the Court has not scheduled this matter for trial. While the fact discovery deadline officially passed, expert discovery, involving several depositions, continues. So far, JDPI has not demonstrated that any prejudice will occur from VIP's use of publicly available documents, of which JDPI was well aware, and/or documents that otherwise were disclosed as soon as they became available to VIP. Under the circumstances, VIP does not believe it even needs to seek leave to use these documents for motion practice or at trial; rather, JDPI will need to take action to have the documents precluded. Be advised, however, that VIP does not believe there is any justification for doing so and will oppose vigorously any such attempt JDPI makes and, as sanctions, seek recovery of all fees and costs incurred in doing so.

Feel free to contact me if you have any questions.

Sincerely,

Frank G. Long
For the Firm

FGL;jsr

PHOENIX 53913-11 240681v2