# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | |
| vs. | **ORDER** |
| Jack Daniel's Properties, Inc., | |
| Defendant. | |
| And Related Counterclaim. | |

Pending before the Court is Plaintiff's Stipulated Motion to File Plaintiff's Supplemental Statement of Confidential Facts in Support of its Motion for Summary Judgment Under Seal. (Doc. 103.) Plaintiff lodged under seal its supplemental statement of confidential facts. (Doc. 119.) Plaintiff argues that these exhibits are properly subject to sealing as they are governed by the Stipulated Protective Order entered in this case. (Doc. 103 (citing Doc. 45).)

The Court will deny Plaintiff's motion without prejudice to refiling because Plaintiff has not satisfied the appropriate standard for filing documents under seal.

*Standard of Review*

The Court may, for "good cause," enter a protective order for materials produced during discovery. Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective

1  order is granted." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206,
2  1210-11 (9th Cir. 2002). However, specific prejudice or harm is not necessarily sufficient
3  justification for the Court to seal a dispositive motion and/or its attachments. See Foltz v.
4  State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) ("The mere fact that
5  the production of records may lead to a litigant's embarrassment, incrimination, or exposure
6  to further litigation will not, without more, compel the court to seal its records.").  A party
7  seeking to seal a dispositive motion and/or it attachments "must 'articulate compelling
8  reasons supported by specific factual findings' " that are sufficient to outweigh the "strong
9  presumption in favor of [public] access" to court documents. Kamakana v. City and Cnty.
10 of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (alteration omitted) (quoting Foltz, 331
11 F.3d at 1135). If the Court determines "the public interest in understanding the judicial
12 process" is outweighed by sufficient risk that "disclosure of the material could result in
13 improper use of the material for scandalous or libelous purposes or infringement upon trade
14 secrets," then the Court's order sealing the material must state the "compelling reason and
15 articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Foltz,
16 331 F.3d at 1135 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The
17 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments,
18 were previously filed under seal or [are subject to a] protective order." Kamakana, 447 F.3d
19 at 1179. Notably, a stipulation is not a compelling reason to seal. See San Jose Mercury
20 News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102-03 (9th Cir. 1999) (stating that the district
21 court should have conducted compelling reason analysis notwithstanding stipulated
22 protective order to seal document attached to summary judgment motion). Further,
23 documents attached to dispositive motions that can be redacted should not be filed under
24 seal. Foltz, 331 F.3d at 1137.
25     Local Rule of Civil Procedure 5.6 accommodates the different legal standards for the
26 sealing of non-dispositive and dispositive motions by requiring "[a]ny motion or stipulation
27 to file a document under seal [to] set forth a clear statement of the facts and legal authority
28 justifying the filing of the document under seal." LRCiv 5.6(b).  This standard must be met

each and every time a party seeks to file under seal a document attached to a dispositive motion. Kamakana, 447 F.3d at 1179.

*Discussion*

Here Plaintiff's motion does not address or satisfy the "compelling reasons" standard established by the Ninth Circuit for filing dispositive motions, or materials related to dispositive motions, under seal. As previously set forth, a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access to court records and the public policies favoring disclosure. In addition, Plaintiff's motion does not comply with LRCiv 5.6.

Accordingly,

**IT IS HEREBY ORDERED** denying without prejudice to refiling Plaintiff's Stipulated Motion to File Plaintiff's Supplemental Statement of Confidential Facts in Support of its Motion for Summary Judgment Under Seal. (Doc. 103.)

**IT IS FURTHER ORDERED** that by **Friday, November 13, 2015**, Plaintiff shall refile in a manner consistent with LRCiv 5.6 and applicable Ninth Circuit precedent its motion to file under seal its supplemental statement of confidential facts.

**IT IS FURTHER ORDERED** that by **Friday, November 13, 2015**, Plaintiff shall also lodge a proposed redacted version of its supplemental statement of confidential facts for the Court's consideration.

DATED this 27th day of October, 2015.

Stephen M. McNamee
Senior United States District Judge

- 3 -