QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
Isaac.Crum@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| VIP Products, LLC, | ) | No. CV-14-2057-PHX-SMM |
| Plaintiff, | ) | |
| v. | ) | **MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS** |
| Jack Daniel's Properties, Inc., | ) | |
| Defendant. | ) | |
| And Related Counterclaims. | ) | |

## I. INTRODUCTION

Defendant and Counterclaimaint Jack Daniel's Properties Inc. ("JDPI") hereby moves to preclude Plaintiff and Counterdefendant VIP Products, LLC ("VIP") from filing its confidential statement of facts in violation of this Court's October 2, 2015 Order. (Doc. 93, the "Order".) The Order permits the parties to file up to 20 pages of facts in support of their respective summary judgment motions. *Id.* VIP's initial statement of facts (Doc. 111) uses the full 20 pages VIP was allotted by the Court. VIP filed an additional 5 pages of facts as a separate document under seal (lodged as Doc. 119).[1] Rather than simply ignore this Court's Order, VIP should have sought leave to file additional pages of facts but it did not. The Court should not permit VIP to deliberately ignore the Order. For this reason, JDPI asks the Court to preclude VIP from filing these additional pages of alleged fact. (Normally, JDPI would have filed a motion to strike the additional document under LRCiv 7.2(m)(1) as being in violation of this Court's order; however, the Court denied VIP's motion to file under seal (Doc. 123) which is why this motion is styled as a motion to preclude.)

## II. ARGUMENT

On September 24, 2015, the parties jointly moved the Court to allow the parties to exceed the summary judgment page limits established by Local Rule 7.2. (Doc. 90.) In that motion (and in the proposed order attached thereto, Doc. 90-1), the parties proposed, *inter alia,* that each party be permitted "a statement of facts of up to 20 pages." The Court

---

[1] It should be noted that JDPI has no access to documents lodged under seal by VIP and JDPI did not know that the proposed document contained an additional five pages of purported facts until today, November 3, 2015. (Declaration of Isaac S. Crum In Support of JDPI's Motion to Preclude Plaintiff from Re-Filing its Confidential Statement of Facts ("Crum Decl.") at ¶¶ 5–8.)

1

MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL
STATEMENT OF FACTS

QB\37262144.1

granted the parties joint motion on October 2, 2015. (Doc. 93, the "Order") In the Order, the Court stated:

> **IT IS HEREBY ORDERED** granting the parties' Joint Motion to Exceed Page Limitation. (Doc. 90.) The parties may file one motion for summary judgment each up to 30 pages supported by a statement of facts of up to 20 pages, one response brief each up to the following page limitations: 30 pages supported by a controverting statement of facts of up to 20 pages, and one reply brief each of up to 15 pages.

(Doc. 93 at 1–2 (emphasis in original).)

On October 23, 2015, the parties both filed their motions for summary judgment along with their respective statements of fact. (*See e.g.,* Doc. Nos. 101, 102, 110, and 111.) The day before VIP had emailed JDPI advising that VIP intended to file, under seal, a separate statement of facts involving JDPI's confidential information. (Crum Decl. at ¶ 2.) VIP did not provide JDPI with a copy of the document which was to be filed under seal,[2] but JDPI agreed to join the "stipulated" motion to facilitate keeping JDPI's confidential information confidential. (*Id*. at ¶¶ 4–5.) Around four o'clock in the afternoon on October 23, 2015, VIP filed the stipulated motion with the Court. (Doc. 103.) It was not until after 10 o'clock that evening that VIP filed both its non-confidential statement of facts and lodged with the Court the confidential statement of facts which was the subject of the stipulated motion. (*See* Doc. 111 and 119.) VIP's non-confidential statement of facts was 20 pages in length by itself. (*See* Doc. 111.) The confidential statement of facts was sealed and lodged with the Court on October 23, 2015. (Doc. 119) Since this document was sealed and lodged with the Court, JDPI was not able to view this document when it was filed. (Crum Decl. at ¶ 6.)

---

[2] During the parties' discussion of the stipulated motion, VIP also never informed JDPI that, in total, VIP's non-confidential and confidential statements of fact exceeded the Court ordered page limitation. (Crum Decl. at ¶ 9.)

On October 27, 2015 the Court denied the parties' stipulated motion to file additional statements of fact under seal. (Doc. 123.) In response to the Court's order, Counsel for VIP telephoned counsel for JDPI on Friday, October 30, 2015, and indicated that it intended to re-file the additional statement of facts and asked JDPI what its position was on the Court's October 27, 2015 order. (Crum Decl. at ¶ 7.) Counsel for JDPI responded that until it saw the document VIP was proposing to file, it could not take a position. (*Id.*) VIP forwarded a copy of the additional statement of facts to JDPI today, November 3, 2015. (*Id.*) Since the original version had been sealed and lodged, this was the first time that JDPI saw the proposed additional statement of facts. (*Id.* at ¶ 8.) The additional statement of facts totals five pages in length. (*See* Doc. 119.)

This Court's October 2, 2015 Order was absolutely clear: the parties "file one motion for summary judgment each up to 30 pages supported by **a statement of facts of up to 20 pages**." (Doc. 93 at 1 (emphasis added).) VIP has already filed its 20 pages of facts: Doc. 111. Based on this Court's Order denying VIP's stipulated motion to seal (Doc. 123) and its statements to JDPI, JDPI believes VIP intends to file an additional five pages of facts in direct contravention of this Court's Order. Because these additional pages were not authorized by the Court—indeed VIP did not even seek leave to file these additional pages—JDPI respectfully requests that the Court preclude VIP from filing these additional pages of purported facts. To this end, JDPI asks the court to modify its October 27, 2015 Order to deny Plaintiff's motion *with prejudice to re-filing* and specifically stating that VIP not be permitted to file any additional statements of fact in support of its motion for summary judgment.

A proposed form of Order is submitted concurrently herewith.

DATED: November 3, 2015    Respectfully submitted,

*/s/ Isaac S. Crum*
Gregory P. Sitrick (AZ Bar #028756)

3

MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS

QB\37262144.1

|  |  |
|---|---|
| 1 | Gregory.Sitrick@quarles.com |
|  | Isaac S. Crum (AZ Bar #026510) |
| 2 | Isaac.Crum@quarles.com |
|  | Quarles & Brady LLP |
| 3 | Firm State Bar No. 00443100 |
|  | One Renaissance Square |
| 4 | Two North Central Avenue |
| 5 | Phoenix, AZ 85004 |
|  | Telephone (602) 229-5200 |
| 6 | Fax (602) 229-5690 |
| 7 |  |
|  | SEYFARTH SHAW LLP |
| 8 | Christopher C. Larkin |
|  | (admitted pro hac vice) |
| 9 | clarkin@seyfarth.com |
| 10 | 2029 Century Park East |
|  | Suite 3500 |
| 11 | Los Angeles, California 90067-3021 |
| 12 | Telephone: (310) 201-5289 |
|  | Facsimile: (310) 201-5219 |
| 13 |  |
| 14 | *Attorneys for Jack Daniel's Properties, Inc.* |

4

MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL
STATEMENT OF FACTS

QB\37262144.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

                                                        */s/ Isaac S. Crum*

                                                        Isaac S. Crum

QB\37262144.1