# EXHIBIT A

Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan Batchelor (#026882)
jbatchelor@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff and Counterdefendant VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>    Plaintiff and Counterdefendant,<br><br> v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>    Defendant and Counterclaimant. | No. 2:14-cv-02057-SMM<br><br>**CERTIFICATION OF JONATHAN S. BATCHELOR** |

   I am an attorney representing Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP" or "Plaintiff") in the above-captioned matter. I submit this certification pursuant to LRCiv 5.6(d).

   1. VIP seeks to offer in support of its Motion for Summary Judgment, documents which contain information that JDPI has designated as "Confidential" and/or "Confidential –

1

Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered on May 14, 2015. (Doc. #45).

2. The Stipulated Protective Order, paragraph 25, provides that a party that seeks to file under seal any protected material must comply with Local Rule 5.6. (Doc. 45 at ¶ 25).

3. VIP has no information concerning the basis for JDPI's "confidential" designations.

4. On October 22, and 30, 2015, I conferred by telephone with JDPI's counsel regarding how to accommodate JDPI's designations of certain documents as confidential, including offering to take JDPI's word that the documents were confidential, if JDPI would provide an explanation of the facts and law supporting JDPI's "confidential" designations.

5. I explained to JDPI's counsel, Isaac Crum, Esq., that VIP was willing to accommodate JDPI's designations and had gone out of its way to keep information from documents JDPI had designated "confidential" in a separate statement of confidential facts that could be filed under seal, but that if it was to be filed under seal, the Rules require "a clear statement of the facts and legal authority justifying the filing of the document under seal" and that VIP has no means of providing such a statement because it does not know what JDPI's basis was for its designations. LRCiv. 5.6

6. I informed JDPI's counsel of the bates numbers of the documents form which VIP sought to use information. JDPI's counsel told me that it needed to see the *specific information* VIP sought to use before it could provide an explanation. At JDPI's request, I provided a draft of VIP's Supplemental Statement of Confidential Facts.

2

7. Instead of providing an explanation of the basis for JDPI's confidential designations, or otherwise conferring in good faith, JDPI filed a Motion to Preclude (Doc. 125) VIP from filing its Supplemental Statement of Confidential Facts.

8. To date, JDPI has failed to provide any such explanation of the basis for its "confidential" designations.

9. To avoid further delay, I am lodging the document with the Court consistent with the procedure in LRCiv. 5.6(d).

**RESPECTFULLY SUBMITTED** this 4th day of November, 2015.

DICKINSON WRIGHT PLLC

By: _____
Jonathan S. Batchelor

3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4th, 2015, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

s/ Kylie M. Boie

PHOENIX 53913-11 256950v1