**EXHIBIT "2"**

Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>　　　　　Defendant. | No. 2:14-cv-02057-DGC<br><br>**PLAINTIFF VIP PRODUCTS, L.L.C.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JACK DANIEL'S PROPERTIES, INC.** |

Plaintiff/counter-defendant VIP Products, L.L.C. ("Plaintiff", "Counter-defendant" or "VIP") by and through undersigned counsel requests that Jack Daniel's Properties, Inc. ("Defendant", "JDP" or "Counter-plaintiff") produce for inspection and copying by Plaintiff the following documents and tangible things, at the offices of Dickinson Wright PLLC, 1850 N. Central Avenue, Suite 1400, Phoenix, Arizona 85004, pursuant to Fed. R. Civ. P. 26 and 34, and 37 C.F.R. § 2.120, within thirty (30) days of the date of service of this request or at such other time and place as counsel for the parties may agree.

## THE DOCUMENT REQUESTS ARE CONTINUING

These requests seek documents as of the date of this request, but are continuing so that any additional documents responsive to these requests that are acquired by or become known to Defendant, up to and including the time of trial, shall be furnished to Plaintiff reasonably

promptly after such documents are acquired or become known. Defendant is reminded of its obligation of timely supplementation pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.    The definitions and instructions set forth in "Plaintiff's First Set of Interrogatories to Defendant" are incorporated herein by reference.

2.    If it is maintained that any requested document has been destroyed, identify such document, set forth the contents of the document, state the date of such destruction, and identify the person(s) who authorized or directed such destruction.

3.    If any requested document cannot be produced in full, produce it to the extent possible, and state the reason(s) for Defendant's inability to produce the remainder.

4.    Any document as to which a claim of privilege or immunity from discovery is or will be asserted by or on behalf of Defendant shall be identified by author, signatory, description (e.g., letter, memorandum, telex, recording etc.), title (if any), date, addressee (if any), all other recipients (if any), general subject matter, present depository, and present custodian. A complete statement of the grounds for the claim of privilege or immunity shall also be set forth.

5.    Identify which documents are responsive to each document request by Bates numbers or otherwise.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**

All DOCUMENTS sufficient to show the advertising expenditures by Defendant on an annual basis to promote the JACK DANIELS TRADE DRESS.


**REQUEST NO. 2**

All DOCUMENTS that evidence the manner in which YOU have marketed the JACK DANIELS TRADE DRESS.

**REQUEST NO. 3**

All DOCUMENTS referring or relating to enforcement of trademark and trade dress rights by Defendant, including copies of all correspondence, pleadings, settlements, judgments and other documents related to the trademarks and trade dress of Defendant.

**REQUEST NO. 4**

All DOCUMENTS referring or relating to any litigation involving OR RELATING TO the existence, scope and/or enforceability of the JACK DANIELS TRADE DRESS, including, but not limited to, pleadings, dispositive rulings, judgments, and/or discovery responses.

**REQUEST NO. 5**

All DOCUMENTS in which YOU intend to rely to establish the owner of the JACK DANIELS TRADE DRESS is engaging in substantially exclusive use of the mark.

**REQUEST NO. 6**

All DOCUMENTS on which YOU intend to rely to establish that the BAD SPANIELS SILLY SQUEAKER presents a danger that consumers will form unfavorable associations with the JACK DANIELS TRADE DRESS.

**REQUEST NO. 7**

All DOCUMENTS that refer, relate, or support the allegations set forth in paragraph 9 of the Counterclaim that "[t]he Jack Daniel's Trade Dress is inherently distinctive, or acquired distinctiveness long prior to the commencement of VIP's acts of infringement, dilution, and unfair competition complained of herein by virtue of extensive sales and advertising of Jack Daniel's Tennessee whiskey featuring the Jack Daniel's Trade Dress, decades of consumption by the public of Jack Daniel's Tennessee whiskey packaged in the Jack Daniel's Trade Dress,

extensive consumer recognition of the Jack Daniel's Trade Dress, and association of the Jack Daniel's Trade Dress with Jack Daniel's Tennessee whiskey."

**REQUEST NO. 8**

All DOCUMENTS that refer, relate, or support the allegations set forth in paragraph 9 of the Counterclaim that "[t]he combination of elements comprising the Jack Daniel's Trade Dress is non-functional because it is not essential to the use or purpose of Jack Daniel's Tennessee whiskey and does not affect the cost or quality of the product."

**REQUEST NO. 9**

All DOCUMENTS that refer, relate, or support the allegations set forth in paragraph 9 of the Counterclaim that "[t]he JDPI Trademarks and the Jack Daniel's Trade Dress are famous for whiskey in the United States and became famous long prior to the commencement of VIP's acts of infringement, dilution, and unfair competition complained of herein."

**REQUEST NO.10**

All DOCUMENTS relating to the selection or adoption of the JACK DANIELS TRADE DRESS.

**REQUEST NO. 11**

All DOCUMENTS which refer to or relate to any of Plaintiffs' internal or external trademark usage policies or guidelines for the JACK DANIELS TRADE DRESS.

**REQUEST NO. 12**

All DOCUMENTS relating or referring to any definition or explanation of the elements that comprise the JACK DANIELS TRADE DRESS.

**REQUEST NO. 13**

All DOCUMENTS relating or referring to the bottle shape and design being part of the JACK DANIELS TRADE DRESS.

**REQUEST NO. 14**

All DOCUMENTS that evidence or refer to any similarities between YOUR marketing materials and VIP's marketing materials.

**REQUEST NO. 15**

All DOCUMENTS referring or related to the establishment by Plaintiffs of the famousness of the JACK DANIELS TRADE DRESS anywhere in the world, but particularly within the United States.

**REQUEST NO. 16**

All registrations or applications for registration of the JACK DANIELS TRADE DRESS or other trade dress of any of Plaintiffs' product in any country.

**REQUEST NO. 17**

All DOCUMENTS identified in response to Plaintiff's First Set of Non-Uniform Interrogatories directed to JDP or referred to or used in the preparation of the answers to the interrogatories.

**REQUEST NO. 18**

All DOCUMENTS relating to any and all alleged uses in commerce of the JACK DANIELS TRADE DRESS, including, without limitation, advertisements, catalogs, circulars, sales literature, brochures, bulletins, flyers, signs, sales displays, posters, points of sale,

website pages or promotional materials of any type ever published, broadcast or displayed containing or depicting the JACK DANIELS TRADE DRESS.

## REQUEST NO. 19

All DOCUMENTS relating to any application by Plaintiffs to register any of its trade dress or marks as a trademark with any governmental authority both in the United States and abroad.

## REQUEST NO. 20

All DOCUMENTS referring or relating to the Jack Daniels bottle design, shape, and size.

## REQUEST NO. 21

All DOCUMENTS in which you intend to rely to establish the extent of the actual recognition of the JACK DANIELS TRADE DRESS.

## REQUEST NO. 22

All DOCUMENTS that in your opinion demonstrate similarity between the JACK DANIELS TRADE DRESS and the BAD SPANIELS SILLY SQUEAKER.

## REQUEST NO. 23

All DOCUMENTS that in your opinion demonstrate the similarity between the shape and configuration of the Jack Daniels bottle design and the BAD SPANIELS SILLY SQUEAKER.

**DATED** this 14th day of April, 2015.

DICKINSON WRIGHT PLLC

By: _____
David G. Bray
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004
*Attorneys for VIP Products, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2015, I e-mailed and hand-delivered mailed Plaintiff VIP Products, L.L.C.'s First Set of Request for Production of Documents Directed to Jack Daniel's Properties, Inc. to:

> Gregory P. Sitrick, Esq.
> Gregory.sitrick@quarles.com
> Isaac S. Crum, Esq.
> Isaac.Crum@quarles.com
> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, Arizona 85004-2391
> *Attorneys for Jack Daniel's Properties, Inc.*

I hereby further certify that on April 14, 2015 I e-mailed and mailed via First Class United States Mail Plaintiff VIP Products, L.L.C.'s First Set of Request for Production of Documents Directed to Jack Daniel's Properties, Inc. to:

> Christopher C. Larkin, Esq.
> clarkin@seyfarth.com
> SEYFARTH SHAW LLP
> 2029 Century Park East, Suite 3500
> Los Angeles, California 90067-3021
> *Attorneys for Jack Daniel's Properties, Inc.*

PHOENIX 53913-11 212073v1

8

Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company, | No. 2:14-cv-02057-DGC |
| Plaintiff, | **PLAINTIFF VIP PRODUCTS, L.L.C.'S FIRST SET OF NON-UNIFORM INTERROGATORIES TO DEFENDANT JACK DANIEL'S PROPERTIES, INC.** |
| v. | |
| Jack Daniel's Properties, Inc., a Delaware corporation | |
| Defendant. | |

Plaintiff/counter-defendant VIP Products, L.L.C. ("Plaintiff", "Counter-defendant" or "VIP") by and through undersigned counsel requests that Jack Daniel's Properties, Inc. ("Defendant", "JDP" or "Counter-plaintiff") answer the following non-uniform interrogatories, under oath, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and 37 C.F.R. § 2.120, within thirty (30) days of the date of service of this request.

## THE INTERROGATORIES ARE CONTINUING

These interrogatories seek answers as of the date of their execution, but are continuing so that any additional information relating to these interrogatories that is acquired by or becomes known to Defendant, up to and including the time of trial, shall be furnished to Plaintiff reasonably promptly after such information is acquired or becomes known.

## DEFINITIONS

1.    The terms "document" or "documents" shall mean any and all documents and things as those terms are defined under and come within the scope of the Federal Rules of Civil Procedure, including but not limited to, any papers or writings including drafts in Defendant's possession, custody, or control or of which Defendant has knowledge, wherever located and however produced, whether original or copy, including agreements, financial statements, invoices, statements, minutes, memoranda, notes, records, purchase orders, interoffice communications, correspondence, tapes or recordings, telegrams, telexes, facsimiles, cable grams, drawings, data, reports, printed matter, publications, photographs, advertisement brochures, catalogues, price lists, publicity release, and the like.  Any copy containing thereon or attached thereto, any alterations, notes, comments, or other material not included in the original, shall be deemed a separate document within the foregoing definition.

2.    The term "identify" or "state the identity" mean:

(a)   in the case of a person, to state:   (a) name, (b) current business or residence address, (c) current employer or business affiliation, and (d) current occupation or business position held.   The term person(s) includes a natural person, a company, firm, corporation or association.

(b)   in the case of a company, firm, corporation or association, to state:   (a) name, (b) business address, and (c) identity of person(s) having knowledge of the matter about the company is named.

(c)   in the case of a document, to state:   (a) the author of the document, (b) its title, or a description of the general nature of its subject matter, (c) the identity of the recipient(s) of the original and copies (if any), (d) its dates of preparation, (e) its date and manner of distribution and publication (if any), (f) its present location and custodian, and (g) any privileges claimed, describing the specific basis therefore.

(d) in the case of a "use in commerce", to state:   the date on which it was published, broadcast, displayed, or distributed, identify each medium or publication in which

2

1    it was published, the date it was published, and identify the market area by political

2    subdivision and classes of customers, geography or other divisions, if any to which the

3    alleged use in commerce was directed.

4          (e) in the case of a "first use in commerce" to state the date of such first use, the

5    circumstances of such first use and any documents that evidence such date of first use.

6          (f) in the case of a "bottle redesign" to state the date the redesign was

7    undertaken and the redesigned bottle publicly launched, IDENTIFY how the redesigned

8    bottle differed from the prior bottle JACK DANIELS bottle design, IDENTIFY all persons

9    involved in creating and/or approving any such redesign, IDENTIFY any documents related

10   why the redesign was undertaken, and identify any DOCUMENTS RELATED TO any

11   testing performed on the bottle to test the bottle design and its use in the market place,

12   including but not limited to any structural testing , shipping tests, filling tests , and production

     tests.

13       3.    "You" or "your" refers to Defendant and its employees, attorneys, agents, or

14   any other persons acting or purporting to act on his behalf.

15       4.    The terms "Defendant's Mark," and "JACK DANIEL'S" mean Defendant's

16   trademarks alleged in its Answer and Counterclaims that comprise or incorporate the terms

17   "JACK DANIEL'S" or any similar spelling thereof, as part of the mark.

18       5.    The term "Jack Daniels Trade Dress" means Defendant's trade dress alleged in

19   its Answer and Counterclaims.

20       6.    The term Bad Spaniels Silly Squeaker means the VIP dog toy described and

21   alleged in Plaintiff's Complaint.

22       7.    The term "mark" means a trademark or service mark and includes a mark

23   registered with any governmental entity or unregistered but used to identify products and/or

24   services.

25       8.    The terms "Plaintiff" and "VIP," as well as the party's full or abbreviated name

26   or pronoun referring to the party, means VIP Products, LLC, its predecessors, officers,

27

directors, employees, partners, agents, representatives, attorney(s), corporate parent, subsidiaries, or affiliates.

9. The term "Defendant," as well as the party's full or abbreviated name or a pronoun referring to the party, means Jack Daniel's Properties, Inc., its predecessors, officers, directors, employees, partners, agents, representatives, attorney(s), corporate parent, subsidiaries, or affiliates.

10. The term "person" is defined as any natural person, any company, firm, corporation, or any business, legal, or governmental entity or association.

11. The terms "referring or relating" mean relating to, referring to, describing, evidencing, concerning, involving, or constituting.

12. The terms "all" and "each" shall be construed as all and each.

13. "Complaint" means the instant complaint brought by Plaintiff against Defendant.

14. "Answer and Counterclaims" mean Defendant's answer to the Complaint and Counterclaims filed by Defendant against Plaintiff.

15. "Date" means the exact day, month and year if known or obtainable, or the most exact approximate possible.

16. The term "commerce" shall mean all commerce which may lawfully be regulated by United States Congress.

17. The connectives and/or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of the singular form of any word includes the plural and vice-versa.

## INSTRUCTIONS

The following instructions apply:

1.    In answering these interrogatories, furnish all information, however obtained, including hearsay which is available to Defendant and information known by or in possession of Defendant, Defendant's agents and attorneys, or appearing in Defendant's records.

2.    Defendant is reminded that Defendant is under a duty to conduct a reasonable investigation in connection with Defendant's answers, and that Defendant's answers to these interrogatories must contain all information possessed by Defendant, and Defendant's agents and attorneys.

3.    If Defendant cannot answer the following interrogatories in full, after exercising due diligence to secure the full information to do so, Defendant must state an answer to the extent possible, specifying Defendant's inability to answer the remainder, stating whatever information or knowledge Defendant has concerning the unanswered portion and detailing what Defendant did in attempting to secure the unknown information.

4.    These Interrogatories are continuing and require that Defendant serve upon Plaintiff supplementary answers setting forth any information requested that is unavailable when the answers are served but become available up to and including the time of trial pursuant to Federal Rule of Civil Procedure 26(e). Any information provided in response to these Interrogatories that is later found to be incorrect or incomplete or to have become incorrect or incomplete shall be corrected or completed by timely supplementary answers.

5.    In the event Defendant deems certain information that is otherwise required to be furnished in answering the following Interrogatories to be privileged, Defendant is instructed to return with the answers to these Interrogatories a list identifying each category of information that Defendant asserts constitute privileged information that should be excluded from discovery. The list should include the date of preparation of each item within a designated category, the name of the person(s) who prepared each item or has knowledge thereof, identification of the person(s) who received each item, a description of each item of information deemed privileged, and the basis for the claim of privilege or other grounds for execution for each item of information.

1  NON-UNIFORM INTERROGATORIES

2  **INTERROGATORY NO. 1**

3  IDENTIFY each and every fact, document and other tangible evidence that supports

4  that Counter-plaintiff has established that the JACK DANIELS TRADE DRESS is famous.

5  **RESPONSE**

6

7

8

9  **INTERROGATORY NO. 2**

10  IDENTIFY all facts and information pertaining to whether the JACK DANIELS

11  TRADE DRESS is nonfunctional, a source indicator, inherently distinctive or has acquired

12  fame.

13  **RESPONSE**

14

15

16

17  **INTERROGATORY NO. 3**

18  IDENTIFY all facts supporting your contentions regarding the fame, distinctiveness,

19  and/or strength of the JACK DANIELS TRADE DRESS.

20  **RESPONSE**

21

22

23

24  **INTERROGATORY NO. 4**

25  IDENTIFY all evidence in which you intend to rely to establish the extent of actual

26  recognition of the JACK DANIELS TRADE DRESS.

27  **RESPONSE**

6

**INTERROGATORY NO. 5**

IDENTIFY all evidence in which you intend to rely to establish the degree of similarity between the BAD SPANIELS SILLY SQUEAKER and the JACK DANIELS TRADE DRESS.

**RESPONSE**

**INTERROGATORY NO. 6**

IDENTIFY all evidence in which you intend to rely to establish the degree of inherent or acquired distinctiveness of the JACK DANIELS TRADE DRESS.

**RESPONSE**

**INTERROGATORY NO. 7**

IDENTIFY all evidence in which you intend to rely to establish the extent to which the owner of the JACK DANIELS TRADE DRESS is engaging in substantially exclusive use of the of the JACK DANIELS TRADE DRESS.

**RESPONSE**

1  **INTERROGATORY NO. 8**

2     IDENTIFY with particularity each and every element of your claimed trade dress.

3  **RESPONSE**

4

5

6

7  **INTERROGATORY NO. 9**

8     If YOU contend that your alleged trade dress is famous or is inherently distinctive,

9  describe in detail the basis for such contention, including, but not limited to, an identification

10 of those elements of the alleged trade dress that have acquired fame or are inherently

11 distinctive.

12 **RESPONSE**

13

14

15

16 **INTERROGATORY NO. 10**

17    IDENTIFY any and all alleged uses in commerce of the JACK DANIELS TRADE

18 DRESS, including, without limitation, each advertisement, catalog, circular, sales literature,

19 brochure, bulletin, flyer, sign, sales display, poster, point of sale, website page or promotional

20 material of any type ever published, broadcast or displayed containing or depicting the JACK

21 DANIELS TRADE DRESS.

22 **RESPONSE**

23

24

25

26

27

**INTERROGATORY NO. 11**

IDENTIFY every product manufactured, used, sold, offered for sale, and/or exported from the United States that YOU believe uses or may use any protected design, trademark, or trade dress of the JACK DANIELS TRADE DRESS and the date(s) on which you believe that use occurred.

**RESPONSE**

**INTERROGATORY NO. 12**

IDENTIFY all facts RELATING TO studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, or other information or reports that relate to, support, or refute YOUR claims in this action, including, for each such study, when it was commissioned, conducted, and completed, by whom it was conducted, and its conclusions.

**RESPONSE**

**INTERROGATORY NO. 13**

IDENTIFY with particularity the exact elements of the alleged protectable trade dress of JACK DANIELS TRADE DRESS.

**RESPONSE**

**INTERROGATORY NO. 14**

IDENTIFY the date of first use in the United States by Counter-plaintiff of the alleged JACK DANIELS TRADE DRESS.

**RESPONSE**

**INTERROGATORY NO. 15**

IDENTIFY each trade dress YOU contend VIP copied or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in this action.

**RESPONSE**

**INTERROGATORY NO. 16**

IDENTIFY each and every VIP product, packaging or other matter YOU contend copies or dilutes the JACK DANIELS TRADE DRESS.

**RESPONSE**

**INTERROGATORY NO. 17**

IDENTIFY all facts supporting the contention that the JACK DANIELS TRADE DRESS is protectable including within that identification of facts all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.

**RESPONSE**

1
2
3  **INTERROGATORY NO. 18**

4     For each trade dress that YOU contend VIP copied or diluted, separately IDENTIFY

5  each product sold by YOU or YOUR licensees that incorporates such trade dress and, for each

6  such product, separately state (a) the number of units, by year, of each such product sold by

7  YOU or YOUR licensees and (b) revenue received by YOU from such SALES of each such

8  product broken down by the channel of trade that the reported revenue was derived from,

9  including specifically whether any revenue was derived from pet specialty retailers.

10  **RESPONSE**

11
12
13
14  **INTERROGATORY NO. 19**

15     For each concept, design, product, product packaging or other matter that YOU

16  contend VIP copied or diluted, state all facts that support that contention, if YOU so contend,

17  that such copying or dilution was intentional or willful and include within that statement pf

18  facts the IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

19  REFER OR RELATE TO such facts.

20  **RESPONSE**

21
22
23
24
25
26
27

1  **INTERROGATORY NO. 20**

2     State all facts which support YOUR claims against VIP in THIS ACTION and include

3  within that statement of facts the IDENTIFY all PERSONS with knowledge of such facts and

4  all DOCUMENTS that REFER OR RELATE TO such facts.

5  **RESPONSE**

6

7

8

9  **INTERROGATORY NO. 21**

10    Describe in detail what you believe is the degree of similarity between the JACK

11  DANIELS TRADE DRESS and/ the BAD SPANIELS SILLY SQUEAKER.

12  **RESPONSE**

13

14

15

16  **INTERROGATORY NO. 22**

17    Describe in detail what you believe is the degree of inherent or acquired distinctiveness

18  of the JACK DANIELS TRADE DRESS.

19  **RESPONSE**

20

21

22

23  **INTERROGATORY NO. 23**

24    IDENTIFY all evidence in which you intend to rely to establish any actual association

25  between the BAD SPANIELS SILLY SQUEAKER and the JACK DANIELS TRADE

26  DRESS.

27  **RESPONSE**

12

1

2

3

4  **INTERROGATORY NO. 24**

5      IDENTIFY any BOTTLE REDESIGN of the shape of the JACK DANIELS bottle in

6  the last ten years.

7  **RESPONSE**

8

9

10

11      **DATED** this 14th day of April, 2015.

12                                    **DICKINSON WRIGHT PLLC**

13

14

15      By: _____
                David G. Bray
16                1850 North Central Avenue, Suite 1400
                Phoenix, Arizona  85004
17                *Attorneys for VIP Products, L.L.C.*

18

19

20

21

22

23

24

25

26

27

13

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2015, I e-mailed and hand-delivered Plaintiff VIP Products, L.L.C.'s First Set of Interrogatories Directed to Jack Daniel's Properties, Inc. to:

> Gregory P. Sitrick, Esq.
> Gregory.sitrick@quarles.com
> Isaac S. Crum, Esq.
> Isaac.Crum@quarles.com
> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, Arizona 85004-2391
> *Attorneys for Jack Daniel's Properties, Inc.*

I hereby further certify that on April 14, 2015 I e-mailed and mailed via First Class United States Mail Plaintiff VIP Products, L.L.C.'s First Set of Interrogatories Directed to Jack Daniel's Properties, Inc. to:

> Christopher C. Larkin, Esq.
> clarkin@seyfarth.com
> SEYFARTH SHAW LLP
> 2029 Century Park East, Suite 3500
> Los Angeles, California 90067-3021
> *Attorneys for Jack Daniel's Properties, Inc.*

Kristi A. Arendt

PHOENIX 53913-11 213198v1

14