**EXHIBIT "3"**

QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.sitrick@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted *pro hac vice*)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

Attorneys for Defendant and Counterclaimant
JACK DANIEL'S PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP PRODUCTS, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 14-02057 PHX DGC<br><br>**DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |

Defendant and counterclaimant Jack Daniel's Properties, Inc. ("JDPI") hereby responds to the first set of request for production of documents propounded by plaintiff and counter-defendant VIP Products, LLC ("VIP") as follows.

These responses are made solely for the purposes of this action. Each response is made subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and all other objections and grounds which would require the exclusion of any statements contained herein, all of which objections and grounds are expressly reserved and may be interposed at the time of trial in this action.

JDPI's responses are based upon the information that is currently available to it. JDPI's investigation and discovery in this action are ongoing and JDPI reserves the right to supplement these responses in the event that additional information is obtained through such investigation or discovery.

Nothing contained in these responses is intended to be or should be construed to be an admission by JDPI of the relevance or admissibility at trial of any information contained in these responses.

## GENERAL OBJECTIONS

JDPI objects generally to all of VIP's request for production of documents on the following grounds.

1. JDPI objects generally to all of VIP's requests to the extent that they seek to impose upon JDPI discovery obligations beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona.

2. JDPI objects to each Request and to each Definition and Instruction to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities, or protections from disclosure. Any inadvertent disclosure of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity, or protection.

2

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

3. JDPI objects to each Request and to each Definition and Instruction to the extent that it seeks the production of documents that are not in the possession, custody or control of JDPI. Unless otherwise expressly stated, a response shall not be deemed an admission that JDPI has any responsive documents in its possession, custody or control, or that any documents exist or ever existed. When a response states that the requested documents will be produced, the response shall be construed to mean that responsive documents will be searched for and, if any are found, will be produced.

5. JDPI objects to each Request to the extent it calls for the production of documents that are already in VIP's custody, possession or control, are readily available to Plaintiffs, or are obtainable by VIP from public sources.

6. JDPI objects to each Request to the extent it seeks documents to which VIP has equal or better access, or for which the burden on JDPI is equal to, or greater than, that of Plaintiffs in obtaining the documents.

7. JDPI objects to each Request to the extent that it calls for production of documents that are cumulative or duplicative. Where a document is responsive to more than one Request, JDPI will produce the document only once.

8. JDPI objects generally to each Request to the extent that it seeks documents related to business outside the United States. JDPI's responses are confined to the United States.

9. The failure of JDPI to object to any specific Request on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). JDPI reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

10. JDPI does not concede the relevance, materiality, or admissibility of any documents sought in these Requests. JDPI's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose, or any other ground to the use of any information or documents provided or

3

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

1  referred to in its responses, in discovery or in any proceeding, or at the trial of this or any
2  other action.
3      11.   These objections and responses do not constitute, and shall not be
4  interpreted as, JDPI's agreement with, or admission as to the truth or accuracy of any
5  legal or factual characterization or allegation stated or implied in VIP's "Definitions,"
6  "Instructions," or in any of the individual Requests.

**RESPONSES TO FIRST SET OF REQUEST FOR PRODUCTION**

**REQUEST NO. 1:**

All DOCUMENTS sufficient to show the advertising expenditures by Defendant on an annual basis to promote the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 1:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time, geographic area, and scope, and is vague because JDPI and its licensee Brown-Forman Corporation ("Brown-Forman") do not advertise and promote the Jack Daniel's Trade Dress per se but rather products sold in the Jack Daniel's Trade Dress. Without waiving those objections, JDPI responds as follows: JDPI will produce documents sufficient to show aggregate advertising and promotion expenditures made by Brown-Forman in support of Jack Daniel's Old No. 7 Tennessee whiskey in the United States.

**REQUEST NO. 2:**

All DOCUMENTS that evidence the manner in which YOU have marketed the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 2:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time, geographic area, and scope and is vague with respect to the phrase "market the JACK DANIELS TRADE DRESS" because JDPI and its licensee Brown-Forman do not

4

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO
PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

market the Jack Daniel's Trade Dress per se but rather products sold in the Jack Daniel's Trade Dress. Without waiving those objections, JDPI responds as follows: JDPI will produce representative documents showing the manners of marketing products sold in the Jack Daniel's Trade Dress.

**REQUEST NO. 3:**

All DOCUMENTS referring or relating, to enforcement of trademark and trade dress rights by Defendant, including copies of all correspondence, pleadings, settlements, judgments and other documents related to the trademarks and trade dress of Defendant.

**RESPONSE TO REQUEST NO. 3:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time, geographic area, trademarks, and trade dresses, and seeks the production of "all documents" relating to enforcement of all trademark rights and all trade dress rights in all jurisdictions at any time, and that it seeks the production of documents that are irrelevant to VIP's claims and defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents regarding the enforcement of trademarks and trade dress that have not been asserted by JDPI in this action.

**REQUEST NO. 4:**

All DOCUMENTS referring or relating to any litigation involving OR RELATING TO the existence, scope and/or enforceability of the JACK DANIELS TRADE DRESS, including, but not limited to, pleadings, dispositive rulings, judgments, and/or discovery responses.

**RESPONSE TO REQUEST NO. 4:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area and seeks the production of "all documents" relating to all

5

enforcement efforts as to the Jack Daniel's Trade Dress in any jurisdiction at any time, and that it seeks the production of documents that are publicly available to VIP. Without waiving those objections, JDPI responds as follows: JDPI will produce the settlement agreements from the actions in the United States since 2005 that have involved the Jack Daniel's Trade Dress, *Jack Daniel's Properties, Inc. v. J&M Concepts, LLC, et al.*, Case No. 3:13-cv-001156 in the United States District Court for the Middle District of Tennessee and *Independence Spirits Company, LLC, et al. v. Jack Daniel's Properties, Inc. et al.*, Case No. 2:12-cv-02732 TJS in the United States District Court for the Eastern District of Pennsylvania. The pleadings in those actions are publicly available to VIP.

**REQUEST NO. 5:**

All DOCUMENTS in which YOU intend to rely to establish the owner of the JACK DANIELS TRADE DRESS is engaging in substantially exclusive use of the mark.

**RESPONSE TO REQUEST NO. 5:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents" relating to the use of the Jack Daniel's Trade Dress, that it is vague with respect to the undefined term "mark," and that it seeks the production of documents that are neither relevant to VIP's claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to the dilution by blurring factor, as JDPI does not allege dilution by blurring in this action. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 6:**

All DOCUMENTS on which YOU intend to rely to establish that the BAD SPANIELS SILLY SQUEAKER presents a danger that consumers will form unfavorable associations with the JACK DANIELS TRADE DRESS.

6

**RESPONSE TO REQUEST NO. 6:**

JDPI interposes its General Objections. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents in addition to the expert report of Dr. Itamar Simonson.

**REQUEST NO. 7:**

All DOCUMENTS that refer, relate, or support the allegations set forth in paragraph 9 of the Counterclaim that "[t]he Jack Daniel's Trade Dress is inherently distinctive, or acquired distinctiveness long prior to the commencement of VIP's acts of infringement, dilution, and unfair competition complained of herein by virtue of extensive sales and advertising of Jack Daniel's Tennessee whiskey featuring the Jack Daniel's Trade Dress, decades of consumption by the public of Jack Daniel's Tennessee whiskey packaged in the Jack Daniel's Trade Dress, extensive consumer recognition of the Jack Daniel's Trade Dress, and association of the Jack Daniel's Trade Dress with Jack Daniel's Tennessee whiskey."

**RESPONSE TO REQUEST NO. 7:**

JDPI interposes its General Objections and also objects specifically to this request on the ground that it is overly broad and unduly burdensome because it is unlimited as to time and seeks the production of "all documents." Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 8:**

All DOCUMENTS that refer, relate, or support the allegations set forth in paragraph 9 of the Counterclaim that "[t]he combination of elements comprising the Jack Daniel's Trade Dress is non-functional because it is not essential to the use or purpose of Jack Daniel's Tennessee whiskey and does not affect the cost or quality of the product."

**RESPONSE TO REQUEST NO. 8:**

JDPI interposes its General Objections and also objects specifically to this request on the ground that it is overly broad and unduly burdensome because it is unlimited as to

1 | time and geographic area and seeks the production of "all documents." Without waiving
2 | those objections, JDPI responds as follows: JDPI will produce responsive documents.
3 | **REQUEST NO. 9:**
4 | All DOCUMENTS that refer, relate, or support the allegations set forth in
5 | paragraph 9 of the Counterclaim that title JDPI Trademarks and the Jack Daniel's Trade
6 | Dress are famous for whiskey in the United States and became famous long prior to the
7 | commencement of VIP's acts of infringement, dilution, and unfair competition
8 | complained of herein."
9 | **RESPONSE TO REQUEST NO. 9:**
10 | JDPI interposes its General Objections and also objects specifically to this request
11 | on the ground that it is overly broad and unduly burdensome because it is unlimited as to
12 | time and seeks the production of "all documents." Without waiving those objections,
13 | JDPI responds as follows: JDPI will produce responsive documents.
14 | **REQUEST NO. 10:**
15 | All DOCUMENTS relating to the selection or adoption of the JACK DANIELS
16 | TRADE DRESS.
17 | **RESPONSE TO REQUEST NO. 10:**
18 | JDPI interposes its General Objections and also objects specifically to this request
19 | on the ground that it is overly broad and unduly burdensome because it is unlimited as to
20 | time and seeks the production of "all documents." Without waiving those objections,
21 | JDPI responds as follows: The Jack Daniel's Trade Dress was selected and adopted in the
22 | 1950s. JDPI does not have documents from the 1950s specifically regarding the selection
23 | and adoption of the Jack Daniel's Trade Dress.
24 | **REQUEST NO. 11:**
25 | All DOCUMENTS which refer to or relate to any of Plaintiffs' internal or external
26 | trademark usage policies or guidelines for the JACK DANIELS TRADE DRESS.
27 |
28 |

**RESPONSE TO REQUEST NO. 11:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents." Without waiving those objections, JDPI responds as follows: JDPI has no documents regarding VIP's trademark usage policies or guidelines.

**REQUEST NO. 12:**

All DOCUMENTS relating or referring to any definition or explanation of the elements that comprise the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 12:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents," and because it is vague with respect to the phrase "definition or explanation of the elements that comprise the JACK DANIELS TRADE DRESS." Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 13:**

All DOCUMENTS relating or referring to the bottle shape and design being part of the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 13:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents," and because it is vague with respect to the phrase "the bottle shape and design being part of the JACK DANIELS TRADE DRESS." Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

9

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

**REQUEST NO. 14:**

All DOCUMENTS that evidence or refer to any similarities between YOUR marketing materials and VIP's marketing materials.

**RESPONSE TO REQUEST NO. 14:**

JDPI interposes its General Objections and also objects specifically to this request on the ground that it is vague with respect to the undefined phrase "marketing materials" and, in view of VIP's testimony regarding the Bad Spaniels toy, JDPI is uncertain as to what, if anything, VIP considers to be "marketing materials" used in support of its Bad Spaniels toy. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 15:**

All DOCUMENTS referring or related to the establishment by Plaintiffs of the famousness of the JACK DANIELS TRADE DRESS anywhere in the world, but particularly within the United States.

**RESPONSE TO REQUEST NO. 15:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area and seeks the production of "all documents." Without waiving those objections, JDPI responds as follows: JDPI has no documents regarding VIP's establishment of the "famousness" of the Jack Daniel's Trade Dress. As set forth in JDPI's responses to VIP's interrogatories, JDPI will produce documents regarding the fame of the Jack Daniel's Trade Dress pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**REQUEST NO. 16:**

All registrations or applications for registration of the JACK DANIELS TRADE DRESS or other trade dress of any of Plaintiffs' product in any country.

**RESPONSE TO REQUEST NO. 16:**

    JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time, geographic area, trade dress, and products and seeks the production of "all registrations and applications for registration" of any trade dress for any product in any country, that it seeks the production of documents that are irrelevant to VIP's claims and defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks registrations and applications of any trade dress for any product in any country, and that it seeks documents that are publicly available to VIP. Without waiving those objections, JDPI responds as follows: JDPI has not sought registration in the United States of the combination of elements that comprise the Jack Daniel's Trade Dress as shown and described in paragraph 6 of JDPI's counterclaims. The file history of United States Trademark Registration No. 4,106,178, which covers certain elements of the Jack Daniel's Trade Dress, is publicly available to VIP from the website of the United States Patent and Trademark Office. JDPI has no responsive documents regarding any applications to register any other elements of the Jack Daniel's Trade Dress in the United States since 2005. JDPI has no documents regarding any applications to register the trade dress of any of VIP's products.

**REQUEST NO. 17:**

    All DOCUMENTS identified in response to Plaintiffs First Set of Non-Uniform Interrogatories directed to JDP or referred to or used in the preparation of the answers to the interrogatories.

**RESPONSE TO REQUEST NO. 17:**

    JDPI interposes its General Objections. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

11

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

**REQUEST NO. 18:**

All DOCUMENTS relating to any and all alleged uses in commerce of the JACK DANIELS TRADE DRESS, including, without limitation, advertisements, catalogs, circulars, sales literature, brochures, bulletins, flyers, signs, sales displays, posters, points of sale, website pages or promotional materials of any type ever published, broadcast or displayed containing or depicting the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 18:**

JDPI interposes its General Objections and also objects specifically to this request on the ground that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents." Without waiving those objections, JDPI responds as follows: JDPI will produce a representative sample of advertisements, promotional materials, and social media featuring the Jack Daniel's Trade Dress and used in the United States.

**REQUEST NO. 19:**

All DOCUMENTS relating to any application by Plaintiffs to register any of its trade dress or marks as a trademark with any governmental authority both in the United States and abroad.

**RESPONSE TO REQUEST NO. 19:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time, geographic area, trademark and trade dress, and seeks the production of "all documents." Without waiving those objections, JDPI responds as follows: JDPI has no documents regarding any application filed by VIP to register its trade dress or marks in the United States.

**REQUEST NO. 20:**

All DOCUMENTS referring or relating to the Jack Daniels bottle design, shape, and size.

12

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
19620079v.1

**RESPONSE TO REQUEST NO. 20:**

JDPI interposes its General Objections and also objects specifically to this request on the grounds that it is overly broad and unduly burdensome because it is unlimited as to time and geographic area, and seeks the production of "all documents" of any sort referring or relating in any way to the Jack Daniel's bottle design, shape, and size at any time since the 19th Century.

**REQUEST NO. 21:**

All DOCUMENTS in which you intend to rely to establish the extent of the actual recognition of the JACK DANIELS TRADE DRESS.

**RESPONSE TO REQUEST NO. 21:**

JDPI interposes its General Objections and also objects specifically to this request on the ground that it seeks the production of documents that are neither relevant to VIP's claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to the dilution by blurring factor, as JDPI does not allege dilution by blurring in this action. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 22:**

All DOCUMENTS that in your opinion demonstrate similarity between the JACK DANIELS TRADE DRESS and the BAD SPANIELS SILLY SQUEAKER.

**RESPONSE TO REQUEST NO. 22:**

JDPI interposes its General Objections. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

**REQUEST NO. 23:**

All DOCUMENTS that in your opinion demonstrate the similarity between the shape and configuration of the Jack Daniels bottle design and the BAD SPANIELS SILLY SQUEAKER.

**RESPONSE TO REQUEST NO. 23:**

JDPI interposes its General Objections. Without waiving those objections, JDPI responds as follows: JDPI will produce responsive documents.

QUARLES & BRADY LLP

SEYFARTH SHAW LLP

Dated: May 14, 2015          By: _____
                                 Christopher C. Larkin
                                 Attorneys for Defendant and
                                 Counterclaimant
                                 JACK DANIEL'S PROPERTIES, INC.

14

DEFENDANT AND COUNTERCLAIMANT JACK DANIELS PROPERTIES, INC.'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

19620079v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2015, I served the foregoing DEFENDANT AND COUNTERCLAIMANT'S RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS on the parties identified below in the manner identified below:

**VIP Products LLC (via Electronic Mail and First Class Mail)**

David G. Bray, Esq.
DICKINSON WRIGHT, PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Direct Line: 602-285-5033
DBray@dickinsonwright.com

_____
Christopher C. Larkin