**EXHIBIT "4"**



1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
http://www.dickinsonwright.com

DAVID G. BRAY
DBray@dickinsonwright.com
(602) 285-5033

June 9, 2015

**Via E-Mail (gregory.sitrick@quarles.com & Isaac.Crum@quarles.com)**
**Confirmation by Regular Mail**

Gregory P. Sitrick, Esq.
Isaac S. Crum, Esq.
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391

**Via E-Mail (clarkin@seyfarth.com)**
**Confirmation by Regular Mail**

Christopher C. Larkin, Esq.
SEYFARTH SHAW LLP
One Century Plaza, Suite 3500
2029 Century Park East
Los Angeles, California 90067-3021

Re:   *VIP Products, LLC v. Jack Daniel's Properties, Inc.*
      Arizona District Court Case No. CV 14-02057 PHX DGC

Dear Counsel:

As you know, VIP Products, LLC ("VIP") sent non-uniform interrogatories ("NUI") and requests for production ("RFP") on April 14, 2015, and requests for admission (RFA") to Jack Daniel's Properties, Inc. ("JDP") on April 16, 2015. JDP responded to the NUI, RFP, and RFA (collectively, the "Discovery") on May 14, 2015. Upon reviewing JDP's responses, VIP has identified several deficiencies in the responses. Identified below is a non-exhaustive list of deficiencies in the responses. Please immediately cure the responses' deficiencies by providing complete, satisfactory responses. A complete, satisfactory set of responses must address all deficiencies in the responses, whether or not such deficiencies are set forth explicitly in this letter.

JDP's responses that indicate it "will produce" responsive documents are deficient. Federal Rule of Civil Proecedure 34 requires a party to provide requested documents that are in their "possession, custory or control." A promise to provide the information in the future is not a sufficient response. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). JDP has failed to provide anything more than a promise of future production in response to at least seventeen (17) out of a total twenty-three (23) RFPs. *See, e.g.*, responses to RFP Nos. 1, 2, 4, 5, 6, 7, 9, 12, 13, 14, 15, 17, 18, 21, 22 and 23 (each stating "JDPI will produce responsive documents" or similar).

JDP failed to successfully object to the Discovery on the grounds of burden or relevance. "The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. *Id.* at 565. "The objecting party must show

DICKINSON WRIGHT PLLC

Gregory P. Sitrick, Esq.
Isaac S. Crum, Esq.
Christopher C. Larkin, Esq.
June 9, 2015
Page 2

specifically how each discovery request is burdensome or oppressive by <u>submitting affidavits or offering evidence</u> revealing the nature of the burden." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997) (emphasis added). JDP purports to offer objections regarding the burden or relevance in response to nearly every NUI, RFP and RFA, yet it failed to provide any supporting affidavit or other evidence to provide a basis for such objections. In several instances, JDP has failed to provide any response beyond these unsupported (and ineffective) objections. For example, in response to RFP No. 3, JDP provides no response. Instead, it provides a single sentence purporting to object on the basis of burden and relevance, but failing to provide necessary support for those objections.

JDP may not arbitrarily impose a time limit on its responses. JDP's responses to RFP Nos. 4 and 16 include a time limitation without explanation. If documents from before that time are unavailable, JDP must so state, as well as provide an explanation of whether such documents may have existed and what efforts were used to obtain responsive documents from before that time. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (providing that a responding party must describe its efforts to obtain information that it failed to provide).

JDP may not refuse to produce documents merely because the documents are "publicly available." *See, e.g.* response to RFP No. 4. JDP must produce responsive documents which are in its actual possession, as well as those which it has the legal right to obtain on demand. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (documents are in the parties "possession, custody, or control" if the party "has the legal right to obtain the documents on demand."). Furthermore, JDP's responses "may not simply refer to a mass of records." *Oleson*, 175 F.R.D. at 564. JDP's objections on the grounds that documents are "publicly available" are therefore defective, especially where JDP is apparently referring to the vast records of courts throughout the United States.

For these reasons, JDP's responses are deficient under the Federal Rules of Civil Procedure. In providing this letter, VIP intends only to explain the nature of the deficiencies VIP has identified, not to provide a comprehensive list of all deficiencies in the discovery responses of JDP. Nonetheless, all deficiencies in JDP's Discovery responses must be cured, whether or not they are detailed herein. Please cure all deficiencies immediately by providing complete, satisfactory responses. Your prompt attention to this matter is anticipated and appreciated.

Very truly yours,

DICKINSON WRIGHT PLLC

David G. Bray

DGB/kaa



1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
http://www.dickinsonwright.com

FRANK G. LONG
FLONG@DICKINSONWRIGHT.COM
(602) 285-5093

June 26, 2015

*Via E-Mail and U.S. Mail*

Christopher C. Larkin, Esq.
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3063

Gregory P. Sitrick
Isaac S. Crum
**QUARLES & BRADY LLP**
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391

   Re: VIP Products, LLC v. Jack Daniel's Properties, Inc., CV 14-02057 PHX DGC

Counselors:

  On June 9, we notified you of several deficiencies in Jack Daniel's Properties, Inc.'s ("JDPI") responses to VIP Products, LLC's ("VIP") written discovery requests (the "Requests") and requested that JDPI cure those deficiencies. You responded on June 17th, 2015. This letter responds to your June 17 letter. As your letter requested, it details the deficiencies in JDPI's responses to the VIP Requests (the "Responses").

  On June 15 and June 18, VIP received additional document production from JDPI. We have reviewed those documents. None of them resolve the major defects in JDPI document production.

  Overall, JDPI's June 15 production includes documents related to, at best, four of the 23 requests for production. Specifically, the June 15 production includes photos of Jack Daniel's bottles, depictions of Jack Daniel's in print and online media from the last 15 years, and a PowerPoint presentation regarding Jack Daniel's product placement in movies and television.

  JDPI's June 18 production serves no useful purpose. It is nothing more than a document dump, compromised of the publicly available court files for two lawsuits and the publicly available USPTO files for several PTO registrations. This production contains no correspondence or internal JDPI documents related to these matters, and there is no reason for any portion of it to be marked "confidential."

ARIZONA KENTUCKY MICHIGAN NEVADA OHIO TENNESSEE WASHINGTON DC TORONTO

DICKINSON WRIGHT PLLC

**June 26, 2015**
Page 2

As things stand, the JDPI document production remains defective in the following major respects.

First, the JDPI's Responses reportedly (and merely) promise that JDPI "will produce responsive documents," while failing to produce the documents or identify which documents JDPI has produced and believes are responsive. As described in more detail below, and even after accounting for JDPI's latest production, JDPI has provided only a promise of future production in response to more than half of the RFPs. *See, e.g.*, responses to RFP Nos. 4, 5, 6, 7, 9, 12, 13, 14, 15, 17, 18, 21, 22 and 23 (each stating "JDPI will produce responsive documents" or similar).

As we stated in our June 9 letter, a promise to provide documents in the future is not a sufficient response. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). If JDPI contends that it has produced documents responsive to these requests, JDPI must identify the documents that JDPI believes are responsive. If JDPI is preparing to produce responsive documents, JDPI must immediately notify us of the date by which we can expect the production. JDPI's delay in producing these documents is especially prejudicial at this time because we are approaching the close of discovery.

JDPI's Responses to date do not comply with the Rules for document production. JDPI cites to Rule 34(b)(2)(B), Fed. R. Civ. P., as support for its position that it may respond to requests for production by merely indicating it "will produce" responsive documents. Yet, that Rule does not apply to document production; rather, it applies to responses to requests for "inspection or related activities." *Id.* On its face, Rule 34(b)(2)(B) applies to situations in which: (1) the request is for inspection of tangible things or land, or for inspection of documents at a particular time and place in the future; (2) the response is intended to notify the requesting party of its agreement to make the requested items available at the specified time; and (3) the requested items are in fact made available at the specified time and place. *See* Fed. R. Civ. P. 34(b)(2)(A-E). None of these applies to our circumstances. The VIP Requests were for *production* of documents, not *inspection* of premises or things.

The procedure for "*Producing* the Documents or Electronically Stored Information" is found in Rule 34(b)(2)(E), Fed. R. Civ. P. Because the VIP Requests were for the production of documents, JDPI must produce documents consistent with Rule 34(b)(2)(E)(i-ii), Fed. R. Civ. P. That Rule requires that JDPI must "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

To date, JDPI has done neither. Therefore, VIP requests that JDPI comply with Rule 34(b)(2)(E) and by **July 3, 2015** and either (1) identify by Bates Number all responsive documents JDPI has produced as they are kept in the ordinary course of business, or (2) organize and label all responsive documents according to the categories in the Requests.

ARIZONA   KENTUCKY   MICHIGAN   NEVADA   OHIO   TENNESSEE   WASHINGTON DC   TORONTO

DICKINSON WRIGHT PLLC

**June 26, 2015**
Page 3

Second, JDPI did not adequately state its burden and relevance objections. As explained in our June 9 letter, in order to state a legally sufficient objection on these grounds, "[t]he objecting party must show specifically how each discovery request is burdensome or oppressive by <u>submitting affidavits or offering evidence</u> revealing the nature of the burden." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997)(underline emphasis added). JDPI purports to offer objections regarding the burden or relevance in response to nearly every VIP discovery request. Yet, JDPI still has not provided support for such objections. In your June 17 letter, you assert that "VIP received substantive responses and/or documents in response to nearly all of its interrogatories and production requests notwithstanding these objections." Yet, the legal sufficiency of JDPI's objections is not changed because JDPI only partially responded to the discovery requests. JDPI must either state a legally sufficient objection, or respond fully to each request. Providing partial responses does not cure the deficiencies in JDPI's objections.

Finally, your letter requests that VIP identify specific deficiencies in JDPI's responses. VIP will not and cannot detail all the documents or information that JDPI has the obligation to produce. JDPI has a duty to fulfil its discovery obligations independent of VIP specifically identifying JDPI's failures to meet its obligations. Nevertheless, in an attempt to resolve this discovery dispute and to illustrate the nature of the deficiencies in JDPI's responses, VIP has identified the following specific deficiencies in JDPI's responses.

1. RFP No. 3 requests production of **documents related to JDPI's enforcement of its trademark and trade dress rights**. The only documents JDPI has produced related to this request are two settlement agreements: Settlement Agreement [JDPICON 000312-328]; and Settlement Agreement [JDPI000288 – 314]. JDPI has produced *no correspondence, pleadings or other documents* for any other disputes. Additional documents certainly must exist for the two matters identified by their settlement agreements or the settlement agreements would never have been created. Furthermore, it is evident that JDPI has been involved in enforcement actions other than those represented by these two settlement agreements. *See* http://www.abajournal.com/news/article/jack_daniels_cease-and-desist_letter_goes_viral_for_being_exceeedingly_poli/. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 3.

2. RFP No. 4 requests production of **documents related to litigation involving the alleged Jack Daniel's Trade Dress**. The only documents that JDPI has produced responsive to this request are the two settlement agreements at JDPICON000312-328 and JDPI000288 – 314. JDPI has produced *no correspondence or internal documents* related to the disputes identified. JDPI's statement that such documents are "publicly available" is nonresponsive for the reasons already stated in our June 9 letter, namely that JDPI "may

DICKINSON WRIGHT PLLC

**June 26, 2015**
Page 4

not simply refer to a mass of records." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). In any event, correspondence and other internal documents related to the dispute are certainly not "publicly available." JDPI has produced *no documents* involving correspondence or internal communications from the disputes identified by the two settlement agreements or from any other disputes. If JDPI does not supplement its response by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 4.

3. RFP No. 5 requests **documents JDPI relies on to establish it owns and is engaged in substantially exclusive use of the mark**. JDPI has produced *no documents* related to the JDPI relationship with Brown Forman, *no documents* related to other companies' use of Jack Daniel's Trade Dress, and *no documentation* of license agreements. JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. If JDPI does not supplement its response to this request by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 5.

4. RFP No. 6 requests **documents JDPI relies on to establish that VIP's product causes unfavorable associations with the Jack Daniel's Trade Dress**. JDPI has produced nothing in response to this request other than the expert report of Dr. Simonson. If any other responsive documents exist, they must be produced by **July 3, 2015**. If JDPI does not supplement its response to this request by July 3, 2015, VIP will seek relief from the Court and sanctions, including, but not limited to an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, documents within the scope of RFP No. 6, which are not produced by **July 3, 2015**.

5. RFP No. 7 requests **documents JDPI relies on to establish the distinctiveness of its Marks and Trade Dress**. JDPI merely states that it "will produce responsive documents." Such a statement is non-responsive for reasons discussed above and in our June 9 letter. In any event, JDPI has not produced such documents. JDPI's purported "burdensome" objection is invalid because, as discussed above, JDPI has not provided proper support. This Request merely seeks documents supporting JDPI's specific allegation in its infringement and dilution claims. Producing documents supporting your specific allegations cannot be "unduly burdensome." If any responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response by then, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 7.

**June 26, 2015**
Page 5

DICKINSON WRIGHT PLLC

6. RFP No. 8 requests **documents JDPI relies on to establish that Jack Daniel's Trade Dress is non-functional and does not affect the cost or quality of the product.** JDPI has produced *no documents* showing the Trade Dress is non-functional and that its claimed features do not affect the cost or the quality of the JDPI product. JDPI's purported "burdensome" objection is invalid because, as discussed above, JDPI has not provided proper support for such an objection. This Request merely seeks documents supporting JDPI's specific allegation in its infringement and dilution claims. Producing documents supporting your specific allegations cannot be "unduly burdensome." If any responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 8, which are not produced by **July 3, 2015**.

7. RFP No. 9 requests **documents JDPI relies on to establish that JDPI's Marks and Trade Dress are famous for whiskey in the United States**. The only documents JDPI has produced in this category are five pages (JDPI000259-263) related to Jack Daniel's history. JDPI has produced *no documents* showing "the JDPI Trademarks . . . are famous for whiskey in the United States . . ." and *no documents* showing "that . . . the Jack Daniel's Trade Dress [is] famous for whiskey in the United States . . . ." JDPI's statement that it "will produce responsive documents" is nonresponsive for the reasons stated above and in our June 9 letter. In any event, JDPI has not produced such documents. JDPI's purported "burdensome" objection is invalid because, as discussed above, JDPI has not provided proper support for such an objection. This Request merely seeks documents supporting JDPI's specific allegation in its claims. Producing documents supporting your specific allegations cannot be unduly "burdensome." If any responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response by then, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 9, which are not produced by **July 3, 2015**.

8. RFP No. 10 requests **documents showing how JDPI selected/adopted the Jack Daniel's Trade Dress.** JDPI's response is only that "[t]he Jack Daniel's Trade Dress was selected and adopted in the 1950s and JDPI does not have documents from the 1950s specifically regarding the selection and adoption of the Jack Daniel's Trade Dress." These two sentences are contradictory and inconsistent with the facts. The maker of Jack Daniel's publicizes its history back to the 1890s. Therefore, it is inconceivable that JDPI cannot locate some document or record that JDPI relies on for its assertion that the Trade Dress was adopted in the 1950s. In fact, JDPI has produced in this category five pages (JDPI000259-263), related to Jack Daniel's history. Also, JDPI has revealed that the Jack Daniel's bottle and label were redesigned recently, indicating that JDPI has recent

**June 26, 2015**
Page 6

DICKINSON WRIGHT PLLC

documents related to the design of both. The requested documents should be produced by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 10.

9. RFP No. 11 requests **JDPI's trademark usage rules or guidelines**. JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not produced such documents. If any responsive documents exist, please produce them by **July 3, 2015**. If no responsive documents exist, JDPI should so state. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 11.

10. RFP No. 12 requests **documents showing the elements that define the Jack Daniel's Trade Dress**. JDPI's response that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not identified any specific documents responsive to this request. If responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 12.

11. RFP No. 13 requests **documents supporting JDPI's assertion that the bottle shape or design is part of the Jack Daniel's Trade Dress**. JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not identified any specific documents responsive to this request. If responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 13.

12. RFP No. 14 requests **documents showing similarities between VIP's marketing materials and JDPI's marketing materials**. JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not identified any specific documents responsive to this request. To the extent the VIP request is unclear, JDPI may use the following definition for the "marketing materials" requested: Any documents or information provided to the general public to advertise or promote the sale of the products that are the subject of this

DICKINSON WRIGHT PLLC

June 26, 2015
Page 7

litigation. If responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 14.

13. RFP No. 17 requests **documents identified in, or used in preparing, responses to VIPs Interrogatories to JDPI**. JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons stated above and in our June 9 letter. In any event, JDPI has not identified any specific documents responsive to this request. Responsive documents should be produced by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 17.

14. RFP No. 21 requests **documents JDPI relies on to show the "extent of the actual recognition of the Jack Daniel's TRADE DRESS."** JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not produced or identified any documents responsive to this request. If responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 21.

15. RFP No. 22 requests **documents JDPI relies on to demonstrate the "similarity between the Jack Daniel's TRADE DRESS and the BAD SPANIEL'S SILLY SQUEAKER."** JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not identified any responsive documents. If responsive documents exist, please produce them by **July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 22.

16. RFP No. 23 requests **documents JDPI relies on to demonstrate the "similarity between the shape and configuration of the Jack Daniel's bottle design and the BAD SPANIELS SILLY SQUEAKER."** JDPI's statement that it "will produce responsive documents" is non-responsive for the reasons discussed above and in our June 9 letter. In any event, JDPI has not identified any responsive documents. It is not clear if any such documents have been produced. If responsive documents exist, please produce them by

June 26, 2015                                                                                                DICKINSON WRIGHT PLLC
Page 8

**July 3, 2015**. If JDPI does not supplement its response to this request for production by **July 3, 2015**, VIP will seek relief from the Court and sanctions, including, but not limited to, an order prohibiting any attempt by JDPI to disclose, introduce, or use for any purpose, any other documents within the scope of RFP No. 23.

Please call me if you have any questions. Otherwise, I look forward to full JDPI compliance with the Rules and adequate supplemental responses by **July 3, 2015**, if not before.

                                                                    Very truly yours,

                                                                    Frank G. Long

PHOENIX 53913-11 228870v2



1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
http://www.dickinsonwright.com

JONATHAN S. BATCHELOR
JBatchelor@dickinsonwright.com
(602) 889-5356

August 14, 2015

**Via First Class Mail and E-Mail**

Christopher C. Larkin, Esq.
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3063

**Via E-Mail**

Gregory P. Sitrick, Esq.
Isaac S. Crum, Esq.
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391

Re: VIP Products, LLC v. Jack Daniel's Properties, Inc., CV 14-02057 PHX SMM

Counsel:

This letter is VIP Products, Inc.'s ("VIP"), response to your e-mail message to me earlier today, on behalf of Jack Daniel's Properties, Inc. ("JDPI"), which stated:

> JDPI does not believe that its production is deficient in any respect, particularly given the issues in the case and the fact that discovery closed nearly a month ago. At present, JDPI has nothing further to produce in response to Frank's letter, but if it locates anything, JDPI will produce it.

For the record, "Frank's letter," of July 22, 2015, requested that JDPI produce documents supporting its claims to be using the Jack Daniel's label designs on various consumer products. (the "JD Designs"); *see* letter to Chris Larkin dated July 22, 2015 (depicting the JD Designs). Due to JDPI's deficient response to that letter, Frank sent a subsequent letter identifying remaining deficiencies and further requesting that JDPI provide by August 7, 2015, missing evidence of use. *See* letter to Chris Larkin dated August, 3, 2015. By telephone we agreed to an extension of the August 7th deadline through today.

Today's e-mail indicates that JDPI will not, or cannot, provide the missing documentation. That failure, or refusal, is grounds for a motion to compel as explained further below. Also, the evident lack of any evidence supporting the JDPI claim that it is using the JD Designs on many of the consumer products identified in the PTO registrations of those designs is

DICKINSON WRIGHT PLLC

Christopher C. Larkin, Esq.
Gregory P. Sitrick, Esq.
Isaac S. Crum, Esq.
August 14, 2015
Page 2

grounds for a court finding that no such use exists, if not cancellation of those PTO registrations on the grounds of fraud.

A motion to compel is warranted because the close of fact discovery has no bearing on JDPI's duty to supplement its production. The duty to supplement disclosures and discovery responses continues after the close of fact discovery. *See, e.g., McKinney v. Connecticut*, 20011 WL 166199, at *2 (D. Conn. 2011) ("The duty to supplement continues even after the discovery period has closed."); *U.S. E.E.O.C. v Bill Heard Chevrolet Corp.*, 2009 WL 2489282 (D. Nev. 2009) (motion to compel supplemental disclosure after close of discovery was timely because duty to supplement continues). Vague promises of possible supplementation at some indeterminate time in the future does not satisfy JDPI's obligation.

Your statement that "JDPI has nothing further to produce" is an admission that JDPI cannot or will not produce evidence confirming or showing that JDPI (or its licensees) use the JD Designs on each of the products identified in the PTO registrations for those designs or on those products alleged in the pleadings, and in the discovery responses filed and served in this case. More specifically, your admission of the continuing JDPI failure, or refusal, to provide the specific documentation requested in Frank Long's detailed correspondence to you on August 3, 2015 is foundation for a claim that JDPI obtained, or maintains the PTO registrations of the JD Designs through fraud on the PTO.

Please advise this office, no later than 5:00 pm, Tuesday, August 18, 2015 whether JDPI will commit, without need of court order, to supplement its discovery and provide no later than August 31, 2015, the specific requested documentation requested in Frank's letter of August 3. Absent such commitment, VIP has no alternative but to file a motion with the court seeking such an order, and, absent production of the requested documentation by August 31, 2015, an order re-opening discovery for the limited purpose of determining whether there is additional evidence that JDPI committed fraud on the PTO by obtaining, or maintaining, PTO registrations of the JD Designs for products which neither JDPI, nor any of its licensees, sell in interstate commerce.

Very truly yours,

DICKINSON WRIGHTPLLC

Jonathan S. Batchelor
For the Firm

PHOENIX 53913-11 239574v1