Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff and Counterdefendant VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>        Plaintiff and Counterdefendant,<br><br>    v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>        Defendant and Counterclaimant. | No. 2:14-cv-02057-SMM<br><br>**RESPONSE TO MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS** |

Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP" or "Plaintiff"), hereby submits its Response to defendant Jack Daniel's Properties, Inc.'s ("JDPI") Motion to Preclude Plaintiff From Re-Filing Its Confidential Statement of Facts (doc. 125)(JDPI's "Motion to Preclude"). There is no valid basis for precluding VIP from filing the Supplemental Statement of Confidential Facts in support of its Motion for Summary Judgment (doc. 119) (the "Confidential SOF").  JDPI's motion should be denied.

**I.  Introduction**

VIP supports its Motion for Summary Judgment (doc. 110; VIP's "MSJ"), in part with certain documents that JDPI designated as "confidential" and/or "confidential attorneys' eye's only" (the "Confidential Materials") under the terms of a stipulated protective order entered in this matter. (Doc. 45) Taking JDPI at its word that the Confidential Materials were indeed confidential, VIP kept the Confidential Materials, and information from those documents, separate from other documents and information by including them in a Confidential SOF which could be filed under seal if the Court found it appropriate.

JDPI now seeks to gain an advantage in the litigation by preventing VIP from using the Confidential Materials. Instead of cooperating with VIP's efforts to confer regarding an under seal filing, pursuant to LRCiv 5.6(c), JDPI filed the present motion to preclude based on an alleged violation of a page limitation. Any violation of the page limitation is a mere technicality that arose only because VIP is acting to protect JDPI's allegedly Confidential Materials.

JDPI should not be allowed to gain an unfair advantage by exploiting an order designed to protect the legitimately confidential information of litigants acting in good faith, nor should VIP be punished for acting in good faith to preserve JDPI's allegedly confidential information.

**II.  Procedural Background**

During discovery in this matter, VIP sought documents related to the design and selection of the packaging alleged by JDPI to constitute its protectable trade dress. JDPI refused to produce certain responsive documents unless VIP stipulated to the entry of an order providing for the protection of documents designated as confidential. In an effort to resolve the dispute, and to address JDPI's concerns, VIP agreed to stipulate to the entry of a

2

Stipulated Protective Order (Doc. 45; the "Protective Order"). JDPI produced several documents it designated "confidential" and "confidential—attorneys' eyes only" pursuant to the Protective Order.

Given the large number of claims and issues in this case, the parties filed a Joint Motion to Exceed the Page Limitation (Doc. 90) for summary judgment rulings. The parties provided a proposed form of order that specified that "the parties may file one motion for summary judgment each up to 30 pages supported by a statement of facts of up to 20 pages[.]" (Doc. 90-1). On October 2, 2015, the Court granted the parties Joint Motion to Exceed Page Limitation (Doc. 93).

The parties thereafter prepared their respective motions for summary judgment. There is no dispute that VIP's MSJ is under 28 pages, and its Separate Statement of Facts (Doc. 111; VIP's "SOF") does not exceed 20 pages.

In an effort to protect JDPI's designated "confidential" materials, and preserve Court resources, VIP included the Confidential Materials in its Confidential SOF, which it prepared separately. VIP formatted its Confidential SOF to indicate precisely the language from the Confidential Materials on which it relied. As formatted, the Confidential SOF is approximately 5 pages. VIP could have prepared the Confidential SOF to be drastically shorter, but at the cost of making it more time-consuming for the Court to identify the relevant language in the Confidential Materials. Such an approach would have required additional time from the Court both when the Court made a determination regarding the filing of the documents under seal, and also when it ruled on VIP's MSJ.

Similarly, VIP could have incorporated the Confidential SOF into its SOF at the expense of leaving the Court to search the SOF to identify Confidential Materials to consider whether they should be under seal.

In advance of filing its MSJ, VIP contacted JDPI's counsel to arrange for the Confidential Materials to be filed separately, under seal. Rather than dispute JDPI's confidential designation, VIP was willing to agree that the documents could be filed under seal. JDPI, however, did not provide any explanation of the basis for its "confidential" designations—or any facts or law to support its contention that the documents should be filed under seal. VIP, having no knowledge or information concerning the basis for JDPI's designations, was unable to provide that information in its Joint Motion to File Under Seal (Doc. 103), resulting in the motion being denied without prejudice. *See* Order dated October 27, 2015 (Doc. 123).

After receiving the October 27 Order, VIP again contacted JDPI's counsel seeking an explanation of the facts and law supporting JDPI's contention that these documents were confidential. Instead of responding, and without attempting to resolve the issue or even inform VIP's counsel of any concern regarding page limitations, JDPI filed its Motion to Preclude.

### III.    Argument

VIP is entitled to use the Confidential Materials to support its claims and defenses. In the Confidential Materials, JDPI makes statements that demonstrate the functionality of the alleged trade dress at issue in this matter. VIP is entitled to have those statements considered by the Court. Excluding the Confidential Materials would unfairly prejudice VIP's case by keeping important relevant evidence from being considering on summary judgment.

JDPI will suffer no unfair prejudice if the Confidential SOF is considered. JDPI does not even attempt to argue that there is any substantive basis for precluding the Confidential SOF. The sole basis for JDPI's motion is that the Confidential SOF allegedly exceeds a 20-page limit on statements of fact. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir.

4

2010) (citing "the public policy favoring disposition of cases on their merits"); *Addison v. Cienega, Ltd.*, 146 Ariz. 322, 324, 705 P.2d 1373, 1375 (App. 1985) ("The law should not encourage lawyers to wait like vultures for any procedural slip so as to avoid resolution on the merits.").

In a good-faith effort to respect JDPI's "confidential" designation and to preserve judicial time and resources, VIP presented the Confidential Materials in a separate document that could be easily identified and considered by the Court when deciding whether the materials should properly be filed under seal.

As such, VIP requests the Court to deny JDPI's Motion to Exclude. In the event the Court is inclined to grant JDPI's Motion, VIP requests the Court to grant VIP leave to exceed the page limitations set forth in its Order (Doc. 93) as it pertains to the Confidential Statement of Facts. In the alternative, VIP requests that it be granted leave to file an amended statement of facts that incorporates the Confidential Statement of Facts.

### IV. Conclusion

For these reasons, VIP requests that JDPI's Motion be denied. Alternatively, if the Court is inclined to grant JDPI's Motion, VIP respectfully requests leave to exceed the page limitations as it pertains to the Confidential Statement of Facts or leave to file an amended SOF that incorporates the information from the Confidential Statement of Facts.

**RESPECTFULLY SUBMITTED** this 20th day of November, 2015.

**DICKINSON WRIGHT PLLC**

By: s/Jonathan S. Batchelor
    David G. Bray
    Frank G. Long
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    *Attorneys for VIP Products, L.L.C.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 20th, 2015, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

                                                                                 s/ Kylie M. Boie

PHOENIX 53913-11 260297v1