QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
Isaac.Crum@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

*Attorneys for Defendant and Counterclaimant
JACK DANIEL'S PROPERTIES, INC.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS** |
| v. | |
| Jack Daniel's Properties, Inc., | |
| Defendant. | |
| And Related Counterclaims. | |

## I. VIP DOES NOT DISPUTE THAT ALLOWING THE FILING OF ADDITIONAL CONFIDENTIAL FACTS WOULD VIOLATE THIS COURT'S ORDER

Defendant Jack Daniel's Properties, Inc.'s ("JDPI") Motion to Preclude Plaintiff from Re-Filing Its Confidential Statement of Facts (Doc. 125; "Motion") was based on a few simple facts, none of which VIP contests in its Opposition (Doc. 137; "Opposition"):

1. The parties agreed to limit the summary judgment statements of fact to 20 pages and jointly moved the Court for an order permitting up to 20 pages of facts.  Mot. 1 (Doc. 90; "Joint Motion").

2. The Court granted the parties' Joint Motion to allow up to 20 pages on October 2, 2015. Mot. 2 (Doc. 93; "Order").

3. On October 23, 2015, VIP filed a public statement of facts which used all 20 of its allotted pages.  Mot. 2 (Doc. 111; "Non-Confidential SOF").

4. On October 23, 2015, VIP also lodged with the Court what appears to have been 5 additional pages of facts styled "Plaintiff's Supplemental Statement of Confidential Facts."[1]  Mot. 2 (Doc. 119; "Confidential SOF").

5. The Court rejected VIP's lodged Confidential SOF without prejudice based on the insufficiently of the Parties' Joint Motion to Seal.  Mot. 3 (Doc. 123; "October 27, 2015 Order").

---

[1] As mentioned in JDPI's Motion, JDPI was never served with this filing. Mot. 1, n. 1. On November 4, 2015, one day after JDPI filed the instant Motion, VIP re-lodged these same documents with the Court. In conjunction with this second lodging, VIP likewise did not serve JDPI, and JDPI has never received formal service of any documents lodged with the Court as required by the local rules.  See Electronic Case Filing Administrative Policies and Procedures Manual ("the Administrative Manual"), § II(J)(1) ("Counsel must serve copies on opposing counsel by mail."); LRCiv. 5.6(c)(1) (stating that the Administrative Manual includes the instructions for lodging sealed documents).

1
**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS**

6. After receiving a courtesy copy of VIP's proposed five-page Confidential SOF on November 3, 2015 and learning that VIP intended to re-file its Confidential SOF, JDPI moved the Court to enforce its Order limiting the parties to 20 pages. Mot. 3.

VIP's Opposition does not in any way contest *any* of these facts. In particular, VIP does not contest that (1) it has already used its 20 pages; and (2) permitting VIP to file these additional facts would violate the Court's Order limiting the parties to 20 pages of facts. As explained in JDPI's Motion, the Court has the inherent authority to enforce its Orders. The Court should do so here and preclude the filing of any additional facts. Even a single line of additional facts would be in violation of this Court's Order.

## II. VIP'S ARGUMENT THAT THE COURT SHOULD OVERLOOK ITS VIOLATION OF THE RULES SHOULD BE REJECTED

Since factually there is no dispute that VIP's filing violates the Court's Order, VIP's Opposition asks the Court to "grant VIP leave to exceed the page limitations set forth in its Order (Doc. 93)" or to "grant[] [VIP] leave to file an amended statement of facts that incorporates the Confidential Statement of Facts." Opp'n. 5. Such a request is too little and too late. VIP's Opposition fails to explain why it did not approach JDPI or the Court a month ago, prior to the filing deadline for summary judgment motions, and inform JDPI or the Court that it needed additional pages. (Indeed, JDPI might have also used the additional pages, but limited its statement of facts to the agreed-upon and mandated 20-page limit in the Order. And, as the record shows, the parties have cooperated where possible (including in connection with the page limit increase) and have been amenable to filing joint or unopposed motions where possible.) VIP did not seek permission *before* it violated this Court's Order, and the Court should not grant VIP its requested absolution now.

2
**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS**

**III.   VIP'S "EXCUSE" IS NONSENSICAL AND SHOULD BE REJECTED**

VIP asserts that its decision to file 20 pages of facts publicly and to lodge an additional five pages under seal is due to "an effort to protect JDPI's designated 'confidential' materials, and preserve Court resources."  Opp'n. 3–5.  This, however, is a complete *non sequitur*.  VIP seeks credit for doing what it agreed to do and what it was required to do—abide by the terms of the protective order.  And while JDPI certainly appreciates the fact that VIP chose to follow the terms of the protective order, that does not give VIP license to exceed the page limits by an additional five pages.  VIP was required to both protect JDPI's confidential information *and* comply with this Court's Order.

## CONCLUSION

VIP's Supplemental Statement of Facts should be rejected for the simple reason that it was filed in violation of the Court's Order.  VIP's Opposition completely fails to explain why, when VIP learned prior to its filings that it would use more than its allotted 20 pages, VIP did not seek leave to exceed the page limitation to which it agreed.  VIP's attempt to seek forgiveness after the fact when it deliberately chose not to ask for permission before filing should not be countenanced.

DATED: November 30, 2015               Respectfully submitted,

                                                              /s/ Isaac S. Crum
                                                           Gregory P. Sitrick (AZ Bar #028756)
                                                           Gregory.Sitrick@quarles.com
                                                           Isaac S. Crum (AZ Bar #026510)
                                                           Isaac.Crum@quarles.com
                                                           Quarles & Brady LLP
                                                           Firm State Bar No. 00443100
                                                           One Renaissance Square
                                                           Two North Central Avenue
                                                           Phoenix, AZ 85004
                                                           Telephone (602) 229-5200
                                                           Fax (602) 229-5690

|   |   |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Christopher C. Larkin |
|   | (admitted pro hac vice) |
| 3 | clarkin@seyfarth.com |
|   | 2029 Century Park East |
| 4 | Suite 3500 |
|   | Los Angeles, California 90067-3021 |
| 5 | Telephone: (310) 201-5289 |
| 6 | Facsimile: (310) 201-5219 |
| 7 |   |
|   | *Attorneys for Jack Daniel's Properties, Inc.* |

4

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM RE-FILING ITS CONFIDENTIAL STATEMENT OF FACTS**

QB\37502910.3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

*/s/ Isaac S. Crum*

Isaac S. Crum

QB\37502910.3