Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan Batchelor (#026882)
jbatchelor@dickinsonwright.com
Colleen M. Ganin (#032456)
cganin@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff and Counterdefendant*
*VIP Products, L.L.C.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

VIP Products, L.L.C., an Arizona limited liability company,

Plaintiff and Counterdefendant,

v.

Jack Daniel's Properties, Inc., a Delaware corporation

Defendant and Counterclaimant.

No. 2:14-cv-02057-SMM

**PLAINTIFF'S REPLY IN SUPPORT MOTION TO EXCLUDE DEFENDANT'S BELATEDLY DISCLOSED SUPPLEMENTAL DECLARATION OF ITAMAR SIMONSON AND EVIDENCE OFFERED BY PHILLIP EPPS**

Plaintiff VIP Products ("VIP") hereby replies in support of its Motion to Exclude (Dkt. #133) the untimely supplemental Declaration of Itamar Simonson in Support of Defendant's Opposition to Plaintiff's Motion to Exclude Testimony of Itamar Simonson ("Simonson Declaration") (Dkt. #97-1) and paragraph five of the Declaration of Phillip Epps in Support of Motion for Partial Summary Judgment ("Epps Declaration") (Dkt. #105).

For the reasons below, VIP's Motion to Exclude ("the Motion") should be granted. VIP's Motion is procedurally proper under Local Rule 7.2 because it is authorized by

Rules 16, 26 and 37 of the Federal Rules of Civil Procedure. The Rules do not permit JDPI to strengthen and bolster its expert's report by supplementing that report long after the deadlines set by the Court in this case and in response to a *Daubert* motion. JDPI also is not permitted to rely on documents that should have been, but were not, disclosed in response to specific interrogatories requesting such material.

**I. <u>VIP's Motion to Exclude Is Procedurally Proper</u>.**

Local Rule 7.2 does not preclude consideration of VIP's Motion to Exclude (Dkt. #133) the untimely declaration of Simonson and paragraph five of the Epps Declaration. In its Motion, VIP moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to preclude the use of information on its motions that was not timely disclosed under Rules 16 and 26. As such, VIP's Motion to Exclude is pursuant to Rule 16(f) (sanctions for failure to comply with a court order, here the Court's Scheduling Order), Rule 26(g) (for incomplete disclosure) and Rule 37(b)(2)(C) (for failure to disclose). VIP's Motion to Exclude is therefore procedurally proper under Local Rule 7.2(m). *See Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 n. 2 (D. Ariz. 2009) (explaining that a separately filed motion to strike is procedurally proper under LR 7.2(m) where "authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(C), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."). As the District Court has stated:

> [A] motion to strike is warranted if authorized by a federal rule. Rule 7.2(m) provides a number of examples of rules that, if violated, allow a party to file a motion to strike. However, the list is not exhaustive. In any event, Defendants' Motion is authorized under Rule 37(b)(2)(C), which provides for sanctions, including striking pleadings, claims, and defenses for failure to comply with a discovery order. Therefore, even though the list of rules itemized in Local Rule 7.2(m) is not exhaustive, Rule 37(b)(2)(C) is specifically listed in Rule 7.2(m) and, in fact, authorizes Defendants' Motion to Strike.

*Giddings v. Vison House Prod., Inc.*, No. CV 05-2963-PHX-MHM, 2008 WL 2278134, at *2 n. 1 (D. Ariz. May 30, 2008).

Application of these principles here demonstrates that the Motion to Exclude is not barred by Local Rule 7.2. The Motion properly seeks to have the Court perform its important gatekeeping function, pursuant to Rules 16, 26 and 37, to exclude an untimely supplemental expert declaration and references to documents that should have been, but were not, disclosed in response to specific interrogatories.

**II. <u>The Simonson Supplemental Declaration Should Be Excluded</u>.**

This Court's Case Management Order required Defendant JDPI to provide full and complete expert disclosures no later than May 8, 2015 (Dkt. #25), a deadline later extended to July 13, 2015 (Dkt. #63) and cautioned that "absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates." (Dkt. #25 at p. 3). JDPI does not dispute that supplementing the Simonson Report, long after the expert disclosure deadlines and without requesting a modification of the Court's scheduling order, violates Rule 16(b) or Rule 26(a), nor does JDPI dispute that it did not seek to modify the Court's Scheduling Order.

Instead, JDPI argues that it is proper for it to cure the deficiencies in the Simonson Report, or otherwise offer an "elaboration of the opinions already disclosed in Dr. Simonson's expert report," in response to VIP's *Daubert* Motion. (Dkt. #139 at p. 6). To the contrary, it is well-settled that JDPI is not permitted to cure the deficiencies, or otherwise "strengthen, broaden, and deepen" the opinions contained in the Simonson Report after the discovery and disclosure deadlines in this case.

Allowing parties to "elaborate" on expert opinions long after the disclosure and discovery deadlines would invite endless supplementation solely for adding analysis or bolstering opinions in violation of Rule 26 and would needlessly extend discovery: "Rule 26's expert disclosure requirements would be obviated if exports could continually refine their opinion." *In re Oracle Corp. Securities Litigation*, No. C 01-00988, 2009 WL 1709050 at *26 (N.D. Cal. June 19, 2009) (holding that the plaintiffs "exceeded the permissible scope of a supplemental disclosure . . . by including additional analysis to shore

up [the expert]'s original opinion"). Thus, supplemental expert reports intended to "strengthen, broaden, and deepen the earlier opinions," are prohibited under Rule 26(e). *Palmer v. Asarco Inc.*, 2007 WL 2254343, *3 (N.D. Okla. 2007); *Beller v. U.S.*, 221 F.R.D. 689, 696 (D. N.M. 2003).

To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports as each side, in order to buttress its case or position, could continually "supplement" existing reports and modify or "elaborate on" opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. "That process would hinder rather than facilitate settlement and the final disposition of the case." *Beller v. United States*, 221 F.R.D. 689, 694 (D.N.M. 2003); *see also Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1334 (10th Cir. 2004) ("[t]he orderly conduct of litigation demands that expert opinions reach closure.").

Moreover, JDPI is not permitted to bolster or "elaborate" upon or otherwise cure the deficiencies in its expert's opinions in response to a *Daubert* motion as it attempts to do here. *See e.g., R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 914 (N.D. Ohio 2008) aff'd, 606 F.3d 262 (6th Cir. 2010) (refusing to consider declaration meant to cure deficiencies in expert report in response to challenge based on, *inter alia*, Fed. R. Evid. 702); *Palmer v. Asarco, Inc.*, No. 03-CV-0498, 2007 WL 2254343 at *2, 4 (N.D. Ok. Aug. 3 2007) (refusing to allow expert to testify to matters included for the first time in an affidavit produced in response to a *Daubert* challenge because "[p]ermitting late supplementation of expert reports has the effect of denying the opposing party the opportunity to file a meaningful *Daubert* motion as to questionable expert testimony"); *Kipperman v. Onex Corp.*, 411 B.R. 805, 838-839 (N.D. Ga. 2009) (refusing to consider expert's declaration, because it was an "improper supplemental expert report submitted out of time far after the close of

discovery and with no possibility for cross examination"). Any contrary rule would run counter to *Daubert's* exacting standards from which parties know that they cannot "initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000).

Again, when convenient, JDPI does not disagree. As JDPI argued vehemently at the telephonic discovery dispute:

> We had an opportunity to review this expert's report. We deposed him on this report, and now it appears that VIP is attempting to supplement its report[.] Expert discovery, Your Honor, is closed at this point in addition to the fact discovery being closed. So Jack Daniel's vehemently objects to the inclusion of these documents and any additional supplementation of his report.

[Transcript at 14:4-10, attached as Exhibit 1 to VIP's Motion to Exclude (Dkt. #133).]

The exact same analysis applies to the Simonson Supplemental Declaration. After all, an ancient rule, recognized by both the Arizona Court of Appeals and the Ninth Circuit, applies here: "What's sauce for the goose is sauce for the gander." *See AMERCO v. Shoen*, 184 Ariz. 150, 164 n. 16, 907 P.2d 536, 550 n. 16 (App. 1995); *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1161 (9th Cir. 2001) ("what is sauce for the gander must be sauce for the goose").

**III. Paragraph Five of the Epps Declaration Should be Excluded.**

To determine whether the Jack Daniel's Trade Dress had acquired secondary meaning, VIP sought in its discovery requests, specifically in NUI nos. 2 and 4, the identification of "all facts and information pertaining to whether the JACK DANIELS TRADE DRESS … has acquired fame" and the identification of "all evidence in which [JDPI] intend[s] to rely to establish the extent of actual recognition of the JACK DANIELS TRADE DRESS." *Id.* JDPI responded to these requests with general and specific objections, but did not provide or reference the "ongoing" consumer tracking studies of brand "awareness" that it relies upon to prove awareness of its Trade Dress in its Motion for Partial Summary Judgment (Dkt. #101).

In its Motion for Partial Summary Judgment, JDPI argued that the Jack Daniel's Trade Dress had acquired secondary meaning. [JDPI Motion (Dkt. #101), at pp. 9-11]. In doing so, JDPI cited to the untimely Epps Declaration, specifically paragraph 5 therein, which referenced JDPI's "ongoing" consumer tracking studies of brand "awareness." [*Id.* at 10]. Obviously, and contrary to JDPI's contention, that information should have been disclosed in response to NUI Nos. 2 and 4. It is particularly disingenuous of JDPI to contend that VIP's NUI's did not request this information, when VIP requested *all* information and evidence JDPI intended to rely upon to establish actual awareness of the Trade Dress and then JDPI actually relied upon that information to establish actual awareness of its Trade Dress. Put another way, either the consumer tracking studies of the Jack Daniel's Brand are irrelevant as to whether the Trade Dress has acquired secondary meaning (JDPI's position in its discovery responses) or they are relevant (JDPI's position in its Motion for Partial Summary Judgment) and therefore should have been disclosed both in response to VIP's interrogatories and pursuant to JDPI's disclosure obligations. JDPI simply cannot have it both ways.

JDPI purports to have disclosed the alleged tracking studies. In fact, no "tracking studies" were disclosed. At most, the three page document that JDPI references in its Opposition (Dkt # 139, at p. 5:18-2) purports to represent the results of studies without any foundation or supporting documents.[1] It is not disputed that JDPI has never identified or disclosed the actual studies themselves.

Moreover, JDPI was required to specifically include the information in response to VIP's specific discovery requests. It did not do so and therefore Paragraph 5 of the Epps Declaration should be excluded. *See e.g., Cambridge Elec's Corp. v. MGA Elec's, Inc.*, 227 F.R.D. 313, 323-25 (C.D. Cal. 2004) (excluding a declaration at summary judgment where

---

[1] JDPI did not attach the document to its Opposition. It is also not attached to this Reply because it was marked as "Confidential Attorneys-Eyes Only" by JDPI pursuant to the protective order that has been entered in this case. At the Court's request, a copy can be provided.

the facts in the declaration were not previously disclosed in relevant interrogatory responses or supplementary interrogatory responses).

Indeed, JDPI did not even reference the alleged tracking studies in its response to VIP's interrogatories that specifically requested that type of information. But even if JDPI did reference them, that response would not be sufficient. Responses to interrogatories should not incorporate outside material by reference, but must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories. Moore's Federal Practice 3d § 33.103. *See, e.g., Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991) (it is improper and unresponsive merely to refer defendant to deposition testimony in answer to interrogatory requesting facts supporting plaintiff's claim); *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 263 (E.D. Pa. 1992) (plaintiff improperly responded to interrogatories asking for details of alleged "outrageous acts" and "unfair labor practice liability" by merely referring defendant to complaint).

Simply put, this should not be a guessing game. That is why, under the discovery rules, an evasive or incomplete discovery response is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(3).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Exclude should be granted.

**RESPECTFULLY SUBMITTED** this 10th day of December, 2015.

**DICKINSON WRIGHT PLLC**

By: s/ David G. Bray
David G. Bray
Frank G. Long
Jonathan S. Batchelor
Colleen M. Ganin
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
*Attorneys for VIP Products, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2015, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

s/ Kristi A. Arendt

PHOENIX 53913-11 263479v1