QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004–2391
Telephone: (602) 229–5317
Facsimile: (602) 420–5198
E-mail: Gregory.Sitrick@quarles.com
Isaac.Crum@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067–3021
Telephone: (310) 201–5289
Facsimile: (310) 201–5219
E-mail: clarkin@seyfarth.com

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JACK DANIEL'S PROPERTIES, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV-14–2057-PHX-SMM<br><br>**DEFENANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56.1 and Rule 56(c) of the Federal Rules of Civil Procedure, defendant and counterclaimant Jack Daniel's Properties, Inc. ("JDPI") submits this controverting statement of facts in opposition to the Statement of Facts filed by plaintiff and counter-defendant VIP Products, LLC ("VIP") (Doc. 111) in support of its motion for summary judgment, and requests that evidence objected to be stricken from the record on this motion. JDPI reserves the right to file supplemental responses, should the Court deny JDPI's motion (Doc. 125) and permit VIP's subsequently filed five pages of confidential facts (Doc. 127).

1.  Undisputed.

2.  Undisputed.

3.  Objection to relevance (Fed. R. Evid. 401). Undisputed.

4.  Objection to relevance (Fed. R. Evid. 401). Disputed that what is shown in VIP Ex. B[1] is "website advertising." It appears to be page 32 from VIP's 2014 retail catalog.

5.  Disputed as to the wording of the disclaimer, which states "This product is not affiliated with Jack Daniel Distillery."

6.  Undisputed.

7.  Undisputed.

8.  Undisputed.

9.  Objection to relevance (Fed. R. Evid. 401). Undisputed.

10.  Objection to relevance (Fed. R. Evid. 401). Undisputed.

11.  Objection to relevance (Fed. R. Evid. 401). Undisputed that this was a reason for the design change. Disputed that it was the only reason. Statement of Undisputed

---

[1]Throughout this response, JDPI refers to exhibits filed by VIP as "VIP Ex. __". For the Court's reference, VIP Ex. A–M are contained in Doc. 111-1, VIP Ex. N is contained in Docs. 112–115, VIP Ex. O–Z are contained in Doc. 116, VIP Ex. AA–QQ are contained in Doc. 117 and VIP Ex. RR–XX are contained in Doc. 118.

1

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1    Facts in Support of Motion for Partial Summary Judgment (Doc. 102) ("Stmt.") ¶ 95

2    (Hungerford Declaration in Support of Motion for Partial Summary Judgment

3    ("Hungerford Decl.") (Doc. 106) ¶¶ 6–9, Ex. 5; Taylor Declaration in Support of Motion

4    for Partial Summary Judgment ("Taylor Decl.") (Doc. 107) ¶ 4).

5         12.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that these were

6    among the changes to the bottle.

7         13.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

8         14.  Undisputed.

9         15.  Undisputed.

10        16.  Undisputed.

11        17.  Undisputed.

12        18.  Undisputed (as of 1992 when the book was published).

13        19.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that Mr. Epps so

14   testified, but the cited testimony is incomplete and taken out of context.  Mr. Epps

15   testified that "we have a huge and powerful trademark" that is more than just the Jack

16   Daniel's name, that his interpretation of the question "was that it was really just the name

17   and the logo," that he believed that "the brand is one of most iconic in the world, and it's

18   more than just.  What we call the arched logo and the black and white, it's the square

19   bottle, it's the filigree.  It's the perceived potency of the brand, and that's the reason why

20   we see so many people wanting to use that and wanting to band themselves with it."  VIP

21   Ex. L at 30:17–31:13.

22        20.  Undisputed that the Jack Daniel's Trade Dress has been used since at least as

23   early as the 1960s.  Undisputed that JDPI does not have documents from the 1950s

24   specifically regarding the selection and adoption of the Jack Daniel's Trade Dress.

25   Disputed that JDPI has no documents showing the trade dress from the 1950s.  Stmt. ¶ 95

26   (Hungerford Decl. ¶¶ 3–5, Exs. 1–4).

27        21.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that this accurately

28   recounts Mr. Gooder's testimony.

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1    22. Objection to relevance (Fed. R. Evid. 401). Undisputed that this accurately

2    recounts Mr. Gooder's testimony.

3    23. Objection to relevance (Fed. R. Evid. 401). Undisputed.

4    24. Objection to relevance (Fed. R. Evid. 401). Undisputed that bottles existed

5    with individual elements as recited—except as to "William Heavenhill bourbon" and Jim

6    Beam (Beam Suntory), which are not shown on the cited pages of VIP Exhibit M.

7    25. Objection to relevance (Fed. R. Evid. 401). Undisputed that JDPI does not

8    object to the use of "No. 8" on the packaging for "George Dickel" whiskey.

9    26. Objection to relevance (Fed. R. Evid. 401). Undisputed that Jim Beam is

10   "probably" the largest competitor for Jack Daniel's whiskey, VIP Ex. L at 132:8–19, and

11   that the Jim Beam whiskey packaging uses arched lettering on its label.

12   27. Objection to relevance (Fed. R. Evid. 401). Undisputed that the depicted

13   bottles are packaging for distilled spirits. Disputed that the packaging for the tequilas,

14   which are distributed by JDPI's licensee Brown-Forman, is used by competitors of Jack

15   Daniel's.

16   28. Objections that the Sacra Report is unsworn hearsay and as to relevance and

17   opinion testimony by a lay witness, *see* Stmt. ¶ 109. (Fed. R. Evid. 401, 701, 801–802;

18   *Smith v. City of Oakland*, No. C-05–4045-EMC, 2007 WL 2288328, at *4 (N.D. Cal.

19   Aug. 9, 2007)). Undisputed that the "Sacra Research" was prepared by Mr. Sacra.

20   Disputed as to the following statements in Mr. Sacra's declaration (VIP Ex. O): (1) ¶ 2. "I

21   have approximately 10 years' experience in marketing and promoting alcoholic

22   beverages." Larkin Declaration in Opposition to Motion for Summary Judgment

23   ("Larkin Decl.") ¶ 2, Ex. 1 (Sacra Tr. 13:6–7:15:5, 9–14; VIP Ex. N-4 at SAC0002); (2)

24   ¶ 5. "I have approximately 22 years' personal experience in the spirits industry, including

25   extensive experience with the various sizes, shapes, appearances and displays of spirits

26   bottles." Stmt. ¶ 4 (Sacra Tr. 188:7–15, 189:11–19, 261:6–18, 263:2–25, 264:1–4; Ex.

27   69); Sacra Tr. 13:6–15:5, 9–14; VIP Ex. N-4 at SAC0002); (3) ¶ 6. "I am familiar with

28   the bottles and labels currently in use by various bourbon/whiskey brands in the United

3

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

States." Stmt. ¶ 4 (Sacra Tr. 188:7–15, 189:11–19, 261:6–18, 263:2–25, 264:1–4; Ex. 69); Sacra Tr. 13:6–15:5, 9–14; VIP Ex. N-4 at SAC0002); and (4) ¶ 13. "I concluded that the combination of the four primary elements of the alleged 'Jack Daniel's Trade Dress' identified by JDPI act as a generic identifier for US bourbon/whiskey." Stmt. ¶¶ 68–69, 88, 109. 165–167 (VIP Tr. 59:16–60:12; 79:9–12; 79:25–80:5 106:8–10; 126:8–127:12; 129:9–16; 136:17–23;195:13–25; 198:13–16; 200:22–201:15; 220:24–221:5).

29. Objections that the Sacra Report is unsworn hearsay and as to relevance and opinion testimony by a lay witness, *see* Stmt. ¶ 109. (Fed. R. Evid. 401, 701, 801–802; *Smith*, 2007 WL 2288328, at *4). Undisputed that this accurately recites the cited portion of the Sacra Report. Disputed that this is probative of any issue regarding the Jack Daniel's Trade Dress. Stmt. ¶¶ 68–69, 88, 109. 165–167 (VIP Tr. 59:16–60:12; 79:9–12; 79:25–80:5 106:8–10; 126:8–127:12; 129:9–16; 136:17–23;195:13–25; 198:13–16; 200:22–201:15; 220:24–221:5).

30. Objections that the Sacra Report is unsworn hearsay and as to relevance and opinion testimony by a lay witness, *see* Stmt. ¶ 109. (Fed. R. Evid. 401, 701, 801–802; *Smith*, 2007 WL 2288328, at *4). Disputed that the Sacra Report found that any or all of the so-called "four primary elements are used on a majority of the products sold by the identified producers, much less an "overwhelming majority" of the products. VIP Ex. N-4 at SAC0045. Disputed that the Sacra Report found that a combination of at least three of the four primary elements of the alleged trade dress is used on a majority of the products sold by the identified bourbon and American whiskey providers. VIP Ex. N-4 at SAC 0048–0049 (combination of three elements used on only "17.5% of the 114 bottle reviewed" and combination of all four elements used on only "12.3% of the 114 bottles reviewed"). Disputed that the Sacra Report is probative of any issue regarding the Jack Daniel's Trade Dress. Stmt. ¶¶ 68–69, 88, 109. 165–167 (VIP Tr. 59:16–60:12; 79:9–12; 79:25–80:5 106:8–10; 126:8–127:12; 129:9–16; 136:17–23;195:13–25; 198:13–16; 200:22–201:15; 220:24–221:5).

4

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

QB\37500392.4

31.  Objection to relevance, foundation, and lack of personal knowledge as to the existence and distribution, if any, of the materials depicted in Mr. Sacra's report and objection that the Wolinsky report is unsworn hearsay (Fed. R. Evid. 401, 602, 801–802; *Smith*, 2007 WL 2288328, at *4).  Undisputed that the Jack Daniel's Trade Dress is imitated on various unlicensed third-party products.  It is not clear what VIP means by "stock images sold by graphic designers" or which exhibits show such "stock images."  Disputed that the cited trademark registrations depict products resembling the Jack Daniel's Trade Dress in overall appearance.  VIP Ex. S.

32.  Undisputed that these characteristics are among those for Jack Daniel's whiskey.  VIP Ex. G at 82:4–10.

33.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that "some of the elements on the label evoke history and authenticity, not all of them."  VIP Ex. I at 106:2–11.

34.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that this is what the focus groups revealed.  Disputed that the focus groups are projectable to all consumers or representative of the views of all consumers.  Resp. ¶¶ 140–148.

35.  Objection to relevance (Fed. R. Evid. 401).  Disputed.  Mr. Roush's testimony was that whether or not a black and white label is associated with a Kentucky or Tennessee bourbon or whiskey "all depends on the elements and the look."  VIP Ex. H at 60:16–61:1.

36.  Objection that the Howard report is unsworn hearsay (Fed. R. Evid. 801–802; *Smith*, 2007 WL 2288328, at *4).  Disputed that his opinion shows the functionality of the mark shown in Reg. No. 4,106,178 or of the Jack Daniel's Trade Dress.  Stmt. ¶¶ 97, 106–108, 110–167 (Larkin Declaration in Support of Motion for Partial Summary Judgment ("Larkin PSJ Decl.") (Doc. 104) Exs. 4–6 (Howard Tr. 64:14–19, 65:3–25, 66:1–7, 66:21–67:7, 67:20–69:7, 93:1–94:15, 101:11–24, 102:4, 12–16, 108:2–9, 133:22–25, 134:1–4, 9–23, 138:2–27, 140:23–141:12 141:13–25, 145:14–146:2, 148:2–18, 149:3–15, 150:1–4, 11–18, 151:6–152:1, 152:14–23, 155:5–13, 157:14–158:8,

5

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

158:13–23, 159:17–19, 160:11–14, 160:15–161:12, 170:3–171:20, 171:22–173:6,

176:10–23, 177:2–25, 178:13–18, 179:20–180:3, 180:18–182:7, 182:2–183:5 183:6–20,

184:10–185:8, 185:21–186:1, 190:3–8, 191:11–25, 192:2–196:5, 196:6–16, 197:20–

198:2, 198:21–200:8, 200:15–18, 204:13–205:4, 205:22–206:5, 206:6–207:2, 207:9–

208:9, 211:14–212:2, 213:2–8, 214:13–20, 215:14–18, 215:23–217:18, 24–219:4; Exs.

53, 86; Wolinsky Tr. 180:11–181:7, 246:14–22; Ex. 96; VIP Tr. 59:12–60:12, 79:9–12,

25–80:5, 136:17–23; Ex. 3); Taylor Decl. ¶¶ 4–11; Hungerford Decl. Hungerford Decl.

¶¶ 6–10; Exs. 3–6).

37.   Objection to relevance (Fed. R. Evid. 401).  Undisputed.

38.   Objection to relevance (Fed. R. Evid. 401).  Undisputed.

39.   Objections that the Wolinsky report is unsworn hearsay and as to relevance

(Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4).  Undisputed that it is

quoted accurately.  Disputed that his opinion shows the functionality of the Jack Daniel's

Trade Dress.  Stmt. ¶¶ 89–96, 158–159, 163–167 (Larkin PSJ Decl. ¶¶ 4, 6, 7, 8, Exs. 3,

5–7 (VIP Tr. 59:12–15, 59:16–60:12, 79:9–12, 79:25–80:5, 136:17–23, 196:19–

24,198:13–13, Ex. 3 (SAC0023); Wolinsky Tr. 73:25–74:5, 180:11–181:7, 180:25–

181:5, 181:17–182:7, 186:22–187:1, 187:6–13, 189:7–12, 189:25–190:3, 17–20, 241:6–

25, 246:14–247:1, 253:6–13, 254:3–10, Ex. 96; Taylor Decl. ¶¶ 4–11; Hungerford Decl.

¶¶ 6–10, Exs. 3–6).

40.   Objections that the Wolinsky report  is unsworn hearsay and as to relevance

(Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4).  Undisputed that it is

quoted accurately.  Disputed that his opinion shows the functionality of the Jack Daniel's

Trade Dress.  Stmt. ¶¶ 89–96, 158–159, 163–167 (Larkin PSJ Decl. ¶¶ 4, 6, 7, 8, Exs. 3,

5–7 (VIP Tr. 59:12–15, 59:16–60:12, 79:9–12, 79:25–80:5, 136:17–23, 196:19–

24,198:13–13, Ex. 3 (SAC0023); Wolinsky Tr. 73:25–74:5, 180:11–181:7, 180:25–

181:5, 181:17–182:7, 186:22–187:1, 187:6–13, 189:7–12, 189:25–190:3, 17–20, 241:6–

25, 246:14–247:1, 253:6–13, 254:3–10, Ex. 96; Taylor Decl. ¶¶ 4–11; Hungerford Decl.

¶¶ 6–10, Exs. 3–6)).

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

41.  Objections that the Wolinsky report is unsworn hearsay and as to relevance (Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4).  Undisputed that it is quoted accurately.  Disputed that his opinion shows the functionality of the Jack Daniel's Trade Dress.  Stmt. ¶¶ 89–96, 158–159, 163–167 (Larkin PSJ Decl. ¶¶ 4, 6, 7, 8, Exs. 3, 5–7 (VIP Tr. 59:12–15, 59:16–60:12, 79:9–12, 79:25–80:5, 136:17–23, 196:19–24,198:13–13, Ex. 3 (SAC0023); Wolinsky Tr. 73:25–74:5, 180:11–181:7, 180:25–181:5, 181:17–182:7, 186:22–187:1, 187:6–13, 189:7–12, 189:25–190:3, 17–20, 241:6–25, 246:14–247:1, 253:6–13, 254:3–10, Ex. 96; Taylor Decl. ¶¶ 4–11; Hungerford Decl. ¶¶ 6–10, Exs. 3–6).

42.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

43.  Undisputed.

44.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

45.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

46.  Objections that the Wolinsky report is unsworn hearsay and as to relevance (Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4).  Undisputed that it is quoted accurately.  Disputed that his opinion shows a lack of distinctiveness of the Jack Daniel's Trade Dress.  Stmt. ¶¶ 45–66, 70–87 (Larkin PSJ Decl. Ex. 5 (Wolinsky Tr. 8:11–9:1, 61:21–25, 152:51–4, 158:7–18, 160:8–161:13, 163:6–12, 164:4–166:24, 176:10–177:21, 179:5–18, 180:1–20, 186:14–21, 196:15–197:3, 198:8–10, 260:11–17, 235:11–236:17, 237:24–238:17, 240:16–20, 244:17–22, 255:7–16, 263, Exs. 91, 96); Declaration of Philip Epps ("Epps Decl.") (Doc. 105) ¶¶ 4–13, Exs. 1–9; Hungerford Decl. ¶¶ 3–5, Exs. 1–4).

47.  Objections that the Wolinsky report is unsworn hearsay and as to relevance (Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4).   Undisputed that it is quoted accurately.  Disputed as to whether his opinion shows a lack of distinctiveness.  Disputed that his opinion shows a lack of distinctiveness.  Stmt. ¶¶ 45–66, 70–87 (Larkin PSJ Decl. Ex. 5 (Wolinsky Tr. 8:11–9:1, 61:21–25, 152:51–4, 158:7–18, 160:8–161:13, 163:6–12, 164:4–166:24, 176:10–177:21, 179:5–18, 180:1–20, 186:14–21, 196:15–

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

197:3, 198:8–10, 260:11–17, 235:11–236:17, 237:24–238:17, 240:16–20, 244:17–22, 255:7–16, 263, Exs. 91, 96); Epps Decl. ¶¶ 4–13, Exs. 1–9; Hungerford Decl. ¶¶ 3–5, Exs. 1–4).

48.  Undisputed.

49.  Undisputed.

50.  Objection to relevance (Fed. R. Evid. 401).  Disputed.  Mr. Hungerford's testimony was that there were "some similarities" between the stock bottle and the Jack Daniel's Old No. 7 Tennessee whiskey bottle in use around 1906, as well as some differences.  VIP Ex. I at 92:8–24.

51.  Undisputed.

52.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that Mr. Hungerford's belief that Jack Daniel's whiskey has always been sold in a custom proprietary bottle is not based on "research."  VIP Ex. I at 87:21–88:9.  Disputed that his belief has no basis.  VIP Ex. I at 84:16–85:9, 17–25.

53.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

54.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

55.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that the Jack Daniel's television advertising targets "broadly speaking" men 25 to 40.  VIP Ex. L at 82:5–9.

56.  Objection to relevance (Fed. R. Evid. 401).  Undisputed as to the bottle and label changes that were the subject of Mr. Epps's testimony.

57.  Undisputed.

58.  Undisputed.

59.  Undisputed.

60.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that advertisements for Jack Daniel's whiskey advertise the product.  Undisputed that Mr. Gooder did not know of any advertising of just the "evolution bottle" itself without its label.  Disputed that there has been none.  VIP Ex. G at 64:8–19; Larkin Decl. ¶ 3, Ex. 2 (Epps Tr. 48:16–50:24, Ex. 57 (JDPI 4451–4452)).

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

61. Objection to relevance (Fed. R. Evid. 401). Undisputed that Mr. Gooder could not identify a specific advertisement that specifically calls out the shape of the "evolution bottle" as a designator of source for Jack Daniel's whiskey. Disputed that there has been none. VIP Ex. G at 64:8–19; Larkin Decl. Ex. 2 (Epps Tr.) at 48:16–50:24, Ex. 57 (JDPI 4451–4452).

62. Objection to relevance (Fed. R. Evid. 401). Undisputed that the licensed product shown in VIP Ex. X at JDPI 4303 identifies the JACK DANIEL'S and OLD NO. 7 marks as registered trademarks and that many ads identify JACK DANIEL'S and OLD NO. 7 as registered trademarks.

63. Objection to relevance (Fed. R. Evid. 401). Disputed that there is no "express identification" (verbal or textual) of the Jack Daniel's Trade Dress in any ads for Jack Daniel's whiskey. Stmt. ¶ 47 (Hungerford Decl. ¶ 5; Ex. 4). Disputed that the ads do not show the Jack Daniel's Trade Dress as a trademark for Jack Daniel's whiskey. VIP Ex. Y (JDPI 152, 153, 154, 155, 156, 157, 159, 175, 176,  177, 184, 186, 190, 193, 197, 212, 215,  217, 238, 241, 242, 246, 250), VIP Ex. Z; Larkin Decl. Ex. 5 (JDPICONF 00004, 00005, 00006, 00007, 00023, 00024, 00037, 00058, 00061, and 00065).  Many ads since 2000 have highlighted the packaging together with brief taglines like "Enjoyed in 135 Countries. Made in a Town With One Stoplight," "Sequel-Proof," "Football. Friends. Flask of Jack.,"  "Still Version 1.0," "Tennessee Mistletoe," "Aromatherapy for Men," "Flavor of the Month (For 140 Years)," "There Are Perfect 10s. But Only One No. 7," "The Women in Jack Daniel's Day Tended to Leave a Bit More to the Imagination" (with the tagline imposed over the packaging and the words "Jack Daniel's taken from the packaging), "136 Years.  Seven Generations. One Recipe.  Enough Said," "The Same Since the Sixties. That Would Be the 1860's," and "With the Band Since 1866." VIP Ex. Y (JDPI 152, 154–157, 159, 175–176, 179, 181, 184–186, 190, 197, 202, 209, 215, 217–218, 221, 241–242, and 246); Larkin Decl., Ex. 5 (JDPICONF 00065); VIP Exs. CC, EE.

64. Objection to relevance (Fed. R. Evid. 401). Disputed. Numerous Jack

9

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Daniel's print advertisements show the entire packaging, VIP Ex. Y (JDPI 152, 153, 154, 155, 156, 157, 159, 175, 176,  177, 184, 186, 190, 193, 197, 212, 215,  217, 238, 241, 242, 246, 250), VIP Ex. Z, Larkin Decl. Ex. 5 (JDPICONF 00004, 00005, 00006, 00007, 00023, 00024, 00037, 00058, 00061, and 00065), and most others show most of the packaging.  VIP Ex. Y.

65.  Objection to relevance (Fed. R. Evid. 401).  VIP Ex. Z shows Jack Daniel's print advertisements.  Undisputed that one advertisement stated, in part, that "The label on a bottle of Jack Daniel's whiskey is for folks who aren't impressed by labels.  You see, our founder said what went in his bottle was more important that what went on it."

66.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that a July 2011 ad in Playboy showed Jack Daniel's whiskey in the so-called "evolution" bottle with Jack Daniel's Tennessee Honey in the so-called "bevel" bottle.  VIP Ex. AA at JDPI 4454.

67.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that the print ads in VIP Ex. BB at JDPI 4462–4464 do not show the Jack Daniel's bottle.  Disputed that the print ad in VIP Ex. BB at JDPI 4460–4461 does not show the bottle.  Disputed that the print ads in VIP Ex. BB at JDPI 4460–4464 do not show any elements of the trade dress.  Undisputed that the ad shown in VIP Ex. CC JDPI 4457 reads in part that "One Man Put It in a Bottle.  Disputed that the ad does not show the trade dress.  Disputed that none of the ads in VIP Ex. BB do not feature any bottle.  JDPI 4460–4461. Undisputed that the ad in VIP Ex. DD at JDPI 4453–4454 does not show any bottle.  Disputed that the ad in VIP Ex. EE at JDPI 4455 shows only a "partial image" of the bottle.  Disputed that the ad in VIP Ex. FF at JDPI 4456 does not feature the entire bottle, regardless of its relative size. Disputed that the ad in VIP Ex. BB at JDPI 4460–4461 features only a "partial image" of the bottle.

68.  Undisputed.

69.  Objection to relevance (Fed. R. Evid. 401).  Disputed that the "outdoor ads" in VIP Ex. GG at JDPI 253–258 (which are in-store point-of-sale promotional items) do not promote the bottle or trade dress, which are prominently and visually featured on signage

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

(JDPI 253–254, 256–258), display stands (JDPI 254), and/or display cartons (JDPI 255–256, 258). Undisputed that the outdoor advertising in VIP Ex. HH (JDPI 269–273) does not make verbal references to the Jack Daniel's Trade Dress. Disputed that such advertising and the other outdoor advertising (VIP Exs. HH and II) does not prominently highlight the Jack Daniel's Trade Dress. Undisputed that certain outdoor advertising bear the slogan "Gather Round with a Round" (not "Have a Round With a Round" as claimed by VIP), which is a reference to gathering together to have a round of drinks, and do not make an express textual reference to a square shaped bottle (VIP Ex. II at JDPI 458–465, 469–470). Disputed that such advertising and the other outdoor advertising (VIP Exs. HH and II) does not prominently highlight the packaging and the Jack Daniel's Trade Dress. Undisputed that one truck exterior only shows the part of the product label (VIP Ex. II at JDPI 452). Disputed that what VIP calls "miscellaneous materials" (VIP Ex. II at JDPI 453–474) only contain "incidental depiction[s] of the Jack Daniel's bottle. Disputed that still photographs of the placement of Jack Daniel's whiskey in television programs (VIP Ex. JJ at JDPI 475–478) reflect use of the bottle as a "prop" and no focus on the bottle configuration. Disputed that "only one ad produced by JDPI (VIP Ex. II at JDPI 0473) showed use of the bottle shape alone to convey an association with JD Whiskey." VIP Exs. HH and II.

70. Undisputed.

71. Objection to relevance (Fed. R. Evid. 401). Undisputed that the promotional materials do not expressly refer in text or copy to the Jack Daniel's bottle or the Jack Daniel's Trade Dress. Disputed that they do not promote the bottle or trade dress, which are prominently and visually featured on signage (VIP Ex. GG (JDPI 253–254, 256–258)), display stands (JDPI 254)), and/or display cartons (JDPI 255–256, 258)).

72. Objection to relevance (Fed. R. Evid. 401). Undisputed that the Jack Daniel's product placement in motion pictures is not accompanied by "verbal reference to the Jack Daniel's Bottle Configuration or the alleged Jack Daniel's Trade Dress."

73. Objection to relevance (Fed. R. Evid. 401). Undisputed that two television

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1    ads show the visual slogan "What the label doesn't tell you, a sip will and that the TV ads

2    do not contain  express verbal references to or descriptions of the Jack Daniel's Trade

3    Dress.  Disputed that the TV ads picture the packaging only briefly.  Almost all of the TV

4    ads highlight the packaging as the last thing that is seen by the viewer, including JDPI

5    479–483, 4431–4432, and 4434–4435.  One TV ad pans up the packaging from bottom to

6    top, highlighting various elements, before showing the full bottle being used and then

7    standing at the end.  JDPI 479.  Others start with a close up of the label and then pull

8    away from a tight shot of the label to show the entire packaging at the end.  JDPI 482–

9    483, and 4434.  Ads noting that Frank Sinatra "loved Jack" show the bottle multiple

10   times, including in Sinatra's hands, state that he was even buried with a bottle, and use

11   Sinatra's voice stating "That's the nectar of the gods, baby" juxtaposed with large picture

12   of the bottle, followed by a close-up of the label.  JDPI 4431–32.  Another TV ad states

13   that "he [Jack Daniel's] has been on tour since 1866" and shows the packaging with a

14   voiceover "His Name is Jack" (JDPI 4435), while another having to do with what is made

15   in America uses the appearance of the packaging at the end in lieu of a verbal reference

16   to the brand, with a voiceover stating is "As American as [the packaging]." JDPI 4440.

17       74.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that the appearance of

18   Jack Daniel's whiskey in television programs does not include any verbal references to

19   the trade dress or bottle.

20       75.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that the endorsement

21   or use of Jack Daniel's whiskey by celebrities is not accompanied by "verbal or textual

22   references" to the Jack Daniel's Trade Dress.  Disputed that such endorsement or use

23   does not highlight the Jack Daniel's Trade Dress.  For example, ads noting that Frank

24   Sinatra "loved Jack" show the bottle multiple times, including in Sinatra's hands, state

25   that he was even buried with a bottle, and use Sinatra's voice stating "That's the nectar of

26   the gods, baby" to accompany a large picture of the bottle, followed by a close-up of the

27   label.  JDPI 4431–32.

28       76.  Objection to relevance (Fed. R. Evid. 401)  Disputed.  One article not

12

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1    included by VIP in VIP Ex. OO states "You can't miss Jack Daniel's on the shelf.  To set

2    his whiskey apart from others, Jack used a distinctive square bottle for Old #7."  (Larkin

3    Decl. ¶ 8 Ex. 7 (JDPI 506–508)).  VIP Ex. OO at JDPI 517 refers to "the whiskey in the

4    iconic square bottle with the bold black-and-white label."  VIP Ex. OO at JDPI 521 states

5    that "Jack Daniel's is a brand of Tennessee whiskey that is among the world's best-

6    selling liquors.  It is known for its iconic square bottles and black label."

7        77.  Undisputed that JDPI claims that the Jack Daniel's Trade Dress is featured

8    prominently on the website at www.jackdaniels.com, which last year was visited millions

9    of times.  JDPI is uncertain what VIP means by the "main page" of the website.  Disputed

10   that the page shown on VIP Ex. PP at JDPI 427 does not focus on the Jack Daniel's

11   Trade Dress, as it prominently displays the packaging and in text states that more than a

12   century after its introduction Jack Daniel's whiskey "is still judged the same way.  By the

13   way it looks."

14       78.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that social media

15   tweets do not verbally or textually "identify" the Jack Daniels bottle and Jack Daniel's

16   Trade Dress.  Disputed that the Jack Daniel's social media does not prominently display

17   the Jack Daniel's Trade Dress.  VIP Ex. QQ JDPI 438–450.

18       79.  Undisputed.

19       80.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that Dr. Ford testified

20   that his survey did not test for acquired distinctiveness.  Disputed that it is not probative

21   of that issue.  Larkin Decl., Ex. 4 (Ford Tr.) at 42:22–43:3; 44:17–21.

22       81.  Undisputed.

23       82.  Undisputed.

24       83.  Undisputed.

25       84.  Undisputed.

26       85.  Undisputed.

27       86.  Undisputed.

28       87.  Objection that Dr. Nowlis's report is unsworn hearsay (Fed. R. Evid. 801–

13

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

802); *Smith*, 2007 WL 2288328, at *4). Undisputed that his report states in para. 7 what is recited in this fact. Disputed as to whether Dr. Ford's survey is not probative on the issue of acquired distinctiveness. Larkin Decl., Ex. 4 (Ford Tr.) at 42:22–43:3, 44:17–21.

88. Objection to relevance (Fed. R. Evid. 401). Undisputed.

89. Objection to relevance (Fed. R. Evid. 401). Undisputed.

90. Objection to relevance (Fed. R. Evid. 401). Undisputed.

91. Objection to relevance (Fed. R. Evid. 401). Undisputed.

92. Objection to relevance (Fed. R. Evid. 401). Undisputed that Mr. Gooder so testified, but the cited testimony is incomplete and taken out of context. He went on to say that "I don't know that they necessarily understand what it means relative to that product." VIP Ex. G at 111:9–10, 18–22.

93. Objection to relevance (Fed. R. Evid. 401). Undisputed.

94. Objection to relevance (Fed. R. Evid. 401). Undisputed.

95. Objection to relevance (Fed. R. Evid. 401). Undisputed that the channels of trade for Jack Daniel's whiskey are everywhere distilled spirits can be sold in the United States. Undisputed that VIP does not sell its Bad Spaniels toy in "liquor stores" (understood to mean stores that primarily carry alcoholic beverages). Disputed that there are not channels of trade, including "big box" retailers, in which both VIP's products and Jack Daniel's whiskey and licensed goods are sold. VIP Ex. TT at 33:20–24; Stmt. ¶ 35 (Larkin PSJ Decl. Ex. 7).

96. Objection to relevance (Fed. R. Evid. 401). Undisputed that none of the revenues from the sales of Jack Daniel's whiskey have been derived from what VIP called "pet specialty retailers." VIP Ex. E. ¶ 18. Disputed as to all "stores in which the VIP Products is sold." VIP Ex. TT at 33:20–24. Undisputed that Jack Daniel's whiskey is not marketed through trade shows associated with the per supply business.

97. Objection to relevance (Fed. R. Evid. 401). Undisputed that Jack Daniel's whiskey is sold only to distributors, one for each state and some that operate in the duty-free world. Undisputed that Mr. Gooder testified that JDPI does not really advertise to

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1   distributors, but the cited testimony is incomplete and taken out of context.  He went on

2   to say that "it's done via e-mail, conversations, trade specific communication materials,"

3   some of which are electronic and some of which are in print.  VIP Ex. G at 137:9–18.

4       98.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that JDPI's licensees

5   advertise licensed Jack Daniel's goods via trade communications to retailers and on-line

6   of websites, but not to consumers separately.

7       99.  Objection to relevance (Fed. R. Evid. 401).  Undisputed.

8       100.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that Mr. Roush

9   testified that JDPI and Brown-Forman are "not okay with apparel being sold at mass

10  [merchandisers]," but the cited testimony is incomplete and taken out of context.  He also

11  testified that restrictions on sales of licensed products into mass merchandisers depended

12  on the category, and that sales of licensed culinary items and barbecue items in mass

13  merchandisers was acceptable.  VIP Ex. H at 106:13–19, 25–107:7.  Undisputed that

14  there are provisions in the standard license agreement regarding the channels of trade in

15  which a licensee can sell licensed goods and that there are restrictions on sales of licensed

16  Jack Daniel's goods into mass merchandisers depending on the category.

17      101.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that VIP's primary

18  channels of trade for its Bad Spaniels toy are pet specialty retailers and distributors of pet

19  products.  Disputed that these are the only channels of trade.  VIP Ex. TT at 194:8–12;

20  Stmt. ¶ 35.

21      102.  Undisputed.

22      103.  Objection to relevance (Fed. R. Evid. 401).  Undisputed that the only

23  licensed products sold with the Jack Daniel's marks are leashes, dog collars, and dog

24  bowls sold at the Lynchburg Hardware and General Store in Lynchburg, Tennessee, that

25  JDPI currently licenses the Jack Daniel's marks for leashes and collars to be sold

26  exclusively at the Lynchburg Hardware and General Store in Lynchburg, Tennessee, and

27  that Mr. Gooder was not aware that any licensed Jack Daniel's pet products were

28  available for sale on any website.  Disputed that JDPI "has no other interaction with the

15

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1    pet product industry." VIP Ex. G at 142:11–143:14.

2    104. Objection to relevance (Fed. R. Evid. 401). Undisputed.

3    105. Objection to relevance (Fed. R. Evid. 401). Undisputed that the only three-

4    dimensional licensed products in the shape of the Jack Daniel's bottle that Mr. Roush

5    could recall were a holiday ornament and a key chain. Disputed that other licensed

6    products do not bear the Jack Daniel's bottle shape. VIP Ex. H at 91:8–15.

7    106. Objection to relevance (Fed. R. Evid. 401). Undisputed.

8    107. Objection to relevance (Fed. R. Evid. 401). Undisputed.

9    108. Objection to relevance (Fed. R. Evid. 401). Undisputed.

10   109. Objection to relevance (Fed. R. Evid. 401). Undisputed.

11   110. Objection to relevance (Fed. R. Evid. 401). Undisputed.

12   111.  Objection to relevance (Fed. R. Evid. 401). Undisputed that Mr. Sacra's

13   deposition testimony is accurately recounted. Disputed that the Bad Spaniels toy

14   parodies Jack Daniel's whiskey. Larkin Decl., Ex. 1 (Sacra Tr.) at 218:21–220:23,

15   268:19–24, 272:3–273:12.

16   112. Objection to relevance (Fed. R. Evid. 401). Undisputed that Mr. Sacra's

17   deposition testimony is accurately recounted. Disputed that the Bad Spaniels toy

18   parodies Jack Daniel's whiskey. *Id.* (Sacra Tr.) at 218:21–220:23, 268:19–24, 272:3–

19   273:12.

20   113. Objection to relevance (Fed. R. Evid. 401). Undisputed that Mr. Sacra's

21   deposition testimony is accurately summarized. Disputed that the Bad Spaniels toy

22   parodies Jack Daniel's whiskey. *Id.* (Sacra Tr.) at 218:21–220:23, 268:19–24, 272:3–

23   273:12.

24   114. Objection to relevance (Fed. R. Evid. 401). Undisputed.

25   115. Objections that the Silverman report is unsworn hearsay and as to relevance

26   (Fed. R. Evid. 401, 801–802; *Smith*, 2007 WL 2288328, at *4). Undisputed that Mr.

27   Silverman convened focus groups to discuss the Bad Spaniels toy. Disputed that Mr.

28   Silverman holds a doctoral degree. Resp. ¶ 120. Disputed that the focus groups are

16

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1  probative of anything.  Resp. ¶¶ 128–132, 136, 140–148.  Disputed that JDPI has no

2  evidence to controvert the results of the focus groups.  Simonson Decl. ¶ 2; Ex. 1.

3  **Controverting Facts**

4  116.  In response to JDPI's contention interrogatories regarding infringement,

5  dilution, parody, and the first amendment, VIP extensively discussed the *Sleekcraft*

6  factors.  Larkin Decl. Ex. 6 (Responses to Ints.) at Nos. 9–10.

7  117.  The Bad Spaniels toy is advertised in VIP's catalog together with hundreds

8  of other dog toys and products, Larkin Decl., Ex. 1 (Sacra Tr.) at 35:3–6, 259:20–261:5,

9  Exs. 4, 68, and is used for dog play.  *Id.* at 38:7–39:13, 177:18–178:18, 179:8–13.

10  118.  The Bad Spaniels toy's detachable hangtag discusses the materials from

11  which the toy is made, advises dog owners regarding its safe use, and provides a limited

12  guarantee for defects in workmanship.  VIP Stmt. ¶ 5.

13  119.  There is a market for dog toys independent of parody and VIP is in it.

14  Larkin Decl., Ex. 1 (Sacra Tr.) at 234:21–235:12.

15  120.  VIP's expert Bruce Silverman does not hold a doctoral degree.  Larkin Decl.,

16  Ex. 3 (Silverman Tr.) at 12:13–19; 13:8–10.

17  121.  Mr. Silverman did not use focus groups in any of the trademark cases or

18  other cases in which he testified as an expert.  *Id.* at 45:20–25.

19  122.  This is the first case in which Mr. Silverman used focus groups.  *Id.* at 46:1–

20  5.122.

21  123.  Mr. Silverman did not conduct any sort of study or research to formulate his

22  opinions in any of the trademark cases in which he testified as an expert.  *Id.* at 48:3–10.

23  124.  Mr. Silverman does not believe that expert opinions on issues like likelihood

24  of confusion or dilution must be based on empirical data to be valid.  *Id.* at 67:18–21.

25  125.  In every trademark case in which Mr. Silverman offered an expert opinion,

26  he did so without a quantitative or qualitative consumer survey.  *Id.* at 68:4–12.

27  126.  Mr. Silverman did not review any of the academic literature cited in Dr.

28  Simonson's expert report.  *Id.* at 72:4–22.

17

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

127.  None of the focus groups in which Mr. Silverman has participated were used in litigation to his knowledge.  *Id.* 73:16–18.

128.  Focus groups are a form of qualitative, not quantitative, research.  *Id.* at 73:22–25.

129.  Quantitative studies involve using large numbers of respondents that are broken into appropriate demographic groups and sometimes psychographic groups to get a statistically-reliable number that gives you theoretically an answer to a question.  *Id.* at 74:3–11.

130.  Qualitative studies are used far more than quantitative studies to get at thoughts and feelings because thoughts and feelings are very difficult to get at through quantitative research.  *Id.* at 74:12–15.

131.  Qualitative studies are very rarely projectable.  Mr. Silverman has seen studies involving interviewing so many people that you probably make a case for them to be projectable, but he did not know any market researchers that would actually do it.  *Id.* at 74:24–75:4.

132.  In most instances focus groups do not replicate a purchase environment for a product and are not intended to do so.  *Id.* at 76:23–77:3.

133.  Mr. Silverman could not think of a way to do a qualitative survey on the issue of tarnishment, because you are really dealing with thoughts and feelings which are very to measure in any way other than qualitative research, and Dr. Simonson said that as well.  *Id.* at 81:14–20.

134.  Mr. Silverman does not consider himself a research specialist like Dr. Simonson.  *Id.* at 82:2–6.

135.  Mr. Silverman was not familiar with the associative network memory model, but is willing to concede that the theory may be correct.  *Id.* at 83:8–84:4.

136.  Neither Dr. Simonson nor Mr. Silverman considered a quantitative survey on tarnishment to be workable.  *Id.* at 84:6–12.

137.  Mr. Silverman referenced the book by Belch & Belch entitled *Advertising &*

18

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1 *Promotion An Integrated Marketing Communications Perspective*, Sixth Edition in his

2 report because it had a clean, clear description of what focus groups are, what they are

3 used for, and because the authors are noted academics. *Id.* at 85:8–17.

4      138.  The Belch & Belch textbook is one of the two most widely-used textbooks in

5 advertising classes. *Id.* at 85:21–22.

6      139.  The Belch & Belch textbook contains a list of weaknesses with focus groups.

7 *Id.* at Ex. 105.

8      140.  Mr. Silverman testified that "if you're using qualitative research and

9 pretending it's the same as quantitative research, I think that's not--that's not--that's not

10 okay." *Id.* at 89:17–20.

11     141.  The results of focus groups are not quantifiable. *Id.* at 90:3–6.

12     142.  The sample sizes of focus groups make the results not statistically

13 projectable to larger populations. *Id.* at 91:1–4.

14     143.  Group influences in focus groups may bias participants' responses. *Id.* at

15 91:5–10.

16     144.  The four focus groups conducted by Mr. Silverman do not disprove Dr.

17 Simonson's view that the Jack Daniel's mark would be tarnished by the VIP product. *Id.*

18 at 99:9–15.

19     145.  Mr. Silverman could not say with absolute certainty what a prospective

20 purchase of the Bad Spaniels toy might do with respect to finding it disgusting or taking

21 away negative associations with the Jack Daniel's brand. *Id.* at 100:13–24.

22     146.  Mr. Silverman's focus groups were not an attempt to do a quantitative survey

23 and are not being offered as a survey. *Id.* at 102:23–103:8.

24     147.  The focus groups were not intended to be projectable to any larger

25 population, *id.* at 104:13–15, and the opinions of the participants from the Los Angeles

26 area are possibly not representative of what the rest of the country would think of the Bad

27 Spaniels product. *Id.* at 105:8–12.

28     148.  In the focus groups conducted by Mr. Silverman, with 19 total participants,

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

he could not replicate with any degree of certainty the United States population. That's not what focus groups are for. *Id.* at 128:10–15.

149. Someone exposed to the Bad Spaniels product could find it to be humorous yet find it to be disgusting. *Id.* at 242:21–25.

150. Defecation, in and of itself, is a disgusting subject. *Id.* at 245:2–4.

151. Jack Daniel's is a very big, very important brand. If someone drinks brown whiskey, they would likely have awareness of Jack Daniel's. *Id.* at 116:23–25. "[L]ike most successful brands, the product packaging is well known." *Id.* at 256:7–14.

152. Jack Daniel's is one of the best-selling alcoholic beverages and is a strong brand. *Id.* at 255:18–256:6.

153. The Jack Daniel's packaging is well known to Jack Daniel's aficionados and people that buy whiskey and bourbon and those kinds of products. *Id.* at 256:7–14.

Respectfully submitted,

Dated: December 11, 2015

 */s/  Isaac S. Crum*
Gregory P. Sitrick  (AZ Bar #028756)
Gregory.Sitrick@quarles.com
Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229–5200
Facsimile: (602) 229–5690

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted *pro hac vice*)
clarkin@seyfarth.com
2029 Century Park East
Suite 3500
Los Angeles, California 90067–3021
Telephone: (310) 201–5289
Facsimile: (310) 201–5219

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on December 11, 2015, I electronically filed the foregoing

3  with the Clerk of Court using the CM/ECF system, which will send a notification of such

4  filing (NEF) to all counsel of record in this case.

5

6                                          */s/ Isaac S. Crum*

7                                          Isaac S. Crum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28