Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan Batchelor (#026882)
jbatchelor@dickinsonwright.com
Colleen M. Ganin (#032456)
cganin@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100
*Attorneys for VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>            Defendant. | No. 2:14-cv-02057-SMM<br><br>**STIPULATED MOTION TO FILE CONFIDENTIAL DESIGNATED DOCUMENTS AND INFORMATION UNDER SEAL** |

In accordance with LRCiv 5.6, and the Stipulated Protective Order (Doc. #45) entered in this case, plaintiff VIP Products ("VIP"), by and through its undersigned attorneys, and defendant Jack Daniel's Properties, Inc. ("JDPI"), by and through its undersigned attorneys, move the Court to order that the following be filed under seal: (1) Plaintiff's Response to JDPI's Motion for Partial Summary Judgment; (2) Plaintiff's Controverting Statement of Facts; and (3) Exhibits S, U, and Z to Plaintiff's Controverting Statement of Facts (collectively, the "Confidential Filings"). The Confidential Filings each contain information

derived from the designated "Confidential" and/or "Confidential Attorneys' eyes only" documents of JDPI and, as explained below, there is a "compelling reason" to file these documents under seal.

JDPI has provided the following facts and legal authority to justify the filing of its designated confidential documents under seal:

## I.   LEGAL STANDARD

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While a strong presumption of access exists for records *not* traditionally kept secret, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "sources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. On a motion to seal, the movant is required to present "articulable facts" identifying the interests favoring continued secrecy, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (internal citation omitted), and to show that these specific interests overcome the presumption of access by outweighing the "public interest in understanding the judicial process." *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citation omitted). The standard applied for discovery attached to dispositive motions is whether there are 'compelling reasons' to rebut the presumption of access. *See Kamakana*, 447 F.3d at 1180; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2009).

## II.   DOCUMENTS AT ISSUE

There are five documents at issue in this motion to seal: (1) Plaintiff's Response Brief to JDPI's Motion for Partial Summary Judgment ("Brief"); (2) Plaintiff's Controverting Statement of Facts ("CSOF"); (3) Exhibit S to Plaintiff's Controverting Statement of Facts, (4) Exhibit U to Plaintiff's Controverting Statement of Facts; and (5) Exhibit Z Plaintiff's

Controverting Statement of Facts (collectively, the "Confidential Filings") (collectively, the "Confidential Filings").  In reality, however, all of the confidential information is contained in Exhibit Z.  The other documents only need to be sealed because they recite or make reference to material in Exhibit Z (*see, e.g.,* Brief at 13:23–25; CSOF ¶ 208) or because they constitute deposition testimony where the deponent was discussing material in Exhibit Z (*see e.g.,* Exs. S and U).  In keeping with the general presumption of access in the Ninth Circuit, VIP has filed publicly versions of the Brief and CSOF with only confidential material redacted.

Exhibit Z consists of the following documents which have been marked as confidential under the parties' protective order:

| No. | Pages | Summary |
| --- | --- | --- |
| 1 | JDPI-CON000034, 37, 39–40, 42–43, 48–50, 70–71, 73 | Qualitative Study (Pages from Perception Research Services Qualitative Study) |
| 2 | JDPI-CON000080, 111 | Qualitative Study (Pages from RED Qualitative Studies) |
| 3 | JDPI-CON000137–138, 217, 209, 191, 181, 179, 164, 162, 154, 213–216, 217 (dup), 218–234 | Qualitative Study (Pages from Perception Research Services Qualitative study) |
| 4 | JDPI-CON000235–280 | Qualitative Study (pages from Decision Analyst, Jack Daniel's Package Evaluation Study) |
| 5 | JDPI-CON000279–311 | Qualitative Study (Pages from Cue, Jack Daniel's Identity Deconstruction – Initial Topline Observations Study) |
| 6 | JDPI-CON000312–328 | Confidential Settlement Agreement |

III.    **The Court Should Seal the Instant Documents**

A.    **Exhibit Z**

As shown above, Exhibit Z consists of two types of documents (1) qualitative studies, and (2) a confidential settlement agreement.  As described below both of these types of documents satisfy the standard for filing under seal.

a.    **Qualitative Studies**

The first five sets of pages/documents sought to be filed by VIP are pages from internal research conducted by JDPI's licensee Brown-Forman Corporation concerning how consumers view the Jack Daniel's brand and the impact of the Jack Daniel's Trade Dress (and changes thereto) on consumer perceptions of Jack Daniel's product. This information is information that JDPI's competitors could not obtain anywhere else and information from which JDPI and its licensee made decisions regarding packaging modifications and over all brand strategies. Indeed, it is similar to the market research at issue in *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1227–28 (Fed. Cir. 2013). There, the Federal Circuit held that the district court abused its discretion by refusing to seal market research. *Id.* The Federal Circuit specifically stated:

> Apple argues that the district court abused its discretion in refusing to seal the nine market research documents. We agree. These market research reports contain information that Apple's competitors could not obtain anywhere else. It may be true, as the district court indicated, that Apple's competitors could perform their own surveys of Apple customers and replicate much of the data. However, they would never know the exact questions Apple chooses to ask or the conclusions that Apple has drawn from the responses. Perhaps more importantly, there is a critical distinction between Apple's competitors being able to "infer the most significant results by simply observing Apple's product releases and marketing campaigns" and being able to predict Apple's future product releases and marketing strategies.

-4-

*Id.* The same is true of the Qualitative Studies at issue here. JDPI and its licensee have gained and continue to gain value by promoting and directing the Jack Daniel's brand based on information learned from this research. JDPI would not want competitors to get access to this information covering how the Jack Daniel's brand is perceived. Indeed, if competitors did get their hands on this information, it could be used to either harm the Jack Daniel's brand or to promote competitive brands. And while competitors may perform their own studies, such studies would not give them insight into the information relied upon by JDPI and its licensee in making branding decisions.

Furthermore, like in the *Apple* case "these pages will not aid the public's understanding of the [litigation] process." *Id.* The issues in this case have little or nothing to do with the deliberative process in evolving the overall Jack Daniel's brand—the subject of these Qualitative Studies.

Thus, there exists a compelling reason to seal the Qualitative Studies under LRCiv. 5.6, and the parties respectfully request that the Court seal these documents.

### b. <u>Confidential Settlement Agreement</u>

The final set of pages filed by VIP, JDPI-CON000312–328, is a Confidential Settlement Agreement between JDPI and a third party. *See* JDPI-CON000312. The agreement specifically is titled as "Confidential," *id.,* and it contains an explicit confidentiality clause prohibiting the agreement's public disclosure and specifically obligating a party disclosing the settlement agreement in response to a lawful discovery request in another litigation to do so "in a way to protect the confidentiality of the information to the maximum extent possible." JDPI-CONF000320, § 11.2. Maintaining the confidentiality of an agreement with a third party constitutes a "compelling reason" to seal the document. *Wacom Co., Ltd. v. Hanvon Corp.*, C06-5701RJB, 2007 WL 3026889, at *3 (W.D. Wash. Oct. 16, 2007):

1
2
3
4
5

> Exhibit 14 to the Declaration of Matthew Monkress is a Vendor Agreement between Fry's Electronics and Defendant Hanvon. Dkt. 42 at 4. In the agreement, Fry's and Hanvon agree to seek confidential treatment of the agreement in the event that the agreement is produced in litigation. See sec. K, ¶ 6 of the Vendor Agreement. Defendants' request to maintain the confidentiality of a business agreement with a third party is a compelling reason to seal this document.

6
7
8

*Id*. Thus, there exists a compelling reason to seal the Confidential Settlement Agreement under LRCiv. 5.6, and the parties respectfully request that the Court seal these documents.

9

### B.    Exhibits S and U

10
11
12

As stated earlier, Exhibits S and U contain deposition testimony where the deponent is discussing the documents contained in Exhibit Z.  For the same reasons that the Court should seal Exhibit Z it should also seal Exhibits S and U.

13

### C.    The Brief and Controverting Statement of Facts

14
15
16
17
18
19
20

As stated earlier, Brief and Controverting Statement of Facts, in select parts, make reference to and quote from the documents contained in Exhibit Z.  To a large extent both the Brief and Controverting Statement of Facts are being filed publically with only minor redactions to the sections which discuss material in Exhibit Z.  For the same reasons that the Court should seal Exhibit Z it should also seal those portions of the Brief and Controverting Statement of Facts which reference Exhibit Z.

21
22
23
24
25
26
27
28

-6-

1

2    **IV.    Conclusion**

3          For the foregoing reasons, the parties respectfully request that (1) Plaintiff's Response

4    to JDPI's Motion for Partial Summary Judgment; (2) Plaintiff's Controverting Statement of

5    Facts; and (3) Exhibit S, U and Z to Plaintiff's Controverting Statement of Facts, lodged on

6    December 11, 2015, be ordered filed under seal.   A proposed form of order is submitted

7    herewith.

8

9                       **RESPECTFULLY SUBMITTED** this 11th day of December, 2015.

10

11                                    **DICKINSON WRIGHT, PLLC**

12                                    By: s/ David G. Bray

13                                         David G. Bray
                                          Frank G. Long
14                                        Jonathan S. Batchelor
                                          Colleen M. Ganin
15                                        1850 North Central Avenue, Suite 1400
                                          Phoenix, Arizona 85012-2705
16                                        *Attorneys for VIP Products, L.L.C.*

17                                    **QUARLES & BRADY LLP**

18

19                                    By: s/ Gregory P. Sitrick

20                                         Gregory P. Sitrick
                                          Isaac S. Crum
21                                        One Renaissance Square
                                          Two North Central Avenue
22                                        Phoenix, Arizona 85004-2391
                                          *Attorneys for Jack Daniel's Properties, Inc.*

23

24

25

26

27

28

1

2

## **CERTIFICATE OF SERVICE**

3

4
   I hereby certify that on December 11, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

5

6

7

8
   s/ Kristi A. Arendt

PHOENIX 53913-11 264438v1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28