QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
Isaac.Crum@quarles.com

SEYFARTH SHAW LLP
Christopher C. Larkin (admitted pro hac vice)
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 201-5289
Facsimile: (310) 201-5219
E-mail: clarkin@seyfarth.com

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Jack Daniel's Properties, Inc., <br><br> Defendant. <br><br> And Related Counterclaims. | No. 2:14-cv-02057-SMM <br><br> **MOTION TO SEAL DOCUMENTS LODGED WITH THE COURT** |

**INTRODUCTION**

On October 23, 2015, in conjunction with filing its summary judgment motion, plaintiff VIP Products, LLC ("VIP") lodged with the Court two documents. The first document was a 5-page confidential statement of facts (Doc. 119) ("CSOF") and the second document was an exhibit ("Exhibit A") thereto (Doc. 119-1) containing a collection of pages produced in this case and designated by defendant Jack Daniel's Properties, Inc. ("JDPI") as Confidential Attorneys' Eyes Only under the protective order in place in this action (Doc. 45). The pages contained in Exhibit A are a sub-set of those pages contained in Exhibit Z to VIP's Opposition to JDPI's Motion for Partial Summary Judgment. (Doc. 147). ("Exhibit Z" is lodged with the Court as Doc. 154-3 and is subject to a co-pending joint motion to seal, Doc. 152, revised by VIP via *errata* Dec. 18, 2015, Doc. 160.) The same reasons for sealing Exhibit Z (presented in Docs. 152 and 160) apply to the documents that are the subject of this motion, Exhibit A. That is, Exhibit A (like Exhibit Z) contains pages from internal and confidential research conducted by JDPI's licensee Brown-Forman Corporation concerning how consumers view the Jack Daniel's brand and the impact of the Jack Daniel's Trade Dress (and changes thereto) on consumer perceptions of Jack Daniel's product. This information is information that JDPI's competitors could not obtain anywhere else and information from which JDPI and its licensee made decisions regarding packaging modifications and over all brand strategies.

Thus, in accordance with LRCiv 5.6(d) and pursuant to the Court's December 15, 2015 Order (Doc. 155) (the "Order") directing JDPI to file a motion to seal certain exhibits, JDPI hereby moves the Court to order that Exhibit A to VIP's CSOF (lodged as Doc. 119-1) be filed under seal.[1] JDPI files the instant motion pursuant to the Court's

---

[1] The Court's December 15, 2015 Order (Doc. 155) precluded VIP from filing its 5-page statement of facts (lodged as Doc. 119) and ordered that VIP "will be required to refile its statement of facts, limited to a total of 20 pages." (Doc. 155 at 2). Because the Court has rejected the 5-page statement of facts, JDPI does not address that document in this motion.

1  Order to allow the Court to determine "whether the exhibits lodged under seal are entitled
2  to remain under seal." (Order 2). To the extent the Court allows VIP to submit a new
3  statement of facts which conforms to the 20-page limit, JDPI reserves its right to ask the
4  Court to seal any confidential information contained in that document when it is
5  submitted.

## LEGAL STANDARD

7  "It is clear that the courts of this country recognize a general right to inspect and
8  copy public records and documents, including judicial records and documents." *Nixon v.*
9  *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While a strong presumption of access
10  exists for records *not* traditionally kept secret, *Kamakana v. City & Cnty. of Honolulu*,
11  447 F.3d 1172, 1178 (9th Cir. 2006), "sources of business information that might harm a
12  litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at
13  598. On a motion to seal, the movant is required to present "articulable facts" identifying
14  the interests favoring continued secrecy, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331
15  F.3d 1122, 1136 (9th Cir. 2003) (internal citation omitted), and to show that these
16  specific interests overcome the presumption of access by outweighing the "public interest
17  in understanding the judicial process." *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434
18  (9th Cir. 1995) (citation omitted). The standard applied for discovery attached to
19  dispositive motions is whether there are 'compelling reasons' to rebut the presumption of
20  access. *See Kamakana*, 447 F.3d at 1180; *see also Pintos v. Pac. Creditors Ass'n*, 605
21  F.3d 665 (9th Cir. 2009).

22  //
23  //
24  //

**DOCUMENTS AT ISSUE**

The following pages/documents comprise Exhibit A as lodged by VIP on October 23, 2015 (Doc. 119-1):

| No. | Pages | Summary |
|---|---|---|
| 1 | JDPI-CON000034, 37, 39–40, 42–43, 48–50, 70–71, 73 | Qualitative Study (Pages from Perception Research Services Qualitative Study) |
| 2 | JDPI-CON000080, 111 | Qualitative Study (Pages from RED Qualitative Studies) |
| 3 | JDPI-CON000137–138, 217, 209, 191, 181, 179, 164, 162, 154, 213–216, 217 (dup), 218–234 | Qualitative Study (Pages from Perception Research Services Qualitative study) |
| 4 | JDPI-CON000235–278 | Qualitative Study (pages from Decision Analyst, Jack Daniel's Package Evaluation Study) |
| 5 | JDPI-CON000279–311 | Qualitative Study (Pages from Cue, Jack Daniel's Identity Deconstruction – Initial Topline Observations Study) |
| 6 | JDPI-CON000312–328 | Confidential Settlement Agreement |

As shown above, the documents contained within Exhibit A can be generally classified as either Confidential Qualitative Studies on the Jack Daniel's brand or (ii) Confidential Settlement Agreements. "Compelling reasons" exist for sealing each class of documents.

**ARGUMENT**

**I.    The Court Should Seal Exhibit A (Doc. 119-1)**

    **A.    Qualitative Studies**

The first five sets of pages/documents sought to be filed by VIP are pages from internal research conducted by JDPI's licensee Brown-Forman Corporation concerning how consumers view the Jack Daniel's brand and the impact of the Jack Daniel's Trade Dress (and changes thereto) on consumer perceptions of Jack Daniel's product. This information is information that JDPI's competitors could not obtain anywhere else and information from which JDPI and its licensee made decisions regarding packaging

modifications and over all brand strategies. Indeed, it is similar to the market research at issue in *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1227–28 (Fed. Cir. 2013). There, the Federal Circuit held that the district court abused its discretion by refusing to seal market research. *Id.* The Federal Circuit specifically stated:

> Apple argues that the district court abused its discretion in refusing to seal the nine market research documents. We agree. These market research reports contain information that Apple's competitors could not obtain anywhere else. It may be true, as the district court indicated, that Apple's competitors could perform their own surveys of Apple customers and replicate much of the data. However, they would never know the exact questions Apple chooses to ask or the conclusions that Apple has drawn from the responses. Perhaps more importantly, there is a critical distinction between Apple's competitors being able to "infer the most significant results by simply observing Apple's product releases and marketing campaigns" and being able to predict Apple's future product releases and marketing strategies.

*Id.*

The same is true of the Qualitative Studies at issue here. JDPI and its licensee have gained and continue to gain value by promoting and directing the Jack Daniel's brand based on information learned from this research. JDPI and its licensee would not want competitors to get access to this information about how the Jack Daniel's brand is perceived. Indeed, if competitors did get their hands on this information, it could be used to either harm the Jack Daniel's brand or to promote competitive brands. And while competitors may perform their own studies, such studies would not give them insight into the information relied upon by JDPI and its licensee in making branding decisions.

Furthermore, as in the *Apple* case "these pages will not aid the public's understanding of the [litigation] process." *Id.* The issues in this case have little or nothing to do with the deliberative process in evolving the overall Jack Daniel's brand— the subject of these Qualitative Studies.

Thus, there exists a compelling reason to seal the Qualitative Studies under LRCiv. 5.6, and JDPI respectfully requests that the Court seal these documents.

B.     **Confidential Settlement Agreement**

The final set of pages filed by VIP, JDPI-CON000312–328, is a Confidential Settlement Agreement between JDPI and a third party. *See* JDPI-CON000312. The agreement specifically is titled as "Confidential," *id.,* and it contains an explicit confidentiality clause prohibiting the agreement's public disclosure and specifically obligating a party disclosing the settlement agreement in response to a lawful discovery request in another litigation to do so "in a way to protect the confidentiality of the information to the maximum extent possible." JDPI-CONF000320, § 11.2. Maintaining the confidentiality of an agreement with a third party constitutes a "compelling reason" to seal the document. *Wacom Co., Ltd. v. Hanvon Corp.*, C06-5701RJB, 2007 WL 3026889, at *3 (W.D. Wash. Oct. 16, 2007):

> Exhibit 14 to the Declaration of Matthew Monkress is a Vendor Agreement between Fry's Electronics and Defendant Hanvon. Dkt. 42 at 4. In the agreement, Fry's and Hanvon agree to seek confidential treatment of the agreement in the event that the agreement is produced in litigation. See sec. K, ¶ 6 of the Vendor Agreement. Defendants' request to maintain the confidentiality of a business agreement with a third party is a compelling reason to seal this document.

*Id*.

Thus, there exists a compelling reason to seal the Confidential Settlement Agreement under LRCiv. 5.6, and JDPI respectfully requests that the Court seal this document.

## CONCLUSION

For the reasons stated above, JDPI respectfully requests that the Court find that a "compelling reason" exists and seal (1) Plaintiff's 5-page statement of facts (lodged as Doc. 119), and (2) Exhibit A thereto (lodged as Doc. 119-1).

DATED: December 23, 2015                    Respectfully submitted,

                                            */s/ Isaac S. Crum*
                                            Gregory P. Sitrick (AZ Bar #028756)
                                            Gregory.Sitrick@quarles.com
                                            Isaac S. Crum (AZ Bar #026510)
                                            Isaac.Crum@quarles.com

| | |
|---|---|
| 1 | Quarles & Brady LLP |
| | Firm State Bar No. 00443100 |
| 2 | One Renaissance Square |
| | Two North Central Avenue |
| 3 | Phoenix, AZ 85004 |
| | Telephone (602) 229-5200 |
| 4 | Fax (602) 229-5690 |
| 5 | |
| 6 | SEYFARTH SHAW LLP |
| | Christopher C. Larkin |
| 7 | (admitted pro hac vice) |
| | clarkin@seyfarth.com |
| 8 | 2029 Century Park East |
| | Suite 3500 |
| 9 | Los Angeles, California 90067-3021 |
| 10 | Telephone: (310) 201-5289 |
| | Facsimile: (310) 201-5219 |
| 11 | |
| 12 | *Attorneys for Jack Daniel's Properties, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

                                              */s/ Isaac S. Crum*

                                              Isaac S. Crum

QB\37819032.3