QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
          Isaac.Crum@quarles.com

HARVEY SISKIND LLP
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111
Telephone:   (415) 354-0100
Facsimile:    (415) 391-7124
E-mail:  pharvey@harveysiskind.com

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>             Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>             Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br>**MOTION TO STRIKE JURY DEMAND** |

Pursuant to FRCP 39(a), and in response to the Court's inquiry during the status conference of October 26, 2016, Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's") hereby moves to strike the jury demand of Plaintiff and Counterclaim Defendant VIP Products, LLC ("VIP").

## I. PROCEDURAL BACKGROUND

In this trademark case, the parties—Jack Daniel's and VIP—seek only equitable or declaratory relief and attorneys' fees. Specifically, Jack Daniel's seeks an injunction against VIP's continued infringement and dilution of various of Jack Daniel's trademark rights and registrations, as well as its attorneys' fees. (*See* Doc. 15-1, 13–21.) VIP has sought declaratory relief, including a declaration that Jack Daniel's trademark rights and registrations are invalid, are not infringed, are not diluted, and should be cancelled, as well as its attorneys' fees. (*See* Doc. 49, 9–11.) Thus, while both parties request attorneys' fees, neither has sought monetary damages or any other form of legal relief. As is clear from the controlling case law discussed below, in such circumstances, there is no right to a jury trial.

VIP's request for a jury trial is not only misplaced, it is surprising, as it contradicts VIP's prior concessions on this issue. Indeed, VIP has at least twice agreed on the record that this case will be decided by the Court. *First*, in a motion to exclude an expert witness, VIP wrote that "*[e]ven in a bench trial such as this one, where there is no issue of jury prejudice*" VIP was entitled to certain evidentiary determinations. (Doc. 92, 14 (emphasis added).) *Second*, in a stipulation on expert testimony, VIP again agreed that this case would be decided in a bench trial. (*See* Doc. 91, 3 (stipulation referencing "bench trial")). In the resulting Order, the Court agreed. (*See* Doc. 95, 2 (order referencing "bench trial")). Despite these unequivocal statements *by VIP*— admitting that a jury trial is unwarranted in this case—VIP now points to its amended pleading (*see* Doc. 49, ¶ 6) and claims that a jury trial is required. For the reasons discussed below, VIP is mistaken.

Accordingly, Jack Daniel's requests that the Court strike VIP's demand for a jury trial and set a status conference to schedule a prompt bench trial on the few issues remaining after this Court's Order on Summary Judgment. (Doc. 171.)

## II. ARGUMENT

After disposing of the issues presented on summary judgment[1], this Court need only decide whether VIP has infringed and diluted (by tarnishing) the Jack Daniel's trademarks and trade dress.  At the October 26, 2016 status conference, the Court requested briefing on the issue of whether VIP is entitled to a jury trial on these remaining claims. (Doc. 175, 6:10–19.)

Under FRCP 39(a), when a jury trial has been demanded, the "trial on all issues so demanded must be by jury unless" (1) "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or" (2) "the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial."  As discussed below, both conditions are satisfied in this case.  There is no jury right on any issue, and VIP has already waived any such right.

### A. There is no right to a jury trial in this case because neither party is seeking monetary damages.

There is no right of trial by jury in this case.  The Seventh Amendment preserves "the right of trial by jury" in certain "suits at common law."  U.S. Const. Amend. VII.  In this context, "suits at common law" means suits where "*legal* rights" will be "ascertained and determined."  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41

---

[1] In its Summary Judgment Order (Doc. 171) the Court significantly narrowed the issues remaining in this case by denying VIP's affirmative defenses and declaratory judgment claims that challenged the validity of the Jack Daniel's trademarks and trade dress (including VIP's claims and defenses of fair use, functionality, genericness, and non-distinctiveness/descriptiveness).  (Doc. 171, at 8, 11–12, 15, 17–18, 31–33.)

(1989) (emphasis in original); *accord* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:123 (2016) (hereinafter "*McCarthy*") (noting historic dichotomy of law and equity). The Seventh Amendment does not require a jury to adjudicate "equitable rights alone." *Nordberg*, 492 U.S. at 42. Those are left to the Court.

Where a case concerns a federal statute, "the form of our analysis is familiar." *Nordberg*, 492 U.S. 41. "First, we compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* "Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* "The second stage of this analysis is more important than the first." *Id.* "Where history does not provide a clear answer, we look to precedent and functional considerations." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 718 (1999). "[W]e keep in mind that" the constitution "preserve[s] the basic institution of jury trial in only its most fundamental elements." *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. Feb. 20, 2015) (quoting *Tull v. United States*, 481 U.S. 412 (1987)).

In this case, although history may leave room for debate on the first stage of the analysis, it leaves no room for debate on the second, more important, stage of the analysis, and controlling precedent is unequivocal: The constitutional right to a trial by jury only attaches in a trademark case *to the extent monetary damages are requested*—i.e., damages that were granted at "law" rather than "equity" when the Seventh Amendment was ratified in 1791. *See Toyota Motor Sales USA Inc. v. Tabari*, 610 F.3d 1171, 1183–84 (9th Cir. 2010) (Kozinski, J.); *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 307–08 (9th Cir. 1979); *accord McCarthy* § 32:127 (2016); Wright and Miller, Federal Practice and Procedure, Civil § 2302 (2016) (hereinafter "*Wright & Miller*"); *see also Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 400 F. Supp. 2d 1273, 1275 (D. Kan. 2005) ("Absent … a damage claim … the right to a jury trial is not triggered in a trademark case"). Injunctive relief is equitable, not legal.

3

MOTION TO STRIKE JURY DEMAND     CASE NO. CV-14-2057-PHX-SMM

1  *See Wright & Miller* § 2308.  Attorneys' fee awards are equitable, not legal. *McCarthy* §
2  32:125; *Eden Foods, Inc. v. Baksht*, 2015 WL 800240, *2 (E.D.N.Y. Feb. 25, 2015).
3  Although declaratory relief may be inherently *neither* equitable *nor* legal, it does not
4  give rise to a jury right in a trademark case where the requested remedies are otherwise
5  equitable.  *See Tabari*, 610 F.3d at 1183–84; *Anti-Monopoly*, 611 F.2d at 307–08;
6  *Wright & Miller* § 2313.

7        Trademark cases consistently deny a jury right where monetary damages are not
8  requested at trial.  For example, *Tabari* affirmed a district court's denial of a jury right
9  where requested relief included an injunction, a declaration of trademark invalidity, and
10  a declaration of trademark non-infringement.  *Tabari*, 610 F.3d at 1183–84.  *Anti-*
11  *Monopoly* affirmed a district court's denial of a jury right where requested relief
12  included an injunction, a declaration of trademark invalidity, and a declaration of
13  trademark non-infringement, as well as cancellation of various trademark registrations.
14  *Anti-Monopoly*, 611 F.2d at 307–08.  *Fifty-Six Hope Road Music* affirmed a district
15  court's denial of a jury right in a trademark case where the requested relief included
16  disgorgement of profits.  The Ninth Circuit held that such a remedy is equitable in nature
17  and is not "fundamental … [to] the system of trial by jury."  778 F.3d at 1075–76; *see*
18  *also Baksht*, 2015 WL 800240, *1–2 (denying jury right in trademark case where
19  injunction and attorneys' fee award were requested); *Big Dog*, 400 F. Supp. 2d at 1275
20  (denying jury right in trademark case where declaratory relief was requested); *Kemp v.*
21  *Tyson Foods, Inc.*, 2001 WL 1636512, *1–2 (D. Minn. 2001) (denying jury right in
22  trademark case where injunction and refusal of trademark applications were requested).
23  Each of these trademark cases held that there was no jury right either because no party
24  had sought legal damages, or because any such request had been withdrawn before trial.
25        Cases cited during the status conference on October 26, 2016 are not to the
26  contrary.  For example, *Hana Financial, Inc. v. Hana Bank*, 135 S.Ct. 907 (2015)
27  resolved a circuit split on whether trademark tacking is a question of law or a question of
28  fact.  *See Petition for a Writ of Certiorari*, 2014 WL 1365466, *1 (U.S.).  The Court

4
MOTION TO STRIKE JURY DEMAND           CASE NO. CV-14-2057-PHX-SMM

held that trademark tacking is a question of fact. The Court also stated that, as a question of fact, it may "of course" be resolved by a judge in a "factfinding capacity" (i.e., in a bench trial).  135 S.Ct. at 911.  *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) merely held that "legal claims are not magically converted into equitable issues by their presentation … in a derivative suit."  That case has no particular bearing on this one.  Similarly, *Tull v. United States*, 481 U.S. 412 (1987) simply held that where the issues being tried and the remedies provided were both legal and equitable in nature, a jury trial right existed. In such situations, if a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."  *Id* at 425.  *Tull* has no pertinence here, where no legal remedy is sought.  Finally, as noted above, *Fifty-Six Hope Road Music* affirmed a district court's denial of a jury right in a trademark case where the requested relief included disgorgement of profits—a remedy which is equitable in nature.  778 F.3d at 1075–76.  The same outcome is warranted here.

In summary, as a leading commentator has noted, "[i]f plaintiff sues for a declaratory judgment of invalidity of trademark and non-infringement and defendant counterclaims only for injunctive relief, there is no 'legal' claim presented and no right to trial by jury."  *McCarthy* § 32:127.  That is true here.  VIP has sued for declaratory relief, and Jack Daniel's has counterclaimed for injunctive relief.  No legal claim has been asserted; no legal remedy has been requested; and no jury right exists.  There should be no dispute on these points.  There was none before.

**B.    VIP has waived any right to a jury trial that might otherwise exist.**

A jury right is waived by "stipulation on the record."  FRCP 39(a)(1).  If the parties agree on the record that the case will be tried to the court, that is sufficient. *See Fields Eng'ng & Equipm't, Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir. 1982); *Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.*, 584 F.2d 946, 950 (10th Cir. 1978).  If the court indicates on the record that it will decide the case, and neither party objects, that too is sufficient.  *See U.S. v. Missouri River Breaks Hunt Club*,

5

641 F.2d 689, 693 (9th Cir. 1981).  Accordingly, even assuming (contrary to the law) that any jury right existed in this case, VIP waived that right by stating in a motion that this case would be tried to the Court (Doc. 92, 14), by agreeing in a stipulation that this case would be tried to the Court (Doc. 91, 3), and by failing to object when the Court agreed in its corresponding Order (Doc. 95, 2).

### III.  CONCLUSION

Accordingly, the Court should strike VIP's jury demand and set a status conference to schedule a prompt bench trial.

Dated:  December 2, 2016                    Respectfully submitted,

 /s/ Gregory P. Sitrick
Gregory P. Sitrick (AZ Bar #028756)
Gregory.Sitrick@quarles.com
Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
Quarles & Brady LLP
One Renaissance Square,
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229-5200
Fax (602) 229-5690

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harveysiskind.com
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111
Telephone:   (415) 354-0100
Facsimile:   (415) 391-7124

Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2016 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

                                                */s/ Isaac S. Crum*
                                                Isaac S. Crum