Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company, | No. 2:14-cv-02057-SMM |
| Plaintiff and Counterdefendant, | **PLAINTIFF'S MOTION TO IMPANEL AN ADVISORY JURY PURSUANT TO RULE 39(c)(i), FED. R. CIV. P.** |
| v. | |
| Jack Daniel's Properties, Inc., a Delaware corporation | |
| Defendant and Counterclaimant. | |

Plaintiff and Counterdefendant VIP Products, LLC ("VIP") hereby moves the Court pursuant to Rule 39(c)(1), Fed. R. Civ. P., to impanel an advisory jury to set at the impending trial to aid the Court in its fact finding motion. Plaintiff's Motion is supported by the following Memorandum of Points and Authorities

### MEMORANDUM OF POINTS AND AUTHORITIES.

Under Rule 39(c)(1), a court, on motion or on its own, may try any issue with an advisory jury. A court has discretion to impanel an advisory jury and exercise of that discretion is not reviewable. Wright and Miller, *Federal Practice and Procedure* § 2335 (3d ed. 2016) ("[T]he case law is abundantly clear: it is completely discretionary with the

1

trial judge whether or not to us an advisory jury . . . and the district court's exercise of this discretion is not reviewable."). An advisory jury is an aid to the court "in discharging its functions" but the ultimate "decision-rendering process remains with the trial judge." *Id.*

At trial, the Court will hear and decide issues of trademark infringement and dilution by tarnishment. These issues are heavily factual in nature, and an advisory jury will provide the Court with a valuable tool in its fact finding function. Indeed, courts have impaneled advisory juries in situations similar to this case, where equitable claims or defenses were all that remained at trial. *E.g.*, *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1163 (9th Cir. 2013) (District court submitted defendant's equitable defenses to advisory jury in trademark dispute); *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1159–1160 (9th Cir. 2011) (District court submitted plaintiff's trademark dilution claim, seeking only injunctive relief, to advisory jury); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 WL 5304134 at *5 (N.D. Cal. Sep. 20, 2013) (District court submitted plaintiff's equitable claims to advisory jury in patent dispute).

In conclusion, an advisory jury would benefit the Court in its fact finding function during trial. As such, VIP respectfully requests the Court impanel an advisory jury pursuant to Rule 39(c)(1) of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this 22nd day of December, 2016.

**DICKINSON WRIGHT, PLLC**

By: s/ David G. Bray
    David G. Bray
    Frank G. Long
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2705
    *Attorneys for VIP Products, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Kristi A. Arendt

PHOENIX 53913-11 341900v1