QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
 Isaac.Crum@quarles.com

HARVEY SISKIND LLP
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone:    (415) 354-0100
Facsimile:    (415) 391-7124
E-mail: pharvey@harveysiskind.com

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>         Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO IMPANEL AN ADVISORY JURY** |

QB\43394918.4

Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's") hereby respectfully opposes Plaintiff and Counterclaim Defendant VIP Products, LLC's ("VIP") Motion to Impanel an Advisory Jury (Doc. 179).

## I.     PROCEDURAL BACKGROUND

During the status conference on October 26, 2016, VIP requested a jury trial, contradicting its repeated earlier waivers on the question and notwithstanding that the only remaining claims in the case are equitable in nature. The Court asked for briefing on the issue. Jack Daniel's accordingly filed its Motion to Strike Jury Demand on December 2, 2016. (Doc. 176, hereafter "Motion to Strike".) On December 22, 2016 VIP filed a notice of non-opposition to Jack Daniel's motion, conceding it was not entitled to a jury trial as of right. (Doc. 178, hereafter "Non-Opposition".) Concurrently, however, VIP filed the present Motion to Impanel an Advisory Jury. (Doc. 179, hereafter "Advisory Jury Motion".) Citing no facts, VIP makes a single argument: That an advisory jury "will provide the Court with a valuable tool in its fact finding function." (Advisory Jury Motion, 2).

In fact, impaneling an advisory jury will complicate and lengthen these already protracted proceedings, will needlessly consume judicial resources and compound the legal expense to both parties, and is not remotely necessary. Accordingly, Jack Daniel's requests that the Court deny VIP's motion for an advisory jury and, as indicated by the Court's recent Orders (*see* Doc. 183 & 184, hereafter "Pretrial Order" and "Jury Order", respectively), proceed with a prompt bench trial on the few issues remaining after this Court's comprehensive September 27, 2016 Order on Summary Judgment (Doc. 171, hereafter "Summary Judgment Order").[1]

---

[1] In its Summary Judgment Order the Court significantly narrowed the issues remaining in this case by denying VIP's affirmative defenses and declaratory judgment claims that challenged the validity and registrability of the Jack Daniel's trademarks and trade dress

(Continued...)

1

## II. ARGUMENT

### A. None of the Factors Favoring the Choice of an Advisory Jury Exists Here.

While under FRCP 39(c) the decision to impanel an advisory jury is within the Court's discretion, case law has identified a number of factors relevant to the exercise of that discretion. *See, e.g.,* factors enumerated in 8-39 *Moore's Federal Practice* §39.41. For example, in racial discrimination and labor cases, an advisory jury has been held to be appropriate where the court has "substantial reasons" for impaneling one, such as "to inform the conscience of the court," when a case presents "peculiar or unique circumstances," or is otherwise "extraordinary," (*see Wirtz v. Gregg, Gibson & Gregg, Inc.,* 1964 U.S. Dist. LEXIS 7540 (M.D. Fla. 1964) citing *Wirtz v. Alapaha Yellow Pine Products, Inc.,* 217 F. Supp. 465, 470 (M.D. Ga. 1963)), or for reasons of judicial economy and convenience, when it is convenient to request an advisory opinion where a jury has already been impaneled because the action involves both jury (i.e., legal) and non-jury (equitable) claims. *See Everest Capital, Ltd. v. Everest Funds Mgmt. L.L.C..,* 393 F.3d 755, 762 n. 4 (8th Cir. 2005) ("even when there is no right to a jury trial, if a dilution claim is tried with other claims that must be submitted to the jury, the court has discretion to submit the dilution claim to the jury on an advisory basis").

---

(...Continued)

(including VIP's claims and defenses of fair use, functionality, genericness, and non-distinctiveness/descriptiveness). (Summary Judgment Order, 8, 11–12, 15, 17–18, 31–33.) What remain to be tried are Jack Daniel's claims for an injunction against VIP's continued infringement and dilution of various of Jack Daniel's trademark rights and registrations, as well as for its attorneys' fees (*see* Jack Daniel's Answer and Counterclaims (Doc. 15-1), 13–21), and VIP's "mirror image" request for a declaratory judgment that Jack Daniel's trademark rights and registrations are not infringed and not diluted, as well as for its attorneys' fees (*see* VIP's Answer (Doc. 49), 9–11).

2

No such "peculiar or unique circumstances" exist here, nor are there any claims in this case which must be tried to a jury. In fact, VIP concedes that it is not entitled to a jury as of right. (Non-Opposition, 1.) This is a straightforward trademark and trade dress infringement and dilution case seeking only equitable relief. It raises likelihood of confusion and dilution issues triable only to the court where the remedies sought are solely equitable in nature. (*See* Motion to Strike, 3–4.) VIP agrees. (Non-Opposition, 1.)

### B. Courts in Trademark Cases Reject Requests for Advisory Juries Where the Remedies Sought are Purely Equitable.

Courts considering only equitable remedies for trademark claims have repeatedly rejected requests for advisory juries. For example, *Koninklijke Philips N.V. v. Hunt Control Systems*, 2016 U.S. Dist. LEXIS 161521 (D.N.J. Nov. 21, 2016), a trademark infringement case, is directly on point. There, the court granted the plaintiff's motion to strike defendant's jury demand and declined to impanel an advisory jury. Defendant argued that the court should use its discretion to impanel an advisory jury because: (1) the case involved credibility and weight determinations that should be made by individuals who lack the court's familiarity with the case; (2) a jury is "uniquely suited" to determine likelihood of confusion because it will provide a suitable cross section of consumers, and because likelihood of confusion is an "inherently factual" question; and (3) the case will establish new aspects of unfair competition law, so a jury should be involved. 2016 U.S. Dist. LEXIS 161521,*12–13. The court rejected these arguments:

> [Defendant], however, misconstrues the role of a court that empanels an advisory jury. Even if this Court were to appoint an advisory jury, the Court's role would not change; the Court would still need to make factual findings and legal conclusions in the same way as it would without an advisory jury, and the Court could still reject the advisory jury's determinations. Thus, empaneling an advisory jury would be duplicative of the Court's role. Moreover, the Court is fully capable of hearing this case as a bench trial and has extensive experience with these types of cases. In turn, this Court does not deem it necessary to empanel an advisory jury.

3

QB\43394918.4

1  *Id.* at *13–14.

2     It is helpful to note that the Court in this case, like Judge Chesler in *Koninklijke*, has extensive experience with trademark infringement cases, having presided over a significant number of trademark matters. *See e.g., TEC Rehab LLC v. Gadget Doc. LLC, et al.*, No. 3:16-cv-08120 (D. Ariz.); *Best Western Int'l. Inc. v. Premier Hotels Mgmt. Inc., et al.*, No. 2:15-cv-01556 (D. Ariz.); *David Elliott, et al. v. Google Inc.*, No. 2:12-cv-01072 (D. Ariz.); *PH4 Corp. et al v. Sun City Real Estate, LLC et al.*, No. 2:08-cv-00501 (D. Ariz.); *Ultimate Creations, Inc. v. THQ, Inc.*, No. 05-cv-1134 (D. Ariz.).

    Likewise, in *Treemo, Inc. v. Flipboard, Inc.*, 2014 U.S. Dist. LEXIS 113883 (W.D. Wash. Aug. 15, 2014), another trademark infringement case where only equitable relief was sought, the court rejected plaintiff's argument that an advisory jury should be used. The court concluded that such a burdensome procedural step was unnecessary: "While [plaintiff] argues that this Court should at least try this case to an advisory jury, that decision is at the discretion of the Court. See Fed. R. Civ. P. 39(c). *The Court sees no need to do so.* As a result, this case will be tried as a bench trial." *Id.* at *15 (emphasis added).

    The Court here should deny VIP's motion, as well, in the interests of judicial economy both for the Court and the parties. In *Dewey Elecs. Corp. v. Montage, Inc.*, 1987 U.S. Dist. LEXIS 14302 (M.D. Pa. 1987), a patent infringement case, the judge bifurcated the issues of the validity, infringement and enforceability of the patents and tried those first. The court then denied plaintiff Dewey's request for an advisory jury on the remaining issues of laches and estoppel. Dewey conceded that bench trial would be simpler and more efficient, as the requirements of preparing openings, summations and jury instructions would be replaced by a trial brief. Moreover, the court noted that if it were to disagree with the jury's advisory ruling, it would then have to make findings of fact and conclusions of law, nullifying any claimed advantages of having a jury in the first place. 1987 U.S. Dist. LEXIS 14302 at *7. The same logic applies here.

4

### C. **VIP Fails to Support its Argument with Facts, and the Cases it Relies on Are Inapposite.**

VIP merely argues that an advisory jury "will provide the Court with a valuable tool in its fact finding function." (Advisory Jury Motion, 2.) VIP states no facts supporting its argument. (*Id.*) And the cases VIP cites are distinguishable.

*Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1163 (9th Cir. 2013), *aff'd*, 135 S.Ct. 907 (2015) resolved a circuit split on whether trademark tacking is a question of law or a question of fact. *See Petition for a Writ of Certiorari*, 2014 WL 1365466, *1 (U.S.). The Court held that trademark tacking is a question of fact. In *Hana,* the trademark infringement claims were triable by jury, and the equitable defenses of laches and unclean hands were submitted to the jury for an advisory verdict. *Id.* at 1163. While the court gave no specific reasons for doing so, it appears that because a jury was already impaneled to hear the legal claims, it would be convenient to have the jury render an advisory verdict on the equitable defenses. *Hana* is not this case, where VIP has conceded that there are no legal claims and therefore no right to a jury trial. (Non-Opposition, 1.)

Likewise, in *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co*., 633 F.3d 1158 (9th Cir. 2011), there were both jury and non-jury claims and issues. A jury was impaneled to hear the legal claims, and the parties consented to advisory opinions from the jury on certain factual issues relating to the dilution claim. *See Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 2009 U.S. Dist. LEXIS 33923 at *2 (N.D. Cal., Apr. 22, 2009) (not for citation) citing *Everest Capital, Ltd. v. Everest Funds Mgmt. L.L.C..*, 393 F.3d 755, 762 n. 4 (8th Cir. 2005) ("even when there is no right to a jury trial, if a dilution claim is tried with other claims that must be submitted to the jury, the court has discretion to submit the dilution claim to the jury on an advisory basis"). *Levi Strauss* is therefore inapposite.

Finally, in *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 WL 5304134 at *15 (N.D. Cal. Sep. 20, 2013), a patent case, the court concluded that

plaintiff's right to a jury trial had been waived. The court was nonetheless persuaded that an advisory jury was warranted where the court felt it needed assistance in making "credibility decisions about hotly contested issues," namely, determination of inventorship, patent invalidity and unenforceability, and unjust enrichment. *Id.* at *15.

No such patent issues and witness credibility decisions exist here. Instead, the issues remaining in this case are straightforward, namely, whether VIP's use of Jack Daniel's trademarks and trade dress is likely to cause consumer confusion or to dilute by tarnishment the Jack Daniel's distinctive marks and dress. *Theranos* does not apply.

## III.  CONCLUSION

The principle that trials be conducted fairly and expeditiously is such an important goal for the federal courts that it is enshrined in Rule 1 of the Federal Rules of Civil Procedure. Rule 1 requires that the Rules "be construed, administered, and employed by the court and the parties to secure the *just, speedy, and inexpensive determination of every action and proceeding*" (emphasis added). Impaneling an advisory jury in this case would ignore this requirement by unnecessarily complicating and lengthening the proceedings, wasting the Court's time and resources, and driving up the legal expense for both parties.

Accordingly, the Court should deny VIP's motion to impanel an advisory jury and set a status conference to schedule a prompt bench trial.

(*Signatures on next page.*)

Dated: January 13, 2017

Respectfully submitted,

*/s/ Isaac S. Crum*
Gregory P. Sitrick (AZ Bar #028756)
Gregory.Sitrick@quarles.com
Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
Quarles & Brady LLP
One Renaissance Square,
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229-5200
Fax (602) 229-5690

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harveysiskind.com
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone:   (415) 354-0100
Facsimile:   (415) 391-7124

*Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.*

7

QB\43394918.4

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

/s/ Isaac S. Crum