Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>          Plaintiff and Counterdefendant,<br><br>     v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>          Defendant and Counterclaimant. | No. 2:14-cv-02057-SMM<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO IMPANEL AN ADVISORY JURY PURSUANT TO RULE 39(c)(1), FED. R. CIV. P.** |

Plaintiff and Counterdefendant VIP Products, LLC ("VIP") hereby submits its Reply in Support of its Motion to Impanel an Advisory Jury Pursuant to Rule 39(c)(1), Fed. R. Civ. P.

## I.    BACKGROUND

Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI") filed a Motion to Strike Jury Demand on December 2, 2016. (Doc. 176). In its response filed December 22, 2016, VIP consented to a bench trial. (Doc. 178). That same day VIP also filed the present Motion to Impanel an Advisory Jury Pursuant to Rule 39(c)(1), Fed. R. Civ. P. (Doc. 179). At trial the Court will hear and decide issues of trademark

1

infringement and dilution by tarnishment. These issues are not only inherently factual but pose questions as to how *average consumers* are likely to reach to the products at issue and thereafter an advisory jury will be an invaluable tool to the Court. As such, VIP respectfully requests that the Court grants its motion to impanel an advisory jury pursuant to Rule 39(c)(1), Fed. R. Civ. P.

## II.   ARGUMENT

### A. The Court has Unfettered Discretion in Determining Whether to Impanel or Otherwise Use an Advisory Jury and Courts in the Ninth Circuit Have Done so in Trademark and Other Intellectual Property Cases

Rule 39(c)(1) allows a court to impanel or otherwise use an advisory jury when a case is not triable by right to a jury. Fed. R. Civ. P. 39(c)(1) ("[T]he court, on motion or on its own: (1) may try any issue with an advisory jury"). While JDPI presents some factors courts have used in determining whether to use an advisory jury (in unrelated racial discrimination and labor cases), ultimately the court has the unfettered discretion as to whether an advisory jury is appropriate for the case it is hearing. Wright and Miller, *Federal Practice and Procedure* § 2335 (3d ed. 2016) ("[I]t is completely discretionary with the *trial judge* whether or not to use an advisory jury under Rule 39(c).") (emphasis added).

Case law in the Ninth Circuit is almost nonexistent as to what factors, if any, are looked at in determining whether to impanel an advisory jury. Nonetheless, courts in the Ninth Circuit have exercised this discretion and used advisory juries for equitable issues in trademark and other intellectual property cases as an aid to its fact finding function. *E.g.*, *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1163 (9th Cir. 2013) (district court submitted defendant's equitable defenses to advisory jury in trademark dispute); *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1159–1160 (9th Cir. 2011) (district court submitted plaintiff's trademark dilution claim, seeking only injunctive relief, to advisory jury); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-

05236-PSG, 2013 WL 5304134 at *5 (N.D. Cal. Sep. 20, 2013) (district court submitted plaintiff's equitable claims to advisory jury in patent dispute).

**B. Courts in Trademark Cases Where the Remedies Sought are Purely Equitable Have Impaneled Advisory Juries**

In its Response, JDPI argues that *some* courts, hearing only equitable remedies for trademark claims, have rejected requests for advisory juries as outlined in JDPI's brief. However, it is equally true that courts have used advisory juries in trademark cases where only equitable remedies are sought. *E.g.*, *Deere & Co. v. FIMCO Inc.*, CIVIL ACTION NO. 5:15-CV-00105-TBR-LLK, 2016 WL 4443184 (W.D. Ky. Aug. 19, 2016) (court ordered an advisory jury when there was no jury trial by right); *Gateway, Inc. v. Companion Products, Inc.*, No. Civ. 01-4096-KES, 2003 WL 22508907 (D.S.D. Aug. 19, 2003) (court ordered an advisory jury after granting motion to strike jury demand when damages claim waived). It should be of no surprise that courts are split on whether to impanel or otherwise use advisory juries because, again, the trial judge has the complete discretion to decide whether to use an advisory jury.

## III. <u>CONCLUSION</u>

A trial judge has the unfettered discretion to impanel an advisory jury when there is no right to a trial by jury. Many courts hearing trademark cases, where equitable claims or defenses are at issue, have exercised this discretion and impaneled or otherwise used advisory juries to aid in the fact finding function. An advisory jury in this case would benefit the Court in its fact finding function during trial. VIP respectfully requests the Court impanel an advisory jury pursuant to Rule 39(c)(1) of the Federal Rules of Civil Procedure.

1

**RESPECTFULLY SUBMITTED** this 20th day of January, 2017.

2

3                             **DICKINSON WRIGHT, PLLC**

4

5                    By: _s/ David G. Bray_

6                        David G. Bray
                            Frank G. Long

7                            Jonathan S. Batchelor
                            1850 North Central Avenue, Suite 1400

8                            Phoenix, Arizona 85012-2705
                            *Attorneys for VIP Products, L.L.C.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Kristi A. Arendt*

PHOENIX 53913-11 346701v1