1

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9 | VIP Products, LLC, | ) | No. CV-14-2057-PHX-SMM |
| | ) | |
10 |         Plaintiff, | ) | |
| | ) | |
11 | vs. | ) | **ORDER** |
| | ) | |
12 | Jack Daniel's Properties, Inc., | ) | |
| | ) | |
13 |         Defendant. | ) | |
| | ) | |
14 | | ) | |
| | ) | |
15 | And Related Counterclaims. | ) | |
| | ) | |

16

17       Pending before the Court is the parties' Joint Motion to Continue Trial and Pretrial

18 Deadlines. (Doc. 187.) Also pending is Plaintiff's Motion to Impanel an Advisory Jury

19 Pursuant to Fed. R. Civ. P. 39(c)(1). (Doc. 179.) Plaintiff's motion is fully briefed. (Docs.

20 185, 186.)

21       The Court will grant the parties' joint motion to continue trial and pretrial deadlines

22 subject to certain conditions. However, the Court will deny Plaintiff's motion to impanel an

23 advisory jury.

24       *Advisory Jury*

25       In a previous ruling, the Court resolved that a bench trial would resolve the remaining

26 issues of trademark infringement and dilution by tarnishment. (Doc. 184.) Rule 39(c)(1)

27 provides that a Court, on its own discretion, may try any issue with an advisory jury.

28 However, even if a Court does impanel an advisory jury, the Court "must find the facts

1    specially and state its conclusions separately." Fed. R. Civ. P. 52(a). "[F]indings by an

2    advisory jury are not binding, for the ultimate responsibility for finding the facts remains

3    with the court." Wilson v. Prasse, 463 F.2d 109, 116 (3d Cir. 1972).

4         In support of the impaneling of an advisory jury, Plaintiff urges that at trial, the issues

5    of trademark infringement and dilution by tarnishment are heavily factual in nature, and an

6    advisory jury will provide the Court with a valuable tool in its fact finding function. (Doc.

7    179 at 2.)

8         Defendant contends that even if the Court impanels an advisory jury, the Court's role

9    would not change; the Court would still need to make factual findings and legal conclusions

10   in the same way as it would without an advisory jury, and the Court may still reject the

11   advisory jury's factual determinations. (Doc. 185 at 4-5.) Moreover, Defendant contends that

12   this is not a case where a jury has already been impaneled due to the fact that the action

13   involves both jury and non-jury claims, citing Everest Capital, Ltd. v. Everest Funds Mgmt.,

14   LLC, 393 F.3d 755, 762 n.4 (8th Cir. 2005) (stating that "even when there is no right to a

15   jury trial, if a dilution claim is tried with other claims that must be submitted to the jury, the

16   court has discretion to submit the dilution claim to the jury on an advisory basis"). (Id. at 3.)

17        In reply, Plaintiff argues that issue of trademark infringement and dilution by

18   tarnishment are not only inherently factual issues but pose questions as to how average

19   consumers are likely to react to the products at issue and thus an advisory jury would be an

20   invaluable tool to the Court.

21        The Court finds that impaneling an advisory jury in this matter would be duplicative

22   of the Court's role and unnecessarily burden judicial resources. Moreover, the Court is fully

23   capable of hearing this case as a bench trial having presided over a significant number of

24   trademark matters. Thus, the Court does not deem it necessary to impanel an advisory jury.

25        *Joint Motion to Continue Trial and Pretrial Deadlines*

26        Next, the parties jointly move to continue the trial in this matter, currently scheduled

27   for Monday, June 5, 2017, together with the pretrial deadlines. (Doc. 187.) In support, the

28   parties state that since the setting of trial, Defendant's lead trial counsel, Peter Harvey, has

1   learned that two events will present significant conflicts for him if the trial schedule remains

2   the same, and further providing the details of his international commitments and conflicts.

3   (Id.) In addition, the parties have proposed alternative dates for the commencement of trial.

4          Reluctantly, the Court will agree to the parties' request to continue, and will set this

5   matter for trial starting Monday, October 2, 2017. However, the Court will hold the parties

6   to their commitment to confine trying this matter within a two-week time frame, keeping in

7   mind that Monday, October 9th is a federal holiday. Furthermore, given the amount of time

8   between now and the commencement of trial, no further extensions/continuances will be

9   granted absent extraordinary circumstances. The Court notes further that any future speaking

10  engagements will not constitute an extraordinary circumstance in support of continuance.

11         Accordingly,

12         **IT IS HEREBY ORDERED** granting the parties' Joint Motion to Continue Trial and

13  Pretrial Deadlines. (Doc. 187.) The Court vacates the June 5, 2017, trial date, and continues

14  this matter for trial until **Monday, October 2, 2017, at 9:00 a.m., through Friday, October**

15  **13, 2017.**

16         **IT IS FURTHER ORDERED** vacating the Final Pretrial Conference set for

17  Tuesday, April 18, 2017, at 2:00 p.m. and associated pretrial deadlines. The Court will set

18  a new Final Pretrial Conference date and associated pretrial deadlines by separate Order.

19         **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Impanel an Advisory

20  Jury Pursuant to Fed. R. Civ. P. 39(c)(1). (Doc. 179.)

21         DATED this 15th day of February, 2017.

22

23

24                                  Stephen M. McNamee
                                    Senior United States District Judge

25

26

27

28