# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | |
| vs. | **ORDER RESETTING FINAL PRETRIAL CONFERENCE** |
| Jack Daniel's Properties, Inc., | |
| Defendant, | |
| And Related Counterclaims. | |

This matter is ready for trial. A reset Final Pretrial Conference is scheduled as follows.

**IT IS HEREBY ORDERED** resetting the Final Pretrial Conference for **Monday, August 14, 2017, at 2:00 p.m.,** in Courtroom 401, on the fourth floor of the Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. The attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference.

**IT IS FURTHER ORDERED** that the attorneys who will be responsible for the trial of the lawsuit shall prepare and sign a joint Proposed Pretrial Order and file it by **Friday, July 28, 2017.**

**IT IS FURTHER ORDERED** that the content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Proposed Pretrial Form of Order attached hereto. Statements made shall not be in the form of a question, but should be a concise

narrative statement of each party's contention as to each uncontested and contested issue. The parties shall also email the joint Proposed Pretrial Order to the Chambers mailbox at mcnamee_chambers@azd.uscourts.gov in either Word Perfect or Word format.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 37(c) that the Court will not allow the parties to offer any exhibits, witnesses, or other information that were not previously disclosed in accordance with the provisions of this Order and/or the Federal Rules of Civil Procedure and/or not listed in the Proposed Pretrial Order, except for good cause.

**IT IS FURTHER ORDERED** directing the parties to exchange drafts of the Proposed Pretrial Order **no later than seven (7) days before the submission deadline**. In addition, the parties shall exchange marked copies of all exhibits to be used at trial. While meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits. The numbering of the exhibits as listed in the joint Proposed Pretrial Order shall correspond to the numbering of the exhibits at trial.

**IT IS FURTHER ORDERED** that the parties shall file and serve all motions in limine no later than **Friday, July 14, 2017**. Responses to motions in limine are due **Friday, July 21, 2017**. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies will be permitted. Each motion in limine shall include the legal basis supporting it and the proposed language for the order in limine being sought from the Court. Counsel shall be prepared to address the merits of all motions in limine at the Final Pretrial Conference.

**IT IS FURTHER ORDERED** that because this case will be tried to the Court, rather than to a jury, each party shall submit proposed findings of fact and conclusions of law by **Friday, September 15, 2017**. Unless ordered by the Court, the parties shall not submit supplemental findings of fact and conclusions of law following trial.

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement.

1    **IT IS FURTHER ORDERED** that this Court views compliance with the provisions
2 of this Order as critical to its case management responsibilities and the responsibilities of the
3 parties under Rule 1 of the Federal Rules of Civil Procedure.

4    DATED this 15th day of February, 2017.

*[Signature]*

Stephen M. McNamee
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | |
| vs. | **PROPOSED PRETRIAL FORM OF ORDER** |
| Jack Daniel's Properties, Inc., | |
| Defendant. | |
| And Related Counterclaims. | |

Pursuant to the Scheduling Order, the following is the joint Proposed Pretrial Order to be considered at the Final Pretrial Conference set for **Monday, August 14, 2017, at 2:00 p.m.** before Judge McNamee.

**A.   TRIAL COUNSEL FOR THE PARTIES.**

(Include mailing address, office phone, fax number, and email address).

Plaintiff(s):

Defendant(s):

**B.   STATEMENT OF JURISDICTION/VENUE.**

Cite the statute(s) or rule(s) which gives this Court jurisdiction and venue.

(*e.g.,* Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.)

1  **C.  NATURE OF ACTION.**

2  Provide a concise statement (no more than one page) of the type of case, the
3  cause of the action, and the relief sought.
4  (*e.g.,* - This is a products liability case wherein the plaintiff seeks damages for
5  personal injuries sustained when he fell from the driver's seat of a forklift. The
6  plaintiff contends that the forklift was defectively designed and manufactured
7  by the defendant and that the defects were a producing cause of his injuries
8  and damages.)

9  **D.  CONTENTIONS OF THE PARTIES.**

10  With respect to each count of the complaint, counterclaim or cross-claim, and
11  to any defense, affirmative defense, or the rebuttal of a presumption where the
12  burden of proof has shifted, the party having the burden of proof shall list the
13  elements or standards that must be proved in order for the party to prevail on
14  that claim or defense. Citation to relevant legal authority is required.
15  (*e.g.,* To prevail on this products liability case, the plaintiff must prove the
16  following elements . . . .)
17  (*e.g.,* To defeat this products liability claim based on the statute of repose, the
18  defendant must prove the following elements . . . .)

19  **E.  STIPULATIONS AND UNDISPUTED FACTS AND LAW.**

20  1. The following facts are admitted by the parties and require no proof:
21  2. The following facts, although not admitted, will not be contested at trial by
22  evidence to the contrary:
23  3. The following issues of law are uncontested and stipulated to by the parties:

24  **F.  CONTESTED ISSUES OF FACT.**

25  The following are the issues of fact to be tried and decided: (Each issue of fact
26  must be stated separately and in specific terms).
27  *E.g.,*       Issue # 1: Whether Plaintiff used due care.
28  *Plaintiff Contends*: Plaintiff looked both ways before stepping into the street

- 2 -

...

*Defendant Contends*: Plaintiff was chasing a ball and darted out into the street without looking . . .

**G.** **ISSUES OF LAW IN CONTROVERSY**.

List briefly any points of law (substantive, evidentiary, or procedural) concerning the measure and kind of relief requested that is or may be reasonably expected to be in controversy.

**H.** **LIST OF WITNESSES**.

Provide a separate list for each party of all witnesses whom the party will call or may call in person or through deposition, except witnesses who may be called only for impeachment or rebuttal. A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses (1) will be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial. If any additional witnesses come to the attention of counsel prior to the trial, a supplemental list and summary must be prepared and filed with the Court. This supplemental list must include the reason why the witness' name was not set forth in the Proposed Pretrial Order. If a witness will appear by deposition only, the party calling the witness will give notice of the pages to be read on the date the Proposed Pretrial Order is filed with the Court. (Do not include deposition pages in the Proposed Pretrial Order.)

**I.** **LIST OF EXHIBITS**.

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    a. Plaintiff's Exhibits:

    b. Defendant's Exhibits:

2. As to the following exhibits, the parties have reached the following stipulations:

    a. Plaintiff's Exhibits:

          b. Defendant's Exhibits:

3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

          a. Plaintiff's Exhibits:

(*E.g.,* City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . . (the objection must specify why there is a lack of foundation)).

          b. Defendant's Exhibits:

(*E.g.*, Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on the ground of relevance and materiality because (the objection must specify why there is a relevancy or materiality problem)).

**J.**    **PROBABLE LENGTH OF TRIAL.**

**K.**    **CERTIFICATIONS**. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order and Order Setting Final Pretrial Conference.

5. Unless otherwise previously ordered to the contrary, the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

**APPROVED AS TO FORM AND CONTENT**:

_____  _____
Attorney for Plaintiff              Attorney for Defendant

- 4 -

Based on the foregoing,

**IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order of this Court.

DATED this ___ day of _____, 2017.

- 5 -