QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
 Isaac.Crum@quarles.com

HARVEY & COMPANY
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:    (415) 926-7776
Facsimile:     (415) 402-0058
E-mail: pharvey@harvey.law

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>            Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 1 PRECLUDING TESTIMONY FROM MARTIN WOLINSKY** |

1   Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's") hereby moves the Court to preclude at trial any testimony from VIP Products, LLC's ("VIP") disclosed expert Martin Wolinsky ("Wolinsky").

## SUMMARY OF ARGUMENT

Given this Court's summary judgment ruling on distinctiveness and functionality, the remaining issues for trial are limited to likelihood of confusion and dilution. Wolinsky's expert opinions are directed only to the issues of distinctiveness and functionality. Therefore, Wolinsky's opinions are irrelevant to the issues remaining for trial. Wolinsky must not be permitted to re-testify on those already-decided issues.

## RELEVANT FACTS

1. Wolinsky was disclosed as an expert June 12, 2015 when VIP served Wolinsky's expert report on Jack Daniel's. *See* Declaration of D. Peter Harvey in Support of Defendant's Motions *in Limine* ("Harvey Decl.") Exh. A [Wolinsky Report].

2. In his expert report, Wolinsky states that "[he] ha[s] been retained by VIP Products, LLC., to collect and analyze information regarding distilled spirits packaging in the bourbon/Tennessee Whiskey market segment and Jack Daniel's brand packaging in particular." Harvey Decl. Exh. A at WOL0003.

3. In his report, Wolinsky reaches four "conclusions": (1) that Jack Daniel's packaging is allegedly not distinctive, (2) the packaging is allegedly aesthetically functional, (3) the packaging allegedly looks like that of competitive bourbons, and (4) Jack Daniel's "brand equity" is allegedly in the brand name and not the appearance of the bottle and label. *Id.* at WOL0006.

4. Tellingly, contrary to his report, Wolinsky testified during his deposition as follows: "Q.· · Do you consider the Jack Daniel's packaging to be generic? . . . A.· · I do not consider the Jack Daniel's package to be generic." Harvey Decl. Exh. B. [Wolinsky Dep. Tr.], at 187:12-13.

5. The proposed testimony of Wolinsky—presented in an expert report—was submitted to the Court in conjunction with the parties' summary judgment motions.

1       6.     Wolinsky's deposition transcript was also submitted to this Court in connection with the parties' summary judgment motions. *See* Doc. No. 104-5.

      7.     After considering Wolinsky's report and deposition testimony, this Court held on summary judgment that "the Court finds . . . that Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis." Harvey Decl. Exh. C [Memorandum of Decision and Order, Doc. 171], hereafter "SJ Order," at 31.

      8.     In its SJ Order the Court stated:

> As to VIP's Claim 2 in its Amended Complaint, the Court has reviewed VIP's response to JDPI's motion for partial summary judgment on this claim and finds that VIP has made the same legal arguments as to acquired distinctiveness, utilitarian functionality, and aesthetic functionality that the Court previously considered in VIP's motion for summary judgment. (*See* Doc. 147 at 7-24.) Therefore, the Court finds that VIP may not avoid summary judgment on the Court's earlier findings that Jack Daniel's trade dress and bottle design have acquired distinctiveness through secondary meaning, and that Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis.

SJ Order, 31.

## ARGUMENT

### I.   Wolinsky's Report and proposed testimony relate solely to the already-decided issues of distinctiveness and functionality.

Wolinsky is VIP's expert on aesthetic functionality and distinctiveness. Through Wolinsky's testimony, VIP sought to challenge the validity of Jack Daniels' bottle registration and trade dress. To this end, in his report, Wolinsky reached four "conclusions": (1) that Jack Daniel's packaging is allegedly not distinctive, (2) the packaging is allegedly aesthetically functional, (3) the packaging allegedly looks like that of competitive bourbons [i.e., that it is not distinctive], and (4) the "brand equity" is allegedly in the brand name and not the appearance of the bottle and label [i.e., that the

bottle is not distinctive]. (Fact No. 3, *supra.*) Each of these opinions offered by Wolinsky relates to the legal issues of either (1) functionality or (2) distinctiveness of the Jack Daniel's Bottle Registration and the Jack Daniel's Trade Dress.

### II.     This Court has already ruled on these issues.

This Court was explicit in its SJ Order: "[A]s to acquired distinctiveness, utilitarian functionality, and aesthetic functionality . . . the Court finds that VIP may not avoid summary judgment on the Court's earlier findings that Jack Daniel's trade dress and bottle design have acquired distinctiveness through secondary meaning, and that Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis." (Fact No. 8, *supra.*)

### III.     Wolinsky's testimony will not aid the Court and should be excluded.

This Court's gatekeeping function, explained by the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), is codified in Federal Rule of Evidence 702 ("FRE 702). FRE 702 makes it clear that expert testimony should <u>only</u> be admitted where it "will help the trier of fact to understand the evidence or to determine a fact in issue." Because this Court has ruled on the issues of distinctiveness and functionality in its SJ Order, Wolinsky's testimony—directed towards those same issues—will not assist the trier of fact (the Court) and should be excluded from the bench trial scheduled in this matter.

### CONCLUSION

For the reasons stated above, Jack Daniel's respectfully requests that the Court exclude Wolinsky from offering his report and otherwise testifying at trial.

Dated: July 14, 2017                    Respectfully submitted,

                                        */s/ Isaac S. Crum*
                                        Gregory P. Sitrick (AZ Bar #028756)
                                        Gregory.Sitrick@quarles.com
                                        Isaac S. Crum (AZ Bar #026510)
                                        Isaac.Crum@quarles.com
                                        Quarles & Brady LLP

-3-

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

One Renaissance Square,
Two North Central Avenue
Phoenix, AZ 85004
Telephone: (602) 229-5200
Facsimile:  (602) 229-5690

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Harvey & Company
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:    (415) 926-7776
Facsimile:     (415) 402-0058

*Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.*

-4-

DEF'S MOTION *IN LIMINE* NO. 1 RE MARTIN WOLINSKY                    CASE NO. CV-14-2057-PHX-SMM

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

/s/ Isaac S. Crum