**QUARLES & BRADY LLP**
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
 Isaac.Crum@quarles.com

**HARVEY & COMPANY**
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:   (415) 926-7776
Facsimile:     (415) 402-0058
E-mail: pharvey@harvey.law

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>         Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 2 PRECLUDING TESTIMONY FROM JOHN HOWARD** |

1   Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's")
2 hereby moves the Court to preclude at trial any testimony from VIP Products, LLC's
3 ("VIP") disclosed expert John Howard ("Howard").

4                              **SUMMARY OF ARGUMENT**

5   This Court on September 27, 2016 granted summary judgment rejecting VIP's
6 defenses of fair use, non-distinctiveness, genericness and functionality  The remaining
7 issues for trial are simply likelihood of confusion and dilution. Howard's expert opinions
8 are directed only to the already-decided issue of functionality.  Accordingly, Howard's
9 expert opinions and testimony are irrelevant.  VIP must not be permitted to waste the
10 time of the Court and Jack Daniel's revisiting rejected theories and defenses.

11                              **RELEVANT FACTS**

12   1.   Howard was disclosed as an expert June 14, 2015 when VIP served
13 Howard's expert report on Jack Daniel's.  *See* Declaration of D. Peter Harvey in Support
14 of Defendant's Motions *in Limine* ("Harvey Decl.") Exh. D [Howard Report].

15   2.   Howard's Report states that he "was retained by [VIP] to evaluate the . . .
16 bottle used by Jack Daniel's. . .  The purpose of [his] evaluation was to determine
17 whether the combined features of the design of the Jack Daniel's bottle are **essential to**
18 **the use or purpose of packaging distilled spirits or if the design affects the cost or**
19 **quality of bottled distilled spirits.**"  Harvey Decl. Exh. D at 1 (emphasis added).

20   3.   Howard's Report considered four questions: (1) "Does Jack Daniels bottle
21 design yield a utilitarian advantage?", (2) "Are there alternative designs available that
22 provide the same advantages?", (3) "Does Jack Daniels Advertising tout the utilitarian
23 advantages of the design?", and (4) "Does the Jack Daniel's bottle design affect the cost
24 or quality of its product?".  *Id.* at 1–6.

25   4.   Howard's Report concludes "that the combined features of the design of the
26 Jack Daniel's bottle are essential to the use or purpose of packaging distilled spirts and
27 affect the cost or quality of bottled distilled spirits." *Id.*at 6.

28   5.   After considering Howard's report and deposition testimony, this Court

-1-

held on summary judgment that the "Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis." Harvey Decl. Exh. C [Memorandum of Decision and Order, Doc. 171], hereinafter "SJ Order," at 31. The Court emphatically rejected VIP's functionality defense.

6. In its SJ Order the Court stated:

> As to VIP's Claim 2 in its Amended Complaint, the Court has reviewed VIP's response to JDPI's motion for partial summary judgment on this claim and finds that VIP has made the same legal arguments as to acquired distinctiveness, utilitarian functionality, and aesthetic functionality that the Court previously considered in VIP's motion for summary judgment. (See Doc. 147 at 7-24.) Therefore, the Court finds that VIP may not avoid summary judgment on the Court's earlier findings that Jack Daniel's trade dress and bottle design have acquired distinctiveness through secondary meaning, and that Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis.

*Id*.

## ARGUMENT

**I.    Howard's Report relates solely to the issue of functionality.**

In describing the scope of his expert report, Howard states that he "was retained by VIP Products, LLC, to evaluate the design of a bottle used by Jack Daniel's for packaging distilled spirits. The purpose of [his] evaluation was to determine whether the combined features of the design of the Jack Daniel's bottle are **essential to the use or purpose of packaging distilled spirits or if the design affects the cost or quality of bottled distilled spirits.**" (Fact No. 2, *supra*.) This inquiry is, word-for-word, the inquiry spelled out by the United States Supreme Court for determining whether a trademark is "functional". *Traffix Devices, Inc v. Marketing Displays, Inc*., 532 U.S. 23, 32 (2001). Indeed, in *Traffix*, the Supreme Court stated:

> Discussing trademarks, we have said "'[i]n general terms, a product feature is functional,' and cannot serve as a trademark, 'if it is essential to the use or purpose of the article or if it

>  affects the cost or quality of the article.'" *Qualitex*, 514 U. S.,
>  at 165 (*quoting Inwood Laboratories, Inc. v. Ives Laboratories,
>  Inc*., 456 U. S. 844, 850, n. 10 (1982)).

*Id*. Based on Howard's description of the scope of his work and the mirrored language in the Supreme Court's explication of the "functionality" inquiry, there can be no question that Howard's report and testimony was directed solely to the issue of "functionality" of Jack Daniel's asserted trademarks.

**II.    This Court has already ruled on the issue of functionality.**

This Court was explicit in its SJ Order: "[A]s to acquired distinctiveness, utilitarian functionality, and aesthetic functionality . . . the Court finds that VIP may not avoid summary judgment on the Court's earlier findings that Jack Daniel's trade dress and bottle design have acquired distinctiveness through secondary meaning, and that Jack Daniel's trade dress and bottle design are non-functional both from a utilitarian functional analysis and an aesthetic functional analysis." (Fact No. 6, *supra.*)

**III.    Howard's testimony will not assist this Court and should be excluded.**

This Court's gatekeeping function, explained by the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), is codified in Federal Rule of Evidence 702 ("FRE 702). FRE 702 makes it clear that expert testimony should <u>only</u> be admitted where it "will help the trier of fact to understand the evidence or to determine a fact in issue." Because this Court ruled on the issues of functionality in its SJ Order, Howard's testimony—directed towards this very issue—will not assist the trier of fact (the Court) and should be excluded.

**CONCLUSION**

For the reasons stated above, Jack Daniel's respectfully asks the Court to exclude Howard from testifying at the bench trial scheduled in this matter.

Dated: July 14, 2017                           Respectfully submitted,

| | |
|---|---|
| 1 | */s/ Isaac S. Crum* |
| 2 | Gregory P. Sitrick (AZ Bar #028756) |
|   | Gregory.Sitrick@quarles.com |
| 3 | Isaac S. Crum (AZ Bar #026510) |
|   | Isaac.Crum@quarles.com |
| 4 | Quarles & Brady LLP |
| 5 | One Renaissance Square, |
|   | Two North Central Avenue |
| 6 | Phoenix, AZ 85004 |
|   | Telephone: (602) 229-5200 |
| 7 | Facsimile:  (602) 229-5690 |

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Harvey & Company
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:   (415) 926-7776
Facsimile:    (415) 402-0058

*Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.*

-4-

DEF'S MOTION *IN LIMINE* NO. 2 RE JOHN HOWARD          CASE NO. CV-14-2057-PHX-SMM

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

/s/ Isaac S. Crum