QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5759
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
 Isaac.Crum@quarles.com

HARVEY & COMPANY
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058
E-mail: pharvey@harvey.law

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>          Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 3 PRECLUDING EXPERT TESTIMONY FROM STEPHEN SACRA** |

Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's") hereby moves the Court to preclude at trial any purported "expert" testimony from VIP Products, LLC's ("VIP") owner Stephen Sacra ("Sacra").

## SUMMARY OF ARGUMENT

Given (1) the representations of VIP to this Court and to Jack Daniel's, (2) VIP's failure to timely disclose Sacra as an expert, and (3) Sacra's own statements, Sacra should be precluded from offering the hearsay and "expert" testimony put forth in Sacra's "expert" report.

## RELEVANT FACTS

1. Sacra was never disclosed as an expert. To the contrary, counsel for VIP affirmatively stated that Sacra was *not* being designated as an expert witness. *See* Declaration of D. Peter Harvey in Support of Defendant's Motions *in Limine* ("Harvey Decl.") Exh. E [June 18, 2015 Email from D. Bray].

2. At the October 26, 2016 status conference VIP identified "Steve Sacra, of VIP Products, *who will be our only non-expert witness*." Harvey Decl. Exh. F [Oct. 26, 2016 Tr.] at 35:1–4 (emphasis added).

3. On June 17, 2015 (on the eve of Sacra's 30(b)(6) deposition which was at that time scheduled for June 19) VIP produced a report prepared by Sacra. Harvey Decl. Exh. G [Sacra Report].

4. In its interrogatory responses, VIP stated that it intends to present Sacra's internet-search based report as evidence of: (1) competitors' use of elements of Jack Daniel's trade dress (Rog 14), (2) the utilitarian and aesthetic functionality of the Jack Daniel's trade dress (Rog 15), (3) the "merely ornamental" nature of the Jack Daniel's trade dress (Rog 16), (4) the generic nature of the Jack Daniel's trade dress (Rog 17 & 18), (5) the "non-distinctiveness" of the Jack Daniel's Trade Dress (Rog. 19 & 20), (6) the fame of the Jack Daniel's trade dress (Rog. 22), (7) VIP's fair use defense (Rog. 23), (8) the similarity of other marks to the Jack Daniel's trade dress (Rog. 24), and (9) that the Jack Daniel's trade dress is "invalid, unenforceable and/or not infringed" (Rog. 25).

1  Harvey Decl. Exh. H [VIP's Responses to JDPI's Second Set of Interrogatories].

2      5.    Sacra created his Report by searching the internet—through Google,
3  Wikipedia, and Shutterstock—for images of alcohol bottles.  Harvey Decl. Exh. E [Sacra
4  30(b)(6) Dep. Tr.] at 97:23–102:24.

5      6.    Sacra claims to be "an expert at eating out, talking with bar staff, and
6  staring at bottles of alcohol and their shapes and colors on the back bar." Harvey Decl.
7  Exh. C at 2.

8      7.    Sacra states the purpose of his report is: "to provide a clear and statistical
9  analysis of bottling and labeling practices of the Whiskey and Bourbon Industry, and
10 more specifically how it relates to Jack Daniel's bottle design and alleged bottle trade
11 dress."  *Id*. at 1.

12     8.    If this Court does not preclude Sacra's testimony, Sacra intends to offer as
13 "evidence" the hearsay he printed out from the internet.  Harvey Decl. Exh. I at 102:22–
14 102:24.

15 **ARGUMENT**

16 **I.    Sacra Is No Expert and Should Be Precluded from Testifying as Such**

17 VIP should be held to its repeated representations that Sacra will not be offered as
18 an expert in this matter. (Fact Nos. 1–2, *supra.*)  Sacra himself admits that he lacks
19 expertise.  He has no experience in alcohol bottling and labelling beyond "eating out" and
20 "staring at bottles of alcohol" (Facts Nos. 6 and 7, *supra*.)  *Daubert* and Federal Rule of
21 Evidence 702 only permit testimony by "qualified" experts that (1) "is based upon
22 sufficient facts or data," (2) "is the product of reliable principles and methods," and (3)
23 which "applie[s] the principles and methods reliably to the facts of the case" in a manner
24 that "will assist the trier of fact to understand the evidence or to determine a fact in issue."
25 FED. R. EVID. 702.  Mr. Sacra's purported expertise based on "eating out" and "staring
26 at bottles of alcohol" does not meet these criteria or qualify him to testify about whiskey
27 bottle design.

28

## II.   Sacra's Proposed "Expert" Testimony Constitutes Internet Hearsay

The law is clear: Internet searches in sites including Wikipedia, Google, and other unverified internet resources are not admissible as evidence of facts. *Crochet v. Wal–Mart Stores, Inc.*, No. 6:11–01404, 2012 WL 489204, at *4 (W.D.La. Feb. 13, 2012) ("plaintiffs' 'evidence' consisting of Google and Yahoo searches is inauthentic, lacks foundation and constitutes inadmissible hearsay"); *Straughter v. Raymond*, No. CV 08–2170 CAS (CWx), 2011 WL 3651350, at *10 (C.D.Cal. Aug. 19, 2011) ("The Court finds that plaintiff may not rely upon Wikipedia and other unverified internet websites as admissible evidence of facts ...." (*citing Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 976 n. 19 (C.D.Cal.2010)). The entirety of Sacra's 'report' and proposed trial testimony (*see* Facts Nos. 4, 6 & 7, *supra*) was created through such internet searches (*see* Fact No. 5, *supra*). VIP intends to present Sacra's Google searches to establish the truth of virtually all of VIP's alleged defenses in this case. (Fact No. 4, *supra*.) Indeed, Sacra has stated that the very purpose of his report is to present the results of information found on the internet as the true state of the "whiskey and bourbon industry." (Fact No. 6, *supra*.) Because it seeks to offer statements by unnamed and unidentifiable out of court declarants to prove the truth of the matter asserted, Sacra's report and accompanying testimony is plain and simple hearsay and must therefore be excluded.

## III.   Sacra's Report Testimony Should Be Excluded Because This Court Has Already Ruled on the Topics Addressed

As Jack Daniel's explained in Motions *in Limine* Nos. 1 and 2, this Court has already ruled on a host of issues in its summary judgment order (Doc. No. 171.) Included among those already-decided issues are (1) functionality (utilitarian and aesthetic), (2) genericness, (3) distinctiveness, and (4) fair use. Because the Court has already ruled on these issues, Sacra should be precluded from offering any testimony relevant to them at trial.

-3-

# **CONCLUSION**

For the reasons stated above, Jack Daniel's respectfully requests that the Court preclude Sacra from testifying as to the information collected in his "report."

Dated: July 14, 2017               Respectfully submitted,

*/s/ Isaac S. Crum*
Gregory P. Sitrick (AZ Bar #028756)
Gregory.Sitrick@quarles.com
Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
Quarles & Brady LLP
One Renaissance Square,
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229-5200
Fax (602) 229-5690

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Harvey & Company
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:   (415) 926-7776
Facsimile:    (415) 402-0058

*Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

_____