QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
          Isaac.Crum@quarles.com

HARVEY & COMPANY
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058
E-mail:  pharvey@harvey.law

Attorneys for Defendant and Counterclaimant
Jack Daniel's Properties, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Defendant.<br>———————————————<br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO LIMIT THE TESTIMONY OF STEPHEN NOWLIS** |

1   Defendant hereby moves to preclude Plaintiff VIP Products, LLC's ("VIP's")

2   rebuttal expert Stephen Nowlis from testifying that a survey by the late Dr. Gerald Ford

3   is not probative on the distinctiveness or fame of the asserted trade dress.

4                          **FACTUAL BACKGROUND**

5   Dr. Gerald Ford designed a survey in this case to measure whether the Bad

6   Spaniel's dog toy is likely to confuse consumers. *See* Declaration of D. Peter Harvey in

7   Support of Defendant's Motions *in Limine* ("Harvey Decl."),  Exh. J [Ford Report].   In

8   a test cell, respondents were shown photographs of the Bad Spaniel's dog toy. Ford

9   Report ¶¶ 6, 19. In a control cell, respondents were shown photographs of a fictitious

10  dog toy bearing the Bad Spaniel's name. Ford Report ¶¶ 6, 20. After viewing these

11  photographs, respondents were asked a series of open-ended and non-leading questions

12  about who had made, sponsored, or approved the dog toy pictured. *See* Ford Report pp.

13  13-17. Over twenty-nine percent of those in the test cell—who had been shown the Bad

14  Spaniel's dog toy—alluded to Jack Daniel's in response. Ford Report ¶¶ 28-29. By

15  contrast, almost none of those in the control cell—who had been shown the fictitious

16  dog toy—alluded to Jack Daniel's in response. Ford Report ¶¶ 30-31. Dr. Ford

17  concluded: "approximately twenty-nine percent . . . of potential purchasers . . . are likely

18  to be confused." Ford Report ¶ 7; *accord* ¶ 33. Regretfully, Dr. Ford passed away one

19  week after he was deposed for this case. Harvey Decl. ¶ 14.

20  On July 10, 2015, VIP disclosed Stephen Nowlis as a rebuttal expert. Harvey

21  Decl. Exh. K [Nowlis Report] p. 15. Dr. Nowlis was asked "to assess the claim made by

22  Jack Daniel's Properties"—in an interrogatory response—"that the Ford survey tests and

23  shows that the alleged Jack Daniel's trade dress (1) is famous and (2) has acquired

24  distinctiveness or secondary meaning." Nowlis Report ¶ 5. Dr. Nowlis dutifully

25  concluded: "Since the Ford survey was designed to only test likelihood of confusion, it

26  is therefore improper to claim that it also tests for fame and acquired distinctiveness."

27  Nowlis Report ¶ 7. Dr. Nowlis based his conclusion entirely on his interpretation of Dr.

28  Ford's report and writings, as well as his interpretation of a chapter of a book on

-1-

1  trademark surveys published by the American Bar Association. *See* Nowlis Report ¶¶ 8-

2  11, n.5-11. When asked about the differences between likelihood of confusion and

3  secondary meaning at his deposition, Dr. Nowlis testified: "I think we're getting into

4  legal issues that I'm not sure how to answer . . . without being a lawyer." Harvey Decl.

5  Exh. L [Nowlis Deposition Transcript Excerpts] at 88:11-89:11; *accord* 90:8-21.

6  <u>**ARGUMENT**</u>

7  **I.    The Nowlis testimony should be precluded because it is not the proper**

8  **subject of expert opinion.**

9      "A witness who is qualified . . . may testify in the form of an opinion or otherwise

10  if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier

11  of fact . . . ; (b) the testimony is based on sufficient facts or data; (c) the testimony is the

12  product of reliable principles and methods; and (d) the expert has reliably applied the

13  principles and methods . . ." Fed. R. Evid. 702. Dr. Nowlis' testimony does not qualify.

14      First, it will not "help the trier of fact." *See* Fed. R. Evid. 702(a). It does not take

15  a doctorate in marketing to know that likelihood of confusion, distinctiveness, and

16  fame—while "different issue[s]" (Nowlis Report ¶¶ 8, 10)—are intimately related. It

17  only takes proper instruction in the law. *See generally* J. Thomas McCarthy, *McCarthy*

18  *on Trademarks and Unfair Competition* §§ 15:11, 32:174 (2017 ed.) ("*McCarthy*").

19      Second, Dr. Nowlis' testimony is not based on "facts or data." Fed. R. Evid.

20  702(b). On the contrary, it is based on Dr. Nowlis' interpretation of Dr. Ford's report

21  and writings, as well as a *legal* publication. *See* Nowlis Report ¶¶ 8-11, n.5-11; *see also*

22  Harvey Decl. Exh. C at 88:11-89:11 ("I think we're getting into legal issues that I'm not

23  sure how to answer . . . without being a lawyer.").

24      Finally, Dr. Nowlis' testimony is the product of flawed logic, not "reliable

25  principles . . . reliably applied." Fed. R. Evid. 702(c). It assumes that an experiment

26  intended to test one phenomenon cannot provide any insight into others. *See* Nowlis

27  Report ¶ 5. History and precedent dictate otherwise. *See, e.g.*, *Union-Carbide Corp. v.*

28  *Ever-Ready, Inc.*, 531 F.2d 366, 381 (7th Cir. 1976).

**II.    The Nowlis testimony should be precluded because it is not proper rebuttal expert testimony.**

Rebuttal expert testimony is permitted "solely to contradict or rebut evidence on the same subject matter [by another expert]." Fed. R. Civ. P. 26(a)(2)(D)(ii); *accord* 1993 Advisory Committee Note ("disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert"). "Where a party attempts to designate as a 'rebuttal' expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that . . . testimony may be struck by the Court for violating Rule 26(a) and the Court's governing scheduling order." *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 18 (D.D.C. 2013). Such is the case here.

In this case, Dr. Ford has not offered any testimony that his survey—which was designed to measure likelihood of confusion—is probative of distinctiveness or fame. Accordingly, Dr. Nowlis cannot provide any rebuttal testimony to the contrary. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *Blake*, 292 F.R.D. at 18.

**III.    The Nowlis testimony on distinctiveness should be precluded because it is no longer relevant.**

In this case, the Court has held that the Jack Daniel's trademarks and bottle design are distinctive as a matter of law. Memorandum Decision and Order, Harvey Decl. Exh. C [Doc. 171] at 1:28-2:2, 15:1-2, 31:6-8. Accordingly, any evidence intended to show otherwise—including any such expert testimony—is now irrelevant and should be precluded. *See* Fed. R. Evid. 401, 402.

## CONCLUSION

Accordingly, Dr. Stephen Nowlis should be precluded from testifying that the survey by the late Dr. Gerald Ford is not probative on the distinctiveness or fame of the asserted trade dress.

Dated:  July 14, 2017                    Respectfully submitted,

                                         _____
                                         */s/ D. Peter Harvey*
                                         Gregory P. Sitrick (AZ Bar #028756)
                                         Gregory.Sitrick@quarles.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Isaac S. Crum (AZ Bar #026510)
Isaac.Crum@quarles.com
Quarles & Brady LLP
One Renaissance Square,
Two North Central Avenue
Phoenix, AZ 85004
Telephone (602) 229-5200
Fax (602) 229-5690

D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Harvey & Company
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058

*Attorneys for Defendant and Counterclaimant
Jack Daniel's Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

*/s/ Isaac S. Crum*

DEF'S MOTION *IN LIMINE* NO. 4 RE STEPHEN NOWLIS                    CASE NO. CV-14-2057-PHX-SMM