QUARLES & BRADY LLP
Gregory P. Sitrick
Isaac S. Crum
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198
E-mail: Gregory.Sitrick@quarles.com
         Isaac.Crum@quarles.com

HARVEY & COMPANY
D. Peter Harvey (admitted *pro hac vice*)
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058
E-mail:  pharvey@harvey.law

Attorneys for Defendant and Counterclaimant
Jack Daniel's Properties, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>　　　　Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 6 RE TESTIMONY OF JEFF EICHELBERGER** |

Counterclaimant Jack Daniel's Properties, Inc. ("Jack Daniel's") hereby moves to preclude Jeff Eichelberger from testifying at trial pursuant to Federal Rules of Evidence 402, 403, and 802.

## FACTUAL BACKGROUND

Counterclaim Defendant VIP Products, LLC ("VIP") has identified Jeff Eichelberger as a potential witness in this case. *See* Declaration of D. Peter Harvey in Support of Motion *in Limine* No. 6 Re Jeff Eichelberger ("Harvey Decl.") Exh. O [Second Supplemental Initial Disclosures] at 3:14-4:2. According to VIP:

> Mr. Eichelberger is the owner of Boozin Gear. Boozin Gear has purchased a small number of the Bad Spaniels parody dog toy that it offers for sale on the Boozin Gear website: www.boozingear.com. Boozin Gear also sells licensed beer and liquor products. Mr. Eichelberger is believed to have discoverable information regarding the fact that he, and Boozin Gear, have never been confused regarding the source or origin of the Bad Spaniels parody dog toy. Rather, he, and Boozin Gear, have always understood the Bad Spaniels product to be a parody dog toy produced by VIP Products without any involvement by Jack Daniel's. Mr. Eichelberger is also believed to have discoverable information regarding the fact that no customer of Boozin Gear has ever expressed confusion to anyone at Boozin Gear as to the source or origin of the VIP Bad Spaniels parody dog toy." *Id.*

VIP sells its products directly to Mr. Eichelberger and Boozin Gear. *See* Harvey Decl. Exh. P [Sacra Dep. Tr.] 236:21-237:2.

## ARGUMENT

**I.    Mr. Eichelberger's Testimony About Himself Is Irrelevant.**

To the extent Mr. Eichelberger may testify that "he, and Boozin Gear, have never been confused regarding the source or origin" of "Bad Spaniels," his testimony is irrelevant. "The test for likelihood of confusion is whether a reasonably prudent *consumer* in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Production Group, Inc. v. SKG Studio*,

-1-

1  143 F.3d 1127, 1129 (9th Cir. 1998) (internal quotation omitted) (emphasis added). "[A]
2  court conducting a trademark analysis should focus its attention on the relevant
3  consuming public." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1214 (9th
4  Cir. 2012). "In the end, "consumer confusion" constitutes "the *sine qua non* of trademark
5  infringement." *Rearden*, 683 F.3d 1190, 1214. The confusion of non-consumers is only
6  relevant when it "bears a relationship to . . . confusion on the part of consumers
7  themselves." *Rearden*, 683 F.3d 1190, 1214. Mr. Eichelberger is not a "Bad Spaniels"
8  consumer; he is a "Bad Spaniels" retailer. As such, he has substantially more information
9  about that product than the relevant consuming public, and he is substantially less likely
10 to be confused than the relevant consumer public. For example, he knows that he
11 purchases "Bad Spaniels" directly from VIP and not Jack Daniel's. *See* Sacra Dep. Tr. at
12 236:21-237:2. The fact that Mr. Eichelberger may not have been confused about the
13 "source or origin" of that product says nothing about whether the "relevant consuming
14 public" may have been confused about the "source or origin" of that product.
15 Accordingly, to the extent Mr. Eichelberger may testify about his own lack of confusion,
16 his testimony should be excluded under Federal Rule of Evidence 402.

17 **II.     Mr. Eichelberger's Testimony About Others Is Hearsay, Irrelevant, or Both.**
18         To the extent Mr. Eichelberger may testify that "no customer of Boozin Gear has
19 ever expressed confusion to anyone at Boozin Gear as to the source or origin" of "Bad
20 Spaniels," his testimony is hearsay, irrelevant, or both. First, it would be hearsay for Mr.
21 Eichelberger to testify about what a customer told him, particularly if a customer told him
22 that the customer had never been confused, and Mr. Eichlberger repeated that from the
23 stand for the truth of the matter asserted. *See* Fed. R. Evid. 801(c), 802. Second, it would
24 be irrelevant for Mr. Eichelberger to testify about what customers *didn't* tell him,
25 particularly if customers didn't tell him one way or another whether they had been
26 confused. *See* Fed. R. Evid. 402. Moreover, nothing could be inferred from testimony
27 that Mr. Eichelberger was not personally aware of any actual confusion, particularly since
28 he only purchased and sold a "small number" of "Bad Spaniels" items. *See* J. Thomas

McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23.18 (2017) ("For the lack of evidence of actual confusion to have significant probative value, there must have been a reasonable opportunity for confusion to have occurred."); *see also Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc.*, 457 F.3d 1062, 1077 (9th Cir. 2006) ("[D]ifficulties in gathering evidence of actual confusion make its absence generally unnoteworthy.")

### III.   Any Relevance of Any Non-Hearsay Testimony Is Substantially Outweighed by a Risk of Confusing the Issues and Wasting Time.

Finally, to the extent Mr. Eichelberger may provide non-hearsay testimony that has any relevance whatsoever, its probative value is substantially outweighed by a risk of confusing the issues and wasting time. *See* Fed. R. Evid. 403. "The pivotal legal question in [trademark] cases virtually demands survey research because it centers on consumer perception and memory (i.e., is the consumer likely to be confused . . . ?). Shari Seidman Diamond, "Reference Guide on Survey Research" *in* Reference Manual on Scientific Evidence, Third Ed. at 364 (FJC 2011), *available at* https://www.fjc.gov/sites/default/files/2015/SciMan3D01.pdf. In this case, Jack Daniel's commissioned a survey by Dr. Gerald Ford, which showed that "approximately twenty-nine percent . . . of potential purchasers . . . are likely to be confused or deceived by the belief that Plaintiff's Bad Spaniels dog toy is made or put out by Jack Daniel's, or made or put out with the authorization or approval of Jack Daniel's, or that whoever makes or puts out Plaintiff's dog toy has a business affiliation or business connection with Jack Daniel's." Harvey Decl. Exh. J [Ford Report] ¶ 7. For whatever reason, VIP chose not to commission or disclose its own survey. Having failed to present such highly probative evidence on likelihood of confusion, it should not be allowed to confuse the issues and waste time by introducing dubious testimony that has no bearing on how the relevant consuming public perceives VIP's "Bad Spaniels" product.

### CONCLUSION

Accordingly, Mr. Jeff Eichelberger should be precluded from testifying at trial.

| | | |
|---|---|---|
| 1 | Dated: July 14, 2017 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ D. Peter Harvey* |
| | | Gregory P. Sitrick (AZ Bar #028756) |
| 4 | | Gregory.Sitrick@quarles.com |
| | | Isaac S. Crum (AZ Bar #026510) |
| 5 | | Isaac.Crum@quarles.com |
| | | Quarles & Brady LLP |
| 6 | | One Renaissance Square, |
| | | Two North Central Avenue |
| 7 | | Phoenix, AZ 85004 |
| | | Telephone (602) 229-5200 |
| 8 | | Fax (602) 229-5690 |
| 9 | | |
| 10 | | D. Peter Harvey (admitted *pro hac vice*) |
| | | pharvey@harvey.law |
| 11 | | Harvey & Company |
| | | Four Embarcadero Center, 14th Floor |
| 12 | | San Francisco, CA  94111 |
| 13 | | Telephone:   (415) 926-7776 |
| | | Facsimile:    (415) 402-0058 |
| 14 | | |
| 15 | | *Attorneys for Defendant and Counterclaimant Jack Daniel's Properties, Inc.* |

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

*/s/ Isaac S. Crum*