1  Firm E-Mail: courtdocs@dickinsonwright.com

2  David G. Bray (#014346)
   dbray@dickinsonwright.com
3  David N. Ferrucci (#027423)
   dferrucci@dickinsonwright.com
4  Jonathan S. Batchelor (#026882)
   jbatchelor@dickinsonwright.com
5  **DICKINSON WRIGHT PLLC**
   1850 North Central Avenue, Suite 1400
6  Phoenix, Arizona 85004
   Phone: (602) 285-5000
7  Fax: (602) 285-5100
8
   *Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*
9

10              **IN THE UNITED STATES DISTRICT COURT**

11                        **DISTRICT OF ARIZONA**

12

13  VIP Products L.L.C., an Arizona limited          Case No. 2:14-cv-02057-SMM
    liability company,
14
                      Plaintiff,
15                                                    **RESPONSE IN OPPOSITION**
    v.                                                **TO DEFENDANT'S MOTION**
16                                                    *IN LIMINE* **#3 PRECLUDING**
    Jack Daniel's Properties, Inc., a Delaware        **EXPERT TESTIMONY FROM**
17  corporation,                                      **STEPHEN SACRA**

18                    Defendant.

19  Jack Daniel's Properties Inc., a Delaware
    corporation,
20
                      Counterclaimant,
21
    v.
22
    VIP Products, L.L.C., an Arizona limited
23  liability company,

24                    Counterdefendant.

25

26

1

2    Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP") responds in opposition

3 to Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI") Motion *In Limine* #3 Precluding Expert Testimony From Stephen Sacra (Doc. 193).

4    Had JDPI conferred with VIP's counsel,[1] VIP would have clarified (not that any

5 clarification was needed), that Mr. Sacra is not providing expert testimony in this case.

6 As JDPI's motion states:  "VIP [has] repeated[ly] represent[ed] that Sacra will not be

7 offered as an expert in this matter."  Doc. 193 at 2.  VIP is not now seeking to offer Mr.

8 Sacra as an expert.  However, to the extent that JDPI's motion seeks to preclude the

9 introduction at trial of the results of Mr. Sacra's internet research, specifically images and screen captures, the motion should be denied.

10
**ARGUMENT**

11
**I.    Mr. Sacra's Internet Search Results Are Not Hearsay and Are Admissible.**

12    In Motion In Limine #4, JDPI seeks to preclude Mr. Sacra's testimony on, and

13 introduction of, certain internet research results, more specifically, internet images and

14 screenshots.  However, to the extent that the internet information consists of an image,

15 the Ninth Circuit has expressly held "that a photograph isn't hearsay because it makes

16 no 'assertion.'" *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015)

17 (citations and quotations omitted) (holding that the introduction of a "Google Earth

18 satellite image" was not hearsay); *see also Perfect 10, Inc. v. Cybernet Ventures, Inc.*,

19 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002)  (printouts from third-party websites not

20 hearsay because evidence was "introduced to show the images and text found on the

21 websites, they are not statements at all and thus fall outside the ambit of the hearsay

22

23 [1] Counsel for JDPI called VIP's counsel on his mobile phone at 5:31 p.m. on the day JDPI filed its motions in limine (which was also the day they were due).  VIP's counsel was in the midst of getting ready to travel and did not have time to talk. Counsel did not
24 discuss JDPI's motions in limine on any substantive level and did not discuss the motions in limine to exclude Stephen Nowlis and Bruce Silverman at all.  *See*
25 Declaration of David G. Bray in Support of VIP's Responses to Defendants' Motions in
26 Limine ("Bray Decl."), ¶ 3.

1

rule[]"), abrogated on other grounds by *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).

Moreover, to the extent to which Mr. Sacra will testify as to what he personally viewed on the internet, that is not hearsay. *See e.g., Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000) (testimony not hearsay where witness "personally viewed the website" and testified only about "specifically what he viewed").

If JDPI believes that Mr. Sacra is introducing hearsay or unauthenticated information at trial, the proper course would be to raise an objection at that time. Indeed, JDPI "may object at trial if any particular statements are hearsay as to which no exception applies or if there is insufficient foundation to support [the] testimony[.]" *Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, No. CV096988DSFJEMX, 2013 WL 12111590, at *1 (C.D. Cal. Oct. 22, 2013). JDPI's motion should be denied.

## II.    Conclusion.

Based on the foregoing, JDPI's Motion In Limine # 3 should be denied.

**DATED** this 21st day of July, 2017.

**DICKINSON WRIGHT PLLC**


By: *s/David Ferrucci*
　　David G. Bray
　　David N. Ferrucci
　　Jonathan S. Batchelor
　　1850 North Central Avenue, Suite 1400
　　Phoenix, Arizona 85012-2705
　　*Attorneys for VIP Products, L.L.C.*

2

1

## **CERTIFICATE OF SERVICE**

2

3     I hereby certify that on July 21 2017, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4     Notice of Electronic Filing to all CM/ECF registrants.

5

6

*s/Christine Klepacki*

7

8

9

10

11

PHOENIX 53913-11 383738v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3