Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>            Defendant. | Case No. 2:14-cv-02057-SMM<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #4 TO LIMIT THE TESTIMONY OF STEPHEN NOWLIS** |
| Jack Daniel's Properties Inc., a Delaware corporation,<br><br>            Counterclaimant,<br><br>v.<br><br>VIP Products, L.L.C., an Arizona limited liability company,<br><br>            Counterdefendant. | |

Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP") responds in opposition to Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI") Motion in Limine #4 (Doc. 194). In its motion, JDPI contends that Dr. Nowlis should be precluded from providing expert testimony on the Jack Daniel's brand's distinctiveness and fame. Had JDPI conferred with VIP's counsel prior to filing its motions in limine, he would have learned that VIP does not contest that the Court has already decided the issue with regard to distinctiveness.[1] However, to the extent JDPI's motion seeks to exclude or limit in anyway Dr. Nowlis' rebuttal testimony on the likelihood of confusion and fame, JDPI's motion should be denied.

## ARGUMENT

JDPI's motion's does not seek to preclude Dr. Nowlis from providing expert rebuttal expert opinion on likelihood of confusion, nor could it have, precisely because, as JDPI contends, rebuttal expert testimony is permitted to "contradict or rebut evidence on the same subject matter[.]" Doc. 194 at 4 (*quoting* Fed. R. Civ. P. 26(a)(2)(D)(ii)). *See e.g.*, *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008) (Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report.). "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party[.]" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir.2006) (citation omitted). JDPI plans to offer evidence of a likelihood of confusion at trial. Dr. Nowlis will offer testimony to rebut that evidence, specifically to "to explain, repel, counteract or disprove [that] evidence." As Dr. Nowlis detailed in his report and will testify at trial:

---

[1] Counsel for JDPI called VIP's counsel on his mobile phone at 5:31 pm on the day JDPI filed its motions in limine (which is also the day they were due). VIP's counsel was in the midst of getting ready to travel and did not have time to talk. Counsel did not discuss JDPI's motions in limine on any substantive level and did not discuss the motions in limine to exclude Stephen Nowlis and Bruce Silverman at all. *See* Declaration of David G. Bray in Support of VIP's Responses to Defendants' Motions in Limine ("Bray Decl."), ¶ 3.

1

> In my conclusion, my analysis of the Ford survey as it relates to the issues of likelihood of confusion shows that its methodological flaws are so serious that they render its results meaningless for assessing the likelihood of confusion in this matter. In particular, Dr. Ford designed an improper Control stimulus, did not mimic marketplace conditions, and improperly analyzed the data.

Doc. 197-11 at 15. This testimony is the proper scope of expert testimony to rebut Dr. Fords report.

As for fame, while Dr. Ford testified that his survey was not a survey to test fame, JDPI has nonetheless stated its intention to use Dr. Ford's survey to establish the alleged fame of JDPI's trade dress. Because JDPI is using Dr. Ford's survey as proof of fame, Dr. Nowlis's rebuttal expert testimony is on this topic is completely appropriate.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion in Limine #4 should be denied.

**DATED** this 21st day of July, 2017.

DICKINSON WRIGHT PLLC

By: *s/David Ferrucci*
    David G. Bray
    David N. Ferrucci
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2705
    *Attorneys for VIP Products, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

_s/Christine Klepacki_

PHOENIX 53913-11 383803v1

3