Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company,<br><br>             Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>             Defendant. | Case No. 2:14-cv-02057-SMM<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #5 TO LIMIT TESTIMONY OF BRUCE G. SILVERMAN** |
| Jack Daniel's Properties Inc., a Delaware corporation,<br><br>             Counterclaimant,<br><br>v.<br><br>VIP Products, L.L.C., an Arizona limited liability company,<br><br>             Counterdefendant. | |

Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP") responds in opposition to Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI") Motion in Limine #5 (Doc. 195). By its motion, JDPI seeks to suppress testimony on focus group research were "nineteen participants … unanimously categorized VIP's Bad Spaniels dog toy as a 'light-hearted' and funny' spoof product," not at all tarnishing of the Jack Daniel's brand. Doc. 197-13 at 17. At his deposition, JDPI's expert opined that qualitative research, such as this focus group research, could provide evidence of "how people perceive" the Bad Spaniels dog toy and whether it "affect[s] the way they think about the [Jack Daniel's] brand." *See* Declaration of David G. Bray in Support of VIP's Responses to Defendants' Motions in Limine ("Bray Decl."), Ex. B at 92:17-18.[1] Although JDPI's expert did not believe that the results of such a study would be favorable to VIP, he did think it "would be useful information [that] he would pay attention to [and that might] affect [his] opinions." *Id*. at 101:3-10. But now that the results actually favor VIP, JDPI seeks to suppress the evidence.

Because VIP's rebuttal expert Bruce G. Silverman is a qualified expert with more than 45 years in the marketing and advertising industry and has observed more than 3,500 focus groups during that time period, and because the focus group research is based on reliable industry methods, JDPI's Motion should be denied.

I.      **JDPI's Motion *In Limine* Should Be Denied.**

      A.      **Mr. Silverman's Experience and Knowledge Qualify Him to Testify With Regard to Focus Group Studies.**

The central flaw in JDPI's analysis is that it attempts to treat the focus group evidence as survey evidence, which it is not.[2] A consumer survey is a quantitative

---

[1] JDPI uses focus group studies to develop its packing, Bray Decl. Ex. B at 54:18-55:12, and believes that focus groups can be "valuable to gauge the emotional reactions of consumers[.]" *Id*. at 128:18-129:13.

[2] *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264 (4th Cir. 2002) is readily distinguishable. First, the determination that the focus group study was unreliable was made after trial, not on a motion in limine. Second, there were problems with the focus group study specific to that case, *e.g.*, the moderator was shown to have "ignored responses inconsistent with [his] hypothesis."

1

analysis, with very specific technical requirements, whereas a focus group study is qualitative research more akin to the consumer perception testimony that will be offered by JDPI's expert, Itamar Simonson.[3] *See* Doc. 171 at 26-27. Like JDPI's expert, Mr. Silverman's extensive experience in observing consumer reactions, specifically in the focus group setting, renders his testimony regarding the focus group manifestly reliable. What this Court has stated with regard to JDPI's expert applies with equal force here:

> The Court finds that Dr. Simonson's opinions regarding consumer behavior are not technical and therefore his report and testimony can be found reliable based on his knowledge and experience alone…. Both parties will present expert opinions and testimony on the issue of whether the VIP product tarnished the JDPI product. VIP will have its expert, Bruce Silverman, and JDPI will have its expert, Itamar Simonson, present their evidence. It will be up to the trier of fact to assess and resolve the facts on this issue.

Doc. 171 at 26-27, 29. Mr. Silverman's testimony is based on his "45 year career working in the 'real world' of advertising." Doc. 197-13 at 3. Testimony from marketing and advertising experts, such as Mr. Silverman, are regularly admitted on consumer perception. *See*, *e.g.*, *Edina Realty, Inc. v. TheMLSonline.com*, 2006 WL 737064, at *2 (D. Minn. Mar. 20, 2006) (court admitted marketing expert report on consumer confusion that "**relied upon consumer focus groups**") (emphasis added).

### B. Issues Regarding Methodology Go To Weight, Not Admissibility, and Are for the Trier of Fact.

Because JDPI has no basis to attack Mr. Silverman's experience and knowledge, it attacks the methodology of focus group studies. Indeed, JDPI's criticisms with regard to selection of participants, interviewer bias, leading questions, and lack of a control

---

*Id*. at 277. There is no such evidence of bias here. Instead, JDPI effectively contends that focus group studies are inherently unreliable, but the *Scotts* Court expressly declined to "decide the broader question of the general admissibility of focus group evidence[.]" *Id*. at 277.

[3] "Focus groups are a research method whereby consumers from the target market are led through a discussion regarding a particular topic. Focus groups give insight into why and how consumers use a product or service, what is important to them in choosing a particular brand, what they like and don't like about various products or services, and any special needs they might have that aren't being satisfied." Doc. 197-13 at 10 (quotation omitted).

2

group are criticisms of focus group methodology. But that determination is for the trier of fact, here the Judge in a bench trial. As the Ninth Circuit has held:

> [I]ssues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility. **These are issues for a jury or, in a bench trial, the judge**.

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001) (emphasis added); *see also Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, 1994 WL 529331, at *6-8 (N.D. Ill. Sept. 27, 1994) (holding that criticisms of focus group methodology, including "results … not projectable to the relevant consuming public," moderator bias, and "the way the focus groups were conducted" "are precisely the types of issues which can be explored (often to great effect) during cross-examination"). For example, JDPI's criticism of the focus group participants as a "wholly irrelevant," non-projectable population groups are issues for trial.[4] *See e.g.*, *Sam's Wines & Liquors*, 1994 WL 529331, at *6 (admitting testimony based on focus group research over objections that the "results [were] not projectable to the relevant consuming public").

In short, focus group studies have long been considered a reliable indicator of how consumers feel and think about certain brands or products, and as Mr. Silverman states in his report, such "qualitative studies are often the best way to assess the thoughts and feelings about individual brands [and] products." Doc. 197-13 at 14. The focus group research here was conducted in accordance with marketing industry methodology. Based on Mr. Silverman's extensive experience in observing focus groups, the focus group research is reliable and admissible.

---

[4] JDPI's contention that the individuals selected for the focus group were comprised of "young, white, affluent yuppies," Doc. 195 at 3, is belied by the photographs of the four focus groups. *See* Doc. 197-13 at 12. Because participants were "nineteen 'real world' adult consumers of distilled spirits," their reactions are more than relevant. *See* Doc. 197-13 at 17.

**II.    Conclusion**

Based on the foregoing, JDPI's Motion in Limine #5 should be denied.

**DATED** this 21st day of July, 2017.

**DICKINSON WRIGHT PLLC**

By: *s/David Ferrucci*
    David G. Bray
    David N. Ferrucci
    Jonathan S. Batchelor
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2705
    *Attorneys for VIP Products, L.L.C.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Christine Klepacki*

PHOENIX 53913-11 383722v1