*Firm* E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
Jonathan S. Batchelor (#026882)
jbatchelor@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company, | Case No. 2:14-cv-02057-SMM |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #6 RE TESTIMONY OF JEFF EICHELBERGER** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | |
| Defendant. | |
| Jack Daniel's Properties Inc., a Delaware corporation, | |
| Counterclaimant, | |
| v. | |
| VIP Products, L.L.C., an Arizona limited liability company, | |
| Counterdefendant. | |

Plaintiff/Counterdefendant VIP Products, L.L.C. ("VIP") responds in opposition to Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI") Motion in Limine #6 RE Testimony of Jeff Eichelberger (Doc. 196). JDPI's Motion should be denied because:

- Whether a retailer has actually been confused is relevant;
- Any testimony about whether or not a consumer Mr. Eichelberger has interacted with was actually confused is relevant and not hearsay; and
- Rule 403 does not apply to bench trials.

## ARGUMENT

### I. Retailer Confusion or Lack Thereof is Relevant.

JDPI contends that Mr. Eichelberger's testimony on confusion should be precluded because he "is not a 'Bad Spaniels' consumer; he is a 'Bad Spaniels' retailer." Doc. 196 at 3. But even JDPI's cited case recognizes that confusion or non-confusion on the part of a retailer is relevant evidence. See *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1216 (9th Cir. 2012) ("confusion among retailers and consumers is relevant") (citation and quotation omitted); *see also Americana Trading Inc. v. Russ Berrie & Co.*, 966 F.2d 1284, 1289 (9th Cir. 1992) (plaintiff raised genuine issue of material fact as to actual confusion when it proffered testimony "that retailers were confused about the source of [the parties' stuffed] bears").

### II. Whether a Consumer Was or Was Not Confused is Relevant and Not Hearsay.

JDPI also contends that testimony by Mr. Eichelberger on the absence of any instances of consumer confusion would constitute inadmissible hearsay. Doc. 196 at 2. However, "[t]he vast majority of cases which have allowed statements by end consumers have held the statements are non-hearsay, as they go to the customer's state of mind." *Interactive Health LLC v King Kong USA, Inc.*, No. CV 06-1902-VBF(PLAX), 2008 WL 11343529, at *2 (C.D. Cal. July 24, 2008); *see also Lahoti v. Vericheck, Inc.*, 636

1

F.3d 501, 509 (9th Cir. 2011) (holding that testimony regarding customers' statements evidencing confusion in trademark case "are permissible under the 'state of mind' exception to the hearsay rule."); *165 Park Row, Inc. v. JHR Dev., LLC*, No. 2:12-CV-00106-NT, 2013 WL 6190346, at *1 (D. Me. Nov. 25, 2013) ("Statements of customer confusion in the trademark context fall under the 'state of mind exception' to the hearsay rule.") (collecting cases) (citations and quotations omitted). JDPI "may object at trial if any particular statements are hearsay as to which no exception applies or if there is insufficient foundation to support testimony about confusion." *Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, No. CV096988DSFJEMX, 2013 WL 12111590, at *1 (C.D. Cal. Oct. 22, 2013).

### III.     Rule 403 Is Inapplicable to Bench Trials.

JDPI also contends that Mr. Eichelberger's evidence of non-confusion should be excluded under Fed. R. Evid. 403 because its probative value is outweighed by the risk of confusion. However, the trial in this case is a bench trial. "Rule 403 is inapplicable to bench trials." *United States v. Preston*, 706 F.3d 1106, 1117 (9th Cir. 2013), as amended (Feb. 27, 2013), *on reh'g en banc*, 751 F.3d 1008 (9th Cir. 2014); *United States v. Ziska*, 267 F. App'x 717, 719 (9th Cir. 2008) (Where the trial is "a bench trial before an experienced district judge[,]the risk of potential unfair prejudice [is lessoned, if any exists at all].").

### Conclusion

Based on the foregoing, JDPI's Motion in Limine #6 should be denied.

2

1   **DATED** this 21st day of July, 2017.

2

3                                       **DICKINSON WRIGHT PLLC**

4
                                        By: *s/David Ferrucci*
5                                           David G. Bray
                                            David N. Ferrucci
6                                           Jonathan S. Batchelor
                                            1850 North Central Avenue, Suite 1400
7                                           Phoenix, Arizona 85012-2705
                                            *Attorneys for VIP Products, L.L.C.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/Christine Klepacki*

PHOENIX 53913-11 383809v1

4