1

2

3

4

5

6

7

8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company, | ) Case No. CV 14-02057 PHX SMM |
| Plaintiff, | ) |
| v. | ) **PROPOSED PRETRIAL ORDER** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | ) |
| Defendant. | ) |
| And Related Counterclaims. | ) |

Pursuant to the Scheduling Order, Plaintiff VIP Products, L.L.C. ("VIP") and Defendant Jack Daniel's Properties, Inc. ("JDPI") who are collectively referred to herein as "the Parties" submit the following joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference on **Monday, August 14, 2017 at 2:00 p.m.** before Judge McNamee.

Even though VIP is the nominal Plaintiff in this matter as the result of having filed a Declaratory Judgment complaint, per the Parties' agreement at the October 26, 2016 Scheduling Conference, the Parties agree that the presentation of evidence will flow more naturally at trial with JDPI putting on its case first as though it were the Plaintiff. Therefore, for the balance of this Joint Proposed Pretrial Order, the Parties will assume that the order of trial will proceed with JDPI putting on its case first followed by VIP.

## A. TRIAL COUNSEL FOR THE PARTIES.

For Plaintiff and Counterdefendant VIP Products, LLC ("VIP"):

**DICKINSON WRIGHT PLLC**
David G. Bray
dbray@dickinsonwright.com
David N. Ferrucci
dferrucci@dickinsonwright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

For Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI"):

**QUARLES & BRADY LLP**
Gregory P. Sitrick
Gregory.Sitrick@quarles.com
Isaac S. Crum
Isaac.Crum@quarles.com
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
Phone: (602) 229-5317
Fax: (602) 420-5198

**HARVEY & COMPANY**
D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Phone: (415) 926-7776
Fax: (415) 402-0058

## B. STATEMENT OF JURISDICTION/VENUE.

Jurisdiction in this case arises under the Declaratory Judgment Act, Title 28 U.S.C. § 2201, under the Lanham Trademark Act, 15 U.S.C. § 1121, and under the general federal question jurisdiction of the United States District Courts under 28 U.S.C. § 1331. The Court has jurisdiction over the subject matter of JDPI's counterclaims under the law of the State of Arizona under 28 U.S.C. §§ 1338(b) and 1367. Venue is proper in this district under 28

U.S.C. 1391(a) and (c) because VIP resides here, and JDPI is subject to personal jurisdiction here.

**C. NATURE OF ACTION.**

This is a trademark case.  It commenced when VIP sought a declaratory judgment that its dog toy product, called "Bad Spaniels" did not infringe or dilute any of JDPI's trademarks or trade dress.  JDPI then counterclaimed, seeking injunctive relief against VIP on the grounds that the "Bad Spaniels" dog toy both infringed and diluted (by tarnishment) JDPI's JACK DANIEL'S trademarks and trade dress.

**D. CONTENTIONS OF THE PARTIES.**

1. **Plaintiff VIP's Contentions**

    a. **VIP's Claims.** VIP's Amended Complaint asserted three causes of action: (1) for declaratory judgment that VIP's "Bad Spaniels" dog toy in issue neither infringes nor dilutes any JDPI trademark (2) that as a matter of law, the Jack Daniel's Trade Dress and Jack Daniel's Bottle Design (as both are defined) are functional, contain merely ornamental or decorative features, are generic and non-distinctive such that they are not entitled to trademark protection, and (3) for cancellation of Jack Daniel's Bottle Design Registration, No. 4,106,178.  In its September 27, 2016, Memorandum Decision and Order, Document No. 171 ("Order"), the Court rejected, as a matter of law, the second and third causes of action of VIP's Amended Complaint.  Thus, only VIP's first claim, for declaratory judgment of non-infringement and non-dilution, remains for trial.

    b. **VIP's Elements of Proof.**  The Declaratory Judgment Act (the "DJA") allows courts to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. §

2201. To create an "actual controversy," a plaintiff must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (citations and quotation marks omitted). An actual controversy exists if the declaratory action "plaintiff has a real and reasonable apprehension that he will be subject [to suit]." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir.1981).

   c. **JDPI's Claims:**  JDPI asserts nine counterclaims against VIP, in two separate categories:

     i.  For VIP's **infringement** of

       1.  the federally-registered JDPI Trademarks (as defined) and federally-registered Jack Daniel's Trade Dress (as defined) under the Lanham Act, § 32 (First Counterclaim);

       2.  the Jack Daniel's Trade Dress under the Lanham Act, § 43(a) (Second Counterclaim);

       3.  the JDPI Trademarks under Arizona law (Fifth Counterclaim);

       4.  the JDPI Trademarks, and for unfair competition, under the common law (Sixth Counterclaim); and

       5.  the Jack Daniel's Trade Dress under the common law (Seventh Counterclaim).

     ii.  For VIP's **dilution by tarnishment** of

1. The federally-registered JDPI Trademarks (as defined) (Third Counterclaim);

2. The Jack Daniel's Trade Dress under federal law (as defined) (Fourth Counterclaim);

3. The JDPI Trademarks under Arizona law (Eighth Counterclaim); and

4. The Jack Daniel's Trade Dress under Arizona law (Ninth Counterclaim).

d. **JDPI's Elements of Proof.**

i. **Infringement:** To prevail on its five trademark and trade dress infringement claims under federal and Arizona law and under the common law, Counterclaimant JDPI must prove the following elements:

1. The JDPI Trademarks and Jack Daniel's Trade Dress are distinctive and non-functional and therefore constitute valid, protectable rights of JDPI's; and

2. VIP's "Bad Spaniels" dog toy uses trademarks and design elements so similar to the JDPI Trademarks and Jack Daniel's Trade Dress in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of VIP's product. *See* 15 U.S.C. § 1114, 15 U.S.C. § 1125(a) and (c); Rule 15.6, Ninth Circuit Model Civil Jury Instructions; *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F. 3d 1042, 1047 (9th Cir. 2011); *Fiji Water Co., LLC v. Fiji Mineral Water USA*, LLC, 741 F. Supp. 2d 1165, 1172 (C.D. Cal. 2012), *Angel's Gate Inc. v. All-Star Grand Canyon*

*Tours Inc.*, 2013 WL 12114580, *2 (D. Arizona 2013) ("Because Arizona's trademark infringement statute mirrors the Lanham Act, 15 U.S.C. § 1125(a), cases interpreting the Lanham Act guide the interpretation of A.R.S. § 44-1451."). This Court has already ruled that the JDPI Trademarks and Jack Daniel's Trade Dress are distinctive and non-functional as a matter of law (*see* Order, p. 31) and therefore constitute valid and protectable rights of JDPI. What remains for trial, then, is the issue of likelihood of consumer confusion.

ii. **Dilution:** To prevail on its four trademark and trade dress dilution claims under federal law, Counterclaimant JDPI must prove the following elements:

1. The JDPI Trademarks and Jack Daniel's Trade Dress constitute valid, protectable trademarks and trade dress of JDPI; and

2. The JDPI Trademarks and Jack Daniel's Trade Dress are famous (under federal law) and distinctive (under state law); and

3. Because of the similarities between VIP's "Bad Spaniels" dog toy and the JDPI Trademarks and Jack Daniel's Trade Dress, consumers are likely to associate VIP's dog toy with JDPI, thereby harming JDPI's reputation. Lanham Act 43(c), 15 U.S.C. §1125(c)(1); *Lorillard Tobacco Company v. California Imports, LLC*, 886 F. Supp.2d 529, 536 (E.D. Va. 2012); *Levi Strauss & Co. v. Abercrombie*

-6-

& *Fitch Trading Co.*, 633 F.3d 1158, 1161 (9th Cir. 2011), citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir.2008), *Moab Industries, LLC v. FCA US, LLC*, 2016 WL 5859700, *8 (D. Arizona 2016) ("The elements necessary to prove a state law trademark dilution counterclaim are basically identical.").   This Court has already ruled that the JDPI Trademarks and Jack Daniel's Trade Dress are distinctive and non-functional as a matter of law (see Order, p. 31) and therefore constitute valid and protectable rights of JDPI.   What remains for trial, then, are (1) whether the JDPI Trademarks and Jack Daniel's Trade Dress are famous, and (2) whether they are likely to be diluted by VIP's "Bad Spaniels" product.  Order at 23, 29.

e.   **VIP's Affirmative Defense:**   VIP asserted an affirmative defense based on the First Amendment: "To the extent Counter-plaintiff's challenge VIP's use of any name, term or mark, such name belongs to Counter-defendant, and such term or mark is a protected parody under the First Amendment of the United States Constitution."  [Answer to Counterclaim (Doc. 20), ¶ 67.]  In its September 27, 2016 Memorandum and Order on the Parties' motions for summary judgment (Doc. 171, "Order"), the Court held that, "[i]n this case, where the adaptation of the Jack Daniel's trademark and trade dress were engaged for the dual purpose of making an alleged expressive comment as well as the commercial selling of a non-competing product, the First Amendment does not

establish protection." Order at p. 11, lines 1-4. However, while VIP's affirmative defense based entirely on the Frist Amendment does not appear to be an issue at trial in this matter, First Amendment values remain at play in the Court's *Sleekcraft* analysis where, as here, the alleged infringing product is a parody product. *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC,* 507 F.3d 252, 261 (4th Cir. 2007); *Tommy Hilfiger Licensing, Inc. v. Nature Labs*, LLC, 221 F. Supp. 2d 410, 416 (S.D.N.Y. 2002 ("the usual trademark case, a strong mark is a factor pointing toward a likelihood of confusion. However, where the plaintiff's mark is being used as part of a jest ... the opposite can be true." (internal quotations omitted)

f. **JDPI's Response re VIP's Affirmative Defense.** VIP now makes a back door effort to resurrect its affirmative defense based on the First Amendment, which the Court squarely rejected in its Order at pp. 9-11. Conceding that rejection and ignoring the law of the case, VIP nonetheless argues that in a parody case, "First Amendment values remain at play in the Court's *Sleekcraft* analysis." For this proposition, VIP cites cases from the Fourth Circuit and the Southern District of New York in which the court found there was no evidence of consumer confusion. *Louis Vuitton,* 507 F.3d 252, 261 (4th Cir. 2007) and *Tommy Hilfiger*, 221 F.Supp.2d 410, 419 (S.D.N.Y 2002). No Ninth Circuit case so holds, and in fact the law is to the contrary. Rather than allowing First Amendment values to "remain at play" in an analysis under *Sleekcraft,* the Ninth Circuit protects such values by applying a

-8-

different infringement test, *Rogers v. Grimaldi*, 875 F.2d 994 (2nd Cir. 1999).     It only does so, however, in cases of "artistic and expressive works" (*see, e.g., E.S.S. Entm't 2000 Inc. v. Rock Star Videos, Inc.,* 547 F.3d 1095, 1099 (9th Cir. 2008; Brown v. Elec. Arts, Inc., 724 F.3d 1235 (9th Cir. 2013).   Because VIP's "Bad Spaniels" dog toy is not an expressive work, the standard *Sleekcraft* test applies.   This Court has so held.   *See* Order at p. 9, lines 22-23; p. 10, line 25 – p. 11, line 4.

## E.  STIPULATIONS AND UNDISPUTED FACTS AND LAW.

A statement of the undisputed facts admitted by the Parties and requiring no proof is attached hereto as **Exhibit A**.

## F.  CONTESTED ISSUES OF FACT.

The following are the issues of fact to be tried and decided:

**Issue # 1: Likelihood of confusion**:  Whether consumers are likely to be confused regarding the source, origin, sponsorship or affiliation of VIP's "Bad Spaniel's" dog toy because they believe that the toy was made, authorized or sponsored by, in affiliation with, or with the permission of, JDPI.

*JDPI Contends*:   VIP's "Bad Spaniel's" dog toy uses trademarks and design elements so similar to the JDPI Trademarks and Jack Daniel's Trade Dress without JDPI's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, origin, sponsorship, affiliation, or approval of VIP's product.

*VIP Contends*:   VIP contends that Bad Spaniels is obvious parody product not likely cause confusion among ordinary consumers as to the source, origin, sponsorship, affiliation, or approval of VIP's product.   Rather Bad Spaniels

was used to imitate and suggest, but not use, JPDI's marks but only partially and imperfectly, so as to convey the simultaneous message that it was not in fact a source of Jack Daniel's Tennessee Whiskey; rather, as a parody, it separated itself from the Jack Daniel's in order to make fun of it.

**Issue # 2: Fame.**  Whether the JDPI Trademarks and Jack Daniel's Trade Dress are famous.

*JDPI Contends*:   JDPI's long and extensive use, advertising and promotion of the JDPI Trademarks and Jack Daniel's Trade Dress in connection with a product sold since 1866, with many millions of cases sold, several billion dollars in revenues and substantial advertising expenditures in a variety of different media have caused the JDPI Trademarks and Jack Daniel's Trade Dress to become "famous," defined in the Lanham Act as meaning "widely recognized by the general consuming public of the United States as a designation of source of the goods * * * of the mark's owner." Lanham Act §1125(c)(2)(A), 15 U.S.C. § 1125 (c)(2)(A).

*VIP Contends*:   To meet its burden to show dilution of the unregistered Jack Daniel's Tennessee Whiskey (JDTW) Bottle Dress, JDPI must prove that its trade dress is famous "separate and apart from the fame of any marks included in the trade dress." 15 U.S.C. § 1125(c)(4); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co*., 2009 WL 3570387, at *7, n. 18 (S.D. Tex. Oct. 30, 2009).   In evaluating fame, courts consider all relevant factors, including those specifically provided by statute, namely: (i) the duration, extent, and geographic reach of advertising and publicity of the mark or trade dress, whether advertised or publicized by the owner or third parties; (ii) the amount, volume and geographic extent of sales or goods; (iii) the extent of the mark's or trade dress' actual recognition; and (iv) whether the mark or trade dress is registered. 15 U.S.C. § 1125(c)(2)(A)(i)–(iv); *see Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc*., No. C12-1853-RSM, 2013 WL

1196948, at *9 (W.D. Wash. Mar. 25, 2013). VIP contends that JDTW Bottle Dress has not acquired the requisite level of fame.

**Issue # 3:   Likelihood of dilution by tarnishment**.   Whether VIP's "Bad Spaniels" dog toy incorporates and uses trademarks and design elements so similar to those within the JDPI Trademarks and Jack Daniel's Trade Dress without JDPI's consent in a manner that is likely to cause dilution by tarnishment by associating the VIP product with, and accordingly harming the reputation of, said trademarks and trade dress.

*JDPI Contends*:   VIP's "Bad Spaniels" dog toy incorporates and uses trademarks and trade dress so similar to the JDPI Trademarks and Jack Daniel's Trade Dress that reasonable consumers are likely to associate the VIP toy with JDPI, thereby harming JDPI's reputation and otherwise causing it injury.

*VIP Contends*:   To establish dilution by tarnishment, in addition to proving fame and similarity as noted above, JDPI must also prove that the VIP Product is likely to harm the reputation of JDTW. 15 U.S.C. § 1125(c)(2)(C). As to JDPI's trade dress, VIP contends that JDPI cannot meet its burden regarding similarity, fame or harm to reputation.

**G. ISSUES OF LAW IN CONTROVERSY.**

None.

**H. LIST OF WITNESSES.**

1.  JDPI's Witnesses

    a.  Phil Epps

        i.  Identity:   Vice President, Brown-Forman Corporation, Global Brand Director for Jack Daniel's Tennessee Whiskey, Louisville, KY.

        ii.  Testimony:  Mr. Epps will testify concerning the history of the Jack Daniel's Distillery in Lynchburg, Tennessee; the

        

advertisement, promotion, sales, distribution, and consumption of Tennessee whiskey in the United States under the JACK DANIEL'S, OLD NO. 7, and label design marks, and the Jack Daniel's bottle trade dress, the fame in the United States of the JACK DANIEL'S, OLD NO. 7, and label design marks, and the Jack Daniel's bottle trade dress, the historical use in the United States of the JACK DANIEL'S, OLD NO. 7, and label design marks, and the Jack Daniel's bottle trade dress, the appearance of and references to Jack Daniel 's Tennessee whiskey packaged in the Jack Daniel's bottle trade dress in media articles, television programs, motion pictures, and in other cultural materials and references, the imagery and goodwill associated with the JACK DANIEL'S, OLD NO. 7, and label design marks, and the Jack Daniel's bottle trade dress, and the harm to the goodwill associated with the JACK DANIEL'S, OLD NO. 7, and label design marks, and Jack Daniel's bottle trade dress likely to be caused by VIP's "Bad Spaniels" dog toy.

   b.  Toby Roush

        i.  Identity:  Licensing Manager, Brown-Forman Corporation, Louisville, KY.

        ii.  Testimony:  Mr. Roush will testify concerning the licensing of the JACK DANIEL'S, OLD NO. 7, and label design marks, and the Jack Daniel's bottle trade dress, for goods and services other than Tennessee whiskey, the imagery and goodwill associated with the JACK DANIEL'S, OLD NO.

7, and label design marks, and the Jack Daniel's bottle trade dress, for goods and services other than Tennessee whiskey.

    c.  Elle Phillips (to be submitted via deposition)

        i.  Identity:  Owner, Elle Phillips Design, Eagle, ID

       ii.  Testimony:  Ms. Phillips will testify regarding the design and development of VIP's "Bad Spaniels" dog toy.

    d.  Itamar Simonson

        i.  Identity:  Professor of Marketing, Stanford University Graduate School of Business, Palo Alto, CA

       ii.  Testimony:  Dr. Simonson will provide expert testimony regarding dilution and its effect on famous trademarks.  Dr. Simonson will present his opinions regarding the effect VIP's "Bad Spaniels" dog toy has on Jack Daniel's trademarks and trade dress rights.

    e.  Gerald L. Ford (to be submitted on paper per Court Order, Document. No. 95.)

        i.  Identity:  Partner (deceased), Ford Bubala & Associates, Huntington Beach, CA

       ii.  Testimony:  Via his Expert Report and deposition, Dr. Ford will provide expert testimony regarding trademark infringement and regarding consumer confusion.  Dr. Ford will testify regarding his survey methodology and results and his conclusion that consumers are likely to confuse the JDPI Trademarks and Jack Daniel's Trade Dress and VIP's "Bad Spaniels" dog toy such that they believe the toy is made, approved or sponsored by or through affiliation with JDPI.

    f.  David Gooder

i.  Identity:  Managing Director and Chief Trademark Counsel, Jack Daniel's Properties, Inc., San Rafael, CA

ii.  Testimony:   Mr. Gooder will testify regarding JDPI's registration, use, licensing and enforcement of the JDPI Trademarks and Jack Daniel's Trade Dress.

2.  VIP's Witnesses

a.  Stephen Sacra (will be called at trial)

i.  Identity:   Mr. Sacra is the founder and President of VIP Products.

ii.  Testimony:  Mr. Sacra is expected to testify regarding VIP's founding and history, its product lines, its Silly Squeaker® product lines, the design of the Bad Spaniels' product, his intent in creating the Bad Spaniels parody dog toy, the sales history of the Bad Spaniels product, the sales channels for VIP's Bad Spaniels product, the lack of any consumer confusion regarding VIP's sales of the Bad Spaniels product.

b.  Stephen Nowlis (to be submitted on paper per the parties' agreement and per Court Order, Document. No. 95.)

i.  Identity:   Professor Nowlis is the August A. Busch Jr. Distinguished Professor of Marketing at the Olin Business School at the Washington University in St. Louis.

ii.  Testimony:  Via his Expert Report and deposition, Professor Nowlis will provide expert testimony rebutting the expert testimony of Gerald Ford regarding trademark infringement and regarding consumer confusion.  Specifically, Dr. Nowlis will testify that the Ford survey as it relates to the issues of likelihood of confusion shows that its methodological flaws

-14-

are so serious that they render its results meaningless for assessing the likelihood of confusion in this matter. In particular, Dr. Ford designed an improper Control stimulus, did not mimic marketplace conditions, and improperly analyzed the data.

c.  Bruce Silverman (will be called at trial)

    i.  Identity:  Bruce Silverman is the Principal of Bruce Silverman Consulting, LLC.

    ii.  Testimony: Mr. Silverman will provide expert testimony provide expert testimony rebutting the expert testimony of Itamar Simonson regarding JDPI's claims of dilution by tarnishment Mr. Silverman conduct focus groups to gauge consumers' actual emotional reactions to the Bad Spaniels' product.  Based on the positive reactions from actual consumers who participated in the focus groups, and based on his years of real world experience in advertising and marking, including as EVP/Executive Creative Director at three of America's largest advertising agencies (Ogilvy, Bozell and BBDO), Mr. Silverman will testify that, in reality, the Bad Spaniels product is not likely to tarnish Jack Daniel's reputation and that it appears VIP's Bad Spaniels is far more likely to enhance Jack Daniel's sales than diminish them.

d.  Jeff Eichelberger (may be called at trial).

    i.  Identity:  Mr. Eichelberger is the principal of Boozin' Gear (https://www.boozingear.com).

    ii.  Testimony:  Mr. Eichelberger will testify regarding the fact that he and Boozin' Gear have not experienced any

confusion regarding the source or origin of VIP's Bad Spaniels product and does not believe that it was approved or authorized by Jack Daniel's and that no customer of Boozin' Gear has expressed any confusion to it regarding the source or origin of VIP's Bad Spaniels product or any belief that it was approved or authorized by Jack Daniel's.

e.  Christopher Hungerford (to be submitted via deposition)

   i.  Identity:  Mr. Hungerford is the Director of Global Designs for Jack Daniels.

   ii.  Testimony:  VIP will introduce Mr. Hungerford's deposition testimony regarding JDPI's use of focus groups and the fact that they are a valuable tool to gauge the emotional reactions of consumers to products and potential changes to products.

f.  Elle Phillips (to be submitted via deposition)

   i.  Identity:  Owner, Elle Phillips Design, Eagle, ID

   ii.  Testimony: Ms. Phillips will testify regarding the design and development of VIP's "Bad Spaniels" dog toy.

g.  Tobey Roush (all testimony likely to be introduced during JDPI's case-in-chief; certain testimony may be introduced by deposition)

   i.  Identify:  Licensing Manager, Brown-Forman Corporation, Louisville, KY.

   ii.  Testimony: Will testify regarding Brown Forman's licensing and trademark enforcement activities. Mr. Roush will testify regarding lack of any knowledge of actual consumer confusion regarding the Bad Spaniels product, the fact that JDPI does not license its marks for pet toys, and that he

-16-

views the Bad Spaniels pet toy as a parody product that makes fun of or comments on the Jack Daniel's brand.

    h.  Phil Epps (all testimony likely to be introduced during JDPI's case-in-chief; certain testimony may be introduced by deposition)

        i.  Identity:  Vice President, Brown-Forman Corporation, Global Brand Director for Jack Daniel's Tennessee Whiskey, Louisville, KY.

        ii.  Testimony:  He will testify regarding will testify regarding lack of any knowledge of actual consumer confusion regarding the Bad Spaniels product, the fact that JDPI does not license its marks for pet toys, and that he views the Bad Spaniels as a parody product that makes fun of or comments on the Jack Daniel's brand.

    i.  David Gooder (all testimony likely to be introduced during JDPI's case-in-chief; certain testimony may be introduced by deposition)

        i.  Identity:  Managing Director and Chief Trademark Counsel, Jack Daniel's Properties, Inc., San Rafael, CA

        ii.  Testimony:  Mr. Gooder testify as to the scope and use of Jack Daniels' trademarks and trade dress, JDPI's enforcement efforts vis-a-vis those trademarks, and its licensing program.

## I.  LIST OF EXHIBITS.

The Parties' current *draft* joint exhibit list is attached as Exhibit B hereto.  The Parties are continuing to work together to revise, trim and streamline their exhibits and work through any objections prior to the August 14, 2017 Final Pretrial Conference. Before the Final Pretrial Conference the Parties intend to file a supplemental Exhibit B that sets forth which exhibits are admissible in evidence and may be marked into

1  evidence by the Clerk, any stipulations vis-à-vis the exhibits, and any objections to any

2  exhibits.

3      **J.  PROBABLE LENGTH OF TRIAL.**   The parties estimate that they can

4          complete the trial of this case in no more than five (5) court days.

5      **K. CERTIFICATIONS.** The undersigned counsel for each of the parties in this

6          action do hereby certify and acknowledge the following:

7          1. All discovery has been completed.

8          2. The identity of each witness has been disclosed to opposing counsel.

9          3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has

10         been disclosed and shown to opposing counsel.

11         4. The parties have complied in all respects with the mandates of the Court's

12         Rule 16 Order and Order Setting Final Pretrial Conference.

13         5. Unless otherwise previously ordered to the contrary, the parties have made

14         all of the disclosures required by the Federal Rules of Civil Procedure.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PRETRIAL ORDER                                            NO. CV-14-2057-PHX-SMM

1    **APPROVED AS TO FORM AND CONTENT**

2        Dated:  July 28, 2017

3

4

5    */s/ David G. Bray*                           */s/ D. Peter Harvey*
     David G. Bray                                Gregory P. Sitrick  (AZ Bar #028756)
6    David N. Ferrucci                            Gregory.Sitrick@quarles.com
     Dickinson Wright, PLLC                       Isaac S. Crum (AZ Bar #026510)
7    1850 North Central Avenue,                   Isaac.Crum@quarles.com
     Suite 1400                                   Quarles & Brady LLP
8    Phoenix, Arizona 85012-2705                  Firm State Bar No. 00443100
                                                  One Renaissance Square
9    *Attorneys for Plaintiff and*                Two North Central Avenue
     *Counterclaim Defendant VIP*                 Phoenix, AZ 85004
10   *PRODUCTS, L.L.C.*                           Telephone (602) 229-5200
                                                  Fax (602) 229-5690

11                                                D. Peter Harvey (admitted *pro hac vice*)
                                                  pharvey@harvey.law
12                                                Harvey & Company
                                                  Four Embarcadero Center, 14th Floor
13                                                San Francisco, CA  94111-4164
                                                  Telephone:    (415) 926-7776
14                                                Facsimile:    (415) 402-0058

15                                                *Attorneys for Defendant and*
                                                  *Counterclaimant*
16                                                *JACK DANIEL'S PROPERTIES, INC.*

17

18

19       Based on the foregoing,

20       **IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the

21  parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order

22  of this Court.

23       DATED this ___ day of _____, 2017.

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on July 28, 2017, I electronically filed the foregoing with the

3  Clerk of Court using the CM/ECF system, which will send a notification of such filing

4  (NEF) to all counsel of record in this case.

5

6                                      */s/ Janet Hawkins*

7
PHOENIX 53913-11 385796v1
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PRETRIAL ORDER                                          NO. CV-14-2057-PHX-SMM