CASE NO. 2:14-cv-02057

VIP Products L.L.C.

VS. Jack Daniel's Properties, Inc.

DEFENDANT'S EXHIBIT 161

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk

1 | Firm E-Mail: courtdocs@dickinsonwright.com

2 | David G. Bray (#014346)
dbray@dickinsonwright.com
3 | **DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
4 | Phoenix, Arizona 85004
Phone: (602) 285-5000
5 | Fax: (602) 285-5100

6 | *Attorneys for VIP Products, L.L.C.*

7 |                     **IN THE UNITED STATES DISTRICT COURT**

8 |                               **DISTRICT OF ARIZONA**

9 | VIP Products, L.L.C.                          No. 2:14-cv-02057-DGC
, an Arizona limited liability company,
10 |
                                               **PLAINTIFF VIP PRODUCTS, L.L.C.'S**
11 |            Plaintiff,                        **INITIAL DISCLOSURE STATEMENT**

12 |       v.

13 | Jack Daniel's Properties, Inc., a Delaware
corporation
14 |
15 |            Defendant.

16 |

17 |       Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff VIP

18 | Products, L.L.C. ("Plaintiff" or "VIP") makes the disclosure set forth below based upon

19 | information reasonably available to it at this time.

20 |       VIP notes that its investigation into these matters is on-going and it has not yet taken

21 | any discovery from any other person or entity. Accordingly, it reserves the right to

22 | supplement, amend, or modify these disclosures as it obtains information through discovery

23 | or otherwise becomes aware of additional documents, data compilations, or tangible things.

24 | VIP further reserves the right to object to the use of the disclosures herein, in whole or in

25 | part, at any time up to and including at trial of this or any other action on the grounds of

26 | relevancy, materiality, admissibility, hearsay, or for any other reason. VIP provides these

27 | disclosures without waiving any claim of privilege or work-product immunity.

                                              1

By making these disclosures, VIP does not represent that it has identified every witness, document, data compilation, or tangible thing that it may use to support its claims or defenses.  Rather, these disclosures represent VIP's good-faith effort to identify information presently available to it that falls within the scope of Rule 26.

These initial disclosures are organized to correspond to the general categories set forth in Rule 26(a)(1).   All of the disclosures set forth below are made subject to the above qualifications.

## I.    Individuals Likely To Have Discoverable Information.

In accordance with Fed. R. Civ. Proc. 26(a)(1)(A)(i), VIP identifies the following individuals who may have discoverable information -- along with the likely subject of that information -- that VIP may use to support its claims, unless such use would be solely for impeachment.  VIP's employees, representatives, or agents may be contacted only though counsel for VIP.  VIP does not consent to any party or any person involved in this litigation contacting any such person directly.

> 1. **Stephen Sacra**
>    c/o David G. Bray
>    Dickinson Wright PLLC
>    1850 North Central Ave., Suite 1400
>    Phoenix, Arizona 85004
>    Telephone: (602) 285-5000

Mr. Sacra is the founder and owner of VIP.  Mr. Sacra has information regarding the design and creation of the "Bad Spaniels" parody pet toy, VIP's intent when it developed the toy, its sales, marketing channels and the lack of any customer confusion generated by the sales of this parody dog toy.

> 2. **Wendy Sacra**
>    c/o David G. Bray
>    Dickinson Wright PLLC
>    1850 North Central Ave., Suite 1400
>    Phoenix, Arizona 85004
>    Telephone: (602) 285-5000

Ms. Sacra is VIP's International Sales Manager.  Ms. Sacra has information regarding the design and creation of the "Bad Spaniels" parody pet toy, VIP's intent when it developed the

1  toy, its sales, marketing channels and lack of any customer confusion generated by the sales of

2  this parody dog toy.

3      3. **Elle Phillips**
        Red Couch Creative, Inc.
4        82 E State Street, Suite F
        Eagle, ID 83616
5        208 562.9075
        design@ellephillips.com
6        www.redcouchcreative.com

7

8      Ms. Phillips has information regarding the creation and design of the "Bad Spaniels"

9  parody dog toy.

10     4. Custodian of Records for VIP.

11     5. Custodian of Records for Jack Daniel's Properties, Inc. ("JDPI").

12     6. Any person identified in disclosures by JDPI.

13     7. VIP believes that individuals in addition to those listed above may have

14  discoverable information and anticipates that names of additional persons and subjects about

15  which they have knowledge will be revealed during additional disclosure, discovery and

16  investigation during the course of this litigation.

17  **II.   Documents, Electronically Stored Information And Tangible Things.**

18      Documents, electronically stored information and tangible things that are in VIP's

19  possession, custody or control and that VIP may use to support its claims in this case (excluding

20  evidence that would be used only for impeachment) are described below:

21      1. Such documents may include any document attached to declarations filed in this

22  case.

23      2. Such documents may include any document attached as an exhibit to papers filed

24  in this civil action.

25      3. Documents and records of the Patent and Trademark Office relating to any of the

26  Jack Daniel's trademarks at issue in this dispute.

27      4. Samples of VIP's "Bad Spaniels" parody dog toy, including its product hanger.

1          5.  Documents and records related to the design and creation of VIP's "Bad

2    Spaniels" parody dog toy.

3          6.  Documents and records related to VIP's sales of its "Bad Spaniels" parody dog

4    toy.

5          7.  Samples of Jack Daniel's products,

6          8.  Photographs or other descriptions of VIP's "Bad Spaniels" trade dress and Jack

7    Daniel's trade dress.

8          9.  VIP anticipates that further disclosure, discovery or investigations will reveal

9    additional documents, tangible things and electronically stored information.

10          The paper and electronic documents in these categories, to the extent they exist, may

11   be stored in systems, equipment or locations owned or controlled by VIP at its facility in

12   Phoenix, Arizona.  VIP's electronically stored information is maintained in multiple

13   locations.  VIP possesses a network area server (NAS) that consists of both public shared

14   folders and restricted individual folders, to which employees' may save materials.

15          VIP's investigation of this matter is not yet complete.  VIP reserves the right to

16   amend, modify, restrict, or supplement this disclosure as it becomes aware of new or

17   additional information.  VIP anticipates it will identify additional categories of documents on

18   which it may rely, and reserves the right to use such documents, whether produced by VIP,

19   another party to this litigation, or a third party, as well as any documents upon which an

20   expert relies in rendering an opinion.  VIP does not concede the admissibility of any of the

21   categories of documents identified above, and reserves any objections it may have to the

22   discovery or admission of such documents, to the extent such documents exist.  VIP reserves

23   all claims of privilege, work product, or any other privilege or protection as to these

24   documents, as well as claims that such documents contain confidential business information

25   or trade secrets, the disclosure of which should be subject to a protective order.

26

27

III.    **Computation of Damages Claimed By VIP.**

VIP is not seeking damages in this case.

IV.    **Insurance Agreements.**

In accordance with Fed. R. Civ. Proc. 26(a)(1)(A)(iv), VIP states that no insurer has accepted coverage related to this dispute.  VIP is still exploring the matter and will update its disclosure as appropriate.

**RESPECTFULLY SUBMITTED** this 26th day of January, 2015.

DICKINSON WRIGHT PLLC

By: _____
David G. Bray
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004
*Attorneys for VIP Products, L.L.C.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, I e-mailed and mailed Plaintiff VIP Products, LLC's Initial Disclosure Statement to each of the parties set forth below:

Christopher C. Larkin, Esq.
clarkin@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
*Attorneys for Jack Daniel's Properties, Inc.*

Gregory P. Sitrick, Esq.
Gregory.sitrick@quarles.com
Isaac S. Crum, Esq.
Isaac.Crum@quarles.com
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
*Attorneys for Jack Daniel's Properties, Inc.*

Kristi A. Arendt

PHOENIX 53913-11 195571v1

6