CASE NO. 2:14-cv-02057

VIP Products L.L.C.

VS. Jack Daniel's Properties, Inc.

DEFENDANT'S EXHIBIT 163

DATE: _____ IDEN.

DATE: _____10-3-17_____ EVID.

BY: _____

Deputy Clerk

1  Firm E-Mail: courtdocs@dickinsonwright.com

2  David G. Bray (#014346)
   dbray@dickinsonwright.com
3  **DICKINSON WRIGHT, PLLC**
   1850 North Central Avenue, Suite 1400
4  Phoenix, Arizona 85004
   Phone: (602) 285-5000
5  Fax: (602) 285-5100

6  *Attorneys for VIP Products, L.L.C.*

7              **IN THE UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF ARIZONA**

9  VIP Products, L.L.C., an Arizona limited          No. 2:14-cv-02057-DGC
   liability company,
10
                                                     **PLAINTIFF AND COUNTERDEFENDANT**
11              Plaintiff,                            **VIP PRODUCTS, L.L.C.'S RESPONSES TO**
                                                     **JACK DANIEL'S PROPERTIES, INC.'S**
12         v.                                        **FIRST SET OF REQUESTS FOR**
                                                     **PRODUCTION OF DOCUMENTS AND**
13  Jack Daniel's Properties, Inc., a Delaware       **THINGS**
    corporation
14
                Defendant.
15

16  Jack Daniel's Properties, Inc.,
    a Delaware corporation,
17
18              Counterclaimant,
19         v.
20  VIP Products, LLC, an Arizona limited
    liability company,
21
22              Counterdefendant
23

24         Plaintiff and Counterdefendant VIP Products, LLC ("VIP"), by and through its

25  undersigned counsel, Dickinson Wright PLLC, hereby submits, pursuant to Rules 30 and 34

26  of the Federal Rules of Civil Procedure, its Responses to the First Set of Requests for

27
                                        1

1  Production of Documents and Things served by Defendant and Counterclaimant Jack
2  Daniel's Properties, Inc. ("JDPI").

3  **PREFATORY STATEMENT**

4    The responses set forth herein are based on information currently known to Plaintiff.
5  Plaintiff has not completed its investigation and discovery is ongoing. Accordingly, Plaintiff
6  reserves the right to supplement, amend, or clarify any of its responses or objections as
7  permitted by the Federal Rules of Civil Procedure.

8    Each of the following responses is made subject to the "general objections" set forth
9  below, and each general objection is specifically incorporated by reference into each of
10 Plaintiff's responses to Defendant's requests, as though set forth fully.

11 **GENERAL OBJECTIONS**

12   1.    Plaintiff objects generally to the Definitions and Instructions to the extent that
13 they impose obligations broader than those imposed by the applicable Rules of Civil
14 Procedure. Plaintiff disclaims any such broader obligation purportedly imposed by such
15 Instructions.

16   2.    Plaintiff objects generally to Defendant's Request for Production (the
17 "Request") to the extent that any Request can be read to call for information that is protected
18 by the attorney-client privilege, the work product doctrine, or any other applicable privilege
19 or immunity. Such privileged information will not be disclosed and any inadvertent
20 disclosure thereof will not be deemed a waiver of any privilege or protection. By accepting
21 information in response to these Requests, the propounding party expressly accepts and
22 acknowledges this non-waiver.

23   3.    Plaintiff objects to each and every Request to the extent that it seeks discovery
24 regarding matters that are not relevant to the subject matter of the pending action or that are
25 not reasonably calculated to lead to the discovery of admissible evidence. These Responses
26 shall not constitute a waiver of any such objections.

27

4.     Plaintiff objects to each and every Request to the extent it purports to impose a burden of disclosing information not readily available to Plaintiff or is equally available to Plaintiff. Plaintiff further objects to each and every Request to the extent it purports to impose a burden of identifying documents that are not in Plaintiff's possession, custody, or control, or that cannot be found in the course of a reasonable search, or that have already been produced by Plaintiff or others to Defendant. Plaintiff refers Defendant to such documents for the content thereof.

5.     The Responses set forth herein are based on information currently known to Plaintiff. Plaintiff has not completed its investigation and discovery has only just commenced in this matter. Accordingly, Plaintiff reserves the right to supplement, amend or clarify any of its responses or objections as permitted by the Federal Rules of Civil Procedure.

6.     These Responses are given subject to and without waiving the foregoing General Objections, each of which is incorporated by reference in its entirety into each of the following answers.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     All Documents and Things identified in the Initial Disclosures.

**RESPONSE:** Responsive documents in Plaintiff's possession or control are provided herewith (VIP00001-VIP00134).

2.     All Documents and Things relating or referring to, or evidencing, reflecting, or constituting the design and development of the Bad Spaniels Toy and Packaging and the conception of, selection of, and design to use the "Bad Spaniels" mark, including, without limitation, all trademark searches, investigations, Reference Materials, mock-ups, schematics, drawings, models and prototypes.

**RESPONSE:** Responsive documents are produced herewith (VIP 00001-VIP00055).

3.      All Documents and Things relating or referring to, or evidencing, reflecting, or constituting the development of the Disclaimer, including, without limitation, all Reference Materials, research of materials, and drafts.

**RESPONSE:** Other than the product artwork that references the disclaimer -- *see* VIP00037, 38, 40-42, 49-51 -- there are no "development" or "draft" documents vis-à-vis the disclaimer.

4.      All Documents and Things relating or referring to, or evidencing, reflecting, or constituting correspondence (including enclosures and attachments) between VIP, and Phillips and/or Red Couch, regarding the design and development of the Bad Spaniels Toy and Packaging.

**RESPONSE:**  Responsive documents are produced herewith (VIP00001-VIP00055).

5.      All Documents and Things relating or referring to, or evidencing, reflecting, or constituting all advertisements and promotional materials for the Bad Spaniels Toy and Packaging, including, without limitation, all electronic and print advertisements, all materials appearing on VIP's website or social media pages, all materials given by VIP to third parties for use on their websites or social media pages, and all retail and wholesale catalogs.

**RESPONSE:**  Responsive documents are produced herewith (VIP00055-VIP00122).

6.      All Documents and Things relating or referring to, or evidencing, reflecting, or constituting the Jack Daniel's Bottle, the Jack Daniel's Label Design, the Jack Daniel's Marks, and/or Jack Daniel's Tennessee Whiskey.

**RESPONSE:** Responsive documents are produced herewith (VIP00015-VIP00016).

1    7.    All Documents and Things relating or referring to, or evidencing, reflecting, or

2  constituting any studies, surveys, focus groups, or consumer or market research regarding

3  consumer perception of the Bad Spaniels Toy and Packaging, and/or the visibility,

4  noticeability, and understanding of the Disclaimer.

5    **RESPONSE:**  Plaintiff does not presently have any responsive documents in its

6  possession or control.  Plaintiff reserves the right to supplement it response to identify and

7  product such documents that may be acquired through discovery in this case of that otherwise

8  come into Plaintiff's possession or control.

9

10    8.    Documents and Things sufficient to identify all channels through which the

11  Bad Spaniel Toy and Packaging are marketed, advertised, promoted, distributed, or sold.

12    **RESPONSE:**  Responsive    documents    are    produced    herewith    (VIP000123-

13  VIP000130).

14

15    9.    Documents and Things sufficient to identify the general demographics of the

16  purchasers of the Bad Spaniel Toy and Packaging.

17    **RESPONSE:**  Responsive    documents    are    produced    herewith    (VIP000123-

18  VIP000130).

19

20    10.    All Documents and Things relating or referring to, or evidencing, reflecting, or

21  constituting the degree of care with which the Bad Spaniels Toy and Packaging are typically

22  purchases.

23    **RESPONSE:**  Plaintiff does not presently have any such documents in its possession

24  or control.  Plaintiff reserves the right to supplement it response to identify and produce such

25  documents that may be acquired through discovery in this case of that otherwise come into

26  Plaintiff's possession or control.

27

1    11.    All Documents and Things relating or referring to, or evidencing, reflecting, or

2  constituting the complete factual basis for VIP's contention in paragraph 16 of the Complaint

3  that "[a]s a matter of law, Plaintiff's use of its 'Bad Spaniel's' mark and name does not

4  infringe or dilute any claimed trademark rights that Defendant may claim in any 'Jack

5  Daniel's' trademark for its Tennessee sour mash whiskey and/or any other product,"

6  including, without limitation, any Documents and Things supporting or discrediting that

7  contention.

8    **RESPONSE:** Plaintiff has never received a single piece of communication from

9  anybody, at any time, expressing any confusion as to the source or affiliation of VIP's "Bad

10  Spaniels" parody dog toy, nor has anybody ever communicated a belief to VIP that JDPI was

11  in any way associated or was affiliated with VIP's Bad Spaniel's toy.  In this case, the

12  *absence* of responsive documents is evidence of the parody nature of VIP's "Bad Spaniels"

13  dog toy, the fact that the parody -- the joke – has been understood by retailers and consumers,

14  and the fact that the product is not likely to cause confusion with, or dilute, any JDPI

15  trademark.

16

17    12.    All Documents and Things relating or referring to, or evidencing, reflecting, or

18  constituting the complete factual basis for VIP's affirmative defense in paragraph 67 of the

19  Answer to Counterclaim that VIP's use of any term or mark "is a protected parody under the

20  First Amendment of the United States Constitution," including, without limitation, any

21  Documents and Things supporting or discrediting that affirmative defense.

22    **RESPONSE:** Responsive documents are produced herewith (VIP00001-VIP00055).

23

24

25

26

27

13.    All Documents and Things relating or referring to, or evidencing, reflecting, or constituting the complete factual basis for VIP's affirmative defense in paragraph 68 of the Answer to Counterclaim that "Counter-plaintiff's uses of the Marks described in the Counterclaims are being done in violation of the antitrust laws", including, without limitation, any Documents and Things supporting or discrediting that affirmative defense.

**RESPONSE:** Plaintiff does not presently have any responsive documents in its possession or control. Plaintiff reserves the right to supplement its response to identify and produce such documents that may be acquired through discovery in this case or that otherwise come into Plaintiff's possession or control.

14.    All Documents and Things relating or referring to, or evidencing, reflecting, or constituting the complete factual basis for VIP's affirmative defense in paragraph 69 of the Answer to Counterclaim that "Counter-plaintiff's claims are barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, estoppels, and/or unclean hands discrediting that affirmative defense.

**RESPONSE:**    Plaintiff does not presently have responsive documents in its possession or control. Plaintiff reserves the right to supplement its response to identify and produce such documents that may be acquired through discovery in this case or that otherwise come into Plaintiff's possession or control.

15.    All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the complete factual basis for VIP's affirmative defense in paragraph 70 of the Answer to Counterclaim that "Counter-plaintiff has failed, in whole or in part, to mitigate its damages," including, without limitation, any Documents and Things supporting or discrediting that affirmative defense.

**RESPONSE:** Objection.   As JDPI is not seeking damages in this matter, this interrogatory is not relevant.   Plaintiff will amend its Answer to JDPI's Counterclaim to, among other things, remove this affirmative defense.

**RESPECTFULLY SUBMITTED** this 12th day of March, 2015.

**DICKINSON WRIGHT PLLC**

By: _____
David G. Bray
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004
*Attorneys for VIP Products, L.L.C.*

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on March 12, 2015, I e-mailed and mailed Plaintiff and

3    Counterdefendant VIP Products, LLC's Responses to Defendant and Counterclaimant Jack

4    Daniel's Properties, Inc.'s First Set of Requests for Production of Documents and Things to

5    each of the parties set forth below:

6

                    Christopher C. Larkin, Esq.

7

                    clarkin@seyfarth.com
                    SEYFARTH SHAW LLP

8

                    2029 Century Park East, Suite 3500
                    Los Angeles, California  90067-3021

9

                    *Attorneys for Jack Daniel's Properties, Inc.*

10

11

                    Gregory P. Sitrick, Esq.

12

                    Gregory.sitrick@quarles.com
                    Isaac S. Crum, Esq.

13

                    Isaac.Crum@quarles.com
                    QUARLES & BRADY LLP

14

                    One Renaissance Square
                    Two North Central Avenue

15

                    Phoenix, Arizona 85004-2391
                    *Attorneys for Jack Daniel's Properties, Inc.*

16

17

                    Kristi A. Arendt

18

19

20

21

22

23

24

25

PHOENIX 53913-11 202031v2

26

27

                    9