CASE NO. 2:14-cv-02057
VIP Products L.L.C.
VS. Jack Daniel's Properties, Inc.
DEFENDANT'S EXHIBIT 164
DATE: _____ IDEN.
DATE: 10-3-17 EVID.
BY: [signature]
Deputy Clerk

1  Firm E-Mail: courtdocs@dickinsonwright.com

2  David G. Bray (#014346)
   dbray@dickinsonwright.com
3  Frank G. Long (#012245)
   flong@dickinsonwright.com
4  David N. Ferrucci (#027423)
   dferrucci@dickinsonwright.com
5  **DICKINSON WRIGHT, PLLC**
   1850 North Central Avenue, Suite 1400
   Phoenix, Arizona 85004
6  Phone: (602) 285-5000
   Fax: (602) 285-5100

7  *Attorneys for VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>Defendant. | No. 2:14-cv-02057-DGC<br><br>**PLAINTIFF AND COUNTERDEFENDANT VIP PRODUCTS, L.L.C.'S RESPONSES TO JACK DANIEL'S PROPERTIES, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>VIP Products, LLC, an Arizona limited liability company,<br><br>Counterdefendant | |

1

Plaintiff VIP Products, L.L.C. ("Plaintiff), by and through undersigned counsel Dickinson Wright PLLC, hereby submits, pursuant to Rule 36 of the Federal Rules of Civil Procedure, its Responses to the Request for Admissions served by Defendant Jack Daniel's Properties, Inc. ("Defendant").

## GENERAL OBJECTIONS

1. Plaintiff has not completed their investigation of the facts related to this case, their discovery, or their preparation for trial. Plaintiff's responses, therefore, are made only on the basis of such information and documents as she currently knows exist. Plaintiff has not completed their investigation and discovery has only just commenced in this matter. Accordingly, Plaintiff's responses do not purport to constitute a final statement of their knowledge regarding the particular subject and are made without prejudice to their right to in addition evidence or documents at the time of trial, or to supplement their responses as appropriate once they have completed their investigation, discovery and trial preparation.

2. Plaintiff objects generally to the Definitions and Instructions to the extent that they impose obligations broader than those imposed by the applicable Rules of Civil Procedure. Plaintiff disclaims any such broader obligation purportedly imposed by such Instructions.

3. Plaintiff objects generally to Defendant's Request for Admissions (the "Request") to the extent that any Request can be read to call for information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Such privileged information will not be disclosed and any inadvertent disclosure thereof will not be deemed a waiver of any privilege or protection. By accepting information in response to these Requests, the propounding party expressly accepts and acknowledges this non-waiver.

4. Plaintiff objects to each and every Request to the extent that it seeks discovery regarding matters that are not relevant to the subject matter of the pending action or that are not reasonably calculated to lead to the discovery of admissible evidence. These

Responses shall not constitute a waiver of any such objections.

5. Plaintiff objects to each and every Request to the extent it purports to impose a burden of disclosing information not readily available to Plaintiff or is equally available to Plaintiff. Plaintiff further objects to each and every Request to the extent it purports to impose a burden of identifying documents that are not in Plaintiff's possession, custody, or control, or that cannot be found in the course of a reasonable search, or that have already been produced by Plaintiff or others to Defendant. Plaintiff refers Plaintiff to such documents for the content thereof.

6. The Responses set forth herein are based on information currently known to Plaintiff. Plaintiff has not completed their investigation and discovery has only just commenced in this matter. Accordingly, Plaintiff reserves the right to supplement, amend or clarify any of their responses or objections as permitted by the Arizona Rules of Civil Procedure.

7. These Responses are given subject to and without waiving the foregoing General Objections, each of which is incorporated by reference in its entirety into each of the following answers.

## RESPONSES TO REQUESTS FOR ADMISSION

1. Admit that VIP sold 20 units of the Bad Spaniel Toy to Boozin Gear, Inc. under Order ID 172608 on July 14, 2014.

    Admit __X__          Deny _____

2. Admit that the Bad Spaniels Toy has appeared on the website at www.boozingear.com.

    Admit __X__          Deny _____

3. Admit that the Bad Spaniels Toy currently appears on the website www.boozingear.com.

　　　　Admit __X__          Deny _____

4. Admit that Exhibit 1 attached hereto is a genuine copy of a page on the website at www.boozingear.com on which the Bad Spaniels Toy has appeared.

　　　　Admit __X__          Deny _____

5. Admit that Exhibit 2 attached hereto is a genuine copy of a page on the website at www.boozingear.com on which the Bad Spaniels Toy has appeared.

　　　　Admit __X__          Deny _____

6. Admit that Merchandise bearing the JACK DANIEL'S trademark currently appears on the website www.boozingear.com.

　　　　Admit __X__          Deny _____

7. Admit that Exhibit 3 attached hereto is a genuine copy of pages on the website at www.boozingear.com on which merchandise bearing the JACK DANIEL'S trademark has appeared.

　　　　Admit __X__          Deny _____

8. Admit that VIP sold 8 units of the Bad Spaniels Toy to MainMerch under ID 173674 on July 22, 2014.

　　　　Admit __X__          Deny _____

| | | |
|---|---|---|
| 1 | 9. | Admit that MainMerch operates the website at www.wearyourbeer.com. |
| 2 | | Admit __X__    Deny _____ |

10. Admit that the Bad Spaniels Toy appeared at one time on the website at www.wearyourbeer.com.

       Admit __X__    Deny _____

11. Admit that Exhibit 4 attached hereto is a genuine copy of a page on the website at www.wearyourbeer.com on which the Bad Spaniels Toy appeared on August 1, 2014.

       Admit __X__    Deny _____

12. Admit that Exhibit 5 attached hereto depicts packaging for whiskeys.

       Admit __X__    Deny _____

13. Admit that Exhibit 5 attached hereto depicts packaging for whiskeys that are currently sold in the United States.

       Admit __X__    Deny _____

14. Admit that Exhibit 4 attached hereto accurately depicts the back bar at the Second Story Liquor Bar in Scottsdale, Arizona referred to by Stephen Sacra at lines 6-10 on page 77 of the Sacra Transcript.

       Admit __X__    Deny _____

15. Admit that Exhibit 6 attached hereto depicts packaging for whiskeys.

       Admit __X__    Deny _____

16. Admit that Exhibit 6 attached hereto depicts packaging for whiskeys that are currently sold in the United States.

      Admit __X__              Deny _____

**RESPECTFULLY SUBMITTED** this 15th day of June, 2015.

                                    **DICKINSON WRIGHT PLLC**

                                    By: _/s/ David G. Bray_
                                        David G. Bray
                                        Frank G. Long
                                        David N. Ferrucci
                                        1850 North Central Avenue, Suite 1400
                                        Phoenix, Arizona 85004
                                        *Attorneys for VIP Products, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 15 2015, I e-mailed and mailed Plaintiff and Counterdefendant VIP Products, LLC's Responses to Defendant and Counterclaimant Jack Daniel's Properties, Inc.'s First Set of Request for Admissions to each of the parties set forth below:

>Christopher C. Larkin, Esq.
>clarkin@seyfarth.com
>SEYFARTH SHAW LLP
>2029 Century Park East, Suite 3500
>Los Angeles, California 90067-3021
>*Attorneys for Jack Daniel's Properties, Inc.*

>Gregory P. Sitrick, Esq.
>Gregory.sitrick@quarles.com
>Isaac S. Crum, Esq.
>Isaac.Crum@quarles.com
>QUARLES & BRADY LLP
>One Renaissance Square
>Two North Central Avenue
>Phoenix, Arizona 85004-2391
>*Attorneys for Jack Daniel's Properties, Inc.*

_____
Kristi A. Arendt

PHOENIX 53913-11 222515v1

7