CASE NO. 2:14-cv-02057
VIP Products L.L.C.
VS. Jack Daniel's Properties, Inc.
DEFENDANT'S EXHIBIT 165
DATE: _____ IDEN.
DATE: 10-3-17 EVID.
BY: _____
Deputy Clerk

Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Frank G. Long (#012245)
flong@dickinsonwright.com
David N. Ferrucci (#027423)
dferrucci@dickinsonwright.com
**DICKINSON WRIGHT, PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for VIP Products, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>Defendant. | No. 2:14-cv-02057-DGC<br><br>**PLAINTIFF AND COUNTERDEFENDANT VIP PRODUCTS, L.L.C.'S RESPONSES TO JACK DANIEL'S PROPERTIES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (REQUESTS NO. 16-25)** |
| Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>VIP Products, L.L.C., an Arizona limited liability company,<br><br>Counterdefendant | |

Plaintiff and Counterdefendant VIP Products, L.L.C. ("VIP"), by and through their undersigned counsel, Dickinson Wright PLLC, hereby submit, pursuant to Rules 30

1

and 34 of the Arizona Rules of Civil Procedure, its Responses to the Second Set of Requests for Production of Documents and Things served by Defendant and Counterclaimant Jack Daniel's Properties, Inc. ("JDPI").

**PREFATORY STATEMENT**

The responses set forth herein are based on information currently known to Plaintiff. Plaintiff has not completed its investigation and discovery is ongoing. Accordingly, Plaintiff reserves the right to supplement, amend, or clarify any of its responses or objections as permitted by the Federal Rules of Civil Procedure.

Each of the following responses is made subject to the "general objections" set forth below, and each general objection is specifically incorporated by reference into each of Plaintiff's responses to Defendant's requests, as though set forth fully.

**GENERAL OBJECTIONS**

1.   Plaintiff objects generally to the Definitions and Instructions to the extent that they impose obligations broader than those imposed by the applicable Rules of Civil Procedure. Plaintiffs disclaim any such broader obligation purportedly imposed by such Instructions.

2.   Plaintiff objects generally to Defendant's Request for Production (the "Request") to the extent that any Request can be read to call for information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Such privileged information will not be disclosed and any inadvertent disclosure thereof will not be deemed a waiver of any privilege or protection. By accepting information in response to these Requests, the propounding party expressly accepts and acknowledges this non-waiver.

3.   Plaintiff objects to each and every Request to the extent that it seeks discovery regarding matters that are not relevant to the subject matter of the pending action or that are not reasonably calculated to lead to the discovery of admissible evidence. These Responses shall not constitute a waiver of any such objections.

4. Plaintiff objects to each and every Request to the extent it purports to impose a burden of disclosing information not readily available to Plaintiff or is equally available to Defendant. Plaintiff further objects to each and every Request to the extent it purports to impose a burden of identifying documents that are not in Plaintiff's possession, custody, or control, or that cannot be found in the course of a reasonable search, or that have already been produced by Plaintiff or others to Defendant. Plaintiff refers Defendant to such documents for the content thereof.

5. The Responses set forth herein are based on information currently known to Plaintiff. Plaintiff has not completed its investigation and discovery is continuing in this matter. Accordingly, Plaintiff reserves the right to supplement, amend or clarify any of its responses or objections as permitted by the Federal Rules of Civil Procedure.

6. VIP objects to each Request to the extent it seeks documents to which JDPI has equal or better access, or for which the burden on JDPI is equal to, or greater than, that of Plaintiff.

7. The failure of VIP to object to any specific Request on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). VIP reserves the right to amend and/or supplement its objections and response at any time consider with further investigation and discovery.

8. VIP does not concede the relevance, materiality, or admissibility of any documents sought in these Requests. VIP's responses are without waiver or limitation of its right to object on grounds of relevant, privilege, admissibility of evidence for any purpose, or any other ground to the use of any information or documents provided or referred to in its response, in discovery or in any proceeding, or at the trial of this or any other action.

9. These Responses are given subject to and without waiving the foregoing General Objections, each of which is incorporated by reference in its entirety into each of the following answers.

## RESPONSES TO REQUESTS FOR PRODUCTION

16. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 27 of the Amended Complaint that the "features of the Jack Daniel's Trade Dress and Jack Daniel's Bottle Design are 'essential to the use or purpose' or 'affect the cost or quality" of the products sold using the trade dress and design and protecting the features of the Trade Dress and Bottle Design would significantly undermine a competitor's ability to compete with Jack Daniel's in the sale of distilled spirits."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

17. All documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 28 of the Amended Complaint that "elements of the Jack Daniel's Trade Dress and Jack Daniel's Bottle Design are merely ornamental or decorative and do not function as features signifying products from the Jack Daniels distillery."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

18.     All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegations in paragraphs 36 and 44 of the Amended Complaint that the Jack Daniel's Trade Dress and Jack Daniel's Bottle Design are "generic because their primary significance is to identify any distilled spirits, particularly bourbon or other corn based whisky, rather than products from the Jack Daniels distillery."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

19.     All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegations in paragraph 55 and 56 of the Amended Complaint that the combination of elements of the Jack Daniel's Trade Dress and Jack Daniel's Bottle Design are "non-distinctive and not entitled to trademark protection."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

20.     The document referred to by Stephen Sacra at line 25 on page 90 and line 1 on page 91 of the Sacra Transcript.

**RESPONSE:** Plaintiff is producing herewith document bates-numbered VIP00138.

21. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 67 of the Amended Answer that "The Counterclaims are barred in whole or in part because one or more of Counter-plaintiff's purported marks and/or trade dress are not famous, as the term of is (sic) construed under the Lanham Act."

**RESPONSE:** VIP notes that JDPI has the burden of proof to establish that its trade dress and trademarks are "famous." Responsive documents relevant to VIP's allegations that the combination of elements of the Jack Daniel's Bottle Design does not identify and indicate the source of the goods, even if that source is unknown, and is non-distinctive and is not entitled to protection as a "famous" mark include the previously produced expert report of Martin Wolinsky and in the report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

22. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 68 of the Amended Answer that "The Counterclaims are barred because Counter-Defendant's conduct constitutes fair use."

**RESPONSE:** In addition to documents previously produced by VIP, VIP is producing herewith documents bates-numbered VIP00133-139 and the report the report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063).

23. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 69 of the Amended Answer that "The Counterclaims are barred in whole or in part by reason of other parties' prior or

1 current use of marks and/or trade dress similar to Counter-Plaintiff's purported marks and/or trade dress."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery.

24. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the factual basis for VIP's allegation in paragraph 70 of the Amended Answer that "The Counterclaims are barred in whole or in part because Counter-Defendant's alleged marks and/or trade dress are invalid, unenforceable, and/or not infringed."

**RESPONSE:** In addition to the Expert Report of Martin Wolinksy and the Expert Report of John Howard previously produced by VIP, VIP is producing herewith a report independently prepared by Stephen Sacra attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories (document bates-numbered SAC001-0063). Additional documents may be identified through discovery and/or in VIP's expert rebuttal reports that are not due to be disclosed to JDPI until Friday, July 10, 2015.

25. All Documents and Things relating or referring to, or evidencing, reflecting, or constituting, the nature, duration, and extent of the sales and advertising of each of the products depicted in paragraph 23 of the Amended Complaint, and any other product that VIP contends affects the existence, protectability, or validity of the Jack Daniel's Trade Dress of Jack Daniel's Bottle Design.

**RESPONSE:** The use by competitors of elements of Jack Daniel's claimed trade dress in their products is widespread and that use is discussed and/or examined in detail, both in

1  the expert report of Martin Wolinsky and the report independently prepared by Stephen Sacra
2  attached as Exhibit "1" to Plaintiff's Responses to JDPI's Second Set of Interrogatories
3  (document bates-numbered SAC001-0063). Documents relating to the history, sales and
4  advertising for these products is available from public sources, accessible equally by JDPI
5  and, for its convenience, specific website addresses for several of these products are provided
6  in the reports produced already and/or provided with these responses. Additional documents
7  may be identified through discovery.

**RESPECTFULLY SUBMITTED** this 17th day of June, 2015.

**DICKINSON WRIGHT PLLC**

By: _____
David G. Bray
Frank G. Long
David N. Ferrucci
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
*Attorneys for VIP Products, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2015, I e-mailed and mailed Plaintiff and Counterdefendant VIP Products, LLC's Responses to Defendant and Counterclaimant Jack Daniel's Properties, Inc.'s Second Set of Requests for Production of Documents and Things (Requests No. 16-25) to each of the parties set forth below:

>Christopher C. Larkin, Esq.
>clarkin@seyfarth.com
>SEYFARTH SHAW LLP
>2029 Century Park East, Suite 3500
>Los Angeles, California 90067-3021
>*Attorneys for Jack Daniel's Properties, Inc.*

>Gregory P. Sitrick, Esq.
>Gregory.sitrick@quarles.com
>Isaac S. Crum, Esq.
>Isaac.Crum@quarles.com
>QUARLES & BRADY LLP
>One Renaissance Square
>Two North Central Avenue
>Phoenix, Arizona 85004-2391
>*Attorneys for Jack Daniel's Properties, Inc.*

_____
Kristi A. Arendt

PHOENIX 53913-11 222501v1

9



VIP00133




# shirts & shorts





polos, shorts and short-sleeve woven shirts shown, reg. 14.99-24.99, sale 10.49-17.49
s shown, reg. 19.99-32.99, sale 13.99-23.09



**$25**
SALE reg. 29.99, Men's Haggar H26 original straight-fit chinos.
• All other Haggar H26 pants and shorts on sale.



**$5**

◎ weekly
**WOW**

SALE reg. 6.99, Men's Hanes® Premium tee.
Sizes S-XL.
• Size XXL, reg. 8.99, sale $7

expect more. pay less. 15

VIP00135

# gifts for dad under $20



Holds up to 64 ounces!

**19.99**
64-oz. stainless steel flask or vintage-style football helmet. Seasonal merchandise; no rain checks.



**12.99**
Men's grooming kit. Seasonal merchandise; no rain checks.





**14.99**
Bottle opener. Seasonal merchandise; no rain checks.



**SALE $9**
Reg. 12.99-14.99, Merona sleep pants.



**9.99**
Pair of Thieves kid & dad socks set in assorted styles. Seasonal merchandise; no rain checks.



**SALE 2/$15**
Reg. $9.99 each, Father's Day tee or baseball hat. Seasonal merchandise; no rain checks.



**SALE $5**
Reg. 12.99, Father's Day graphic tees. Seasonal merchandise; no rain checks.



16

VIP00136



VIP00137



VIP00138



VIP00139