CASE NO. 2:14-cv-02057
VIP Products L.L.C.
VS. Jack Daniel's Properties, Inc.
DEFENDANT'S EXHIBIT 167
DATE: _____ IDEN.
DATE: 10-3-17 EVID.
BY: _____
Deputy Clerk

1  Firm E-Mail: courtdocs@dickinsonwright.com

2  David G. Bray (#014346)
   dbray@dickinsonwright.com
3  Frank G. Long (#012245)
   flong@dickinsonwright.com
4  **DICKINSON WRIGHT, PLLC**
   1850 North Central Avenue, Suite 1400
5  Phoenix, Arizona 85004
   Phone: (602) 285-5000
6  Fax: (602) 285-5100

7  *Attorneys for VIP Products, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation<br><br>Defendant. | No. 2:14-cv-02057-DGC<br><br>**PLAINTIFF VIP PRODUCTS, L.L.C.'S FIRST SUPPLEMENTAL DISCLOSURE STATEMENT** |

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff VIP Products, L.L.C. ("Plaintiff" or "VIP") makes the following supplemental disclosures set forth below based upon information reasonably available to it at this time.

VIP notes that its investigation into these matters is on-going and it has not yet taken any discovery from any other person or entity. Accordingly, it reserves the right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise becomes aware of additional documents, data compilations, or tangible things. VIP further reserves the right to object to the use of the disclosures herein, in whole or in part, at any time up to and including at trial of this or any other action on the grounds of

1

relevancy, materiality, admissibility, hearsay, or for any other reason. VIP provides these disclosures without waiving any claim of privilege or work-product immunity.

By making these disclosures, VIP does not represent that it has identified every witness, document, data compilation, or tangible thing that it may use to support its claims or defenses. Rather, these disclosures represent VIP's good-faith effort to identify information presently available to it that falls within the scope of Rule 26.

These supplemental disclosures are organized to correspond to the general categories set forth in Rule 26(a)(1). All of the disclosures set forth below are made subject to the above qualifications.

**I.    Individuals Likely To Have Discoverable Information.**

In accordance with Fed. R. Civ. Proc. 26(a)(1)(A)(i), VIP identifies the following individuals who may have discoverable information – along with the likely subject of that information – that VIP may use to support its claims, unless such use would be solely for impeachment. VIP's employees, representatives, or agents may be contacted only though counsel for VIP. VIP does not consent to any party or any person involved in this litigation contacting any such person directly.

1. **Stephen Sacra**
   c/o David G. Bray
   Dickinson Wright PLLC
   1850 North Central Ave., Suite 1400
   Phoenix, Arizona 85004
   Telephone: (602) 285-5000

Mr. Sacra is the founder and owner of VIP. Mr. Sacra has information regarding the design and creation of the "Bad Spaniels" parody pet toy, VIP's intent when it developed the toy, its sales, marketing channels and the lack of any customer confusion generated by the sales of this parody dog toy. Mr. Sacra also has information regarding the content of the report he created to respond to JDPI's Second Set of Interrogatories to VIP and regarding matters that he

2

testified to both in his personal deposition and in his deposition taken as VIP's Rule 30(b)(6) corporate designee.

    2. **Wendy Sacra**
       c/o David G. Bray
       Dickinson Wright PLLC
       1850 North Central Ave., Suite 1400
       Phoenix, Arizona 85004
       Telephone: (602) 285-5000

Ms. Sacra is VIP's International Sales Manager.  Ms. Sacra has information regarding the design and creation of the "Bad Spaniels" parody pet toy, VIP's intent when it developed the toy, its sales, marketing channels and lack of any customer confusion generated by the sales of this parody dog toy.

    3. **Elle Phillips**
       Red Couch Creative, Inc.
       82 E State Street, Suite F
       Eagle, ID 83616
       (208) 562-9075
       design@ellephillips.com
       www.redcouchcreative.com

Ms. Phillips has information regarding the creation and design of the "Bad Spaniels" parody dog toy.

    4. Custodian of Records for VIP.

    5. Custodian of Records for Jack Daniel's Properties, Inc. ("JDPI").

    6. Any person identified in disclosures by JDPI.

    7. **Jeff Eichelberger**
       Boozin Gear, Inc.
       3300 Wheeler Road
       Bay City, MI 48706
       (404) 460-8456
       jeff@boozingear.com

Mr. Eichelbeger is the owner of Boozin Gear.  Boozin Gear has purchased a small number of the Bad Spaniels parody dog toy that it offers for sale on the Boozin Gear website:

1  www.boozingear.com.  Boozin Gear also sells licensed beer and liquor products.  Mr.
2  Eichelberger is believed to have discoverable information regarding the fact that he, and Boozin
3  Gear, have never been confused regarding the source or origin of the Bad Spaniels parody dog
4  toy.  Rather, he, and Boozin Gear, have always understood the Bad Spaniels product to be a
5  parody dog toy produced by VIP Products without any involvement by Jack Daniel's.  Mr.
6  Eichelberger is also believed to have discoverable information regarding the fact that no
7  customer of Boozin Gear has ever expressed confusion to anyone at Boozin Gear as to the
8  source or origin of the VIP Bad Spaniels parody dog toy.

9  VIP believes that individuals in addition to those listed above may have discoverable
10 information and anticipates that names of additional persons and subjects about which they have
11 knowledge will be revealed during additional disclosure, discovery and investigation during the
12 course of this litigation.

**II.  Documents, Electronically Stored Information And Tangible Things.**

Documents, electronically stored information and tangible things that are in VIP's possession, custody or control and that VIP may use to support its claims in this case (excluding evidence that would be used only for impeachment) are described below:

1. Such documents may include any document attached to declarations filed in this case.
2. Such documents may include any document attached as an exhibit to papers filed in this civil action.
3. Documents and records of the Patent and Trademark Office relating to any of the Jack Daniel's trademarks at issue in this dispute.
4. Samples of VIP's "Bad Spaniels" parody dog toy, including its product hanger.
5. Documents and records related to the design and creation of VIP's "Bad Spaniels" parody dog toy.

4

6. Documents and records related to VIP's sales of its "Bad Spaniels" parody dog toy.

7. Samples of Jack Daniel's products.

8. Photographs or other descriptions of VIP's "Bad Spaniels" trade dress and Jack Daniel's trade dress.

9. Documents, records and photos reflecting bottle shapes used by the liquor industry, including square bottle shapes used by a number of producers of Kentucky and Tennessee whiskey and bourbon products as reflected in the previously produced Wolinksy and Sacra reports.

10. Documents, records and photos reflecting advertisements by Jack Daniel's and other producers in the liquor industry, including advertisements for other Kentucky and Tennessee whiskey and bourbon products.

11. Documents related to JDPI's litigation with Sweet Revenge, and documents, records and photos reflecting advertisements for Sweet Revenge before and after its settlement with JDPI.

12. Documents related to other litigation that JDPI has filed asserting Jack Daniel's-related trademark and trade dress claims.

13. Shutterstock images of whiskey bottles.

14. Shutterstock images of whiskey labels.

15. Images of Kentucky Distillery bottles.

16. Documents, records and photo available on the Internet regarding Jack Daniel's bottle design change and launch in 2011 of its "Evolution Bottle", including press releases and information regarding the design change on the Cue Design website: www.cue-design.com.

17. Documents, records and photos reflecting advertisements for products using elements of Jack Daniel's claimed trade dress to reference whiskey in general.

5

18. T-Shirts incorporating elements of Jack Daniel's claimed trade dress.
19. Documents, records and photos reflecting advertisements for products using elements of Jack Daniel's claimed trade dress.
20. USPTO records regarding reflecting disclaimers of and/or rejection of elements of Jack Daniel's claimed trade dress and trademarks on any ground, including possible functionality refusals.
21. Books and articles about Jack Daniel's.
22. Newspaper articles regarding JDPI's enforcement efforts vis-à-vis Jack Daniel's claimed trade dress and trademarks.
23. Documents, records, advertisements and photos available on the official websites of George Dickel and other competing producers of American Kentucky and Tennessee whiskey.
24. Historical bottle catalogs of the Illinois Glass Company.
25. Documents, records, advertisements and photos of bottles produced by Owens-Illinois, Inc. and its predecessor in interest, including square stock whiskey bottles it offered for sale.
26. Photographs of old-time black and white whiskey bottle labels.
27. Photos of old American whiskey bottles.
28. Books on the history of American whiskeys and bourbons (catalogued and listed on the www.pre-pro.com website).
29. UPSTO trademark records for Sweet Revenge.
30. A list of skus reflecting a complete list of American whiskey distilleries and brands.
31. News articles and industry reports regarding the total sales of American whiskeys and bourbons and the relative market shares of Jack Daniel's and other producers.

32.     VIP anticipates that further disclosure, discovery or investigations will reveal additional documents, tangible things and electronically stored information.

The paper and electronic documents in categories 1-6, to the extent they exist, may be stored in systems, equipment or locations owned or controlled by VIP at its facility in Phoenix, Arizona. VIP's electronically stored information is maintained in multiple locations. VIP possesses a network area server (NAS) that consists of both public shared folders and restricted individual folders, to which employees' may save materials. As for documents in categories 7-31, these are documents that have been uncovered as a result of VIP's ongoing investigation and discovery efforts in this matter.

VIP's investigation of this matter is not yet complete. VIP reserves the right to amend, modify, restrict, or supplement this disclosure as it becomes aware of new or additional information. VIP anticipates it will identify additional categories of documents on which it may rely, and reserves the right to use such documents, whether produced by VIP, another party to this litigation, or a third party, as well as any documents upon which an expert relies in rendering an opinion. VIP does not concede the admissibility of any of the categories of documents identified above, and reserves any objections it may have to the discovery or admission of such documents, to the extent such documents exist. VIP reserves all claims of privilege, work product, or any other privilege or protection as to these documents, as well as claims that such documents contain confidential business information or trade secrets, the disclosure of which should be subject to a protective order.

**III.    Computation of Damages Claimed By VIP.**

VIP is not seeking damages in this case.

///

///

///

///

7

IV.   **Insurance Agreements.**

In accordance with Fed. R. Civ. Proc. 26(a)(1)(A)(iv), VIP states that no insurer has accepted coverage related to this dispute.

**RESPECTFULLY SUBMITTED** this 6th day of July, 2015.

**DICKINSON WRIGHT PLLC**

By: _____
David G. Bray
Frank G. Long
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
*Attorneys for VIP Products, L.L.C.*

8

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I e-mailed and mailed Plaintiff VIP Products, LLC's Initial Disclosure Statement to each of the parties set forth below:

Christopher C. Larkin, Esq.
clarkin@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
*Attorneys for Jack Daniel's Properties, Inc.*

Gregory P. Sitrick, Esq.
Gregory.sitrick@quarles.com
Isaac S. Crum, Esq.
Isaac.Crum@quarles.com
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
*Attorneys for Jack Daniel's Properties, Inc.*

*/s/ K. Boie*
Kylie M. Boie

PHOENIX 53913-11 231138v2

9