# VIP Products LLC v. Jack Daniel's Properties

U.S. District Court, District of Arizona

## Jack Daniel's Opening Statement
### October 2, 2017

# Summary

1. Why does this case matter?

2. Background and case history

3. Legal issues for trial

   - Infringement

   - Tarnishment

4. VIP's defenses

5. Conclusion



# Why Does This Case Matter?
## The Bad Spaniel's dog toy is likely to…

- **Confuse consumers** into thinking the VIP product is made, licensed or endorsed by Jack Daniel's

- **Tarnish** the Jack Daniel's brand by associating Jack Daniel's with VIP's brand of "potty humor"

# Case History

**July 2014**
**VIP introduces "Bad Spaniels" dog toy**
- Part of a line called "Silly Squeakers"
- Others in line include "Buttwiper" dog toy





September 2014
**Jack Daniel's sends "protest" letter**
**VIP sues for declaratory judgment**

December 2014
**Jack Daniel's counterclaims for infringement and dilution**

March 2015
**VIP adds new claims and defenses**

**REJECTED**
- <u>Fair use</u>: Both nominative and First Amendment/"parody"

**REJECTED**
- <u>Functionality</u>: Both aesthetic and utilitarian

**REJECTED**
- <u>Genericness</u> and lack of distinctiveness

December 2015
**Parties file cross-motions for summary judgment**

September 2016
**Memorandum of Decision and Order (Doc. 171)**

**Two Issues Remain for Trial:**
1. Infringement
2. Tarnishment

| 2014 | 2015 | 2016 | 2017 |

# What's at issue:

1. Infringement

2. Tarnishment

 

# Issue #1: Infringement



## Consumers are *likely to be confused* as to whether:

- Jack Daniel's *makes or puts out* the VIP dog toy;

- Jack Daniel's *authorizes or approves* VIP's making the dog toy; or

- VIP is *affiliated or associated with* Jack Daniel's

# Issue #1: Infringement
## Are consumers likely to be confused by BAD SPANIELS?

Eight-Factor *Sleekcraft* Test:

1. Strength of Jack Daniel's marks
2. Similarity of the parties' marks
3. Proximity of the parties' products
4. Existence of actual confusion
5. VIP's intent in adopting its mark
6. Coincidence of marketing channels
7. Degree of care of purchasers
8. Likelihood of expansion of the parties' product lines

# Applying the *Sleekcraft* Factors
## Ninth Circuit: "We don't count beans."

Eight-Factor *Sleekcraft* Test:
1. Strength of Jack Daniel's marks
2. Similarity of the parties' marks
3. Proximity of the parties' products
4. Existence of actual confusion
5. VIP's intent in adopting its mark
6. Coincidence of marketing channels
7. Degree of care of purchasers
8. Likelihood of expansion of the parties' product lines

*Key factors in this case*

# Strength of the Jack Daniel's Marks



- Largest selling American whiskey

- Between 1997 and 2015: Over **75,000,000** cases sold

- Revenues of over **$10,000,000,000**

- Extensive advertising and promotion

- Print, TV, radio, social media ads + movies and TV shows

- U.S. public has high awareness



# Strength of the Jack Daniel's Marks













# Similarity of the Marks



- Visually very similar

- Intentionally so, as VIP copied

  – Testimony of designer Elle Phillips and owner Stephen Sacra





# Existence of Actual Confusion

- Retailer misdescription

- Consumer confusion (Amazon review)

- Google search results

# Consumer Survey
# of Likely Confusion

Q: "Who or what company makes or puts out this product?"

A: 29% of consumers said, "Jack Daniel's"



**Q:** "Why do you say that?"



## Actual Confusion: Verbatim Responses From Consumers

**A:** "The logo replica"

**A:** "The bottle"

**A:** "The label"

**A:** "The print, font and bottle looks like Jack Daniel's"

**A:** "It looks like the packaging from Jack Daniel's sauces"

# VIP's Intent









**VIP's designer used Jack Daniel's bottle as model**

**VIP's manufacturer adopted most recent Jack Daniel's design**

**Stephen Sacra approved it all**

**VIP intentionally copied**

# Applying the *Sleekcraft* Factors
## Remaining factors also favor Jack Daniel's

Eight-Factor *Sleekcraft* Test:

1. Strength of Jack Daniel's marks
2. Similarity of the parties' marks
3. Proximity of the parties' products
4. Existence of actual confusion
5. VIP's intent in adopting its mark
6. Coincidence of marketing channels
7. Degree of care of purchasers
8. Likelihood of expansion of the parties' product lines

# Issue #2: Tarnishment



1. **Are the Jack Daniel's brand and packaging "famous"?**

   "Famous" means "widely recognized by the general consuming public of the United States."

2. **Tarnishment: Is the VIP dog toy likely to tarnish Jack Daniel's reputation?**

   Dr. Simonson will testify that VIP's dog toy adversely affects Jack Daniel's brand due to association between Jack Daniel's and dog feces.

# Likely to Tarnish

**1.** **The Jack Daniel's brand is famous**

- Most valuable spirit brand

- Consumers know "Jack" from advertising, movies, TV, social media

- Licensing further raises brand's profile – even in pet products





# Likely to Tarnish

**2.** **VIP's toy negatively impacts the Jack Daniel's brand**

- Tarnishes the brand's image and values

- Associates Jack Daniel's with dog poop

- "Potty humor" is inconsistent with Jack's voice



| VIP's Defenses | Jack Daniel's Responses |
|---|---|
| **1. No Trademark Infringement** | |
| ✗ Just a parody – protected by First Amendment | • 9/27/16 Order: First Amendment doesn't shield VIP's infringement |
| ✗ No actual consumer confusion | • Dr. Ford's survey: 29% of potential consumers are confused |
| ✗ Dr. Ford's survey was wrong – Prof. Nowlis's rebuttal | • *Eveready* survey protocol is "gold standard" for testing confusion |
| | • Prof. Nowlis did not do his own survey, can't say what a "proper" survey would have shown |

| **VIP's Defenses** | **Jack Daniel's Responses** |
|---|---|

## 2. No Trademark Dilution

✗ VIP's focus groups showed no harm to Jack Daniel's brand

- Focus groups are not acceptable survey evidence; not quantitative/projectable
- Just 19 people in West Los Angeles

✗ No evidence of adverse impact on sales

- Only need show "likelihood of tarnishment"
- Dr. Simonson's report confirms negative effect on brand

# Witnesses

## Jack Daniel's Witnesses and Experts

- Phil Epps – Jack Daniel's Tennessee Whiskey Global Brand Director
- Tobey Roush – Licensing Manager for Jack Daniel's
- Elle Phillips (designed VIP's toy) (via deposition)
- Dr. Gerald Ford's survey (expert re: likelihood of confusion) (via deposition)
- Dr. Itamar Simonson (expert re: tarnishment)
- Dave Gooder – President and Chief Trademark Counsel, Jack Daniel's Properties

## VIP's Witnesses and Experts

- Stephen Sacra (VIP's CEO)
- Bruce Silverman (rebuttal expert re: alleged lack of tarnishment)
- Dr. Stephen Nowlis (rebuttal expert re: alleged flaws in Ford survey) (deposition)

# Why Does This Case Matter?



# Why Does This Case Matter?





