RUSING, LOPEZ & LIZARDI, P.L.L.C
Isaac S. Crum (AZ Bar #026510)
icrum@rllaz.com
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4274
Facsimile: (520) 792-4274

QUARLES & BRADY LLP
Gregory P. Sitrick (AZ Bar #028756)
gregory.sitrick@quarles.com
One Renaissance Square
2 N Central Ave.
Phoenix, AZ 85004-2391
602-229-5317
602-420-5198 (fax)

HARVEY & COMPANY
D. Peter Harvey (admitted pro hac vice)
pharvey@harvey.law
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Phone: (415) 926-7776
Fax: (415) 402-0058

*Attorneys for Defendant and Counterclaimant,*
*JACK DANIEL'S PROPERTIES, INC.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JACK DANIEL'S PROPERTIES, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV-14-2057-PHX-SMM<br><br>**[PROPOSED] PERMANENT INJUNCTION AND FINAL JUDGMENT** |

The Court held a four-day bench trial in this matter from October 2, 2017 through October 5, 2017. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court, having heard the evidence and determined the credibility of witnesses, entered its Findings of Fact, Conclusions of Law, and Order ("Order") on January 30, 2018. (Doc. 245.) By and for the reasons stated in the Order, the Court found in favor of Defendant Jack Daniel's Properties, Inc. ("Jack Daniel's") and against Plaintiff VIP Products, LLC ("VIP") on all remaining claims, namely, Jack Daniel's claims of trademark and trade dress infringement and dilution by tarnishment. Consequently, the Court determined to grant Jack Daniel's permanent injunctive relief.

NOW THEREFORE, based upon the Court's Order and in view of the foregoing and being fully advised, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1. VIP and its agents, servants, officers, directors, owners, representatives, employees, successors, attorneys, assigns and all other persons in active concert or participation with them, or any of them, who receive actual notice of this injunction by personal service or otherwise, are hereby PERMANENTLY ENJOINED, effective as of the date of this Permanent Injunction and Final Judgment, from:

(a) Sourcing, manufacturing, advertising, promoting, displaying, shipping, importing, offering for sale, selling or distributing the Bad Spaniels dog toy, as depicted below:

    (b) Sourcing, manufacturing, advertising, promoting, displaying, shipping, importing, offering for sale, selling or distributing any other product that reproduces, copies, colorably imitates, or is confusingly similar to, any of the JDPI Trademarks or any elements of the Jack Daniel's Trade Dress,[1] as those are depicted below:



    (c) Sourcing, manufacturing, advertising, promoting, displaying, shipping, importing, offering for sale, selling or distributing any other product that is likely to dilute the distinctiveness of any of the JDPI Trademarks and/or any elements of the Jack Daniel's Trade Dress;

---

[1] In using the term "JDPI Trademarks" the Court means and refers to the trademarks JACK DANIEL'S and OLD NO. 7 (*see* Answer and Counterclaim, Doc. 12, ¶ 5) and by "Jack Daniel's Trade Dress" the Court means and refers to "packaging…consisting of a square bottle with a ribbed neck, a black cap, a black neck wrap closure with white printing bearing the OLD NO. 7 mark, and a black front label with white printing and a filigreed border bearing the JACK DANIEL'S mark depicted in arched lettering at the top of the label, the OLD NO. 7 mark contained within a filigreed oval design in the middle portion of the label beneath the JACK DANIEL'S mark, and the words Tennessee Sour Mash Whiskey in the lower portion of the label, with the word 'Tennessee' depicted in script." (*Id.*, ¶ 6.)

(d) Doing any other act that is likely to cause any person to believe that VIP's goods or commercial activities originate with, or are licensed, sponsored, or authorized by, Jack Daniel's;

(e) Otherwise infringing any of the JDPI Trademarks and/or Jack Daniel's Trade Dress, falsely designating the origin of VIP's goods and services, or unfairly competing with Jack Daniel's in any manner whatsoever; and/or

(f) Engaging in any other act or acts that dilute any of the JDPI Trademarks or Jack Daniel's Trade Dress, whether by tarnishment or otherwise.

2. VIP shall immediately remove from public viewing any and all catalogues, website pages, literature, brochures, business cards, promotional materials, advertising, T-shirts, and any other goods, products and materials depicting or bearing any other reference to VIP's Bad Spaniels product.

3. Within fifteen (15) days of the date hereof, VIP shall account to the Court and to Jack Daniel's as to the number of units and the location of all remaining inventory of the Bad Spaniel's toy, whether within VIP's own possession or in the possession of any of VIP's distributors and retailers.

4. Within forty-five (45) days of the date hereof, VIP shall, pursuant to 15 U.S.C. § 1118 and A.R.S. § 44-1451(B)(5), deliver up to the Court for destruction or other disposition, or shall cause to be destroyed, all Bad Spaniels toys within its possession, custody, or control, together with all labels, signs, prints, packages, wrappers, receptacles and advertisements bearing the trade dress of the Bad Spaniels toy, and all plates, molds, matrices and other means of making the same.

5. VIP shall instruct its supplier of the Bad Spaniels product to destroy all computer aided design and other electronic files and any molds from which such products are made.

6. Within sixty (60) days of the date hereof, VIP shall file with the Court and serve on counsel for Jack Daniel's a report, in writing, under oath, setting forth in detail

4

[PROPOSED] PERMANENT INJUNCTION AND FINAL JUDGMENT

the manner and form in which it has complied with this injunction pursuant to 15 U.S.C. § 1116. Said report shall attest to the Court and to Jack Daniel's as to the details of the destruction of products and materials ordered under paragraphs 4 and 5 hereof, including the date, place, number of products and other materials destroyed, and the means of destruction.

5. With the exception of any motion Jack Daniel's may elect to file for attorneys' fees pursuant to Section 35 of the Lanham Act, and to any Bill of Costs to be settled by the Clerk, this Permanent Injunction and Final Judgment shall finally conclude and dispose of all claims and counterclaims in this action with prejudice.

6. The Court shall retain jurisdiction over this matter to ensure that the terms and conditions of this Permanent Injunction and Final Judgment are honored and enforced.

Dated: _____                    _____
                                          United States District Court Judge

Respectfully submitted this 23rd day of February, 2018,

*/s/ Isaac S. Crum*
RUSING, LOPEZ & LIZARDI, P.L.L.C
Isaac S. Crum (AZ Bar #026510)
icrum@rllaz.com
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4274
Facsimile: (520) 792-4274

HARVEY & COMPANY
D. Peter Harvey (admitted *pro hac vice*)
pharvey@harvey.law
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 926-7776
Facsimile: (415) 402-0058

QUARLES & BRADY LLP
Gregory P. Sitrick (AZ Bar #028756)
gregory.sitrick@quarles.com
One Renaissance Square
2 N Central Ave.
Phoenix, AZ 85004-2391
Telephone: (602) 229-5317
Facsimile: (602) 420-5198

*Attorneys for Defendant and Counterclaimant*
*JACK DANIEL'S PROPERTIES, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in this case.

*/s/ Isaac S. Crum*

Isaac S. Crum