RUSING LOPEZ & LIZARDI PLLC
Isaac S. Crum (AZ Bar #026510)
6363 N. Swan Road, Suite 151
Tucson, Arizona 85718
Telephone:    (520)792-4274
Facsimile:    (520)792-4274
Email:    icrum@rllaz.com

HARVEY & COMPANY
D. Peter Harvey (admitted pro hac vice)
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058
E-mail:    pharvey@harvey.law

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company, | Case No. CV-14-2057-PHX-SMM |
| Plaintiff, | |
| v. | **JACK DANIEL'S PROPERTIES INC.'S OPPOSITION TO VIP PRODUCTS LLC'S MOTION FOR LEAVE** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | |
| Defendant. | |
| And Related Counterclaims | |

Jack Daniel's hereby opposes VIP's request to file yet another brief regarding the form and scope of the permanent injunction to be entered in this case. (Doc. 258; hereafter "Motion".) In its Motion, VIP admits that it already has raised and briefed the issue it now seeks to supplement—the proper reach of the Court's injunction. (*Id.* at 1.) Likewise, Jack Daniel's has already explained to the Court how the cases cited by VIP are inopposite. (*See* Jack Daniel's Response to Objections (Doc. 257) ("Resp."), 14–15.) As explained therein, each instance dealt with a party seeking redress for alleged extraterritorial infringement.[1] (*Id.*) That is to say, each of the cases cited by VIP dealt with whether (1) the court had subject matter jurisdiction over the complained of extraterritorial activities, or (2) whether the complained of extraterritorial activities constituted violations of the Lanham Act. (*See* Resp. 15.)

Here there is no question of subject matter jurisdiction and there is no question that the adjudicated infringing and diluting activities took place on U.S. soil. As a result, a injunction is entirely proper. (*Id.*) The only remaining question is the permissible scope of such an injunction and whether an injunction for a violation of the Lanham Act may bar otherwise legal (or at least not yet adjudicated) foreign activities. On this point *none* of the cases cited by VIP (with the exception of *Steele*—which makes clear that an injunction may have extraterritorial reach[2]) are relevant, and none holds—as VIP

---

[1] To clarify Jack Daniel's original response (*see* Resp. 14), in the leading Supreme Court decision on this matter, *Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952), while the defendant, Steele, was a U.S. citizen, the complained-of trademark infringement (U.S. consumers purchasing spurious 'Bulova' watches) occurred in Mexico. *Id.* at 289. There, the Supreme Court upheld an injunction under the Lanham Act against defendant's infringement, even though it was consummated abroad, as its activities clearly affected commerce which Congress has the right to regulate. *Id.*

[2] To the same effect as *Steele* are *Ramirez & Feraud Chili Co. v. Las Palmas Food Co.*, 146 F. Supp. 594 (D. Cal. 1956), *aff'd* 245 F.2d 874 (9th Cir. 1957), *cert. denied*, 355 U.S. 927 (1958) (upholding injunction against use of mark in Mexico); *Franklin Mint Corp. v. Franklin Mint, Ltd.*, 360 F. Supp. 478 (E.D. Pa. 1973) (contempt sanction proper when defendant placed ad in British newspaper which circulated in U.S.); *Ali v. Playgirl, Inc.*, 447 F. Supp. 723 (S.D.N.Y. 1978) (injunction against sale of magazine infringing right of publicity in both New York and England); *Polaroid Corp. v. Blue Dot Corp.*, 214

contends—that a *Timberlane* analysis must be performed for an injunction to cover extraterritorial activity of an already adjudicated infringer. Jack Daniel's explained this in its Response. (*Id.* at 14–15.) To the contary, as already briefed, an injunction is *not limited* to adjudicated instances of infringement; but is intended to protect the trademark owner from further infringement and may properly cover otherwise legal activities. (*See* Jack Daniel's Response to Objections (Doc. 255), 4–5.)

In short, VIP misunderstands the law and conflates two quite distinct issues. The first, whether the Court has subject matter jurisdiction to adjudicate overseas Lanham Act violations, is addressed by the *Timberlane* and *Trader Joe's*[3] line of cases. That is not a question in this case. The second, which is relevant here, is whether the Court's injunction against an adjudicated infringer may permissibly encompass the infringer's activities overseas. The Supreme Court so held in *Steele,* and multiple post-*Steele* cases reconfirm that it may. (*See* fn. 2, *supra*.)

Accordingly, Jack Daniel's is of the view that there is no need for additional briefing on VIP's "Global Objection." Should the Court feel differently and be inclined

---

U.S.P.Q. 192 (D.N.J. 1981), *aff'd*, 688 F.2d 823 (3d Cir. 1982); *American Rice, Inc. v. Arkansas Rice Growers Coop. Ass'n*, 701 F.2d 408 (5th Cir. 1983) (injunction against U.S. firm using mark in Saudi Arabia).

[3] *Trader Joe's Co. v. Hallatt*, 835 F.3d 960 (9th Cir. 2016), changed the law in the area of extraterritorial application of the Lanham Act. Prior to *Trader Joe's*, parties—even U.S. entities—would frequently argue that the court had no subject matter jurisdiction over their foreign activities. To determine whether jurisdiction existed, the Court would employ the *Timberlane* test. *See e.g., Star-Kist Foods, Inc. v. P.J. Rhodes & Co*., 769 F.2d 1393 (9th Cir. 1985) (affirming district court's holding that the court lacked jurisdiction over foreign infringement); *Ocean Garden, Inc. v. Marktrade Co*., 953 F.2d 500, 504 (9th Cir. 1991) ("[w]e find that we can exercise extraterritorial jurisdiction in this case"). In *Trader Joe's* the Ninth Circuit held that federal courts *always* have subject matter jurisdiction over Lanham Act claims. *Trader Joe's*, 835 F.3d at 968 ("We hold that the extraterritorial reach of the Lanham Act is a merits question that does not implicate federal courts' subject-matter jurisdiction."). Thus, post-*Trader Joe's*, *Timberlane* is only applied as to the merits of the asserted Lanham Act claim(s). *Id.* at 969. None of these cases addresses the scope of an injunction *after* a determination on the merits has been reached.

JACK DANIEL'S OPPOSITION TO VIP'S MOTION FOR LEAVE          CV-14-2057-PHX-SMM

to grant VIP's request, Jack Daniel's respectfully requests that the Court permit Jack Daniel's to file a surreply of equal length to VIP's reply.

Dated: April 12, 2018.                    Respectfully submitted,

                                          /s/ Isaac S. Crum
                                          Isaac S. Crum (AZ Bar #026510)
                                          RUSING LOPEZ & LIZARDI PLLC
                                          6363 N. Swan Road, Suite 151
                                          Tucson, Arizona 85718
                                          Telephone:   (520)792-4274
                                          Email:   icrum@rllaz.com

                                          D. Peter Harvey (admitted pro hac vice)
                                          Harvey & Company
                                          Four Embarcadero Center, 14th Floor
                                          San Francisco, CA  94111
                                          Telephone:   (415) 926-7776
                                          Facsimile:   (415) 402-0058
                                          Email: pharvey@harvey.law

                                          *Attorneys for Defendant and
                                          Counterclaimant Jack Daniel's
                                          Properties, Inc.*

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 12th day of April, 2018, via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to all attorneys of record in this case.


*/s/ Isaac S. Crum*
_____

Isaac S. Crum