RUSING LOPEZ & LIZARDI PLLC
Isaac S. Crum (AZ Bar #026510)
6363 N. Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520)792-4274
Facsimile:  (520)792-4274
Email:   icrum@rllaz.com

HARVEY & COMPANY
D. Peter Harvey (admitted pro hac vice)
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:   (415) 926-7776
Facsimile:     (415) 402-0058
E-mail:   pharvey@harvey.law

*Attorneys for Defendant and Counterclaimant*
*Jack Daniel's Properties, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Defendant.<br><br>And Related Counterclaims | Case No. CV-14-2057-PHX-SMM<br><br><br>**JACK DANIEL'S PROPERTIES INC.'S MOTION TO SEAL DOCUMENTS LODGED WITH THE COURT** |

In accordance with LRCiv 5.6, Defendant Jack Daniel's Properties, Inc. ("Jack Daniel's"), by and through undersigned counsel moves this Court to permit the following documents to be filed under seal: (1) Declaration of Isaac S. Crum in Support of Jack Daniel's Motion for Attorneys' Fees and Costs, and the exhibits thereto ("Crum Decl.");

(2) Declaration of D. Peter Harvey in Support of Jack Daniel's Motion for Attorneys' Fees and Costs, and the exhibits thereto ("Harvey Decl."); and (3) Declaration of Laurie Ochs In Support of Jack Daniel's Motion for Attorneys' Fees, and the exhibits thereto ("Ochs Decl."). The above-listed documents are collectively referred to herein as the "Confidential Filings."

## I.     LEGAL STANDARD

To seal any part of a non-dispositive motion, a party must demonstrate good cause. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.2006).

## II.    ARGUMENT

The Confidential Filings contain detailed descriptions of attorney work done in this case, along with time spent and fees charged by multiple law firms. All of this information is not publicly available. Further, the Confidential Filings are considered confidential by Jack Daniel's and Jack Daniel's has limited the dissemination of this information to only people within Jack Daniel's (and its parent company Brown-Forman) who need to know such information. Indeed, Jack Daniel's treats its legal bills as trade secret information—limiting access to said information and deriving value from such information in order to make decisions regarding the cost of additional enforcement of Jack Daniel's intellectual property. Should this information become public, it would harm Jack Daniel's by exposing the amount Jack Daniels is willing (or is likely) to pay to prosecute similar lawsuits. This is of very real concern since Jack Daniels is currently litigating a trademark dispute in another venue (the Northern District of California).

In addition, the confidential filings contain descriptions prepared by attorneys working on this case describing the work done during litigation and reflect attorney litigation strategy and judgment. As such, the Confidential Filings are clearly work product and are covered by the work product doctrine. Similarly, the Confidential Filings reflect the content of communications and advice given to Jack Daniel's by its attorneys and, thus,

MOTION TO SEAL DOCUMENTS LODGED WITH THE COURT          CV-14-2057-PHX-SMM

contain attorney-client privileged communications.  In such situations, LRCiv 54.2(d)(3) authorizes the Court to "file such statement[s] under seal if deemed necessary to prevent the disclosure of information protected by the attorney-client privilege and attorney work-product doctrine." *Id.*  Here, since the Confidential Filings contain attorney-client privilege and work product doctrine information, the sealing of these documents is indeed necessary to prevent such disclosure.  Furthermore, this Court has held that proprietary information, such as counsel's methods of litigating a case, is properly subject to a motion to seal.  *See Arnold v. Standard Pac. of Arizona Inc.*, No. CV-16-00452-PHX-DGC, 2016 WL 7046462, at *6 (D. Ariz. Dec. 5, 2016).

Thus, because the Confidential Filings (1) are trade secrets, (2) contain attorney-client privileged communications, (3) contain attorney work product information, and (4) constitute proprietary fee information which this Court has sealed before, there is good cause to seal the Confidential Filings.  Additional good cause exists to seal these records because Jack Daniels (and undersigned counsel) would be harmed through the dissemination of litigation strategies and the disclosure of how much Jack Daniel's spent (or is willing to spend) to protect its intellectual property.  For all of these reasons, Jack Daniel's respectfully asks that the Court grant the instant Motion to Seal and Order that the Confidential Documents be sealed by the Clerk.

Respectfully submitted this 16th day of May, 2018,


*s/ Isaac S. Crum*
Isaac S. Crum (AZ Bar #026510)
RUSING LOPEZ & LIZARDI PLLC
6363 N. Swan Road, Suite 151
Tucson, Arizona 85718
Telephone:   (520)792-4274
Email:   icrum@rllaz.com

D. Peter Harvey (admitted pro hac vice)
Harvey & Company

MOTION TO SEAL DOCUMENTS LODGED WITH THE COURT                CV-14-2057-PHX-SMM

Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 926-7776
Facsimile:    (415) 402-0058
Email: pharvey@harvey.law

*Attorneys for Defendant and
Counterclaimant Jack Daniel's
Properties, Inc.*

MOTION TO SEAL DOCUMENTS LODGED WITH THE COURT                    CV-14-2057-PHX-SMM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 16th day of May 2018, via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to all attorneys of record in this case.


*s/ Isaac S. Crum*

Isaac S. Crum