1
2
3
4
5

MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona  85014
(602) 641-6705
icrum@messner.com

6
7
8
9

KILPATRICK TOWNSEND & STOCKTON LLP
Dennis Wilson
9720 Wilshire Boulevard
Beverly Hills, California  90212-2018
(310) 777-3740
dwilson@kilpatricktownsend.com

10
11
12
13
14
15

Theodore H. Davis Jr.
Sara K. Stadler
1114 Avenue of the Americas
New York, New York  10036-7703
(212) 775-8700
tdavis@kilpatricktownsend.com
sstadler@kilpatricktownsend.com

16
17

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company, | ) ) ) No. CV-14-2057-PHX-SMM |
| Plaintiff, | ) ) **JACK DANIEL'S PROPERTIES,** |
| | ) **INC.'S SUPPLEMENTAL BRIEF** |
| v. | ) **ON REMAND FROM THE NINTH** |
| | ) **CIRCUIT COURT OF APPEALS** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | ) ) **Oral Argument Requested** |
| Defendant. | ) ) |

1

2

# TABLE OF CONTENTS

I.     VIP's Second Brief Is Procedurally Improper. ........................................ 1

II.    JDPI Is Entitled to Take Supplemental Discovery of Facts Arising After the First Trial that Directly Undermine VIP's First Amendment Claims. ...................................................... 1

III.   Summary Judgment is Inappropriate. ..................................................... 2

       A.    The Artistic Relevance of VIP's Use is Both Disputed and Material. ................................................................................ 3

       B.    The Explicitly Misleading Nature of VIP's Use is Both Disputed and Material. ........................................................... 4

IV.    Conclusion ............................................................................................. 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Dairy Queen Corp. v. New Line Prods., Inc.*, 35 F. Supp. 2d
727 (D. Minn. 1998) ................................................................................ 4

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) ........................... 5, 6

*Dr. Seuss v. ComicMix*, 983 F.3d 443 (9th Cir. 2020), *cert. denied*,
No. 20-1616, 2021 WL 2519166 (U.S. June 21, 2021) ...................................... 5

*Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149
(9th Cir. 1963) ...................................................................................... 5

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618
F.3d 1025 (9th Cir. 2010) ......................................................................... 2

*Gordon v. Drape Creative, Inc.*, 909 F.3d 257 (9th Cir. 2018) ............................ 5

*Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d
252 (4th Cir. 2007) ................................................................................ 6

*Parks v. LaFace Recs.*, 329 F.3d 437 (6th Cir. 2003) ...................................... 3

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) ................................... passim

*Warner Bros. Ent. v. Glob. Asylum, Inc.*, 107 U.S.P.Q.2d 1910 (C.D.
Cal. 2012), *aff'd*, 544 F. App'x 683 (9th Cir. 2013) ....................................... 4

*Zetwick v. Cty. of Yolo*, 850 F.3d 436 (9th Cir. 2017) ..................................... 4

**Rules**

LRCiv 56.1(a) ........................................................................................ 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     VIP's Second Brief Is Procedurally Improper.

The Court of Appeals remanded this action for a determination "in the first instance" of whether Jack Daniel's Properties, Inc. ("JDPI") "can satisfy a prong of the *Rogers* test." Doc. 287-1 at 12; *see Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). This Court's March 19, 2021, Order contemplates only two briefs on remand from the Ninth Circuit—one from VIP Products, LLC ("VIP") addressing "the issue remanded," and a response by JDPI. Doc. 297 at 1.

VIP's submission of a second brief on remand is not authorized by the Court's Order, nor does it constitute a reply in support of a proper summary judgment motion because VIP's first brief was unaccompanied by the separate statement of facts required by Local Rule 56.1(a). In fact, VIP's "reply" highlights the very factual disputes it claims do not exist, by either mischaracterizing or ignoring the material facts of record. JDPI therefore urges the Court to disregard VIP's second brief. If, however, the Court decides to consider that submission, JDPI respectfully asks the Court to consider this supplemental brief responding to the new issues raised in VIP's "reply."

## II.    JDPI Is Entitled to Take Supplemental Discovery of Facts Arising After the First Trial that Directly Undermine VIP's First Amendment Claims.

JDPI is aware of several instances, occurring after the close of discovery, in which VIP represented to the United States Patent and Trademark Office that the names of other products in its Silly Squeaker line of dog toys are source

1

identifiers for VIP's products.[1] The Ninth Circuit has held that such practices are evidence of trademark use. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1040 (9th Cir. 2010) (vacating grant of defense motion for summary judgment). VIP's representations to the Trademark Office are highly relevant to VIP's opportunistic claims that its Bad Spaniels toy is a commentary on "companies . . . that take their brands too seriously," *see* Doc. 303 at 6, and that VIP's use has "artistic relevance" under the second *Rogers* prong. JDPI therefore respectfully requests the opportunity to take discovery of these and similar facts.

### III.    Summary Judgment is Inappropriate.

Notwithstanding VIP's assertion that "[t]here are no fact issues for trial (and JDPI identifies none)," Doc. 303 at 11, JDPI has identified at least two disputed facts supporting denial of summary judgment: (1) the testimony by VIP's President that the Bad Spaniels toy "[a]bsolutely" does not comment on anything related to JDPI's actual business, ER 2380; and (2) JDPI's licensed use of its marks for use on dog products. VIP does not dispute the materiality of

---

[1] For example, in addition to registering its SILLY SQUEAKERS mark (under U.S. Reg. No. 5,447,883), VIP registered several of the product marks in its Silly Squeaker line—conspicuously excluding BAD SPANIELS—in each case declaring that its use of the "mark appears on the pet toy and on the header card." *See* Exhibit A (excerpts from prosecution history of SMELLA ARPAW (U.S. Reg. No. 6,262,975) and DOGGIE WALKER (U.S. Reg. No. 6,213,816)); *see also* Doc. 171 at 21 (on summary judgment, finding "VIP did use its Bad Spaniels trademark and trade dress as source identifiers of its dog toy").

2

either fact, each of which independently precludes summary judgment here.

### A. The Artistic Relevance of VIP's Use is Both Disputed and Material.

VIP tries to explain away its own President's damaging testimony on the subject of artistic relevance by claiming JDPI "cherry-pick[ed]" it. Doc. 303 at 6 n.8. In fact, that testimony was clear and unambiguous, not inadvertent or taken out of context, as VIP would have this Court believe:

> Q:  In the Bad Spaniels toy, are you commenting in any way on Jack Daniel's business practices?
> A:  No, absolutely not.
> Q:  Or the quality of their whiskey?
> A:  Absolutely not.
> Q:  Or the way they market the product?
> A:  Absolutely not.
> Q:  Or anything else that has to do with their actual business?
> A.  Absolutely not.

ER 2380. VIP's President could not have been clearer on this point.

Courts have repeatedly found similarly unambiguous testimony to support liability for trademark infringement in *Rogers* cases. *See Parks v. LaFace Recs.*, 329 F.3d 437, 452-53 (6th Cir. 2003) (where defendants admitted they "never intended for the song [Rosa Parks] to be about Rosa Parks or the civil rights movement," denying summary judgment because "reasonable persons could conclude that there is no relationship of any kind between Rosa Parks' name and the content of the song"); *Warner Bros. Ent. v. Glob. Asylum, Inc.*, 107 U.S.P.Q.2d 1910, 1923, 1924 (C.D. Cal. 2012) (holding use of "hobbit" in film

3

title Age of Hobbits was "merely . . . to get attention" and was not intended to target the original in light of the defendant's insistence "that the film [was] . . . in no way [intended to refer to] Tolkien's . . . fantasy characters" only to argue, later, "that *Rogers* is applicable because the characters . . . were nicknamed 'hobbits' . . . in direct comparison to Tolkien's hobbits"), *aff'd*, 544 F. App'x 683 (9th Cir. 2013); *cf. Am. Dairy Queen Corp. v. New Line Prods., Inc.*, 35 F. Supp. 2d 727, 734 (D. Minn. 1998) (issuing preliminary injunction where defendant represented there was "nothing in its use of the 'Dairy Queens' name designed to evoke or even suggest any relationship at all to [Dairy Queen's] trademarked name or any of its products").

The law is settled that where, as here, "evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that issue is inappropriate for resolution on summary judgment." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). VIP's claim that JDPI's evidence conflicts with its own evidence is *itself* sufficient to demonstrate the impropriety of summary judgment on this record.

### B. The Explicitly Misleading Nature of VIP's Use is Both Disputed and Material.

The Ninth Circuit has stated that courts should evaluate two "relevant consideration[s]" in determining whether use of a mark is explicitly misleading under *Rogers*: "(1) 'the degree to which the junior user uses the mark in the same

4

way as the senior user' and (2) 'the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself." *Dr. Seuss v. ComicMix*, 983 F.3d 443, 462 (9th Cir. 2020) (citing, *inter alia*, *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 270-71 (9th Cir. 2018)), *cert. denied*, No. 20-1616, 2021 WL 2519166 (U.S. June 21, 2021).

On the first point, JDPI established—and this Court properly found—that JDPI licenses the use of its marks and trade dress for use in connection with dog collars, dog kennels, and related items, Doc. 245 at 21 (¶ 112), making it clear that VIP uses JDPI's marks "in the same way" as JDPI does. VIP cannot offer any evidence to dispute this, so it simply ignores this material fact and asserts that its dog toy is "non-competing."[2] Doc. 303 at 10.

Focusing on what it claims to have added to JDPI's marks, VIP then converts the Ninth Circuit's "relevant considerations" into essential elements and asserts that both must be satisfied before this Court can find VIP's use explicitly misleading. This is not the law. Not surprisingly, VIP's only support for this creative argument is a general "*Id.*" citation to the "relevant considerations" language from *Dr. Seuss v. ComicMix*, above. Yet, nothing in the Ninth Circuit's

---

[2] As VIP well knows, competition has never been a prerequisite for liability under *Rogers* or *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). *See, e.g.*, *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 159 (9th Cir. 1963) (finding confusion likely as a matter of law and observing that "[t]he [defendant's] use need not be the same as, nor one in competition with the original use").

5

discussion of those "relevant considerations" indicates it viewed either consideration as required under the second *Rogers* prong, much less both of them.

VIP's creative use of precedent on this point is consistent with its broader effort to avoid trial by conflating *Rogers* cases with parody cases, despite the complete absence of any parody finding in the Ninth Circuit's opinion.[3] In essence, VIP argues that because the Ninth Circuit held its dog toy is a *type* of expressive work to which *Rogers* can apply, that dog toy is also a parody (notwithstanding this Court's finding to the contrary), and therefore VIP's use of JDPI's marks (which this Court found confusing) is artistically relevant under the first *Rogers* prong, *as a matter of law*, and cannot be explicitly misleading under the second.

If this were how it worked, defendants accused of trademark infringement in the Ninth Circuit could prevail on summary judgment under both *Rogers* and *Sleekcraft* merely by claiming that their products were intended to parody "companies . . . that take their brands too seriously." *See* Doc. 303 at 6. That is not the law. Instead, both the law generally and the law of this case in particular

---

[3] The only two mentions of "parody" in that opinion appear in references to *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 258, 260, 263 (4th Cir. 2007), which held the defendant's use a "successful parod[y]." Doc. 287-1 at 11 n.1, 12 n.2. As the Ninth Circuit acknowledged, *Louis Vuitton* "was based on likelihood of confusion, not the First Amendment"—thus explaining the Fourth Circuit's focus on whether the defendant's parody claim was "successful" in terms of its likely impact on consumers. See Doc. 287-1 at 11.

entitle JDPI to a determination "in the first instance" of whether it "can satisfy a prong of the *Rogers* test," Doc. 287-1 at 12—a question that presents myriad disputed issues of material fact.

## IV.   Conclusion

For the reasons set forth above, this Court should deny VIP's "motion" for summary judgment, grant JDPI an opportunity to take supplemental discovery, and set this case for trial on JDPI's ability to satisfy a prong of the *Rogers* test.

Dated:    August 18, 2021

Isaac S. Crum (AZ Bar #028756)
MESSNER REEVES LLC
1440 E. Missouri Avenue, Suite
    C100
Phoenix, Arizona  85014
(602) 641-6705
icrum@messner.com

Attorneys for Defendant-
Counter-Plaintiff
Jack Daniel's Properties, Inc.

Respectfully submitted,

Dennis Wilson (admitted *pro hac vice*)
KILPATRICK TOWNSEND &
    STOCKTON LLP
9720 Wilshire Boulevard
Beverly Hills, California  90212-2018
(310) 777-3740
dwilson@kilpatricktownsend.com

Theodore H. Davis Jr. (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
KILPATRICK TOWNSEND &
    STOCKTON LLP
1114 Avenue of the Americas
New York, New York  10036-7703
(212) 775-8700
tdavis@kilpatricktownsend.com
sstadler@kilpatricktownsend.com

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on August 18, 2021, I electronically transmitted the

4

attached document to the Clerk's Office using the CM/ECF System for filing and

5

transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

6

7

/s/Kris Teilhaber

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US2008 18766055 6

8