Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company, | Case No. 2:14-cv-02057-SMM |
| Plaintiff, | **VIP PRODUCTS, L.L.C.'S APPLICATION FOR ATTORNEY'S FEES** |
| v. | |
| Jack Daniel's Properties, Inc., a Delaware corporation, | |
| Defendant. | |
| And related counterclaims. | |

Plaintiff/Counterdefendant VIP Products, LLC ("VIP" or "Counterdefendant"), by and through their undersigned counsel, Dickinson Wright PLLC., pursuant to Fed. R. Civ. P. 54(d) and LRCiv 54.2, hereby move the Court for an award of attorneys' fees incurred in connection with their successful defense on all of the claims for relief asserted by Jack Daniel's Properties, Inc. ("JDPI") in this matter. Pursuant to LRCiv 54.2, VIP hereby sets forth the applicable judgment, the statutory and/or contractual authority entitling VIP to fees and details of the fees sought.

## I.

## <u>Applicable Judgment</u>

VIP totally prevailed in this matter.  Following remand, the Court held a status conference to discuss the remaining issue in the case – whether or not JDPI could satisfy the *Rogers* test.  (Doc. 296).  At that hearing, VIP noted that JDPI had repeatedly conceded in this Court, the Ninth Circuit, and its Petition for Certiorari that it could not satisfy the *Rogers* test.  Nonetheless, JDPI insisted that there remained a triable issue under the *Rogers* test and requested that the Court reopen expert disclosure and discovery.  At the conclusion of the hearing, the Court entered an order that the parties brief their position regarding their remaining issues. (Doc. 297). Following the submission of that briefing, the Court granted summary judgment in favor of VIP and ordered VIP to submit a proposed form of judgment.  (Doc. 305).  Thereafter, on October 27, 2021, the Clerk entered final judgment in favor of VIP (Doc. 308).

The statutory bases for VIP's request for an award of attorneys' fees are set forth below.

## II.

## <u>Eligibility for a Fee Award</u>

VIP is eligible to recover its attorneys' fees defending against JDPI's trademark infringement, trademark dilution and related unfair competition claims under the Lanham Act. The Lanham Act permits an award of attorneys' fees to a prevailing party in "exceptional circumstances" where that party prevails on any claim of "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or any claim of "a violation under section 43(a)." 15 U.S.C. § 1117(a).  Exceptional circumstances can be found when the non-prevailing party's case "*is groundless,* unreasonable, vexatious, *or* pursued in bad faith." *Interstellar Starship Servs., Ltd. v.*

*Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) (internal quotation marks omitted) (emphasis added).  The above standard for exceptional circumstances applies to prevailing defendants as well as prevailing plaintiffs under the Lanham Act.  *See Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

### III.

### Entitlement to a Fee Award

In this case, JDPI's Lanham Act claims against VIP were groundless and unreasonable because they clearly dealt with non-commercial, First Amendment-protected speech that fell outside the purview of the federal Lanham Act.  In other words, JDPI's claims in this action was solely intended to silence constitutionally-protected speech.  *See Career Agents Network, Inc. v. Careeragentsnetwork.biz,* 722 F. Supp. 2d 814, 822 (E.D. Mich. 2010) (attorneys' fees awarded to the successful defendant in a cybersquatting case where the suit "approached groundlessness" and "attempted to extract a price for the exercise of Defendant's First Amendment rights.").

Nevertheless, VIP is not seeking attorney's fees from the beginning of this case. Rather, it is **_only_** seeking an award of fees incurred following remand of the case from the Ninth Circuit. JDPI's claims were particularly egregious after remand because, despite making repeated representations to multiple courts in this case that it could not satisfy the *Rogers* test (*see infra*), JDPI insisted that this issue should continue to be litigated after VIP's successful appeal. JDPI's sudden reversal on this settled issue was both unreasonable *and* groundless and entitles VIP to recover its attorney's fees incurred post-remand.

Specifically, in 2015, VIP moved for summary judgment on JDPI's claims contending that, because the Bad Spaniels parody was protected First Amendment expression, it was a noncommercial use such that it did not dilute JDPI's marks as a

3

matter of law and was not infringing as a matter of law under the Ninth Circuit's *Rogers* test. In response, JDPI did not argue that it could satisfy the *Rogers* test; rather it only argued that *Rogers* did not apply. (Doc. 142 at 6-11).

The District Court denied VIP's motion for summary judgment, rejecting VIP's First Amendment defenses, including its statutory non-commercial use defense, and held that *Rogers* did not apply. (Doc. 171 at 9-10). At trial, the Court found in favor of JDPI on the dilution claim, applied the traditional likelihood-of-confusion test for trademark infringement under *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) ("*Sleekcraft*") and, disregarding the context of parody, found infringement. (Doc. 245).

On appeal, the Ninth Circuit, in a unanimous decision authored by Justice Hurwitz, reversed the District Court's judgment and remanded holding: "the Bad Spaniels dog toy is an expressive work entitled to First Amendment protection." (Doc. 287-1 at 4). The Ninth Circuit vacated the permanent injunction; held that Bad Spaniels constituted a noncommercial use such that it did not dilute JDPI's mark by tarnishment as a matter of law; held that the parody dog toy was an expressive work to which the *Rogers* test applied; and remanded for application of that test in the first instance. *Id.*

Thereafter, JDPI sought rehearing *en banc*, (Doc. 63-1),[1] which the Ninth Circuit denied without any judge requesting a vote, (Doc. 72), and then unsuccessfully petitioned the United States Supreme Court for review. 141 S. Ct. 1054 (2021). In doing so, JDPI conceded that the Ninth Circuit's holding that *Rogers* applied was "outcome determinative[,]" "disposes of the case[,]" (*see* JDPI's Petition For A Writ Of Certiorari ("Cert. Pet.") at 30), and "case-dispositive." (JDPI's Reply Brief For Petitioner ("Reply Cert. Pet.") at 8).

---

[1] Docket numbers 63-1 and 72 refer to the Ninth Circuit's docket at No. 18-16012.

JDPI's concessions on Appeal are consistent with the position it took in the trial court. (*See e.g.*, Doc. 142 at 10) (arguing in response to VIP's motion for summary judgment that a "'parody' ... dog toy[,] whether confusing or non-confusing[,] would effectively receive immunity from infringement claims under the very strict *Rogers* standard for liability"). Prior to its brief on remand, JDPI has never argued, let alone demonstrated, that it could overcome *Rogers*; to the contrary, it has argued it could not. *Id.*

JDPI conceded, "*Rogers's* [is] highly restrictive test[,]" (Doc. 63-1 at 19), that "places a heavy thumb on the scale in favor" of the parodist. (Reply Cert. Pet. 9). Indeed, the *Rogers* test "*is* very protective of speech[,]" *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 900 (C.D. Cal. 2013) (emphasis added), and not "easy to meet." *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) ("*Dr. Seuss*").   Under the test, "the trademark owner does not have an actionable Lanham Act claim unless the use of the trademark is 'either (1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work.'" *Id.* (*quoting VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1174 (9th Cir. 2020)).

Given its repeated and binding[2] concessions, the only reasonable and non-disingenuous response from JDPI to the Ninth Circuit's ruling would have been to withdraw its remaining claim.  Nonetheless, JDPI continued to advance an unreasonable and groundless position that it could satisfy the *Rogers*' test even though that position was directly contrary to the position it had taken in this Court, the Ninth Circuit, and in their Petition for Certiorari to the United States Supreme Court. Thus, VIP is entitled to

---

[2] *See Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) (holding courts "have discretion to consider a statement made in briefs to be a judicial admission ... binding on ... the trial court.").

recover its attorney's fees incurred defending against JDPI's unreasonable and groundless positions post-remand.

**IV.**

**VIP's Fees Are Reasonable.**

VIP requests an award of the attorneys' fees that it incurred defending JDPI's baseless counterclaim.  Again, VIP does not request all of its fees incurred since the filing of JDPI's counterclaim, although it certainly has justification for doing so. Instead, VIP seeks a limited portion of those fees.  Specifically, VIP seeks an award of the fees that were necessary to brief the application of the *Rogers'* standard to VIP's First-Amendment protected Bad Spaniels parody dog toy and to dispose of JDPI's trademark infringement claims post-remand. The requested fees ($86,966) are more than reasonable.

A reasonable fee may be calculated by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Fischer v. SJD-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). "[I]n corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Maricopa County v. Office Depot, Inc.*, 2017 WL 1957882, *5 (D. Ariz. May 11, 2017) (*quoting Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983)).

The hourly rates of VIP's attorneys are reasonable, particularly considering their skill, experience, and reputation. Those rates are summarized and detailed in concurrently filed declarations. (*See* Declaration of David G. Bray, attached hereto as **Exhibit 1**).  Such rates compare favorably to those of similarly experienced counsel in

this judicial district. *See EZconn Corp. v. PCT Int'l*, 2018 WL 287387 (D. Ariz. Jan. 3, 2018); **Exhibit 1** at ¶¶ 9, 11-12. Such rates also compare favorably to those of similarly experienced counsel in Lanham Act cases in other judicial districts. *See Sazerac*, 2017 WL 6059271, *4 (approving hourly rates up to $756).   Finally, such rates are demonstrably reasonable because VIP has actually paid them. *See Sazerac*, 2017 WL 6059271; **Exhibit 1** at ¶¶ 10, 17

The total billed by VIP's attorneys during the relevant timeframe for work directly and specifically related to VIP's post-remand defense of JDPI's Lanham Act Counterclaim is likewise reasonable, particularly considering the favorable result obtained. This total is detailed in the attached Declaration of David G. Bray.  **Exhibit 1** at ¶¶ 6, 10. This total compares favorably to fee-shifting awards in similar cases, particularly after adjusting for inflation. *See Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000), *aff'd* 292 F.3d 1139 (9th Cir. 2002) (awarding $2.3 million in fees).   The total is also demonstrably reasonable because VIP has actually paid it. *See Sazerac*, 2017 WL 6059271, *11; **Exhibit 1** at ¶¶ 10, 17. Finally, VIP is notably exercising considerable restraint by requesting a subset of its total legal fees on this case. This further establishes the reasonableness of VIP's fee request.

## V.

## Conclusion

For the foregoing reasons, Plaintiff/Counterdefendant VIP respectfully requests that the Court grant its motion and award VIP its post-remand attorney's fees incurred defending JDPI's remaining trademark infringement claim, including specifically JDPI's unreasonable and groundless position that it could satisfy the *Rogers* test.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DATED** this 10th day of November, 2021.

**DICKINSON WRIGHT PLLC**

By: *s/ David G. Bray*
    David G. Bray
    *Attorneys for VIP Products, L.L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Christine Klepacki*

4856-8323-6099 v1 [53913-11]