# EXHIBIT 1

Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

VIP Products L.L.C., an Arizona limited liability company,

Plaintiff,

v.

Jack Daniel's Properties, Inc., a Delaware corporation,

Defendant.

Case No. 2:14-cv-02057-SMM

**DECLARATION OF DAVID G. BRAY IN SUPPORT OF VIP PRODUCTS, LLC'S APPLICATION FOR ATTORNEY'S FEES**

**(oral argument requested)**

I, DAVID G. BRAY, declare as follows:

1. I am the attorney principally responsible for representing Plaintiff VIP Products, LLC ("VIP") in the above-entitled action. I make this Declaration in such capacity with authority to do so and based upon my own personal knowledge.

2. I am a shareholder in the law firm of Dickinson Wright PLLC ("DW"), attorneys for VIP.

3. I am the attorney primarily responsible for the representation of VIP in this matter and, as such, I have either personal knowledge of the matters stated in this Declaration and VIP's Motion for an Award of Attorneys' Fees, or such matters are based on records maintained by DW in the ordinary course of business.

4. From approximately 2014 through the present date, DW has provided professional services to VIP in connection with the this litigation, including VIP's defense of the counterclaim for Lanham Act trademark dilution and trademark infringement filed against them by Jack Daniel's Properties, Inc. ("Counterclaimaint" or "JDPI").

5. In the course of rendering professional services to VIP, DW worked the hours and billed the following amounts detailed in Exhibit "A" for the following activities directly and specifically related to VIP's defense of JDPI's Lanham Act Counterclaim in this case post-remand from the Ninth Circuit.

6. Attached as Exhibit "A" to this Declaration and pursuant to L.R. 45(d)(3) is a task-based itemized statement of fees for which VIP seeks recovery from JDPI, expended by DW. This exhibit identifies the lawyers and paraprofessionals, by their firm designated billing initials, who worked on VIP's defense of JDPI's Lanham Act counterclaim, the amount of time expended (measured in tenths of an hour), a brief description of the work performed, and the charges for each task performed. The information contained in Exhibit "A" was compiled from actual billings that were prepared and maintained by DW in the regular course of business.

7. Under the ongoing fee arrangement between VIP and DW, VIP is responsible for all fees and costs as they are incurred. This fee arrangement specifies that the attorneys' and paraprofessionals' fees will be billed to VIP on an hourly-rate basis, with the hourly rates varying, depending on the identity of the particular attorneys/paraprofessionals at the firm performing the work, the time the work was performed, and the nature of the work performed. The fee arrangement is neither fixed nor contingent. Pursuant to L.R. 45(d)(2), undersigned counsel has represented VIP since approximately 2001, prior to the merger of the Mariscal Weeks McIntrye &

Friendlander, P.A. firm with Dickinson Wright PLLC. Undersigned counsel was not able to locate the original fee agreement between Mariscal Weeks and VIP Products.

8. The billing rates for each attorney and paraprofessional who rendered services in connection with litigating on behalf of VIP in this matter are specified on the attached Exhibit "A" and the hourly rates charged range from $240 to $550. The billing rates for each individual attorney and paraprofessional were established by DW by taking into account each individual's education, skill, experience, and training.

9. The attorneys involved in this case have outstanding reputations in the community. I am generally familiar with rates charged by other lawyers and paralegals in the community with similar experience, education, and training, and the rates charged by DW for the time expended on this matter by me and other DW attorneys, are customary and consistent with those rates. The billing rates charged by DW to VIP in this action were reasonable and customary for matters involving claims for trademark infringement under the Lanham Act.

10. Following remand from the Ninth Circuit, DW has billed VIP a total of $86,966 in attorneys' fees associated with its successful defense of JDPI's Lanham Act trademark infringement claim.

11. I have been practicing commercial litigation at DW since 2001. My standard billing rate in 2021 is $550. I have extensive experience representing companies in intellectual property and non-compete litigation, including cases involving the type of Lanham Act trademark infringement claim at issue in this case. I am an AV-rated lawyer selected for The Best Lawyers of America (Business Litigation), a twice published author on Arizona non-compete law, and the former Chair of the Arizona Supreme Court Committee on Examinations. My role in this litigation has been to act as the lead attorney responsible for this matter. I have been actively involved in the

preparation of all motions filed in this case, all discovery taken, and have contributed to most or all work product prepared by DW in defending VIP against JDPI's Lanham Act counterclaim. I have also served as the primary point of contact with the client and with JDPI's counsel.

12. David. N. Ferrucci is a commercial litigation attorney who started practicing at DW in 2009. Mr. Ferrucci's rate on this matter was billed at $240, which presets a discount from his standard rate of $370 per hour. Mr. Ferrucci obtained his Juris Doctor degree in 2009 from the Arizona State University Sandra Day O'Connor College of Law where he graduated magna cum laude and was awarded an Order of the Coif. Mr. Ferrucci also has a M.A. in Journalism and Mass Communications from the University of Missouri School of Journalism where he wrote his Master's Thesis on First Amendment law. Mr. Ferrucci's work on this case primarily focused on drafting of motion papers, legal research, and supervision of associates on the file.

13. I have reviewed the billing statements of DW and I am familiar with the time and effort expended in representing VIP in the above-referenced proceeding. All the work performed by the attorneys at DW on behalf of VIP was justified in my judgment. I have exercised billing judgment by excluding time spent pursuing VIP's claims against the Defendants, and any duplicative, redundant, or otherwise unnecessary entries.

14. I am familiar with the rates charged by other lawyers in Arizona for the same or similar services as those which are the subject of VIP's Motion for Attorneys' Fees, and it is my opinion that my hourly rate, and those of the other attorneys and paralegals working on the file, as well as the total time expended on this matter, are reasonable. The total amount of attorneys' fees claimed by VIP post-remand is a reasonable sum, in my opinion, based upon the relief sought by JDPI and the amount at

issue in this lawsuit, the quality of the firm performing the legal work, the character and difficulty of the work to be done, the work actually performed by DW on behalf of VIP, the results obtained, as well as those elements which courts and administrative tribunals find appropriate in the awarding of attorneys' fees. Further, based upon the additional factors set forth in Ethical Rule 1.5 of the Rules of Professional Conduct, I believe and avow to the Court that the amount of attorneys' fees and costs requested by VIP are reasonable, necessary and appropriate.

15. I estimate that the DW firm will bill VIP an additional $10,000 for attorney time for work on the case from November 1, 2021 forward on the Memorandum in Support of Attorney's Fees Motion, the Reply, and related oral argument.

16. Based upon my experience in commercial litigation of this type, I believe that $86,966 is a reasonable value for the time and effort expended in the legal services provided to VIP by DW directly and specifically related to its defense of JDPI's Lanham Act Counterclaim in this litigation post-remand and represents fees actually paid to DW or, in the case of time billed for the attorney's fees motion, will be paid to DW.

17. VIP has either paid or agreed to pay the attorney fees and paraprofessional fees recoverable by a successful defendant under the Lanham Act as detailed in Exhibit "A".

18. Pursuant to LR 54.2(d)(1), David G. Bray conferred with JDPI's counsel Isaac Crum regarding the contents of VIP's Memorandum in Support of their Motion for Attorneys' Fees. The parties were not able to agree to a fee award. *See* Statement of Consultation attached as Exhibit 2 to VIP's Memorandum in Support of VIP's Motion for Attorneys' Fees.

I declare under penalty of perjury that the foregoing is true and correct.

________________________________
David G. Bray

**DATED** this 10th day of November, 2021.

**DICKINSON WRIGHT PLLC**

By: *s/ David G. Bray*
David G. Bray
*Attorneys for VIP Products, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/Christine Klepacki*

4894-4584-2690 v1 [53913-11]

# EXHIBIT A

**Fee Summary – Post Remand Attorney's Fees**

| DATE | INITIALS | SERVICES | HOURS | FEE |
|---|---|---|---|---|
| 03/18/21 | DB[1] | Research re facts in record relevant to "explicitly misleading" branch of Rogers test, legal research re same (1.8), work on portions of brief requested by McNamee (.6) | 2.4 | $1,320.00 |
| 03/19/21 | DB | Review order from Judge McNamee resulting from 3/17/2021 status conference and argument; forward to client | 0.2 | $110.00 |
| 03/29/21 | DB | Continue legal research re "explicitly misleading" branch of the Rogers test (.6), work on portions of brief requested by Judge McNamee due on 5/17 (.6) | 1.2 | $660.00 |
| 03/30/21 | DB | Continue work on brief requested by Judge McNamee by 5/17 regarding remaining issues (.5); research re "explicitly misleading" branch of Rogers test (.5); review fact findings from bench trial (1.0), review summary judgment briefing (1.8) | 3.8 | $2,090.00 |
| 03/31/21 | DB | Continue legal research re "explicitly misleading" branch of Rogers test (2.0), continue work on portions of motion/brief requested by Court on Rogers test due on 5/17 (2.2) | 4.2 | $2,310.00 |
| 04/07/21 | DB | Work on portions of court-mandated brief regarding Rogers test, explicitly misleading test, JDPI proposal to renew expert discovery (1.3), related legal research (1.4) | 2.7 | $1,485.00 |
| 04/12/21 | DNF[2] | Review District Court and Appellate Court rulings for issues decided under law of the case. (0.8) Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (1.2) Continue to review JDPI's filings for judicial admissions, including admissions it cannot pass Rogers test. Continue to draft sections of brief on remand (0.5); conference with D. Bray to coordinate work (0.5) | 3.0 | $720.00 |
| 04/13/21 | DNF | Continue to outline strategy re Brief on Remand (1.5). Continue to Review District Court and Appellate Court rulings for issues decided under law of the case (1.5). Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (4.3) Continue to review JDPI's filings for judicial admissions, including admissions it | 9.0 | $2,160.00 |

[1] David G. Bray; rate is $550 per hour
[2] David N. Ferrucci, rate is $240 per hour

| | | | | |
|---|---|---|---|---|
| | | cannot pass Rogers test. Continue to draft sections of brief on remand (1.7). | | |
| 04/14/21 | DNF | Continue to outline strategy re Brief on Remand (1.8). Continue to Review District Court and Appellate Court rulings for issues decided under law of the case (1.0). Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.2) Continue to review JDPI's filings for judicial admissions, including admissions it cannot pass Rogers test (0.8). Continue to draft sections of brief on remand (1.0) | 6.8 | $1,632.00 |
| 04/14/21 | DB | Continue research re explicitly misleading prong of Rogers test (0.3), work on portions of court requested brief on same (0.3), conference with D. Ferrucci re same (0.2) | 0.8 | $440.00 |
| 04/15/21 | DNF | Continue to Review District Court and Appellate Court rulings for issues decided under law of the case (1.3). Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (1.7) Continue to review JDPI's filings for judicial admissions, including admissions it cannot pass Rogers test (0.8). Continue to draft sections of brief on remand (1.5). | 5.3 | $1,272.00 |
| 04/16/21 | DNF | Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.5) Continue to review JDPI's filings for judicial admissions, including admissions it cannot pass Rogers test (1.5). Continue to draft sections of brief on remand (1.3). | 5.3 | $1,272.00 |
| 04/17/21 | DNF | Continue to Review District Court and Appellate Court rulings for issues decided under law of the case (1.3). Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (1.5) Continue to review JDPI's filings for judicial admissions, including admissions it cannot pass Rogers test (1.5). Continue to draft sections of brief on remand (1.0). | 5.3 | $1,272.00 |
| 04/18/21 | DNF | Continue Research, including law of the case doctrine, update Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (1.0) Continue to review JDPI's filings for judicial admissions, including admissions it | 4.3 | $1,072.00 |

| | | | | |
|---|---|---|---|---|
| | | cannot pass Rogers test (1.3). Continue to draft sections of brief on remand (2.0). | | |
| 04/19/21 | DNF | Continue Research, including updating Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.0) Continue to review JDPI's filings and District Court rulings (1.0). Continue to draft sections of brief on remand. (3.8) | 6.8 | $1,632.00 |
| 04/20/21 | DNF | Continue Research, including updating Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.0) Continue to draft sections of brief on remand. (2.8) | 4.8 | $1,152.00 |
| 04/20/21 | DB | Work on portions of court-mandated submission on Rogers test (1.0), related legal research (1.6); conference with D. Ferrucci re same (0.3) | 2.9 | $1,595.00 |
| 04/21/21 | DNF | Continue Research, including updating Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.5) Continue to review JDPI's filings and District Court rulings (0.5). Continue to draft sections of brief on remand (4.8); conference with D. Bray re same (0.3) | 8.1 | $1,944.00 |
| 04/22/21 | DNF | Continue Research, including updating Rogers test caselaw in the Ninth Circuit and elsewhere, role of expert testimony in analysis, whether discovery should be re-opened, etc. (2.0) Continue to review JDPI's filings and District Court rulings (1.2). Continue to draft sections of brief on remand (4.8) | 8.0 | $1,920.00 |
| 04/26/21 | DNF | Continue to draft sections of remand brief (7.0); conference with D. Bray re same (0.4) | 7.4 | $1,776.00 |
| 04/26/21 | DB | Legal research re "explicitly misleading" arm of the Rogers test (0.4); conference with D. Ferrucci re same (0.4) | 0.8 | $440.00 |
| 04/27/21 | DNF | Continue to draft sections of remand brief. | 7.1 | $1,704.00 |
| 04/28/21 | DNF | Continue to draft sections of remand brief. | 8.0 | $1,920.00 |
| 05/03/21 | DB | Conferences with D. Ferrucci re combining sections of VIP remand brief on the Rogers test, potential motion to extend page limits (0.2), continue work on sections of brief (3.5) | 3.7 | $2,035.00 |
| 05/04/21 | DB | Continue work on remand brief on Rogers (2.5), related legal research (1.3) | 3.8 | $2,090.00 |
| 05/05/21 | DNF | Continue to draft and edit sections of Remand Brief. | 7.5 | $1,800.00 |
| 05/06/21 | DNF | Continue to draft and edit sections of Remand Brief. | 8.5 | $2,040.00 |
| 05/07/21 | DB | Continue work on sections of remand brief on Rogers test (1.7), related legal research re: Rogers progeny (1.2) | 2.9 | $1,595.00 |
| 05/07/21 | DNF | Continue to draft and edit sections of Remand Brief. | 8.0 | $1,920.00 |
| 05/10/21 | DB | Conference with opposing counsel re increase of page limits for remand briefs on Rogers strategy (0.2) | 0.2 | $110.00 |

| | | | | |
|---|---|---|---|---|
| 05/10/21 | DNF | Continue to draft and edit sections of Remand Brief (6.7). Continue to review record for District Court record citations (2.2). | 8.9 | $2,136.00 |
| 05/11/21 | DB | Continue revising sections of remand brief on Rogers test (2.8), review trial findings of fact (1.1), conference with D. Ferrucci re same (0.2) | 4.1 | $2,255.00 |
| 05/11/21 | DNF | Continue to draft sections of Remand Brief and continue to edit same (6.4). Continue to review record for District Court record citations (1.8) Conference with David Bray re same (0.2) | 8.4 | $2,016.00 |
| 05/12/21 | DB | Continue revising portions of remand brief | 3.6 | $1,980.00 |
| 05/12/21 | DNF | Continue to draft and edit Remand Brief; Continue final preparations for filing. | 8.6 | $2,064.00 |
| 05/13/21 | DB | Continue revising sections brief on remand (1.8), related research (1.1), conferences with client, D. Ferrucci re same (0.5) | 3.4 | $1,870.00 |
| 05/13/21 | DNF | Continue to draft and edit sections of Remand Brief (5.0) Continue to review record for District Court record citations (2.0). Conferences with Dr. Bray, client (0.5). | 7.5 | $1,800.00 |
| 05/14/21 | DB | Revise, finalize and file brief on remand with exhibits on the Rogers test (renewed motion for summary judgment) (3.6), conference with client re same(0.3) | 3.9 | $2,145.00 |
| 05/14/21 | DNF | Final edits and preparation for filing, coordinate with D. Bray | 3.5 | $840.00 |
| 06/11/21 | DB | Legal research any new developments under Rogers test | 0.8 | $440.00 |
| 06/15/21 | DB | Continue research re any new Rogers test developments (0.3), research re status of ComicMix/Dr. Seuss litigation (0.6) | 0.9 | $495.00 |
| 07/16/21 | DB | Review JDPI response brief on Rogers standard (0.9), conferences with D. Ferrucci and S. Sacra re same (0.7) | 1.6 | $880.00 |
| 07/19/21 | DNF | Review JDPI's Responsive Remand brief and outline strategy for Reply Brief (1.5). Conduct Legal research on issues raised in Responsive Remand Brief (1.5). Begin to draft sections of Reply (3.0). Conference with D. Bray, client (0.7) | 6.7 | $1,608.00 |
| 07/19/21 | DB | Conferences with client re JDPI brief, JDPI's arguments, decision not to continue request for additional expert discovery (0.5), work on portions of reply brief (1.0), related research (0.4) | 1.9 | $1,045.00 |
| 07/20/21 | DNF | Continue to review JDPI's Responsive Remand brief and continue to outline strategy for Reply Brief (1.6). Continue to conduct Legal research on issues raised in Responsive Remand Brief (2.0). Continue to draft sections of Reply (4.0). | 7.6 | $1,824.00 |
| 07/20/21 | DB | Revise reply brief (2.1), related legal research (0.8) | 2.9 | $1,595.00 |
| 07/21/21 | DNF | Continue to review JDPI's Responsive Remand brief and continue to outline strategy for Reply Brief (1.5). Continue to conduct Legal research on issues raised in Responsive | 6.4 | $1,536.00 |

| | | | | |
|---|---|---|---|---|
| | | Remand Brief (2.5). Continue to draft sections of Reply (2.4). | | |
| 07/22/21 | DNF | Continue to review JDPI's Responsive Remand brief and continue to outline strategy for Reply Brief (1.8). Continue to conduct Legal research on issues raised in Responsive Remand Brief (1.0). Continue to draft sections of Reply (3.0). | 5.8 | $1,392.00 |
| 07/23/21 | DNF | Continue to review JDPI's Responsive Remand brief and continue to outline strategy for Reply Brief (0.4). Continue to conduct Legal research on issues raised in Responsive Remand Brief (2.0). Continue to draft sections of Reply (3.5). Conference with D. Bray (0.5) | 6.4 | $1,536.00 |
| 07/23/21 | DB | Revise latest draft of reply brief on Rogers standard (1.0), conferences with D. Ferrucci (0.5), conference with client re same (0.3), related legal research (1.4) | 3.2 | $1,760.00 |
| 07/24/21 | DB | Continue work on sections of draft reply brief on Rogers test (2.2); related legal research (1.0) | 3.2 | $1,760.00 |
| 07/24/21 | DNF | Continue to review JDPI's Responsive Remand brief and continue to outline strategy for Reply Brief (0.9). Continue to conduct Legal research on issues raised in Responsive Remand Brief (1.0). Continue to draft sections of Reply (1.0). | 2.9 | $696.00 |
| 07/26/21 | DNF | Continue to draft / edit reply in support of remand brief re reconsideration of MSJ. | 3.2 | $768.00 |
| 07/27/21 | DNF | Continue to draft / edit reply in support of remand brief re reconsideration of MSJ. | 2.0 | $480.00 |
| 07/28/21 | DNF | Continue to draft / edit reply in support of remand brief re reconsideration of MSJ. | 6.4 | $1,536.00 |
| 07/29/21 | DNF | Continue to draft / edit reply in support of remand brief re reconsideration of MSJ (6.0); conference with D. Bray re same (0.3) | 6.3 | $1,512.00 |
| 07/29/21 | DB | Review and revise latest draft of reply brief on Rogers standard (0.4), conference with D. Ferrucci re same (0.3) | 0.7 | $385.00 |
| 07/30/21 | DNF | Final edits and preparation for filing Re Reply in support of remand brief | 2.1 | $504.00 |
| 07/30/21 | DB | Final revisions to latest draft of reply brief on Rogers standard (2.0), legal research re case sites; file same (1.7). | 3.7 | $2,035.00 |
| 08/17/21 | DB | Continue review of JDPI supplemental brief, record cites (0.9), research re case cites (0.7), email and phone conferences with client, re strategy (0.3) | 1.9 | $1,045.00 |
| 08/18/21 | DB | Continue review of JDPI "supplemental brief" (0.2), legal research re case citations (1.9), conferences with client re same (0.7) | 2.8 | $1,540.00 |
| TOTAL | | | 274.1 | $86,966.00 |