MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona  85014
(602) 641-6705
icrum@messner.com

KILPATRICK TOWNSEND & STOCKTON LLP
Dennis Wilson
9720 Wilshire Boulevard
Beverly Hills, California  90212-2018
(310) 777-3740
dwilson@kilpatricktownsend.com

Theodore H. Davis Jr.
Sara K. Stadler
1114 Avenue of the Americas
New York, New York  10036-7703
(212) 775-8700
tdavis@kilpatricktownsend.com
sstadler@kilpatricktownsend.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>  Defendant. | No. CV-14-2057-PHX-SMM<br><br>**JACK DANIEL'S PROPERTIES, INC.'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

Defendant Jack Daniel's Properties, Inc. (JDPI) submits the following objections to the bill of costs of Plaintiff VIP Products, Doc. 310:

1.  VIP requests the taxation of $505 for the filing fee associated with its appeal to the United States Court of Appeals for the Ninth Circuit. Although Federal Rule of Appellate Procedure 39(e) permits the taxation of such a filing fee in a district court, subsection (a)(4) of the same rule provides that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Here, the Ninth Circuit's order and mandate each clearly provides that "[e]ach party to bear its own costs." Doc. 287. When that occurs, a district court "is without discretion to deviate from the appeals' court's order as to which Rule 39(e) costs are taxable following appeal, or to award such costs in the absence of an order to do so from the appeals court." *Bixby v. KBR, INC.*, No. 3:09-CV-632-PK, 2015 WL 13333506, at *3 (D. Or. Sept. 2, 2015), *aff'd*, 667 F. App'x 933 (9th Cir. 2016); *see also Standard Concrete Prods. Inc. v. Gen. Truck Drivers Union Loc. 952*, 175 F. App'x 932, 933 (9th Cir. 2006) ("Because this court ordered that each party was to bear its own costs on appeal, neither party is entitled to costs under the rule for purposes of Rule 39(e). Although the district court has discretion in awarding fees under Rule 39(e), it does not have discretion to award fees in contravention of this court's order as to which party should bear appellate costs."). The Court therefore

should decline to tax VIP's appellate filing fee against JDPI.

2. VIP's claimed costs putatively include the following $540.00 line item under the category of "Fees for printed or electronically recorded transcripts (Depositions)":

| Fees for printed or electronically recorded transcripts (Depositions) | | |
|---|---|---|
| E. Phillips (30)(b)(6) Transcript - Griffen & Assoc. | $448.32 | 5/4/2015 |
| S. Sacra Transcript - Griffen & Assoc. | $898.03 | 5/11/2015 |
| D. Gooder Transcript - Coash & Coash | $1,090.90 | 7/13/2015 |
| S. Sacra (30)(b)(6) Transcript - Griffen & Assoc. | $739.33 | 7/22/2015 |
| S. Nowlis Transcript - Veritex Legal Solutions | $1,352.15 | 8/25/2015 |
| | $540.00 | 10/10/2017 |
| Total | $5,068.73 | |



Doc 310 at 3. Because VIP has neither explained this item nor proffered supporting documentation for it, the Court should decline to tax it.

3. VIP's Itemization of Costs includes line items of $164.90 and $246.00 for copies of transcripts, Doc. 310 at 3, but VIP has failed to provide documentation of these putative expenses. The Court therefore should disallow them as well.

4. VIP seeks the taxation of $1,090.90 for the transcript of the deposition of David Gooder, but that amount includes $25.00 for an Adobe PDF Bundle, Doc. 310 at 8. As this Court already has held, Doc. 284 at 1, LRCiv 54.1(e)(3) does not allow such a cost.

5. VIP seeks the taxation of $1,352.15 for the transcript of the deposition of S. Nowlis, but that amount includes $332.15 and $46.50 for the generation of scanned-searchable OCR copies and the reproduction of color

copies, respectively. Doc. 310 at 13. As this Court already has held, Doc. 284 at 1, LRCiv 54.1(e)(3) allows the taxation of neither.

Dated:   November 24, 2021

Respectfully submitted,

/s/

| | |
|---|---|
| Isaac S. Crum (AZ Bar #028756) | Dennis Wilson (admitted *pro hac vice*) |
| MESSNER REEVES LLC | KILPATRICK TOWNSEND & STOCKTON LLP |
| 1440 E. Missouri Avenue, Suite C100 | 9720 Wilshire Boulevard |
| Phoenix, Arizona  85014 | Beverly Hills, California  90212-2018 |
| (602) 641-6705 | (310) 777-3740 |
| icrum@messner.com | dwilson@kilpatricktownsend.com |
| | |
| | Theodore H. Davis Jr. (admitted *pro hac vice*) |
| Attorneys for Defendant-Counter-Plaintiff Jack Daniel's Properties, Inc. | Sara K. Stadler (admitted *pro hac vice*) |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| | 1114 Avenue of the Americas |
| | New York, New York  10036-7703 |
| | (212) 775-8700 |
| | tdavis@kilpatricktownsend.com |
| | sstadler@kilpatricktownsend.com |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/Kris Teilhaber