MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona  85014
(602) 641-6705
icrum@messner.com

KILPATRICK TOWNSEND & STOCKTON LLP
Dennis Wilson
9720 Wilshire Boulevard
Beverly Hills, California  90212-2018
(310) 777-3740
dwilson@kilpatricktownsend.com

Theodore H. Davis Jr.
Sara K. Stadler
1114 Avenue of the Americas
New York, New York  10036-7703
(212) 775-8700
tdavis@kilpatricktownsend.com
sstadler@kilpatricktownsend.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company, | )<br>) No. CV-14-2057-PHX-SMM<br>) |
| Plaintiff, | ) **JACK DANIEL'S PROPERTIES,** |
| | ) **INC.'S BRIEF IN OPPOSITION** |
| v. | ) **TO PLAINTIFF'S MOTION FOR** |
| | ) **AWARD OF ATTORNEYS' FEES** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | )<br>) |
| Defendant. | )<br>) |

# TABLE OF CONTENTS

I.    Introduction ................................................................. 1

II.    VIP is Not Entitled to an Award of its Fees ............................................. 1

    A.    VIP's Motion Fails to Address the Governing Ninth Circuit Standard for Fee Awards ................................................. 1

    B.    VIP is Not Entitled to an Award of Fees, Regardless of the Standard Applied ............................................... 3

III.    The Court Should Reject VIP's Proffered Showing of its Alleged Fees ................................................................... 10

IV.    Conclusion ................................................................. 15

1

# TABLE OF AUTHORITIES

2

## Cases

3

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,

4
    421 U.S. 240 (1975) .................................................................................2

5
*Am. Title Ins. Co. v. Lacelaw Corp.*,

6
    861 F.2d 224 (9th Cir. 1988) ...........................................................5

7
*Applied Info. Scis. Corp. v. eBay, Inc.*,

8
    511 F.3d 966 (9th Cir. 2007) ........................................................ 10

9
*Baker Botts, LLP v. ASARCO LLC*,
    135 S. Ct. 2158 (2015) ...............................................................2

10

11
*Cairns v. Franklin Mint Co.*,
    115 F. Supp. 2d 1185 (C.D. Cal. 2000),

12
    *aff'd*, 292 F.3d 1139 (9th Cir. 2002)........................................ 6, 7

13
*Carson v. Billings Police Dep't*,

14
    470 F.3d 889 (9th Cir. 2006) ........................................................ 13

15
*Casavelli v. Johanson*,
    No. CV-20-00497-PHX-JAT, 2021 WL 3400608 (D. Ariz. July 20,

16
    2021),

17
    *appeal docketed*, No. 21-16268 (9th Cir. Aug. 3, 2021) ............................. 14

18
*Classic Media, Inc. v. Mewborn*,

19
    532 F.3d 978 (9th Cir. 2008) ........................................................8

20
*Croomes v. Stream Glob. Servs.-AZ, Inc.*,
    No. CV11-0141-PHX-JAT, 2012 WL 1247021 (D. Ariz. Apr. 13,

21
    2012)................................................................................ 14

22
*Dr. Seuss Enters., L.P. v. ComicMix LLC*,

23
    983 F.3d 443 (9th Cir. 2020),

24
    *cert. denied*, 141 S. Ct. 2803 (2021) ............................................ 13

25
*Dunkin' Donuts Inc. v. Mercantile Ventures, Inc.*,
    32 U.S.P.Q.2d 1460 (W.D. Tex. 1994).................................... 11, 12

26

27

28

*Est. of Saunders v. Comm'r*,
    745 F.3d 953 (9th Cir. 2014) ................................................................... 4, 5

*Feed Commodities Int'l, Inc. v. Gray*,
    No. 13-cv-12239-KAR, 2016 WL 3167067 (D. Mass. June 6, 2016).......... 11

*Gidatex, S.r.L. v. Campaniello Imps., Ltd.*,
    82 F. Supp. 2d 136 (S.D.N.Y. 2000) ........................................................... 11

*Gordon v. Drape Creative, Inc.*,
    909 F.3d 257 (9th Cir. 2018) .............................................................. 7, 8, 13

*Gospel Missions of Am. v. City of Los Angeles*,
    328 F.3d 548 (9th Cir. 2003) ................................................................... 4, 5

*Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*,
    263 F.R.D. 1 (D.D.C. 2009)........................................................................ 11

*Hardt v. Reliance Standard Life Ins. Co.*,
    560 U.S. 242 (2010) ..................................................................................... 1

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*,
    50 F. Supp. 2d 212 (S.D.N.Y. 1999),
    *rev'd in part on other grounds*, 219 F.3d 104 (2d Cir. 2000) ........................ 9

*Janney Montgomery Scott LLC v. Tobin*,
    692 F. Supp. 2d 192 (D. Mass. 2010) ......................................................... 13

*Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*,
    820 F. Supp. 2d 569 (S.D.N.Y. 2011)............................................................ 9

*Moshir v. Automobili Lamborghini Am. LLC*,
    927 F. Supp. 2d 789 (D. Ariz. 2013)........................................................... 14

*Mostovoy v. Sec'y of Health & Hum. Servs.*,
    No. 02-10V, 2016 WL 720969 (Fed. Cl. Feb. 4, 2016)................................. 12

*Munchkin, Inc. v. Luv n' Care, Ltd.*,
    960 F.3d 1373 (Fed. Cir. 2020) .................................................................... 4

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ..................................................................................... 5

iii

*Nutrition Distrib. LLC v. PEP Rsch., LLC,*
    804 F. App'x 759 (9th Cir. 2020)..................................................................9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    572 U.S. 545 (2014) .......................................................... 2, 3, 4, 8

*Plummer v. Comm'r of Soc. Sec. Admin.,*
    No. CV-19-05379-PHX-DWL, 2021 WL 651098 (D. Ariz. Feb. 19,
    2021)............................................................................................................5

*Rogers v. Grimaldi,*
    875 F.2d 994 (2d Cir. 1989)........................................... 3, 7, 12, 13

*Sazerac Co. v. Fetzer Vineyards, Inc.,*
    No. 3:15-cv-04618-WHO, 2017 WL 6059271 (N.D. Cal. Dec. 7,
    2017)............................................................................................................6

*Star Fin. Servs., Inc. v. Aastar Mortg. Corp.,*
    89 F.3d 5 (1st Cir. 1996)............................................................... 11

*Stephen W. Boney, Inc. v. Boney Servs., Inc.,*
    127 F.3d 821 (9th Cir. 1997) ......................................................8

*Stevens Tech. Servs., Inc. v. S.S. Brooklyn,*
    885 F.2d 584 (9th Cir. 1989) ................................................... 5, 6

*SunEarth, Inc. v. Sun Earth Solar Power Co.,*
    839 F.3d 1179 (9th Cir. 2016) ....................................................2

*Trans-Tec Asia v. M/V Harmony Container,*
    435 F. Supp. 2d 1015 (C.D. Cal. 2005),
    *aff'd*, 518 F.3d 1120 (9th Cir. 2008)........................................5

*True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.,*
    427 F. Supp. 2d 946 (D. Ariz. 2006)............................................8

*Walton v. Autotrol Corp.,*
    No. CA 3-95-CV-0926-R, 1998 WL 241257 (N.D. Tex. May 1, 1998)......... 12

*Zamani v. Carnes,*
    491 F.3d 990 (9th Cir. 2007) ........................................................3

iv

1

## <u>Statutes</u>

15 U.S.C. § 1116(a) ............................................................................6

15 U.S.C. § 1117(a) ...................................................................... 2, 15

35 U.S.C. § 145.................................................................................2

## <u>Other Authorities</u>

LRCiv 54.2(c)(2) ........................................................... 14

v

## I.    Introduction

The Court asked the parties to file briefs explaining the procedural posture of this case following remand, and Plaintiff VIP Products, LLC now seeks an award of attorneys' fees based on the compliance of Defendant Jack Daniel's Properties, Inc. with the Court's request. The Court should deny VIP's motion for the following separate and independent reasons:

- VIP has failed even to address, much less satisfy, the Ninth Circuit standard for awards of fees under the Lanham Act;

- VIP cannot satisfy even the obsolete standard invoked by its motion; and

- VIP's factual showing of the quantum of its claimed fees is fatally deficient in any case.

## II.    VIP is Not Entitled to an Award of its Fees

### A.    VIP's Motion Fails to Address the Governing Ninth Circuit Standard for Fee Awards

As the Supreme Court has explained, "[o]ur basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010). The Court therefore has recognized departures

1

from the American Rule only in "specific and explicit provisions for the allowance of attorneys' fees under selected statutes." *Baker Botts, LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 250 (1975)).

Page 2 of VIP's brief refers to "[t]he statutory bases" of its motion, but the brief actually identifies only one such basis, namely, Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). That statute restricts fee awards to "exceptional cases," and Ninth Circuit case law post-dating the Supreme Court's interpretation of the substantively identical Section 145 of the Patent Act, 35 U.S.C. § 145, in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), makes clear the narrowness of the relevant inquiry. Specifically, a case is exceptional under Section 35(a) *only* if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc) (quoting *Octane Fitness*, 572 U.S. at 554).

The *Octane Fitness* standard has been in place in this Circuit for over half a decade, and VIP cannot aver ignorance of its existence: Indeed, at an earlier stage of this litigation, VIP quoted *Octane Fitness* for the proposition that "[e]xceptional cases for the purposes of awarding fees under the Lanham Act are

2

'rare.' They are 'unusual,' 'uncommon,' and not 'run-of-the-mill.'" Doc. 278 at 2 (quoting *Octane Fitness*, 572 U.S. at 553-54). Because that standard goes unmentioned in VIP's moving papers, VIP has failed to demonstrate the standard has been satisfied, and the Court should deny VIP's motion for this reason alone.[1]

## B.    VIP is Not Entitled to an Award of Fees, Regardless of the Standard Applied

Its failure to address the relevant standard should be fatal to its motion, but VIP is not entitled to a fee award regardless of the definition of "exceptional case." To begin with, VIP's suggestion that it was "disingenuous" for JDPI to pursue additional briefing on remand ignores the procedural disposition of the case at that time. If the Ninth Circuit had viewed the two prongs of the *Rogers* test as candidates for resolution as a matter of law without further proceedings on remand, it would have taken that step itself. Instead, it remanded for this Court's determination, "*in the first instance*," whether Jack Daniel's Properties, Inc. ("JDPI") "can satisfy a prong of the *Rogers* test." Doc. 287-1 at 12 (emphasis

---

[1] Needless to say, the Court should reject any attempt by VIP to address the controlling *Octane Fitness* test for the first time in any reply brief VIP may choose to file. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the first time in a reply brief.").

added). The court of appeals therefore believed the case required further proceedings, and it was manifestly reasonable for JDPI to rely on that determination.

Likewise, VIP had the opportunity to attempt to convince this Court not to entertain further written submissions from the parties during the March 17, 2021, hearing. This Court disagreed, instead setting the briefing schedule underlying VIP's current fee petition. It thus is hardly "exceptional" that JDPI complied with the Court's instructions to submit briefing on the possible next steps in this litigation. As the Federal Circuit has explained in an application of Ninth Circuit law, "[a plaintiff] cannot be faulted for litigating a claim it was granted permission to pursue." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1381 (Fed. Cir. 2020) (reversing fee award under *Octane Fitness* test as abuse of discretion).

Nor do the substance and content of JDPI's briefs on remand render this case an exceptional one even under the obsolete standard urged upon it by VIP. Although VIP characterizes certain past arguments "binding concessions," Doc. 309, at 5 (footnote omitted), it supports that argument with only a passing reference in a footnote to *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548 (9th Cir. 2003). But "[a]rguments raised only in footnotes, or only on reply, are generally deemed waived." *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th

Cir. 2014); *see also Plummer v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05379-PHX-DWL, 2021 WL 651098, at *2 n.1 (D. Ariz. Feb. 19, 2021) ("Plaintiff does not explain why the ALJ erred in rejecting this testimony and only addresses the argument in a footnote. Because this claim is not properly raised or developed, the Court will not address it.").

Moreover, the representation at issue in *Gospel Missions* was a *factual statement* upon which the plaintiffs' case depended, rather than a *legal argument* such as those referenced by VIP. The distinction between the two types of representations is apparent in the authority on which the *Global Missions* court relied, and it renders that opinion inapposite. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 n.16 (9th Cir. 1988) ("We . . . hold that *statements of fact* contained in a brief may be considered admissions of the party in the discretion of the district court." (emphasis added)); *see also Trans-Tec Asia v. M/V Harmony Container*, 435 F. Supp. 2d 1015, 1026 (C.D. Cal. 2005) ("The Ninth Circuit has held that a court has the discretion to treat *statements of fact* contained in a brief as judicial admissions." (emphasis added)), *aff'd*, 518 F.3d 1120 (9th Cir. 2008).[2]

---

[2] VIP's initial brief on remand suggested that JDPI's legal arguments rose to the level of judicial estoppel. Doc. 300 at 9. Because that doctrine "'generally prevents a party *from prevailing in one phase of a case* on an argument and then relying on a contradictory argument to prevail in another phase," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (emphasis added), VIP has wisely not repeated that argument. *See Stevens Tech. Servs., Inc. v. S.S. Brooklyn*, 885 F.2d 584, 588

VIP otherwise does not attempt to contest the objective reasonableness of JDPI's positions on remand, and well it should not: Although VIP invokes *Sazerac Co. v. Fetzer Vineyards, Inc.*, No. 3:15-cv-04618-WHO, 2017 WL 6059271 (N.D. Cal. Dec. 7, 2017), in support of its motion, the fee award in that case rested on multiple deficiencies in the plaintiff's case, including its inability: (1) to prove an imitation by the defendant; (2) to demonstrate protectable rights to its claimed trade dress in the first instance; (3) to satisfy the multifactored *Sleekcraft* test for infringement; and (4) to establish the existence of irreparable harm. *Id.* at *10. Here, in contrast: (1) VIP's imitation of JDPI's marks and trade dress is beyond dispute; (2) both this Court and the Ninth Circuit have found those marks and trade dress protectable; (3) this Court has found the *Sleekcraft* test satisfied in a determination left undisturbed by the Ninth Circuit; and (4) had the Court reached a finding of liability on remand, irreparable harm would have been presumed. *See* 15 U.S.C. § 1116(a) (Supp. III 2021) ("A plaintiff seeking [an] injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation [of the Lanham Act] . . . .").[3]

_____

(9th Cir. 1989) ("Most circuits have refused to apply the doctrine . . . unless the inconsistent assertion in the subsequent litigation was adopted in some manner by the court in the prior litigation.").

[3] These same considerations distinguish this case from another one cited by VIP, namely, *Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185 (C.D. Cal. 2000), *aff'd*, 292 F.3d 1139 (9th Cir. 2002), in which the plaintiff failed to demonstrate protectable trademark rights in the first instance. Moreover, although VIP invites

6

Equally to the point, the law governing the applications of the *Rogers* test has changed during the pendency of this litigation in a way unaffected by the Ninth Circuit opinion. VIP cannot dispute that the Ninth Circuit's decision in *Gordon v. Drape Creative, Inc.*, 909 F.3d 257 (9th Cir. 2018), confirmed that applications of the *Rogers* test for liability do not invariably produce defense victories as a matter of law. Moreover, with respect to the inquiry into whether a defendant's use is explicitly misleading under *Rogers*, the *Gordon* court held that a finding of liability may be appropriate if the defendant's use is something other than "only one component of the larger expressive work." *Id.* at 271. Specifically:

> As *Rogers* explains, the concern that consumers will not be "misled as to the source of [a] product" is generally allayed when the mark is used as only one component of a junior user's larger expressive creation, such that the use of the mark at most "implicitly suggest[s]" that the product is associated with the mark's owner.

*Id.* at 270-71 (alterations in original) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 998-99 (2d Cir. 1989)).

Here, on remand, Jack Daniel's argued that that there was a material question of fact whether VIP's dog toy was misleading because, in the words of

---

the Court to use the $2.3 million award of attorneys' fees in *Cairns* as a benchmark, Doc. 309 at 7, that figure arose from the plaintiff's pursuit over a number of years of multiple unsuccessful claims through motions for a preliminary injunction and for summary judgment, rather than the single claim (infringement) addressed on remand in this case.

*Gordon*, it used Jack Daniel's trademarks as the "centerpiece" of the work itself. 909 F.3d at 271. Nothing in the Ninth Circuit's opinion in this case foreclosed JDPI from invoking *Gordon* for that proposition on remand. JDPI's arguments therefore do not "stand[] out . . . with respect to the substantive strength of [its] litigating position (considering both the governing law and the facts of the case)," as required under the first prong of the *Octane Fitness* standard. *See, e.g.*, *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990-91 (9th Cir. 2008) (affirming denial of fees to prevailing defendant because plaintiff's false advertising claim "was not . . . obviously foreclosed"); *True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 427 F. Supp. 2d 946, 950 (D. Ariz. 2006) (declining to find unsuccessful false advertising claim exceptional because, although losing on summary judgment, plaintiff had identified "at least a colorable basis for the claims"). That VIP may ultimately have prevailed on summary judgment does not mandate a contrary result. *See, e.g.*, *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997) (affirming denial of fee petition because of "debatable issues of law and fact" raised by plaintiff and despite successful defense motion for summary judgment).

Moreover, the record is devoid of any evidence supporting VIP's conclusory accusations that JDPI has litigated this matter in an unreasonable manner under the second *Octane Fitness* criteria for a fee award. Although VIP accuses

8

JDPI of pursuing this action solely "to silence constitutionally protected speech," Doc. 309 at 4, "[b]ad faith requires more than simply an unpersuasive claim . . . ." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 576 (S.D.N.Y. 2011); *see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 50 F. Supp. 2d 212, 226 (S.D.N.Y. 1999) ("Simply because [the] plaintiff did not prevail . . . does not suggest that it brought this suit in an attempt to bully [the] defendants."), *rev'd in part on other grounds*, 219 F.3d 104 (2d Cir. 2000). This is true even if a claim under the Lanham Act is resolved through a successful defense motion for summary judgment. *See, e.g.*, *Nutrition Distrib. LLC v. PEP Rsch., LLC*, 804 F. App'x 759, 759-760 (9th Cir. 2020) ("Although [the defendant] ultimately prevailed at summary judgment, the district court did not abuse its discretion by determining that the record evidence did not support the conclusion that [the plaintiff] brought its claim in bad faith or with improper motivation.").

This is not a case in which the proceedings feature such litigation-related misconduct as inaccurate responses to discovery requests, dilatory conduct, spoliation of evidence, or willful disregard of court orders by JDPI, and VIP does not argue it does. Rather, to paraphrase an argument advanced by VIP itself earlier in this litigation, "[a]lthough [JDPI] was ultimately unsuccessful, its ar-

guments do not comprise an "exceptional case" under the Lanham Act. Award-ing fees under these circumstances is tantamount to punishing [JDPI] for failing to win on the merits of its claims. This the Court cannot do." Doc 278 at 13. Because the proceedings on remand present "no compelling proof that [JDPI] acted capriciously or pursued litigation to harass [VIP], or that [JDPI] intended to bring a meritless or unreasonable case against [VIP]," *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007), the Court should deny VIP's motion.

### III.   The Court Should Reject VIP's Proffered Showing of its Alleged Fees

The Court should not award fees in the first instance, but it also should reject VIP's factual showing of its fees to the extent the Court is inclined to grant VIP's motion. As the Court's October 8, 2021, order properly found, VIP filed its motion for summary judgment without complying with LRCiv 56.1; "it then filed a reply brief, which was not authorized by the Court's previous order." Doc. 305 at 4.[4]

VIP should not doubly benefit from its disregard of the local rules and the Court's briefing schedule by recouping the fees arising from that disre-gard. Courts have long recognized that a prevailing party cannot recover fees

---

[4] JDPI sought the Court's leave to file a sur-reply brief, Doc 304, but only if the Court considered VIP's reply brief.

10

driven by that party's own conduct. *See, e.g.*, *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) (rejecting attempted recovery of fees by prevailing plaintiff incurred as a result of plaintiff's aggressive settlement posture); *cf. Star Fin. Servs., Inc. v. Aastar Mortg. Corp.*, 89 F.3d 5, 17 (1st Cir. 1996) (reducing fee award to plaintiff in light of failure of plaintiff's counsel to make himself available for settlement negotiations and to produce a witness pursuant to court order to do so). The Court therefore should deny all VIP's requested fees post-dating the May 14, 2021, filing of the single brief authorized by the Court.

Moreover, the Court should deny even the requested fees incurred before that date. Although JDPI does not question the credentials of VIP's counsel, the propriety of their hourly rates cannot be determined solely on the basis of self-serving declaration testimony lacking information on "hourly rates of attorneys with commensurate experience in the same geographic area." *Feed Commodities Int'l, Inc. v. Gray*, No. 13-cv-12239-KAR, 2016 WL 3167067, at *3 (D. Mass. June 6, 2016) (denying fee petition). Relevant benchmarks such as the "*Laffey Matrix*," published opinions from the same district, and testimony from disinterested counsel in that district exist, yet VIP papers refer to none of these. *See, e.g.*, *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 12 (D.D.C. 2009) (referring to *Laffey Matrix*); *Dunkin' Donuts Inc. v. Mercantile*

11

*Ventures, Inc.*, 32 U.S.P.Q.2d 1460, 1463 (W.D. Tex. 1994) (relying on affidavit

testimony from "respected and experienced trademark litigator in this District"

to establish reasonableness of fees sought).

Moreover, the Court also should disallow the entirety of VIP's claimed fees

for want of meaningful detail. For example, the following block description, com-

plete with its open-ended and impossible-to-evaluate "etc.," appears verbatim no

less than *eleven* times in Mr. Ferucci's time entries:

> Continue Research, including updating Rogers test caselaw in the
> Ninth Circuit and elsewhere, role of expert testimony in analysis,
> whether discovery should be re-opened, etc.

Variations on "[c]ontinue to draft sections of remand brief" and "[c]ontinue to

draft and edit sections of Remand Brief" appear with nearly equal frequency,

with no additional details on the issues addressed. *See Mostovoy v. Sec'y of Health*

*& Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Feb. 4, 2016) (deny-

ing fees "as there are numerous entries for time spent on the same tasks"); *Wal-*

*ton v. Autotrol Corp.*, No. CA 3-95-CV-0926-R, 1998 WL 241257, at *4 (N.D. Tex.

May 1, 1998) (disallowing claimed fees based on time entry "duplicative of that

day's and the previous day's entries").

Critically, VIP does not explain why it was necessary to invest nearly

$90,000 to brief issues it already had addressed earlier at the summary judgment

12

stage of this case. As its current fee petition makes clear, VIP's summary judg-
ment motion rested in substantial part on the theory that its conduct was pro-
tected by *Rogers*. Although JDPI acknowledges the issuance of two Ninth Circuit
opinions since that time—*Gordon* and *Dr. Seuss Enters., L.P. v. ComicMix LLC*,
983 F.3d 443, 462 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2803 (2021)—only the
former addresses *Rogers* to any extent. The significant overlap between the is-
sues on summary judgment and on remand warrants a significant discount in
any award to which VIP is entitled. *See Janney Montgomery Scott LLC v. Tobin*,
692 F. Supp. 2d 192, 197 (D. Mass. 2010) (discounting requested fees after finding
issues at stake "nearly identical to the issues previously briefed during [an arbi-
tration]" and because "less time and creativity was needed to re-formulate [those]
arguments"); *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 893 (9th Cir.
2006) ("The district court may not uncritically accept the number of hours
claimed by the prevailing party, even if actually spent on the litigation, but must,
in order to award fees based on them, find that the time actually spent was rea-
sonably necessary" (footnote omitted).[5]

---

[5] VIP's overreaching is perhaps most apparent in its request for reimbursement
for a total of 0.4 of an hour of Mr. Bray's time on May 3, 2010, and May 10, 2021,
related to a motion submitted with JDPI's consent for leave to file a brief in excess
of the applicable page limit. Although VIP was within its rights to request a
waiver of that limit, it is patently unreasonable to expect JDPI to reimburse VIP
for VIP's apparent inability to comply with it.

13

1

2

3

Finally, with respect to VIP's apparent request for an additional $10,000

4

in fees, Doc. 309-1 at 6, LRCiv 54.2(c)(2) provides that "[i]f the moving party

5

claims entitlement to fees for preparing the motion and memorandum for [an]

6

award of attorneys' fees and related non-taxable expenses, such party also must

7

cite the applicable legal authority supporting such specific request." VIP's failure

8

to comply with that rule precludes it from recovering any fees associated with its

9

preparation and prosecution of the current motion, even if the motion itself oth-

10

erwise succeeds. *See, e.g., Moshir v. Automobili Lamborghini Am. LLC*, 927 F.

11

12

Supp. 2d 789, 804 (D. Ariz. 2013) (reducing award in light of movant's failure to

13

comply with LRCiv 54.2(c)(2)); *see also Casavelli v. Johanson*, No. CV-20-00497-

14

PHX-JAT, 2021 WL 3400608, at *9 (D. Ariz. July 20, 2021) ("The Moving Defend-

15

16

ants have not cited any legal authority within their motion in support of claiming

17

the fees incurred by preparing the Motion for Attorneys' Fees as required by

18

LRCiv 54.2(c)(2). Accordingly, the Moving Defendants have not shown they are

19

20

entitled to the 15.9 hours of work done on the Motion for Attorneys' Fees . . . ."),

21

*appeal docketed*, No. 21-16268 (9th Cir. Aug. 3, 2021); *Croomes v. Stream Glob.*

22

*Servs.-AZ, Inc.*, No. CV11-0141-PHX-JAT, 2012 WL 1247021, at *4 (D. Ariz. Apr.

23

24

13, 2012) ("Defendant has not cited any legal authority in support of its claim for

25

26

counsel's time spent in preparing Defendant's motion for fees and costs, and this

27

28

14

1    Court did not state in its March 8, 2010 order . . . that Defendant was entitled to
2
3    such fees. Accordingly, Defendant is not entitled to payment for the 2.5 hours of
4    attorney time spent in preparing its motion for fees and costs." (citation omitted)).

## IV.    Conclusion

For the reasons set forth above, this case falls far short of an exceptional
one under Section 35 of the Lanham Act, and the Court therefore should deny
VIP's request for reimbursement of its attorneys' fees. Separately and inde-
pendently, the Court should reject VIP's proffered factual showing of its puta-
tive fees in light of the deficiencies in that showing.

Dated:    November 24, 2021          Respectfully submitted,

Isaac S. Crum (AZ Bar #028756)       Dennis Wilson (admitted *pro hac vice*)
MESSNER REEVES LLC                   KILPATRICK TOWNSEND &
1440 E. Missouri Avenue, Suite          STOCKTON LLP
   C100                              9720 Wilshire Boulevard
Phoenix, Arizona  85014              Beverly Hills, California  90212-2018
(602) 641-6705                       (310) 777-3740
icrum@messner.com                    dwilson@kilpatricktownsend.com

                                     Theodore H. Davis Jr. (admitted *pro
                                        hac vice*)
Attorneys for Defendant-             Sara K. Stadler (admitted *pro hac vice*)
Counter-Plaintiff                    KILPATRICK TOWNSEND &
Jack Daniel's Properties, Inc.          STOCKTON LLP
                                     1114 Avenue of the Americas
                                     New York, New York  10036-7703
                                     (212) 775-8700
                                     tdavis@kilpatricktownsend.com
                                     sstadler@kilpatricktownsend.com

15

1

**CERTIFICATE OF SERVICE**

2

3      I hereby certify that on November 24, 2021, I electronically transmitted the

4   attached document to the Clerk's Office using the CM/ECF System for filing and

5   transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

6

7                                                        /s/Kris Teilhaber

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16