Firm E-Mail: courtdocs@dickinsonwright.com
David G. Bray (#014346)
dbray@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for Plaintiff/Counterdefendant VIP Products, L.L.C*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>　　　　　　Defendant.<br><br>And related counterclaims. | Case No. 2:14-cv-02057-SMM<br><br>**REPLY IN SUPPORT OF VIP PRODUCTS, L.L.C.'S APPLICATION FOR ATTORNEY'S FEES** |

　　　　Plaintiff/Counterdefendant VIP Products, LLC ("VIP" or "Counterdefendant"), by and through their undersigned counsel, submits this Reply in Support of its Application for Attorneys' Fees ("Fee Application") (Doc. 309), and respectfully requests that the Court award VIP the requested $86,966 in attorneys' fees incurred in connection with their successful defense of all claims asserted by Jack Daniel's Properties, Inc. ("JDPI") in this matter. VIP also requests that the Court award additional amounts for fees incurred briefing its request for attorneys' fees, which undersigned counsel estimates will be an additional $10,000. (Fee Application at Exhibit 1, ¶ 15).

1

None of the arguments advanced by JDPI in Response to VIP's Fee Application (Doc. 314) ("Response") warrant denying VIP's request for fees. These reasons, explained more fully below and in the Fee Application, warrant granting the full amount of fees requested by VIP.

### I.     VIP Satisfied the Ninth Circuit Standard for Fee Awards.

Knowing that their Lanham Act claims, particularly after remand, were patently unreasonable and groundless, JDPI asks this Court to deny VIP's fee request because the Fee Application "[f]ails to [a]ddress the [g]overning Ninth Circuit [s]tandard for [f]ee [a]wards." (Response at 1-3). Specifically, JDPI argues that VIP never mentioned that fees may be granted under the Lanham Act when the case "stands out from others with respect to the substantive strength of a party's litigation position . . . or the unreasonable manner in which the case was litigated." (*Id.*).

However, that is not true. VIP spent nearly its *entire* brief illustrating why "exceptional circumstances" exist that warrant an award of attorneys' fees under the Lanham Act. (Fee Application at 2-6). In particular, VIP established that this case stands out from others because, despite making repeated representations to multiple courts that it could *not* satisfy the *Rogers* test, JDPI suddenly reversed course after remand, arguing, unreasonably and without any basis, that it *could* satisfy the *Rogers* test and that this issue still needed to be litigated post-remand. (*Id.*). Thus, contrary to JDPI's contention, VIP not only addressed the governing Ninth Circuit standard for fee awards, but they also established their right to recover any fees incurred on remand.

Moreover, rather than dispute whether they changed positions after remand, JDPI seeks to convince this Court that its sudden reversal on a threshold issue in this case after remand is not an "exceptional circumstance" that justifies awarding VIP's fees. (Response at 3-10). For instance, JDPI contends that it had a legitimate basis to argue post-remand that it could satisfy the *Rogers* test, despite previously conceding that it could not, because the Ninth Circuit

2

remanded the case for a determination of whether "JDPI can satisfy a prong of the *Rogers* test." (Response at 3). In other words, JDPI argues that, if its judicial admissions were sufficient to defeat application of the *Rogers* test, then the Ninth Circuit would not have remanded for further proceedings. However, a majority of JDPI's admissions came *after* the Ninth Circuit issued its opinion (Fee Application at 4), and therefore, were not part of the court's decision. Although JDPI also made judicial admissions before the Ninth Circuit issued its decision (Fee Application at 5), the court never addressed, let alone decided, whether JDPI could still satisfy the *Rogers* test despite previously conceding that it could not.

JDPI also contends that it simply "complied with this Court's instructions" when it filed its briefing arguing that it could satisfy the *Rogers* test. (Response at 4). However, the Court never authorized JDPI to change positions on this threshold issue, but instead merely "asked the parties to file briefs explaining the procedural posture of this case following remand." (Response at 1). Again, the only reasonable and non-disingenuous response from JDPI would have been to withdraw its remaining claim. (Fee Application at 5). Instead, JDPI chose to advance an unreasonable and groundless position that it could satisfy the *Rogers*' test even though that position was directly contrary to the position it had previously taken throughout this litigation.

Next, JDPI argues that "exceptional circumstances" do not exist justifying an award of post-remand fees because VIP "does not attempt to contest the objective reasonableness of JDPI's positions on remand." (Response at 6). However, that is not true. Again, the *sole* basis for VIP's fee request is that, after remand, JDPI chose to advance an unreasonable and groundless position that it could satisfy the *Rogers* test even though it previously conceded that it could not. (Fee Application at 5). It is for this reason that VIP only seeks to recover fees

incurred post-remand.[1] Thus, JDPI's contention that VIP does not contest the reasonableness of its positions after remand is not only wrong, but also disingenuous.

Citing *Gordon v. Drape Creative, Inc.*, 909 F.3d 257 (9th Cir. 2018), VIP argues that the law governing the application of the *Rogers* test has changed during the pendency of this litigation. (Response at 7-8). However, even if that were true, *Gordon* was decided *before* JDPI conceded that the Ninth Circuit's holding that *Rogers* applied was "outcome determinative", "disposes of the case", (JDPI's Petition For A Write of Certiorari at 30), and "case-dispositive." (JDPI's Reply Brief For Petition at 8). In other words, even if *Gordon* changed the Ninth Circuit's application of *Rogers*, JDPI admitted that it *still* could not satisfy the *Rogers* test. JDPI's sudden reversal of that threshold issue on remand justifies awarding VIP its post-remand attorneys' fees.

Finally, JDPI argues that VIP has not shown that it litigated this dispute in bad faith. (Response at 8-10). However, even if that were true, the Court should still award VIP its post-remand attorneys' fees due to the unreasonable, groundless, and contradictory claims advanced by JDPI on remand. *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) (The Lanham Act permits an award of attorneys' fees to a prevailing party in exceptional circumstances, . . . such as when a plaintiff's case is groundless, unreasonable, vexatious, ***or*** pursued in bad faith); *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (recognizing that the manner in which a case is litigated is one of many factors the court may consider in awarding fees under the Lanham Act, and that fees may also be awarded based entirely on the "substantive strength [or weakness] of a party's litigating position").

JDPI's efforts to distinguish cases cited by VIP are unavailing. For instance, JDPI argues that *Gospel Missions* is inapposite because "the representation at issue in [that case]

---

[1] With that said, VIP could have sought fees from the beginning of this case. (Fee Application at 3).

4

was a factual statement . . ., rather than a legal argument." (Response at 5). However, once again, that is not true. The representation at issue in *Gospel Missions* (*i.e.* that the individual plaintiffs were in "privity" with the parties in *GMA I*), 328 F.3d 548, 557 (9th Cir. 2003), was legal in nature. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) (whether "privity" exists is a question of law). Thus, assuming JDPI is correct that its representations were legal, rather than factual, in nature, *Gospel Missions* confirms that JDPI made a judicially binding admission that it cannot now repudiate simply because it no longer benefits them.

Knowing that *Gospel Missions* is directly on point, JDPI contends that VIP cannot rely on this case because VIP referenced it in a footnote. (Response at 4). However, in the cases cited by JDPI, the courts refused to address the parties' argument, not because they cited cases supporting their argument in a footnote, but because they placed the *entirety* of their argument in a footnote of their original motion or in their reply without ever referencing it in the body of the motion. *See Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n. 8 (9th Cir. 2014); *Plummer v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05379-PHX-DWL, 2021 WL 651098, at *2 n. 1 (D. Ariz. Feb. 19, 2021) ("Plaintiff does not explain why the ALJ erred in rejecting this testimony and *only* addresses the argument in a footnote.") (emphasis added). Here, in contrast, VIP argued throughout the *body* of its Fee Application that JDPI's repeated representations to multiple courts that it could not satisfy the *Rogers* test were "binding concessions" that precluded JDPI from later contending that it could satisfy the *Rogers* test.

## II. The Court Should Award VIP the Full Amount of Fees Requested.

Knowing that JDPI is entitled to the full amount of fees incurred defending against their unreasonable and groundless claims post-remand, JDPI argues that the Court should reduce any amount of fees awarded to VIP. First, JDPI contends that the Court should not award any fees incurred preparing the post-remand motion for summary judgment or subsequent reply because, according to JDPI, the motion did not comply with L.R.Civ. 56.1,

5

and the reply was not authorized by the Court. (Response at 10-11). However, if anything, VIP's alleged failure to comply with L.R.Civ. 56.1 further justifies awarding VIP any fees incurred drafting its motion for summary judgment. Indeed, as confirmed by this Court, VIP did not comply with L.R.Civ. 56.1 because it did not spend any time or money unnecessarily submitting a statement of facts. (Doc. 305 at 4). Moreover, even if the Court did not authorize VIP's subsequent reply brief, that alone does not justify reducing the fees awarded to VIP. Indeed, not only did the Court *consider* the reply brief, but JDPI also filed an "unauthorized sur-reply." (Doc. 305 at 4; Doc. 304). Thus, JDPI can hardly admonish VIP for filing their reply.

JDPI also argues that the Court should reduce the fee amount because "the propriety of [VIP's counsels'] hourly rates cannot be determined solely on the basis of self-serving declaration testimony lacking information on 'hourly rates of attorneys with commensurate experience in the same geographic area.'" (Response at 11). Again, JDPI can hardly admonish VIP when they themselves relied on self-serving affidavits in support of their Motion for Attorneys' Fees that provided no information on hourly rates of attorneys' with similar experience in the Ninth Circuit. (*See* Doc. 266 and declarations thereto).

In any event, VIP's undersigned counsel is more than qualified to opine on the reasonable hourly rates of attorneys' with similar experience in the same geographic location. (Fee Application at Exhibit 1). VIP's counsel has been practicing commercial litigation for over 28 years, and has extensive experience representing companies in intellectual property litigation in the Ninth Circuit and elsewhere. (*Id.* at ¶ 11). He is also an AV-rated lawyer selected for The Best Lawyers of America (Business Litigation), a twice-published author, and the former Chair of the Arizona Supreme Court Committee on Examinations. (*Id.* at ¶ 12). Moreover, even without undersigned counsel's declaration, it cannot be denied that the hourly rate charged by VIP's counsel was reasonable, especially considering that JDPI's counsel, Mr. D. Peter Harvey, charged JDPI $100 more per hour *in 2018* despite having

relatively similar experience to VIP's undersigned counsel. (*See* Dec. of D. Peter Harvey, lodged under seal by JDPI in support of their Motion for Attorneys' Fees (Doc 266)).

JDPI also asks the Court to "disallow the entirety of VIP's claimed fees for want of meaningful detail." (Response at 12). However, rather than explain why each of VIP's billing entries are insufficiently detailed, JDPI identifies, at most, only *three* billing entries that it claims lack sufficient detail, and asks the Court to identify the rest. (*Id.*). However, it is not apparent how any of the three billing entries identified by JDPI (or any other billing entry) are insufficiently detailed. JDPI claims that VIP's use of the word "etc." and variations of "continue to draft", "continue to draft and edit," and "continue to research" make it impossible for the Court to determine the reasonableness of the fees incurred. (*Id.*). However, VIP qualified its use of the term "etc." in each billing description by enumerating much more specific actions taken by undersigned counsel. (*Id.*). Moreover, in the billing entry identified by JDPI, VIP's counsel did not simply state that he "continued researching," but instead specifically identified the type of research he performed. (*Id.*). Thus, contrary to JDPI's position, VIP's billing entries are not "impossible-to-evaluate," but instead provide more than enough detail to enable the Court to determine the reasonableness of the fees incurred.

Next, JDPI argues that it was unreasonable for VIP to "invest nearly $90,000 to brief issues it already had addressed earlier at the summary judgment stage of this case." (Response at 12-13). Putting aside the fact that this directly contradicts JDPI's claim that the procedural posture of this case was different and that additional issues remained post-remand, VIP agrees that it should not have had to invest nearly $90,000 defending against JDPI's baseless post-remand claims. Had JDPI not continued to take the unreasonable and baseless position on remand that it could satisfy the *Rogers* test (despite taking the exact opposite position at summary judgment (Doc. 142 at 10)), then VIP would not have incurred any fees defending against those claims. JDPI cannot now claim that it was unreasonable for VIP to incur

additional fees defending against its baseless claims when they had every opportunity to withdraw them before either party incurred any fees unnecessarily litigating this matter.

Finally, JDPI contends that the Court cannot award VIP any additional amounts for fees incurred briefing its attorneys' fees request because, according to JDPI, VIP did not cite the applicable legal authority supporting such request, and therefore, failed to comply with L.R.Civ. 54.2(c)(2). (Response at 14-15). However, once again, that is not true. In its Fee Application, VIP identified 15 U.S.C. § 1117(a) as the basis of its fee request, including its request for fees incurred briefing the attorneys' fees issue. (Fee App at 2-3). It is undeniable that 15 U.S.C. § 1117(a) authorizes courts to award fees incurred briefing a request for attorneys' fees. *See Career Agents Network, Inc. v. Careeragentsnetwork.biz*, 722 F. Supp. 2d 814, 825 (E.D. Mich. 2010) (In awarding fees under 15 U.S.C. § 1117(a), the court recognized that "[f]ees should be awarded for time spent litigating the issue of attorneys' fees."); *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV, 2011 WL 13108095, at *9 (S.D. Fla. Apr. 7, 2011), *report and recommendation adopted*, No. 09-80918-CIV, 2011 WL 13108071 (S.D. Fla. Sept. 19, 2011) (awarding fees under 15 U.S.C. § 1117(a), including fees incurred litigating attorneys' fees). Therefore, the Court should award VIP an additional $10,000 for fees incurred briefing its request for attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, based upon the record in the underlying civil action and dispositive Ninth Circuit case law, VIP respectfully requests that the Court award VIP $96,966 in post-remand attorneys' fees.

**DATED** this 1st day of December, 2021.

                          **DICKINSON WRIGHT PLLC**

                          By: *s/ David G. Bray*
                                David G. Bray
                                *Attorneys for VIP Products, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                          *s/ Janet Hawkins*

4858-0481-4853 v1 [53913-11]