**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| VIP Products LLC, an Arizona limited liability company, | ) ) ) | No. CV-14-2057-PHX-SMM |
| Plaintiff, | ) ) | **[PROPOSED] ORDER FOR JACK DANIEL'S PROPERTIES, INC.'S MOTION TO REINSTATE PRIOR JUDGMENT** |
| v. | ) ) ) | |
| Jack Daniel's Properties, Inc., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

Pursuant to this Court's November 28, 2023 Order (ECF 333), the parties submitted simultaneous motions for judgment on February 16, 2024 (ECF __, __), simultaneous responses on March 15, 2024 (ECF __, __), and simultaneous replies on April 19, 2024 (__, __). Considering the parties' motions, and for good cause shown,

**IT IS HEREBY ORDERED** that the Court finds in favor of Defendant Jack Daniel's Properties, Inc. on all remaining claims. Plaintiff VIP Products LLC is liable on all claims asserted by Defendant in this case.

**IT IS FURTHER ORDERED** that paragraphs 1-94, 101-127 of the Court's Findings of Fact and Conclusions of Law, ECF 245, are hereby reinstated.

**IT IS FURTHER ORDERED** that the following finding of fact is inserted after the paragraph previously numbered 105 of the Court's reinstated Findings of Fact and Conclusions of Law: "VIP did not create sufficient 'contrasts' to make clear its supposed

'message of ridicule or pointed humor' and thus confusion remains likely. *Jack Daniel's*, 599 U.S. at 161."

**IT IS FURTHER ORDERED** that the paragraphs previously numbered 95-100 of the Court's reinstated Findings of Fact are replaced with the following facts:

- "Even considering VIP's claim of parody, the intent factor does not dispel a likelihood of confusion.

- "The Court finds that VIP did not intend to parody Jack Daniel's. In deposition, VIP's owner, Stephen Sacra, testified that he intended to make fun of Jack Daniel's 'culture around its product,' noting that 'most products try to create a culture around that … [a]nd all people who are doing that take it pretty seriously.' ECF 104-2, at 217-18. But when asked to identify the features of Jack Daniel's upon which VIP was commenting, Sacra responded that Bad Spaniels was 'absolutely not' commenting on Jack Daniel's 'whiskey,' the way the company 'market[s] the product,' Jack Daniel's 'business practices' or 'anything else that has to do with [Jack Daniel's] actual business.' *Id.* at 220. At trial, Sacra changed his testimony and claimed he *was* commenting on Jack Daniel's product. ECF 243, at 141-43. He testified that Bad Spaniels was intended to comment that 'we shouldn't take ourselves so seriously, especially these companies who are taking themselves so seriously,' which was a comment 'specific to Jack Daniel's and all the parodies that we do.' *Id.* at 140. The Court finds, based on this vague and shifting testimony, that VIP did not actually intend to parody Jack Daniel's.

- "Even if VIP had some parodic intent, it is of the most generic kind. Sacra did not explain at deposition or trial how his purported 'message' applied to Jack Daniel's any more (or any less) than any other brand. VIP has never suggested that its 'parody' comments on anything specific to Jack Daniel's. As Justice

Kagan put it at oral argument in the Supreme Court, under VIP's view of parody, 'anytime you go out after or you use the mark of a large company, it's a parody just by definition … Because they must be—they must take themselves too seriously because they're a big company.' Oral Arg. Tr. at 67, Case No. 22-148 (S. Ct.).

- "Given the generic nature of VIP's supposed parodic intent, and the absence of 'mockery,' 'message of ridicule,' or 'pointed humor' directed specifically to Jack Daniel's, *Jack Daniel's*, 599 U.S. at 161, the intent factor does not weigh against confusion. Generic scatological references do not suffice to create a successful parody. *See, e.g.*, *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 199-200 (5th Cir. 1998) ('[A] parody of a mark needs to mimic the original mark … but this necessity wanes when the original mark is not the target of the parody.'); *Johnson & Johnson v. Pissterine, LLC*, 2022 WL 190986, at *11 (T.T.A.B. Jan. 18, 2022).

- "In any event, the 'intent factor' is 'minimally important,' and 'evidence of the defendant's intent to confuse customers … is not required for a finding of likelihood of confusion.' *Pom Wonderful*, 775 F.3d at 1131 (citation omitted).

- "At a minimum, this factor is neutral. And it certainly does not outweigh the many other factors indicating a likelihood of confusion."

**IT IS FURTHER ORDERED** that Defendant Jack Daniel's Properties, Inc. is directed to file a proposed form of injunction within fourteen (14) days of this Order.

DATED this ___ day of _____, 2024.