MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona 85014
(602) 641-6705
icrum@messner.com

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt (*pro hac vice*)
Amy Mason Saharia (*pro hac vice*)
Matthew B. Nicholson (*pro hac vice forthcoming*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com
mnicholson@wc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Jack Daniel's Properties, Inc., a Delaware corporation, <br><br> Defendant. | No. CV-14-2057-PHX-SMM <br><br> **RESPONSE TO VIP PRODUCTS LLC'S NOTICE OF CONSTITUTIONAL QUESTION** |

On February 23, 2024, nearly ten years after filing this lawsuit, Plaintiff/Counterdefendant VIP Products, LLC filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A) notifying the Court of its belated challenge to the constitutionality of the dilution statute, 15 U.S.C. § 1125(c). Dkt. 340.

The Court need not (and should not) certify this belatedly raised question to the Attorney General. Courts may reject requests to certify untimely constitutional challenges that parties have waived. *See Bloodworth v. Milwaukee County*, 2011 WL 4397005, at *4 (E.D. Wisc. Sept. 20, 2011); *Atl. Recording Corp. v. Anderson*, 2008 WL 2316551, at *5 (S.D. Tex. Mar. 12, 2008). Rule 5.1(c) unambiguously permits the Court to "reject the constitutional challenge" before the Attorney General has intervened and before the time to do so has expired. *See also* Fed. R. Civ. P. 5.1 advisory committee's note to 2006 amendment (court may reject constitutional challenge "at any time"). And Rule 5.1(d) contemplates notice and certification only for claims "timely asserted," which is not the case here. Fed. R. Civ. P. 5.1(d).

The Court should reject the constitutional challenge rather than certify it. As Jack Daniel's explained in its opening brief, VIP waived its constitutional challenge by failing to assert the challenge in its complaint, in any dispositive pre-trial motion, or in multiple rounds of appeals before the Ninth Circuit and the Supreme Court. Dkt. 338 at 22-25. Because VIP waited "until the eve of th[e] case's disposition to raise [its] constitutional challenge"—indeed, until the eve of the *third* disposition of this case—the Court should not certify it. *Atl. Recording*, 2008 WL 2316551, at *5.

The constitutional question is also meritless. As Jack Daniel's set out in its opening brief, the dilution statute is a viewpoint neutral law that vindicates valuable property rights while leaving open substantial channels of communications. Dkt. 338 at 25-29.

The Court therefore can (and should) reject the constitutional argument and reinstate judgment in Jack Daniel's favor, after which there will be nothing to certify. The Court could send its opinion rejecting VIP's constitutional argument, whether on waiver

grounds or on the merits, to the Attorney General under Rule 5.1. *See, e.g.*, *Buchanan County, Virginia v. Blankenship*, 545 F. Supp. 2d 553, 555 n.3 (W.D. Va. 2008); *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1156 n.7 (5th Cir. 1984).

For these reasons, Jack Daniel's requests that the Court deny VIP's request to certify the constitutional challenge.

Dated:   March 7, 2024                              Respectfully submitted,

                                                    /s/ Lisa S. Blatt

| MESSNER REEVES LLC | WILLIAMS & CONNOLLY LLP |
| --- | --- |
| Isaac S. Crum (AZ Bar #028756) | Lisa S. Blatt (*pro hac vice*) |
| 1440 E. Missouri Avenue, Suite C100 | Amy Mason Saharia (*pro hac vice*) |
| Phoenix, Arizona 85014 | Matthew B. Nicholson (*pro hac vice forthcoming*) |
| (602) 641-6705 | 680 Maine Avenue, SW |
| icrum@messner.com | Washington, DC 20024 |
|  | (202) 434-5000 |
|  | lblatt@wc.com |
|  | asaharia@wc.com |
|  | mnicholson@wc.com |

*Attorneys for Defendant and Counter-Plaintiff Jack Daniel's Properties, Inc.*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Lisa S. Blatt