**DICKINSON WRIGHT PLLC**
Bennett Evan Cooper (010819)
  *bcooper@dickinsonwright.com*
David G. Bray (014346)
  *dbray@dickinsonwright.com*
Vail C. Cloar (032011)
  *vcloar@dickinsonwright.com*
Alexandra Crandall (034838)
  *acrandall@dickinsonwright.com*
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax:    (844) 670-6009

Attorneys for Plaintiff-Counterdefendant
VIP Products, L.L.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products L.L.C., an Arizona limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>           Defendant. | No. 2:14-cv-02057-SMM<br><br>**REPLY IN SUPPORT OF RULE 5.1 NOTICE OF CONSTITUTIONAL QUESTION** |
| Jack Daniel's Properties Inc., a Delaware corporation,<br><br>           Counterclaimant,<br><br>v.<br><br>VIP Products, L.L.C., an Arizona limited liability company,<br><br>           Counterdefendant. | |

1

JDPI has not identified any legitimate basis on which this Court should deny, on timeliness grounds, certification of the constitutional question raised by VIP. First, denial of certification would be a pointless formalism, particularly given that the Attorney General has already participated in this case through the Solicitor General's amicus brief to the Supreme Court. Indeed, because VIP mentioned this argument in its own brief to the Supreme Court, the current constitutional challenge to the tarnishment statute will not surprise the Department of Justice. Moreover, even if VIP had not filed the Rule 5.1 notice, and even if the Court were to deny certification, VIP would not be barred from raising the constitutional issue. Rule 5.1(d) states that "[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted." As a district court in the Ninth Circuit recognized, "Rule 5.1(c) does not specify when certification should be made other than 'before a final judgment holding the statute unconstitutional.'" *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 600 (W.D. Wash. 2013). Absent indication of harm or prejudice to the opposing party (which does not exist here, as the issue is purely legal), even "belated certification … is sufficient to honor the purpose" of the rule and related statute. *Id.* It is more productive to provide the Attorney General an opportunity to weigh in on the merits before the Court rules.

Second, JDPI does not challenge the timeliness of VIP's notice with respect to its raising the constitutional challenge. Rule 5.1 requires a party to "promptly" file a notice of constitutional question after it has filed its first paper raising the constitutionality of a federal statute. A notice is timely so long as it is filed "as soon as practicable," with the presumption being thirty days. *Mockeridge v. Alcona Cnty. ex rel. Bd. of Comm'rs*, 665 F. Supp. 3d 857, 860 (E.D. Mich. 2023); *Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 295 (M.D. Tenn. 2020) ("[T]here is no indication in the rule that failing to provide the required notice immediately after a party raises a constitutional issue is fatal to a claim."). VIP first raised its constitutional challenge before this Court in its Opening

2

1  Brief filed on February 16, 2024, and then promptly filed its Rule 5.1 Notice of
2  Constitutional Question one week later.
3      Third, JDPI is really challenging VIP's ability to bring the challenge based on its
4  arguments as to a purported waiver, not the timeliness of its Rule 5.1 notice. Those
5  arguments are being addressed in the parties' briefs, and JDPI offers no reason why this
6  Court should prejudge the waiver issue at the Rule 5.1 certification stage. It is enough to
7  note that this case is not at "the eve of the case's disposition," as JDPI asserts (Resp. 1:19–
8  21 (citation omitted)). The Court's initial judgment was vacated by the Ninth Circuit in
9  the first appeal, and the Court's second judgment was vacated by the Supreme Court in
10 the second appeal. Following the Supreme Court's decision, the Ninth Circuit returned
11 the case to this Court by means of a general remand. On a general remand, district courts
12 "are free to decide issues on remand so long as they were not decided on a prior appeal."
13 *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *see United States v.*
14 *Castellanos*, 608 F.3d 1010, 1017 (8th Cir. 2010) (holding that it was permissible for
15 party on general remand to "formulate[] a new argument in support of the position
16 maintained"). VIP's Response Brief will show that VIP has properly raised its
17 constitutional challenge to the tarnishment statute at this time.
18     For these reasons, the Court should certify the constitutional question presented in
19 VIP's Rule 5.1 notice.
20     DATED this 14th day of March, 2024.

             DICKINSON WRIGHT PLLC

             s/ Bennett Evan Cooper
             Bennett Evan Cooper
             David G. Bray
             Vail C. Cloar
             Alexandra Crandall
             1850 North Central Avenue, Suite 1400
             Phoenix, Arizona 85004

             Attorneys for Plaintiff-Counterdefendant
             VIP Products, L.L.C.

1  COPY of the foregoing served by CM/ECF system
2  this 14th day of March, 2024, on the following:

3  Isaac S. Crum
   MESSNER REEVES LLP
4  7250 North 16th Street, Suite 410
   Phoenix, Arizona 85020
5
   Lisa Blatt
6  Amy Mason Saharia
   Matthew Nicholson
7  WILLIAMS & CONNOLLY LLP
   680 Maine Ave., SW
8  Washington, D.C. 20024

9  *s/ Bennett Evan Cooper*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4