Christian S. Daniel (DC Bar No. 1600226)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-5838
Email: christian.s.daniel@usdoj.gov

*Counsel for the United States*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>    Defendant. | No. 2:14-cv-02057-SMM<br><br>**United States' Acknowledgment of Constitutional Question and Unopposed Motion for Stay of Intervention Deadline** |

On February 23, 2024, Plaintiff filed a notice of constitutional question regarding a trademark dilution provision of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C), pursuant to Federal Rule of Civil Procedure 5.1. The United States is not currently a party to this action and takes no position on the merits of the parties' claims. However, the United States may intervene in any action "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). Under Rule 5.1, the United States may intervene "within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier," "[u]nless the court sets a later time." Fed. R. Civ. P. 5.1(c). "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." *Id.* The Court has not yet certified the challenge, and the United States' current Rule 5.1 deadline to intervene is April 23, 2024. The approval of the Solicitor General is required for the United States to intervene in this action, *see* 28 C.F.R. § 0.21, and the process of obtaining a decision from the Solicitor General regarding intervention generally takes at least several weeks.

The United States files this acknowledgement to respectfully request that the Court decide non-constitutional issues before reaching the constitutional question, and to request that the Court stay the United States' deadline to intervene until 60 days after the Court finds it necessary to reach and certify the constitutional question, if it does so. Defendant has argued that Plaintiff's constitutional challenge is waived due to Plaintiff's "fail[ure] to raise it at any prior point during this nearly decade-long litigation." ECF No. 338 at 21. As a result, it is not clear whether the Court will need to reach the constitutional question to resolve this case. Resolving the non-constitutional waiver issue first may obviate any basis for intervention by the United States, and would accord with the "fundamental and longstanding principle of judicial restraint requir[ing] that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988); *see also Escambia Cty., Fla. v. McMillan*, 466 U.S. 48, 51 (1984)

("[N]ormally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case."); *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality … unless such adjudication is unavoidable.").

The United States therefore respectfully requests that the Court first address Defendant's waiver argument (on which the United States takes no position), before deciding whether it is necessary to certify the constitutional question under Rule 5.1(b). The United States also requests that, pursuant to its authority to "set[] a later time" for any intervention by the United States, Fed. R. Civ. P. 5.1(c), the Court stay the Rule 5.1(c) intervention deadline until 60 days after any certification. Counsel for Plaintiff and Defendant indicated that neither party opposes the requested stay of the deadline for intervention.

Dated: March 25, 2024             Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General
                                             Civil Division

                                             LESLEY FARBY
                                             Assistant Director
                                             Federal Programs Branch

                                             */s/ Christian S. Daniel*
                                             CHRISTIAN S. DANIEL
                                             Trial Attorney
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, NW
                                             Washington, DC 20005
                                             Telephone: (202) 514-5838
                                             Email: christian.s.daniel@usdoj.gov
                                             *Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

<u>*/s/ Christian S. Daniel*</u>