MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona 85014
(602) 641-6705
icrum@messner.com

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt (*pro hac vice*)
Amy Mason Saharia (*pro hac vice*)
Matthew B. Nicholson (*pro hac vice forthcoming*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com
mnicholson@wc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | **SURRESPONSE TO VIP PRODUCTS LLC'S NOTICE OF CONSTITUTIONAL QUESTION** |
| v. | |
| Jack Daniel's Properties, Inc., a Delaware corporation, | |
| Defendant. | |

VIP's reply and the government's recent acknowledgment confirm that certification is unnecessary at this stage. As VIP concedes, "Rule 5.1(c) does not specify when certification should be made other than before a final judgment holding the statute unconstitutional." VIP Rule 5.1 Reply, Doc. 347 at 2 (cleaned up). Because VIP's constitutional challenge is long waived and wholly meritless, the Court should reject the challenge without certifying it and awaiting the government's intervention.

The government itself requests that the Court take no action on certification at this time, instead asking the Court to "first address [Jack Daniel's] waiver argument … before deciding whether it is necessary to certify the constitutional question." U.S. Mot., Doc. 350 at 2. For the reasons set out in Jack Daniel's response, the Court should reject VIP's constitutional challenge, either as waived or on the merits, and deny certification. Jack Daniel's Rule 5.1 Resp., Doc. 341 at 1.

VIP raises three arguments in its reply. None requires immediate certification.

*First*, VIP (at Reply 2) argues that denial of certification would be a "pointless formali[ty]" because the government already is aware of the case. That has it backwards—nothing would be more "pointless" than certifying to the government a waived constitutional challenge. This is why the government requested that the Court *not* decide whether to certify the constitutional question until after it rules on VIP's waiver.

*Second*, VIP (at Reply 2) contends that its notice was timely under Rule 5.1 because VIP filed the notice within thirty days of first raising its constitutional challenge. That is true but irrelevant. Jack Daniel's does not object to the timeliness of the *notice*. Jack Daniel's instead objects to the timeliness of VIP's constitutional challenge itself. That is why Jack Daniel's requested that the Court reject VIP's belated constitutional challenge, rather than certify it. Many other courts have similarly denied requests to certify constitutional challenges after finding waiver. *See* Jack Daniel's Rule 5.1 Resp., Doc. 341 at 2 (collecting cases). VIP offers no response to these cases. And the government agrees that,

if the Court finds VIP's constitutional challenge waived, there will be nothing to certify. U.S. Mot., Doc. 350 at 2.

VIP does not dispute it failed to timely raise its constitutional challenge, instead conceding (at Reply 2-3) that it "first raised its constitutional challenge before this Court in its Opening Brief" on remand, nearly ten years into this litigation.[1] To avoid its waiver, VIP contends (at Reply 3) that this case is before the Court on a "general remand," which VIP seemingly believes has wiped the slate clean to start the litigation anew. VIP is wrong: it is black-letter law that issues waived during a prior phase of the case cannot be revived on remand. Jack Daniel's Mot., Doc. 338 at 22 (collecting cases). As a leading treatise explains, "the rule that matters not decided on appeal do not become part of the mandate is qualified by the rule that matters not raised ordinarily are waived" and, therefore, waived issues are "not within the scope of the remand." 18B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4478.3 n.16 (3d ed. 2023) (citing *United States v. Husband*, 312 F.3d 247, 250-52 (7th Cir. 2002)); *see id.* ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded." (citation omitted)). As the Eighth Circuit explained in a case that VIP cites (at Reply 3), "[a]lthough lower courts are free to decide new issues left open on remand," issues that were "not previously raised [are] deemed waived, and therefore, not within the scope of remand." *United States v. Castellanos*, 608 F.3d 1010, 1017 (8th Cir. 2010). VIP's argument fundamentally misunderstands this principle.

The two cases VIP cites (at Reply 3) are readily distinguishable. In *Castellanos*, the court found that a newly raised argument was not waived because it was within the scope of a previously raised argument and related to an issue arising anew on remand.

---

[1] Notwithstanding its concession, VIP (at Reply 2) suggests that it "mentioned" its constitutional challenge before the Supreme Court. That argument stretches the record. Before the Supreme Court, VIP did not press any constitutional challenge to the dilution statute; instead, it merely urged the Court to adopt its reading of the statute in order to *avoid* any constitutional question about viewpoint discrimination. VIP Br. 12, 599 U.S. 140 (2023) (No. 22-148).

2

*Castellanos*, 608 F.3d at 1017-20.  Neither circumstance is present here: VIP did not previously raise any constitutional challenge to the dilution statute, nor have any new circumstances arisen on remand.  VIP's reliance on *Liberty Mutual Insurance Company v. EEOC*, also is misplaced.  691 F.2d 438 (9th Cir. 1982).  There, a party contested in a previous appeal the district court's denial of costs, but the Ninth Circuit's decision in that appeal was silent on that issue.  *Id*. at 441.  In those circumstances, the Ninth Circuit (on a subsequent appeal) held that its prior decision was not law of the case on the denial of costs.  *Id*.  Here, in contrast, VIP did not raise any challenge to the dilution statute before the 2018 judgment or on appeal.  Thus, the issue here is one of *waiver*, not law of the case.

*Third*, VIP (at Reply 3) argues that Jack Daniel's is asking the Court to "prejudge the waiver issue at the Rule 5.1 certification stage."  Jack Daniel's requests no such thing.  Rather, Jack Daniel's, like the government, simply requests that the Court postpone any ruling on certification until the substantive briefing on waiver is complete and the Court resolves that threshold issue.  If the Court resolves the issue of waiver in Jack Daniel's favor, then there will be no need to certify any question to the government.

Dated:     April 3, 2024                                        Respectfully submitted,

                                                                /s/ Lisa S. Blatt

MESSNER REEVES LLC                          WILLIAMS & CONNOLLY LLP
Isaac S. Crum (AZ Bar #028756)               Lisa S. Blatt (*pro hac vice*)
1440 E. Missouri Avenue, Suite C100          Amy Mason Saharia (*pro hac vice*)
Phoenix, Arizona 85014                       Matthew B. Nicholson (*pro hac vice forthcoming*)
(602) 641-6705
icrum@messner.com                            680 Maine Avenue, SW
                                             Washington, DC 20024
                                             (202) 434-5000
                                             lblatt@wc.com
                                             asaharia@wc.com
                                             mnicholson@wc.com

*Attorneys for Defendant and Counter-Plaintiff Jack Daniel's Properties, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 3, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                                     /s/ Lisa S. Blatt