IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products LLC, | No. CV-14-02057-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Jack Daniel's Properties Incorporated, | |
| Defendant. | |

This matter is before the Court on the Rule 5.1 Notice of Constitutional Question filed by Plaintiff VIP Products LLC ("VIP"). (Doc. 340). Defendant Jack Daniel's Properties Inc. ("JDPI") has filed a Response to the Notice, (Doc. 341), to which VIP has filed a Reply. (Doc. 347). With the Court's permission, JDPI filed a Surresponse to address VIP's arguments as to certification. (Doc. 353). For the following reasons, the Court certifies the constitutional challenge raised by VIP to the Attorney General of the United States.

Rule 5.1 of the Federal Rules of Civil Procedure obligates the Court to certify a timely filed and served notice to the appropriate attorney general once the constitutionality of a statute has been challenged. The requirements that a party must fulfill under Rule 5.1 are straightforward: a party "that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it" if a federal statute is challenged and the United States is not a

party, and "(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned." Fed. R. Civ. P. 5.1(a)(1)–(2). Once a party has done so, "[t]he Court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statue has been questioned." Id. at 5.1(b).

This action is before the Court on remand from the United States Supreme Court and the Ninth Circuit. Pursuant to the briefing schedule set by the Court, VIP and JDPI filed opposing motions for entry of judgment on February 16, 2024. VIP's opening brief raises, for the first time before this Court, a First Amendment challenge to 15 U.S.C. § 1125(c)(2)(C), the provision of the Lanham Act concerning trademark dilution via tarnishment. Shortly thereafter, February 23, 2024, VIP filed a Rule 5.1 Notice of Constitutional Question and served the Notice on the Attorney General of the United States. (Doc. 340). The United States has acknowledged the constitutional challenge. (Doc. 350). The United States' receipt and acknowledgement of VIP's notice, however, does not relieve the Court of its duty to certify the constructional challenge pursuant to Rule 5.1(b).

JDPI, in its Response to the Notice filed by VIP, argues that the Court need not certify VIP's constitutional challenge because it is not "timely asserted." (Doc. 341 at 2). JDPI argues that "VIP waived its constitutional challenge by failing to assert the challenge in its complaint, in any dispositive pre-trial motion, or in multiple rounds of appeals before the Ninth Circuit and the Supreme Court." (Id.)

The Court finds that VIP's challenge is timely within the meaning of Rule 5.1 and that JDPI's waiver arguments are best addressed in the parties' briefing on the merits. VIP filed its opening brief, which unambiguously challenges the constitutionality of § 1125(c)(2)(C), on February 16, 2024. (Doc. 339). VIP then filed its Rule 5.1 Notice a week later. (Doc. 340). Accordingly, VIP's Notice is timely within the meaning of Rule 5.1(a). See Mockeridge v. Alcona Cnty. by Bd. of Comm'rs., 665 F. Supp. 3d 857, 860 (E. D. Mich. 2023) (A Rule 5.1 notice is timely if it is filed as soon as practicable after

the constitutional question as first raised in actual reliance on the questioned statute. Thirty days is the benchmark for a Rule 5.1 notice").

Moreover, Rule 5.1 is "merely a procedural mechanism" that affords the Attorney General the opportunity to intervene in a suit "in the event that a party to an existing lawsuit makes a constitutional challenge and the United States is not a party to that suit." Marquez-Perez v. Nevada, No. 2:22-cv-00796-GMN-DJA, 2024 WL 1434352, at *2 (D. Nev. Apr. 2, 2024) (quoting Davis v. United States, No. 3:22-cv-9583, 2022 WL 4486089, at *2 (N. D. Fla. July 20, 2022)). "Where 28 U.S.C. § 2403 applies, certification is mandatory, even where the claim is obviously frivolous or *may be disposed of on other grounds.*" Atkins v. Rios, 2022 WL 16720414, at *2 (E.D. Cal. Nov. 4, 2022) (emphasis added), citing Wallach v. Leiberman, 366 F.2d 254, 257 (2d Cir. 1966).

The Court makes no finding at this time as to whether VIP has waived its constitutional challenge. While JDPI's waiver argument could ultimately be determinative as to whether this Court reaches VIP's constitutional challenge, this is not the appropriate juncture for the Court to consider it. VIP has complied with the requirements of Rule 5.1 and the Court has a duty to certify the constitutional challenge so as to permit the Attorney General of the United States the opportunity to intervene in this matter. The question of whether VIP's constitutional challenge itself has been waived should be substantively addressed in the parties' briefing on the opposing motions for entry of judgment.

Accordingly, pursuant to Rule 5.1(b), the United States certifies to the Attorney General that 15 U.S.C. § 1125(c)(2)(C) has been constitutionally challenged and permits the United States to intervene in this matter. In consideration of the fact that the United States has already participated in this case at the Supreme Court level and has acknowledged VIP's constitutional challenge, and in the interest of not disrupting the briefing schedule set by the Court, the Court permits the United States thirty (30) days to

intervene. If the United States chooses to intervene in this action, the Court will set an expedited briefing schedule for the United States and the parties.

Accordingly,

**IT IS HEREBY ORDERED certifying** to the Attorney General of the United States the following constitutional question raised by Plaintiff VIP Products LLC:

> Does the Lanham Act provision authorizing injunctive relief in cases of trademark dilution by tarnishment, 15 U.S.C. § 1125(c)(2)(C), violate the First Amendment to the United States Constitution because its reliance on whether the trademark use "harms the reputation of the famous mark" constitutes impermissible viewpoint discrimination?

**IT IS FURTHER ORDERED** that the Attorney General of the United States may intervene in this action on or by <u>Friday, May 10, 2024</u>.

**IT IS FURTHER ORDERED vacating** the Court's prior Order, (Doc. 351), insofar as that Order stayed the United States' intervention deadline until sixty (60) days after the Court's certification.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to serve this Order via certified or registered mail to:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Elizabeth B. Prelogar
Solicitor General of the United States
Matthew Guarnieri
Assistant to the Solicitor General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

///

| | |
|---|---|
| 1 | |
| 2 | Gary M. Restaino |
| 3 | United States Attorney for the District of Arizona |
| | U.S. Department of Justice |
| 4 | Two Renaissance Square |
| | 40 N. Central Avenue, Suite 1800 |
| 5 | Phoenix, AZ 85004-4449 |

Dated this 10th day of April, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge