MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona 85014
(602) 641-6705
icrum@messner.com

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt (*pro hac vice*)
Amy Mason Saharia (*pro hac vice*)
Matthew B. Nicholson (*pro hac vice*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com
mnicholson@wc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company, | No. CV-14-2057-PHX-SMM |
| Plaintiff, | **JACK DANIEL'S PROPERTIES, INC.'S OPPOSITION TO INTELLECTUAL PROPERTY LAW PROFESSORS' MOTION TO FILE *AMICUS CURIAE* BRIEF** |
| v. | |
| Jack Daniel's Properties, Inc., a Delaware corporation, | |
| Defendant. | |

# INTRODUCTION

The Intellectual Property Law Professors ("Professors") seek leave to file an over-length amicus brief more than three months late on an issue that VIP waived years ago. ECF 365. Courts routinely deny leave to file untimely amicus briefs, particularly where, as here, they are not useful to any issue properly before the Court. This Court accordingly should deny the Professors' motion.

# LEGAL STANDARD

"There is no inherent right to file an amicus brief." *Idaho v. Coeur D'Alene Tribe*, 2014 WL 2218329, at *1 (D. Idaho May 29, 2014). "In the absence of a federal statute or rule governing the participation of amici in district courts," this Court "look[s] to the Federal Rules of Appellate Procedure" to guide its discretion. *JZ v. Catalina Foothills Sch. Dist.*, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) (citation omitted).

# ARGUMENT

**I.    The Proposed Brief Is Untimely.**

The Court should deny the Professors' motion based on their delay alone. The Federal Rules of Appellate Procedure—to which this Court looks for guidance—instruct: "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, *no later than 7 days* after the principal brief is filed." Fed. R. App. P. 29(a)(6) (emphasis added); *see, e.g.*, *JZ*, 2021 WL 5396089, at *1 (applying Fed. R. App. P. 29(a)(6)). The Professors filed their proposed amicus brief on May 24—which was *98 days* after the principal briefs were filed on February 16 and *35 days* after the response briefs were filed on April 19. Thus, the Professors' proposed brief comes far too late.

This Court has denied as untimely amicus briefs filed even earlier than this one. *JZ*, 2021 WL 5396089, at *1 (26 days); *Mi Familia Vota v. Hobbs*, 2022 WL 475986, at *3 (D. Ariz. Feb. 16, 2022) (69 days). The Ninth Circuit similarly rejects late-filed amicus briefs. *See, e.g.*, *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, LLC*, 831 F. App'x

1

325, 325 n.1 (9th Cir. 2020) (denying motion "because it [was] untimely by almost three months and offers no explanation as to why the court should excuse the late filing").

The Professors (at 2) acknowledge that the Federal Rules of Appellate Procedure should guide this Court's analysis, but they remarkably do not even acknowledge the untimeliness of their motion. They also offer no excuse for their delay. Nor could they. The Professors filed briefs in earlier stages of this case and undisputedly were aware of this litigation on remand. *See* Br. of Trademark Profs. Opp. to Mot. for Reh'g En Banc as Amici Curiae, *VIP Prod. LLC v. Jack Daniel's Properties, Inc.*, 953 F.3d 1170 (9th Cir. 2020) (No. 18-16012); Br. of Trademark L. Profs. Opp. to Pet. for Cert. as Amici Curiae, *Jack Daniel's Properties, Inc. v. VIP Prods. LLC*, 953 F.3d 1170 (2020) (No. 20-365); Br. of First Am. Profs. Supp. Resp't as Amici Curiae, *Jack Daniel's Properties, Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023) (No. 22-148). There is no reason the Professors could not have filed their brief on time.[1]

Even if there was some excuse for filing late (there is none), the Court still should deny the Professors' motion because of their gamesmanship. On May 3, the Professors emailed Jack Daniel's counsel that they planned to file their motion on the deadline set by this Court for the United States to intervene, May 10, 2024. *See* Ex. A at 1-2; ECF 354 (Certification Order). However, after the United States indicated its intent to intervene, and after this Court set a due date for the United States' brief, the Professors indicated by email they would instead wait to file their brief until the same day as the United States filed its brief, May 24, 2024. *See* Ex. A at 1. In other words, the Professors transparently delayed their filing so that the United States could *not* respond to their brief. Courts routinely deny untimely motions where, as here, movants intentionally delay their filings for "strategic purposes." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (citation omitted).

---

[1] The Professors suggest (at 4) that the United States' intervention in this case provides a basis to excuse their delay. But the United States' intervention does not open the floodgates to untimely amicus briefs. *See Mi Familia*, 2022 WL 475986, at *2-3.

2

The Professors (at 4) argue that their participation will not delay the briefing or argument in this case. But that misses the point. By strategically delaying their brief, the Professors are forcing Jack Daniel's to respond in its reply brief, in which Jack Daniel's has limited space and already has to address VIP's arguments. Had the Professors filed on time, Jack Daniel's would have been able to address their arguments in its much longer opposition brief to VIP's motion. This Court should not countenance the Professors' gambit to limit Jack Daniel's ability to respond and prevent the United States from doing so.

## II.   The Proposed Brief Is Too Long.

The Professors also ignore the generally accepted page limit. Federal Rule of Appellate Procedure 29—which the Professors (at 2) acknowledge is relevant here—prescribes that "an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief." Fed. R. App. P. 29(a)(5). Page limits are "not mere formalities" and courts can strike overlength briefs for noncompliance. *See LaComba v. Eagle Home Loans & Inv.*, 2023 WL 6201597, at *1-2 (E.D. Cal. Sept. 22, 2023); *see also, e.g.*, *Snyder v. HSBC Bank, USA*, 913 F. Supp. 2d 755, 766-67 (D. Ariz. 2012) (collecting cases).

Here, the Court set a maximum of 30 pages for opening briefs—implying a 15-page limit for any amicus brief. ECF 333. Thus, the Professors' 20-page brief is 5 pages too long. Again, the Professors offer no explanation for their noncompliance.

## III.   The Proposed Brief Would Not Aid the Court.

Amicus briefs are appropriate only where they will aid the Court in determining an issue presented to it. *See Ferguson v. Shinn*, 2023 WL 10512175, at *24 (D. Ariz. Oct. 27, 2023). This Court thus has denied motions to file amicus briefs addressing the merits where the underlying claim was barred on procedural grounds. *Id.*

Here, the Professors' brief focuses exclusively on VIP's facial constitutional challenge. As Jack Daniel's explained, however, that challenge was waived years ago. *See*

3

Jack Daniel's Opening Br., ECF 338, at 21-23.  The Professors' arguments thus would not assist the Court in deciding any preserved issue.

### CONCLUSION

For the foregoing reasons, the Court should deny the Professors' motion.

Dated:     June 7, 2024                          Respectfully submitted,

                                                 /s/ Lisa S. Blatt

| | |
|---|---|
| MESSNER REEVES LLC | WILLIAMS & CONNOLLY LLP |
| Isaac S. Crum (AZ Bar #028756) | Lisa S. Blatt (*pro hac vice*) |
| 1440 E. Missouri Avenue, Suite C100 | Amy Mason Saharia (*pro hac vice*) |
| Phoenix, Arizona 85014 | Matthew B. Nicholson (*pro hac vice*) |
| (602) 641-6705 | 680 Maine Avenue, SW |
| icrum@messner.com | Washington, DC 20024 |
| | (202) 434-5000 |
| | lblatt@wc.com |
| | asaharia@wc.com |
| | mnicholson@wc.com |

*Attorneys for Defendant and Counter-Plaintiff Jack Daniel's Properties, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Lisa S. Blatt