1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   VIP Products LLC,                              No. CV-14-02057-PHX-SMM

10            Plaintiff,                            **ORDER**

11  v.

12  Jack Daniel's Properties Incorporated,

13            Defendant.

14

15          This matter is before the Court on the Motion for Leave to File Amicus Brief of

16  Intellectual Property Law Professors. (Doc. 365). Jack Daniels Properties Inc. has filed a

17  Response in Opposition. (Doc. 366). The Court finds that the Motion should be denied as

18  untimely.

19          A court has "broad discretion" when considering whether to permit an amicus

20  brief. Council for Endangered Species Act Reliability v. Jackson, No. CV-10-8254-

21  SMM, 2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011); see also Fed. R. App. P.

22  29(a)(2). In the absence of a federal statute or rule governing the participation of amici in

23  district courts, the Court is guided by the Federal Rules of Appellate Procedure. Dible v.

24  City of Chandler, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec.

25  23, 2004). A non-party seeking to file an amicus brief must state "(A) the movant's

26  interest; and (B) the reason why an amicus brief is desirable and why the matters asserted

27  are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Pursuant to the

28  Federal Rules of Appellate Procedure, a proposed amicus brief and motion must be filed

1    "no later than 7 days after the principal brief of the party being supported is filed" unless

2    the Court grants leave to file at a later time. Fed. R. App. P. 29(a)(6).

3         Enforcement of the seven-day deadline in this Court has been inconsistent.

4    Compare Mi Familia Vota v. Hobbs, No. CV-21-01423-PHX-DWL, 2022 WL 475986, at

5    *3 (D. Ariz. Feb. 16, 2022) (finding seven-day deadline inapplicable); with JZ v. Catalina

6    Foothills Sch. Dist., No. CV-20-00490-TUC-RCC, 2021 WL 5396089 (D. Ariz. Nov. 18,

7    2021) (enforcing seven-day deadline and denying amicus participation). The Court

8    generally agrees that the seven-day deadline is not applicable here even though this case

9    is now being heard on remand from the Supreme Court, a fact that the Professors must

10   have been aware of as the Professors appeared as amici in that case. See Br. of First Am.

11   Profs. Supp. Resp't as Amici Curiae, Jack Daniel's Properties, Inc. v. VIP Prods. LLC,

12   599 U.S. 140 (2023) (No. 22-148). However, although the seven-day deadline is

13   inapplicable here, the timeliness of the Motion must still be considered. See Mi Familia,

14   2022 WL 475986, at *3 (finding 10-week delay after opening brief to be unreasonable

15   and denying amicus participation).

16        The Professors state that they chose to file this Motion and amicus brief on the

17   date that the Government's brief was due so as not to delay briefing or argument. (Doc.

18   365 at 4). However, the Court finds that this reasoning does not support the Professors'

19   chosen filing date. The Professors were on notice from the date on which the parties'

20   opening briefs were filed—February 16, 2024—that the constitutionality of the Lanham

21   Act's trademark dilution provision would be at issue. The Professors nonetheless waited

22   fourteen (14) weeks to file a proposed amicus brief. Moreover, unlike the Professors, the

23   Government is entitled to intervene as a matter of right. Filing the present Motion and

24   amicus brief on the date that the Government's brief was filed did not give the Court

25   sufficient time to rule on the Motion prior to the close of the parties' briefing, thus

26   depriving the parties of the opportunity to address the Professors' arguments.

27        Lastly, the Professors' brief exceeds the applicable page limitations. The Federal

28   Rules of Appellate Procedure provide that amicus briefs must not exceed one-half of the

maximum length of principal briefs as authorized by the Rules, which, as here, is thirty (30) pages. Fed. R. App. P. 29(a)(5). The substance of the Professors' brief totals 21 pages, well in excess of the permitted fifteen (15) pages. Permitting the Professors to file an amended brief would only further delay this matter past the close of the parties' briefing.

Accordingly,

**IT IS ORDERED denying** the Motion for Leave to File Amicus Brief of Intellectual Property Law Professors. (Doc. 365).

Dated this 18th day of June, 2024.

Honorable Stephen M. McNamee
Senior United States District Judge