MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona 85014
(602) 641-6705
icrum@messner.com

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt (*pro hac vice*)
Amy Mason Saharia (*pro hac vice*)
Matthew B. Nicholson (*pro hac vice*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com
mnicholson@wc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniel's Properties, Inc., a Delaware corporation,<br><br>Defendant. | No. CV-14-2057-PHX-SMM<br><br>**JACK DANIEL'S PROPERTIES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO REINSTATE PRIOR JUDGMENT** |

Jack Daniel's writes to advise this Court of the Supreme Court's recent decision in *Vidal v. Elster* (Exhibit A). *Elster* rejects arguments similar to VIP's arguments supporting its new First Amendment challenge to the dilution statute.

Like VIP, the *Elster* plaintiff challenged as viewpoint discriminatory a statute prohibiting registration of trademarks containing living persons' names without consent. The Supreme Court held that the names clause is not viewpoint discriminatory because it prohibits uses of names, regardless of "message" or whether a use is "flattering, critical or neutral." Ex. A at 5 (majority op.); *see id.* at 2 (Barrett, J., concurring); *id.* at 2-3 (Sotomayor, J., concurring). The dilution statute likewise prohibits uses of marks creating incompatible associations, regardless of message. *E.g.*, Jack Daniel's Opening Br. 26-27; U.S. Br. 6-9.

The Court further rejected the plaintiff's argument that the names clause unconstitutionally regulates content. All nine Justices agreed that content regulation is an inherent part of trademark law and does not necessarily infringe the First Amendment or trigger "heightened scrutiny." *See* Ex. A at 6, 12; *id.* at 3 (Barrett, J., concurring); *id.* at 5 (Sotomayor, J., concurring); Jack Daniel's Opening Br. 28-29.

The Court held that the names clause advances important trademark-related interests and passes constitutional muster. The dilution statute furthers those same interests. *First*, the statute protects goodwill and reputation. Citing *San Francisco Arts & Athletics v. U.S. Olympic Committee*, 483 U.S. 522 (1987), the *Elster* Court upheld the names clause because it "respects the established connection between a trademark and its protection of the markholder's reputation." Ex. A at 16-17; *see id.* at 13 (Barrett, J., concurring); Jack Daniel's Opening Br. 28-29 (citing *SFAA*).

*Second*, the dilution statute facilitates source identification. *See* Ex. A at 11, 16; *id.* at 2, 6, 8-9 (Barrett, J., concurring); *id.* at 9-10 (Sotomayor, J., concurring). Like the names clause, the dilution statute does not prohibit VIP from engaging in its desired speech. It just prohibits VIP from doing so using Jack Daniel's marks for source identification.

Jack Daniel's is happy to provide additional briefing on *Elster* at the Court's request.

Dated:    June 21, 2024                    Respectfully submitted,

                                    */s / Lisa S. Blatt*

MESSNER REEVES LLC                WILLIAMS & CONNOLLY LLP
Isaac S. Crum (AZ Bar #028756)    Lisa S. Blatt (*pro hac vice*)
1440 E. Missouri Avenue, Suite C100    Amy Mason Saharia (*pro hac vice*)
Phoenix, Arizona 85014            Matthew B. Nicholson (*pro hac vice*)
(602) 641-6705                    680 Maine Avenue, SW
icrum@messner.com                 Washington, DC 20024
                                  (202) 434-5000
                                  lblatt@wc.com
                                  asaharia@wc.com
                                  mnicholson@wc.com

*Attorneys for Defendant and Counter-Plaintiff*
*Jack Daniel's Properties, Inc.*

cc: Counsel of record (via CM/ECF)

Word Count: 348

Enclosures: Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Lisa S. Blatt*