MESSNER REEVES LLC
Isaac S. Crum
1440 E. Missouri Avenue, Suite C100
Phoenix, Arizona 85014
(602) 641-6705
icrum@messner.com

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt (*pro hac vice*)
Amy Mason Saharia (*pro hac vice*)
Matthew B. Nicholson (*pro hac vice*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com
mnicholson@wc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VIP Products LLC, an Arizona limited liability company, | ) ) No. CV-14-2057-PHX-SMM ) |
| Plaintiff, | ) **JACK DANIEL'S PROPERTIES,** ) **INC.'S NOTICE OF SUPPLEMENTAL** |
| v. | ) **AUTHORITY IN SUPPORT OF ITS** ) **MOTION TO REINSTATE PRIOR** |
| Jack Daniel's Properties, Inc., a Delaware corporation, | ) **JUDGMENT** ) ) |
| Defendant. | ) |

Jack Daniel's writes to advise this Court of the Supreme Court's recent decision in *Moody v. NetChoice* (Exhibit A). *NetChoice* reaffirms that facial constitutional challenges like VIP's are subject to a demanding standard.

The *NetChoice* plaintiff brought facial First Amendment challenges to two similar state statutes. Two courts of appeals reached conflicting results. The Supreme Court ruled that neither court had applied the correct standard for facial—as opposed to as-applied—constitutional challenges and vacated both rulings. Ex. A at *5 (majority op.). The Court clarified that the standard that governs First Amendment facial challenges is whether "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at *8 (citation omitted). Under this standard, courts must first "assess the … laws' scope" and determine "[w]hat activities, by what actors … the law[] prohibit[s]." *Id.* at *9. Courts must then "decide which of the laws' applications violate the First Amendment," and "measure them against the rest." *Id.* The plaintiff must "carry its burden" on both issues. *Id.* at *17.

Notably, every Justice in *NetChoice* agreed that facial challenges are disfavored. The majority explained that the facial-challenge test was designed to "ma[k]e facial challenges hard to win." *Id.* at *8. The concurring Justices agreed. Justice Barrett explained that the case "illustrate[s] the dangers of bringing a facial challenge." *Id.* at *17. Justice Jackson noted plaintiffs bringing facial challenges face a "high bar." *Id.* at *19. Justice Alito described facial challenges as "strongly disfavored." *Id.* at *34. And Justice Thomas opined that "[f]acial challenges are fundamentally at odds with Article III" and that courts "lack authority" to rule on such challenges at all. *Id.* at *20, *21.

As Jack Daniel's and the United States both explained, VIP never has attempted to satisfy the facial challenge standard. Jack Daniel's Resp. Br. 20-21; U.S. Br. 14-15. VIP offered no response. The Court can summarily reject VIP's (waived) facial challenge on this ground alone.

Jack Daniel's is happy to provide additional briefing on *NetChoice* at the Court's

request.

Dated:     July 12, 2024                    Respectfully submitted,

                                            */s / Lisa S. Blatt*

| MESSNER REEVES LLC | WILLIAMS & CONNOLLY LLP |
|---|---|
| Isaac S. Crum (AZ Bar #028756) | Lisa S. Blatt (*pro hac vice*) |
| 1440 E. Missouri Avenue, Suite C100 | Amy Mason Saharia (*pro hac vice*) |
| Phoenix, Arizona 85014 | Matthew B. Nicholson (*pro hac vice*) |
| (602) 641-6705 | 680 Maine Avenue, SW |
| icrum@messner.com | Washington, DC 20024 |
|  | (202) 434-5000 |
|  | lblatt@wc.com |
|  | asaharia@wc.com |
|  | mnicholson@wc.com |

*Attorneys for Defendant and Counter-Plaintiff Jack Daniel's Properties, Inc.*

cc: Counsel of record (via CM/ECF)

Word Count: 343

Enclosures: Exhibit A

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Lisa S. Blatt*